UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWANA ADAMS, OLGA BATYREVA, MING BELL, DAVID BERKOWITZ, JONATHAN BERLYNE, ANTHONY CAMINITI, JAIME CASTRO, GLORIA CHAVEZ, JOSEPHINA CRUZ, JAMES CULLEN, DIANE DANIELS, MICHAEL EBEWO, LOUISA GANIS, ROSELYNE GISORS, JOANN HART, LISA HAYES, MICHAEL HOLLANDER, ELEANOR JOHNSON, RAFAL KOWAL, JANE LEVINE, HAZEL MARTINEZ, MICHAEL McLOUGHLIN, RAYMOND NUNGE, ALENA RADKE-GABRIEL, THOMASINA ROBINSON, DENISE RUSSO, PAUL SANTUCCI, JENNIFER SAUNDERS, JACQUELINE SAWYER, ALEX SCHREIBER, ALAN SCHLESINGER, BARBARA SEGALL, LINDA SEIFFERT, DANIEL SMITH, GILDA TEEL, EUSTOQIO TORRES-NOGUERAS, JACQUELINE WADE, MICHAEL WESTBAY, GEORGE ZANETIS, and MAURICIO ZAPATA, <br><br> Plaintiffs, <br><br> - against - <br><br> NEW YORK STATE EDUCATION DEPARTMENT, a Division/Organ of the State of New York; RICHARD MILLS, Commissioner of Education; TEACHER TENURE HEARING UNIT; MARYANN FAIRMAN, Supervisor; DEBORAH A. MARRIOTT, Manager; DOUGLASS BANTLE; STUART BAUCHNER; ALAN BERG; MARY CRANGLE; HOWARD EDELMAN; DEBORAH M. GAINES; ELEANOR GLANSTEIN; JOSHUA JAVITZ; ERIC LAWSON; ANDREE McKISSICK; RANDI LOWITT; EARL PFEFFER; ARTHUR RIEGEL; MARTIN SCHEINMAN; JACK TILLEM; BONNIE SIBER-WEINSTOCK; and PAUL ZONDERMAN, <br><br> Defendants. | **Docket No. 08-CV-5996(UA)** <br><br> **N O T I C E    O F    M O T I O N    T O    DISMISS IN LIEU OF ANSWER** <br><br> **Judge Victor Marrero** <br><br> **Magistrate    Andrew Peck** |

**MOTION BY:**    GARBARINI & SCHER, P.C.
Attorneys for Defendants
*Douglas Bantle s/h/a Douglass Bantle; Stuart Bauchner; Alan Berg; Mary Crangle; Howard Edelman; Deborah M. Gaines; Eleanor Glandstein s/h/a Eleanor Glanstein; Joshua Javits s/h/a Joshua*

*Javitz; Eric Lawson; Andrée McKissick s/h/a Andree McKissick; Randi Lowitt; Earl Pfeffer; Arthur Riegel; Martin Scheinman; Jack Tillem; Bonnie Siber-Weinstock; and Paul Zonderman*

**DATE, TIME, and PLACE:**     To be set by the court, the United States District Courthouse, Southern District of New York, 500 Pearl Street, New York, New York 10007

**RELIEF REQUESTED:**     An Order pursuant to Federal Rules of Civil Procedure §§ 12(b)(6) and 12(c), and for such relief as the Court deems proper.

**SUPPORTING PAPERS:**     Affidavit of Gregg D. Weinstock, Memorandum of Law and Exhibits.

**RESPONDING PAPERS:**     Pursuant to the Federal Rules of Civil Procedure and Judge's rules

Dated: New York, New York
      July 15 2008

Yours, etc.,

GARBARINI & SCHER, P.C.

By: _____

Gregg D. Weinstock (GW-8078)
Attorneys for Defendants
*Douglas Bantle s/h/a Douglass Bantle; Stuart Bauchner; Alan Berg; Mary Crangle; Howard Edelman; Deborah M. Gaines; Eleanor Glandstein s/h/a Eleanor Glanstein; Joshua Javits s/h/a Joshua Javitz; Eric Lawson; Andrée McKissick s/h/a Andree McKissick; Randi Lowitt; Earl Pfeffer; Arthur Riegel; Martin Scheinman; Jack Tillem; Bonnie Siber-Weinstock; and Paul Zonderman*
432 Park Avenue South, 9th Floor
New York, New York 10016-8013
(212) 689-1113

TO:    EDWARD D. FAGAN, ESQ.
       Attorney for Plaintiffs
       5 Penn Plaza, 23rd Floor
       New York, New York 10001
       (646) 378-2225

       NEW YORK STATE ATTORNEY GENERAL
       120 Broadway
       New York, New York 10271

       **[NO OTHER APPEARANCES]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TWANA ADAMS, OLGA BATYREVA, MING BELL, DAVID
BERKOWITZ, JONATHAN BERLYNE, ANTHONY CAMINITI,
JAIME CASTRO, GLORIA CHAVEZ, JOSEPHINA CRUZ,
JAMES CULLEN, DIANE DANIELS, MICHAEL EBEWO,
LOUISA GANIS, ROSELYNE GISORS, JOANN HART, LISA
HAYES, MICHAEL HOLLANDER, ELEANOR JOHNSON,
RAFAL KOWAL, JANE LEVINE, HAZEL MARTINEZ,
MICHAEL McLOUGHLIN, RAYMOND NUNGE, ALENA
RADKE-GABRIEL, THOMASINA ROBINSON, DENISE
RUSSO, PAUL SANTUCCI, JENNIFER SAUNDERS,
JACQUELINE SAWYER, ALEX SCHREIBER, ALAN
SCHLESINGER, BARBARA SEGALL, LINDA SEIFFERT,
DANIEL SMITH, GILDA TEEL, EUSTOQIO TORRES-
NOGUERAS, JACQUELINE WADE, MICHAEL WESTBAY,
GEORGE ZANETIS, and MAURICIO ZAPATA,

**Docket No.**
**08-CV-5996(UA)**

**AFFIDAVIT   IN**
**SUPPORT**

Plaintiffs,

- against -

NEW YORK STATE EDUCATION DEPARTMENT, a
Division/Organ of the State of New York; RICHARD MILLS,
Commissioner of Education; TEACHER TENURE HEARING
UNIT; MARYANN FAIRMAN, Supervisor; DEBORAH A.
MARRIOTT, Manager; DOUGLASS BANTLE; STUART
BAUCHNER; ALAN BERG; MARY CRANGLE; HOWARD
EDELMAN; DEBORAH M. GAINES; ELEANOR GLANSTEIN;
JOSHUA JAVITZ; ERIC LAWSON; ANDREE McKISSICK;
RANDI LOWITT; EARL PFEFFER; ARTHUR RIEGEL;
MARTIN SCHEINMAN; JACK TILLEM; BONNIE SIBER-
WEINSTOCK; and PAUL ZONDERMAN,

Defendants.

---

GREGG D. WEINSTOCK, an attorney duly admitted to practice law before the courts of the

State of New York and in the United States District Court for the Southern District of the State of

New York, affirms the following under penalties of perjury:

1.    I am a member of the firm of GARBARINI & SCHER, P.C., attorneys for defendants

DOUGLAS BANTLE s/h/a DOUGLASS BANTLE; STUART BAUCHNER; ALAN

BERG; MARY CRANGLE; HOWARD EDELMAN; DEBORAH M. GAINES;

ELEANOR GLANDSTEIN s/h/a ELEANOR GLANSTEIN; JOSHUA JAVITS s/h/a

JOSHUA JAVITZ; ERIC LAWSON; ANDRÉE MCKISSICK s/h/a ANDREE

McKISSICK; RANDI LOWITT; EARL PFEFFER; ARTHUR RIEGEL; MARTIN

SCHEINMAN; JACK TILLEM; BONNIE SIBER-WEINSTOCK; and PAUL

ZONDERMAN.  This Affirmation is submitted in support of this motion for an

Order pursuant to Federal Rules of Civil Procedure §§ 12(b)(6) and 12(c), and for

such relief as the Court deems proper.

2.    Plaintiffs in this action are tenured New York City school teachers who claim that

defendants failed to accord them due process rights with respect to disciplinary

hearings conducted pursuant to New York State Education Law §§ 3020 and 3020-a,

and 8 N.Y.C.R.R. 82-1, *et seq*; and plaintiffs' employment contracts.

3.    The Complaint, dated June 30, 2008, is annexed hereto as Exhibit 1.[1]  The Complaint

alleges essentially that defendants conducted hearings which failed to comply with

the provisions of the Education Laws and the employment contracts, and that the

arbitration decisions were arbitrary and capricious.  The relief requested includes

awards of compensatory damages, reimbursement of out-of-pocket expenses, legal

---

[1] A similar action was commenced on behalf of some, but not all, of the same plaintiffs in this action against some but not all of the defendant arbitrators in this case, entitled *Teachers4Action, on behalf of all of its members, Deborah M. Gaines, et al.*, pending in the Supreme Court of the State of New York, County of New York (Index No. 015845/08).  Plaintiff has indicated a willingness to discontinue the state action, although counsel has yet to execute a Stipulation of Discontinuance.

fees, and costs; and injunctions against enforcement of prior decisions and prohibiting defendant arbitrators from conducting further hearings against plaintiffs.

4.    As indicated by the accompanying Memorandum of Law, the Complaint should be dismissed for the following reasons: (1) arbitrators are afforded absolute immunity from civil actions for acts arising out of the performance of their duties, which precludes claims for damages against arbitrators; (2) private arbitrators "do not act under color of state law," and therefore are not subject to civil rights claims for alleged violations of the Fourteenth Amendment; (3) all grievances with the arbitration process must be addressed in state court pursuant to the procedures set forth in Education Law § 3020-a; and (4) plaintiffs have failed to meet their burden to establish that the prior rulings of defendant arbitrators should be vacated.

**WHEREFORE**, it is respectfully requested the instant motion be granted in all respects.

Dated: New York, New York
       July 15, 2008

GREGG D. WEINSTOCK (GW-8078)

**Exhibit 1**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X     CIVIL ACTION #

Twana Adams, Olga Batyreva, Ming Bell, David Berkowtiz          :     08-cv-5996 (UA)

Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez:

Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo,     :

Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes,          :

Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine,   :

Hazel Martinez, Michael McLoughlin, Raymond Nunge,              :

Alena Radke-Gabriel, Thomasina Robinson, Denise Russo,          :

Paul Santucci, Jennifer Saunders, Jacqueline Sawyer,            :

Alex Schreiber, Alan Schlesinger, Barbara Segall,               :

Linda Seiffert, Daniel Smith, Gilda Teel,                       :

Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay,     :

George Zanetis and Mauricio Zapata,                             :

                                    Plaintiffs    :

                                                  :

     v.                                           :

New York State Education Department,              :     COMPLAINT

     A division / organ of the State of New York, :     (conformed copy)

Richard Mills, Commissioner of Education,         :

Teacher Tenure Hearing Unit, Maryann Fairman, Supervisor;     :

Deborah A. Marriott, Manager; Douglass Bantle, Stuart Bauchner, :

Alan Berg, Mary Crangle, Howard Edelman, Deborah M. Gaines,   :

Eleanor Glanstein, Joshua Javitz, Eric Lawson, Andree McKissick,:

Randi Lowitt, Earl Pfeffer, Arthur Riegel, Martin Scheinman,   :

Jack Tillem, Bonnie Silber-Weinstock and Paul Zonderman        :

                                    Defendants   :

------------------------------------------------------------------------ X

1

As for their complaint against Defendants, Plaintiffs, allege as follows:

## JURISDICTION

1) The Court has original jurisdiction over the claims pursuant to 42 USC § 1983 and based on violation of 14th Amendment and Plaintiffs due process and property rights.

2) To the extent Plaintiffs have state law claims, the Court has ancillary and/or supplemental jurisdiction of such state law claims pursuant to 28 USC § 1367.

3) Plaintiffs' claims for monetary damages exceed the statutory limit of this Court, exclusive of attorneys' fees, costs and interest.

## VENUE

4) Venue is proper in this Court because one or more of the named Plaintiffs live in this judicial district and the acts of Defendants or their employees, officers and/or agents upon which this complaint is predicated, occurred within this judicial district.

## PARTIES

5) Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata are New York City Public School Teachers or other employees of the New York City Public School systems and either live and/or work in New York City.

2

6) Defendant New York State Education Department ("NYSED") is a division/organ of the State of New York.

7) Defendant Richard Mills ("Mills") is the Commissioner of NYSED.

8) Defendant Tenure Teacher Hearing Unit ("The Unit") is a division or department of Defendant NYSED.

9) Defendant Maryann Fairman ("Fairman") is/was an employee of the NYSED and is responsible for The Unit.

10) Defendant Deborah A. Marriott ("Marriott") is/was an employee of the NYSED and is responsible for The Unit.

11) Defendants Douglass Bantle, Stuart Bauchner, Alan Berg, Mary Crangle, Howard Edelman, Deborah M. Gaines, Joshua Javitz, Eric Lawson, Andree McKissick, Randi Lowitt, Earl Pfeffer, Arthur Riegel, Martin Scheinman, Jack Tillem, Bonnie Silber-Weinstock and Paul Zonderman ("Defendant Arbitrators") are and/or were employed by Defendants NYSED and The Unit.

## **RELEVANT FACTS**

12) Defendants NYSED, Mills, The Unit, Fairman and Marriott are responsible for all matters related to discipline related to alleged misconduct by Plaintiffs.

13) In the event issues related to alleged misconduct of Plaintiffs arise to the point that Plaintiffs employer (the New York City Department of Education) seeks to impose discipline, such discipline may only be imposed through proceedings conducted under the authority of Defendant NYSED and in accordance with NYS Education Law §§ 3020 and 3020a, 8

3

NYCRR 82-1 et seq. ("NYS Education Laws") and Plaintiffs' Contract of Employment

("The Employment Contract").

14) Defendant Arbitrators are employed by Defendants NYSED, Mills, The Unit, Fairman and

Marriott for the purpose of convening and conducting hearings related to potential discipline

of Plaintiffs.

15) Defendants Fairman and Marriott is/are employed by Defendants NYSED and The Unit to

employ, empower and supervise Defendant Arbitrators.

16) Defendants Fairman and Marriott, on behalf of Defendants NYSED and The Unit, are

obligated to insure that any disciplinary hearing(s) (hereinafter "The Hearing(s)") to be

conducted by Defendants Arbitrators are conducted in accordance with the requirements of

NYS Education Laws and The Employment Contract.

17) Defendant Arbitrators authority to conduct the disciplinary hearings is derived from the

contracts (hereinafter "The Arbitrator's Contract") that Defendant Arbitrators have with

Defendants NYSED and The Unit.

18) In pertinent part, The Arbitrator's Contract through which Defendant Arbitrators are

employed and from which their power is derived states among other things:

a) Defendant Arbitrators specifically agrees to conduct The Hearing(s) consistent with the

requirements of Education Law Section 3020a and 8 NYCRR Sub Part 82-1;

b) As the hearing officer, Defendant Arbitrators must conduct a pre-hearing conference

within 15 days of Defendant Arbitrators agreement to serve;

4

c) During the pre-hearing conference, Defendant Arbitrators <u>must</u> determine the reasonable amount of time necessary for a final hearing on the charge(s) and <u>must</u> schedule the location, time(s) and date(s) of the final hearing. To the extent that the final hearing cannot be completed in one day, the law <u>requires</u> you to schedule consecutive dates. The day(s) scheduled for the final hearing cannot be postponed except for good cause, as the (hearing officer) shall determine. Postponements should be documented on the record and communicated to Defendant NYSED. In all cases, the final hearing <u>must</u> be completed no later than 60 days after the date of the pre-hearing conference;

d) In order to timely facilitate a time decision, (Defendant Arbitrators) <u>should</u> instruct the court reporter to provide expedited delivery of the final transcript of the hearing to all parties;

e) Upon the conclusion of the final date of the hearing, (Defendant Arbitrators) <u>must</u> notify (Defendant NYSED) that the hearing has concluded as well as the due date for all post-hearing briefs. The parties should be informed that reply briefs or other responsive pleadings beyond post-hearing briefs may only be submitted upon written request to (Defendant Arbitrators) for good cause shown with proof of notice to the other party. Approval of such additional pleadings should not extend the statutory period in which Defendant Arbitrator) <u>must</u> render a final decision; and

f) The Law <u>requires</u> (Defendant Arbitrator) to render a written decision within 30 days of the conclusion of the final hearing.

*See Exhibit 1 – Exemplar of Documents Exchanged between Defendants NYSED, The Unit and Marriot and Defendant Arbitrators pursuant to which Defendant Arbitrator's authority was derived – emphasis added.*

19) The time and other requirements of NYS Education Law, The Arbitrator's Contract and The Employment Contract are for the purpose of protecting Plaintiffs due process and property rights during any hearings that may be conducted or required as a result of allegations made against Plaintiffs upon which efforts to discipline Plaintiffs were predicated.

20) Prior to Defendant Arbitrators being employed and/or empowered by Defendants NYSED and The Unit, Defendant Arbitrators were obligated to confirm their acceptance of the terms and their commitment to comply with NYS Education Law and The Arbitrator's Contract. *See Exhibit 1.*

21) During the course of and as a condition of their employment and authority to conduct The Hearings, Defendant Arbitrators committed to periodic reporting to Defendants NYSED and The Unit of the status of The Hearings they were conducting. *See Exhibit 1.*

22) Defendant Arbitrators accepted and acknowledged the conditions of employment and the basis from which their authority was derived.

23) Defendant NYSED and Mills delegated to Defendants Fairman and Marriott the responsibility to supervise and insure that Defendant Arbitrators complied with the terms of their employment, and with NYS Education Law and conditions from which their authority was derived.

24) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were and are obligated to insure that Defendant Arbitrators complied with the timing and other requirements of The Arbitrators Contract and NYS Education Law.

25) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were and are obligated to insure that Defendant Arbitrators:

6

a) protected Plaintiffs' rights as guaranteed by NYS Education Law as they conducted The Hearings;

b) put the interests of Defendant NYSED and The Units, and the parties to the arbitration proceedings ahead of their individual, personal and/or financial interests;

c) declined to accept or continue employment as arbitrators in the event they were unable to comply with the timing or other requirements of NYS Education Law or independent obligations as professional arbitrators.

26) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were and are also obligated to insure Defendant Arbitrators complied with the following rules:

> *§ 82-1.6 Appointment of hearing officer and notice of prehearing conference.*
> *(a) . . . To be qualified to serve as a hearing officer, an individual shall:*
> *(1) be on the association's panel of labor arbitrators;*
> *(2) be a resident of New York or an adjoining state;*
> *(3) be willing to serve under the conditions imposed by Education Law, section 3020-a and this Subpart; and*
> *(4) not be ineligible to serve in the particular hearing pursuant to Education Law, section 3020-a(3)(i).*
> *(e) The hearing officer shall contact the parties and, within 10 to 15 days of receipt of notice from the commissioner confirming his or her acceptance of a selection to serve as hearing officer, hold a prehearing conference.*
>
> *§ 82-1.10 Conduct of hearings.*
> *(f) At the conclusion of the testimony, the hearing officer may adjourn the hearing to a specified date after conclusion of the testimony, to permit preparation of the transcript, submission by the parties of memoranda of law, and deliberation; provided that such specified date may not be more than 60 days after the prehearing conference unless the hearing officer determines that extraordinary circumstances warrant a later date. The hearing officer shall arrange for the preparation and delivery of one copy of the transcript of the hearing to each panel member, to the employee and the board.*
> *(g) The hearing officer or hearing panel shall render a written decision within 30 days of the last day of the final hearing, or within 10 days of the last day of an expedited hearing and shall forthwith forward a copy to the commissioner who shall send copies to the employee and the clerk or secretary of the employing board. Such written decision shall include the hearing officer's findings of fact on each charge, his or her conclusions with regard to each charge based on such findings and shall state the penalty or other action, if any, which shall be taken by the board, provided that such findings, conclusions and penalty determination shall be based solely upon the record in the proceedings before the hearing officer or panel, and shall set forth the reasons and the factual basis for the determination.*

7

*§ 82-1 .11 Reimbursable hearing expenses.*
*(a) The commissioner shall compensate the hearing officer with the customary fee paid for service as an arbitrator for each day of actual service rendered by the hearing officer. For this purpose, a day of actual service shall be five hours. In the event a hearing officer renders more or less than five hours of service on a given calendar day, the per diem fee shall be prorated accordingly.*
*(b) In addition to the statutory fees payable to the hearing officer and panel members for each day of actual service, the commissioner shall reimburse hearing officers and panel members for their necessary travel and other related reasonable expenses incurred at rates not to exceed the rates applicable to state employees.*
*(c) The commissioner shall arrange for the preparation of a hearing transcript by a competent stenographer and shall compensate the stenographer for the cost of preparing the transcript and copies thereof for the hearing officer, each panel member, the department, the employee and the board.*

27) After accepting and during the period of their employment with Defendants NYSED and The

Unit, Defendant Arbitrators, among other things:

a)  Violated the terms of the Arbitrator's Contracts, NYS Education Law and the Arbitration

Contract;

b)  Allowed Plaintiffs' employer, the New York City Department of Education, to violate the

terms of The Employment Contract;

c)  Allowed Plaintiffs' employer, the New York City Department of Education, to violate the

terms of the Arbitration Contract;

d)  Accepted directions from Plaintiffs' employer, the New York City Department of

Education, in violation of the terms of the Arbitration Contract and their independent

obligations as arbitrators;

e)  Accepted additional or excessive payments or reimbursement of expenses from Plaintiffs'

employer, the New York City Department of Education, in violation of the terms of the

Arbitration Contract and their independent obligations as arbitrators;

f)  Engaged in ex-parte communications with Plaintiffs' employer, the New York City

Department of Education, in violation of the terms of the Arbitration Contract and their

independent obligations as arbitrators;

g)  Failed to conduct pre-hearings in accordance with the terms of the Arbitration Contract

8

and NYS Education Law;

h) Failed to conduct hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

i) Failed to complete hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

j) Failed to provide copies of hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law;

k) Failed to provide copies of final hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law;

l) Failed to permit or consider post hearing briefs in accordance with the terms of the Arbitration Contract and NYS Education Law;

m) Failed to issue decisions and/or rulings in accordance with the terms of the Arbitration Contract and NYS Education Law.

n) Forced Plaintiffs into disciplinary hearings being conducted in violation of the terms of the Arbitration Contract and NYS Education Law.

28) The acts set forth above in ¶ ¶ 27 a. – n. above, were improper, wrongful and in violation of Defendant Arbitrators authority, NYS Education Law and The Arbitration Contract.

29) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott failed to supervise Defendant Arbitrators to prevent or insure against the improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above.

30) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott failed to discover and/or Defendant Arbitrators concealed from Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, certain conflicts of interest, bias and prejudice, ex parte communications and other matters that required a stay of the arbitrations being conducted under or for lack of authority

9

of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott failed to remove Defendant Arbitrators and/or reverse/void decisions made by such arbitrators.

31) Defendant Arbitrators were left unsupervised or were improperly supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and as a result **(i)** conducted The Hearings without authority, (ii) rendered excessive judgments and/or imposed inappropriate fines in The Hearings; **(iii)** made determinations and issued rulings that were arbitrary and capricious.

32) As a result of their being left unsupervised or being improperly supervised by Defendants NYSED, The Unit and Marriot, Defendant Arbitrators were in a position to and did in fact collaborate with Plaintiffs employer – The New York City Department of Education – so that they – Defendant Arbitrators were in a position to conduct arbitrations in violation of NYS Education Law, exceed the authority given to them, and conduct The Hearings in such a way that Plaintiffs were forced into positions where they were willing to accept onerous, improper and unfair deals that were procured by coercion, pressure, intimidation and fear of further retaliation.

33) As a result of their being left unsupervised or being left improperly supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Defendant Arbitrators forced Plaintiffs into hearings without counsel and over Plaintiffs objections.

34) As a direct and proximate result of Defendant Arbitrators failure to comply with the timing requirements of NYS Education Law and the Arbitration Contract and their improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane

10

Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael

Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael

McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo,

Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan

Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-

Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata were

kept in Temporary Relocation Centers a/k/a Rubber Rooms for improper and excessive

periods of time – sometimes months and years – before the Defendant Arbitrators sought to

convene The Hearings.

*See Exhibit 2 – Spreadsheet Showing Some of the Timing Related*
*Violations of NYS Education Law and 8 NYCRR 82-1 et seq.*

35) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to

act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell,

David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez,

Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne

Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane

Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel,

Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer,

Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel

Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George

Zanetis and Mauricio Zapata were and/or are being forced into participating in disciplinary

hearings being conducted in violation of NYS Education Law.

*See Exhibit 2.*

36) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to

act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Jaime Castro, Joanne Hart, Michael

11

McLoughlin and George Zanetis were forced into accepting ruinous deals and fines in arbitration proceedings that were conducted by Defendant Arbitrators without authority.

37) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Jonathan Berlyne, Joann Hart, Alena Radke-Gabriel, Denise Russo, Alan Schlesinger and Jennifer Saunders were disciplined, fined, suspended without pay and/or terminated as a result of, in and/or through arbitration proceedings that were conducted by Defendant Arbitrators without authority.

38) As a direct and proximate result of Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Gloria Chavez, Josephina Cruz, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Lisa Hayes, Michael Hollander, Jane Levine, Paul Santucci, Brandi Scheiner, Barbara Segall, Linda Seiffert, Gilda Teel, Michael Westbay and Mauricio Zapata are being forced into hearings during the summer and which hearings are being conducted in violation of the timing requirements and in violation of the Employment Contract.

39) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata were:

a) Sent to Rubber Rooms during the course of disciplinary proceedings;

b) Kept and/or confined in Rubber Rooms for excessive periods of time;

c) Subjected to the dangerous physical and emotional conditions in the Rubber Rooms to which they were confined as Defendant Arbitrators dragged out hearings;

d) Caused to lose salary, per session fees and benefits for excessive periods of time as Defendant Arbitrators dragged out hearings;

e) Caused to incur unnecessary transportation, legal costs and/or expenses as a result of the excessive periods of time as Defendant Arbitrators dragged out hearings;

f) Forced or being coerced or agreeing to pay excessive or ruinous fines as a result of the excessive periods of time as Defendant Arbitrators dragged out hearings; and

g) Forced or being coerced or agreeing to settlements through which Plaintiffs lost their jobs rather than suffer adverse decisions that they were told would be forthcoming after the excessive periods of time that they were kept in the Rubber Rooms and subjected to excessive number of days as Defendant Arbitrators dragged out hearings.

*(See Exhibit 2).*

40) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above,

a) Charges were not proffered, filed and delivered and other related requirements were not complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law, specifically 8 NYCRR 82-1.3;

b) Notices of Hearing requirements were not complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law, specifically 8 NYCRR 82-1.5 (a) (5) & (6);

c) Appointment of Arbitrators and Pre-Hearing Conferences requirements were not

13

complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law 3020a, specifically 8 NYCRR 82-1.6 (a) (3), (4) (b) & (e) ;

d) Conduct of Hearing requirements were not complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law 3020a, specifically 8 NYCRR 82-1.10 (f) & (g);

e) Failure to provide and/or withholding of transcripts from Plaintiffs in violation of NYS Education Law, specifically 8 NYCRR 82-1.11 (c );

f) Charging of excessive fees and expense reimbursement (which upon information and belief the excesses of which are being paid by the adverse party) which fees and expense reimbursements are not consistent with the customary fees paid for similar services at the rates applicable to state employees as required by NYS Education law, specifically 8 NYCRR 82-1.11 (b) ;

g) Refusing to allow Plaintiffs to respond and challenge the hearings through closings and other motions after they have received transcripts from Plaintiffs in violation of NYS Education law, specifically 8 NYCRR 82-1.10 (f) & (g) and 8 NYCRR 82-1.11 (c ).

41)    As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel

Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George

Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property,

physical and emotional damages, including loss of standing in the community, humiliation

and embarrassment amongst family and friends, loss of reputation, degradation and other

psychological damages.

## FIRST CAUSE OF ACTION - VIOLATION OF 14th AMENDMENT

42) Plaintiffs repeat and reallege paragraphs 11 to 41 inclusive as if the same were set forth fully

and at length herein.

43) The 14th Amendment states in pertinent part *"No state shall make or enforce any law which*

*shall abridge the privileges or immunities of citizens of the United States; nor shall any state*

*deprive any person of life, liberty, or property, without due process of law; nor deny to any*

*person within its jurisdiction the equal protection of the laws."*

44) 42 U.S.C. § 1983 states, in pertinent part *"every person who, under color of any statute,*

*ordinance, regulation, custom or usage, of any State or Territory, ... subjects, or causes to be*

*subjected, any citizen of the United States or other person within the jurisdiction thereof to*

*the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,*

*shall be liable to the party injured in an action at law, suit in equity, or other proper*

*proceeding for redress."*

45) Defendant NYSED was and is responsible for making and/or enforcing the requirements of NYS

Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq.

46) Defendants Mills, Fairman and Marriott are employees, agents, representatives and/or actors of

The State of New York.

47) Defendant NYSED, Mills, The Unit, Fairman and Marriot were and are responsible for

making and/or enforcing the requirements of NYS Education Law §§ 3020 & 3020a and 8

15

NYCRR 82-1 et seq.

48) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were and are responsible to insure compliance with, and upholding of, the requirements of NYS Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq. and applicable statutes as related to potential discipline and The Hearings conducted or to be conducted involving Plaintiffs.

49) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were responsible to insure compliance with, and to protect Plaintiffs from violations of NYS Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq. and applicable statutes as related to potential discipline and The Hearings conducted or to be conducted involving Plaintiffs.

50) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott delegated certain of their duties and responsibilities to Defendant Arbitrators who also acted as agents, employees and servants of New York State and were similarly obligated to insure compliance with, and to protect Plaintiffs from violations of NYS Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq. and applicable statutes as related to potential discipline and The Hearings conducted or to be conducted involving Plaintiffs.

51) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and Defendant Arbitrators violated and/or breached their duties and responsibilities as agents, employees and servants of New York State to insure compliance with, and to protect Plaintiffs from, the violations of NYS Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq. and applicable statutes as related to potential discipline and The Hearings conducted or to be conducted involving Plaintiffs.

52) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott

16

violated and breached their aforesaid obligations and caused and/or allowed the acts set forth above in ¶ ¶ 27 a. – n. to be taken against Plaintiffs.

53) As related to Plaintiffs, Defendant Arbitrators violated and breached their obligation delegated certain of their duties and responsibilities and caused and/or allowed the acts set forth above in ¶ ¶ 27 a. – n. to be taken against Plaintiffs.

54) As a direct and proximate result of the aforesaid acts by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata due process and property rights were violated.

55) Plaintiffs put Defendant Arbitrators and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott on notice of the past violations of their due process and property rights.

56) Despite the notice of the violation of due process and property rights, and resulting and ongoing damages given by Plaintiffs, Defendant Arbitrators and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Defendants Arbitrators continue to:

a) Violate the terms of the Arbitrator's Contracts, NYS Education Law and the Arbitration Contract;

b) Allow Plaintiffs' employer, the New York City Department of Education, to violate the terms of The Employment Contract;

17

c) Allow Plaintiffs' employer, the New York City Department of Education, to violate the terms of the Arbitration Contract;

d) Accept directions from Plaintiffs' employer, the New York City Department of Education, in violation of the terms of the Arbitration Contract and their independent obligations as arbitrators;

e) Accept additional or excessive payments or reimbursement of expenses from Plaintiffs' employer, the New York City Department of Education, in violation of the terms of the Arbitration Contract and their independent obligations as arbitrators;

f) Engage in ex-parte communications with Plaintiffs' employer, the New York City Department of Education, in violation of the terms of the Arbitration Contract and their independent obligations as arbitrators;

g) Fail to conduct pre-hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

h) Fail to conduct hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

i) Fail to complete hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

j) Fail to provide copies of hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law;

k) Fail to provide copies of final hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law;

l) Fail to permit or consider post hearing briefs in accordance with the terms of the Arbitration Contract and NYS Education Law;

m) Fail to issue decisions and/or rulings in accordance with the terms of the Arbitration

Contract and NYS Education Law; and

n) Force or attempt to forced Plaintiffs into disciplinary hearings being conducted in violation of the terms of the Arbitration Contract and NYS Education Law.

57) Defendant Arbitrators and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott continuing acts as set forth in ¶¶ 56 a – n above, violate Plaintiffs due process and property rights.

58) As a direct and proximate result of Defendants past and continuing improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. and ¶ ¶ 56 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

**WHEREFORE,** Plaintiffs award judgment as against Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and Defendant Arbitrators (i) for violation of NYS Education Law ¶¶ 3020, 3020a, 8 NYCRR 82-1 et seq., The Arbitrators' Contract and The Employment Contract, (ii) for violation of Plaintiffs due process and property rights, (iii) for reversal of all proper awards, fines and/or "deals" made in, through or as a result of 3020a Hearings involving

19

Plaintiffs and conducted by Defendant Arbitrators, (iv) for injunctive and/or prospective relief preventing attempts to enforce any such awards, fines and/or deals, made in, through or as a result of 3020a Hearings involving Plaintiffs and conducted by Defendant Arbitrators, (v) for injunctive and/or prospective relief preventing Defendant Arbitrators from attempting to conduct any further 3020a hearings involving Plaintiffs, (vi) for compensatory damages in an amount to be determined by the Court and (vii) for such other relief as is just and equitable.

## SECOND CAUSE OF ACTION - NEGLIGENCE

59) Plaintiffs repeat and reallege paragraphs 11 to 41 and 43 to 58 above as if the same were set forth fully and at length herein.

60) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were responsible to insure that in the case of efforts to discipline Plaintiffs the requirements of NYS Ed. Law 3020a and 8 NYCRRR 82-1 et seq were complied with, including but not limited to obligations **(a)** To file, proffer, vote on and serve charges within a certain specific period of time; **(b)** To conduct "pre-hearing" conference within 15 days of Defendant Arbitrators' agreement to serve; **(c)** To determine during the Pre-Hearings Conference the reasonable amount of time necessary for a final hearing on the charges and scheduling the location, times and dates of the final hearing; **(d)** To have the final hearing started within 30 days and completed the final hearing within 60 days from the date of the Pre-Hearing Conference; **(e)** To provide teachers charged, facing discipline, with copies of all hearing transcripts; **(f)** To insure that within 30 days from the date of the final hearing the arbitrator's decision was rendered; **(g)** To insure that the Defendant Arbitrators were not charging excessive fees or expenses that were not customary for or applicable to state employees; **(h)** To insure that Defendant Arbitrators personal and/or financial interests were not placed ahead of compliance with NYS Education Law or obligations as arbitrators and **(i)** To permit Plaintiffs to respond and challenge the

20

hearings through closings and other motions in the hearings themselves after they have received transcripts from Plaintiffs in violation of 82-1.10 (f) & (g) and 8 NYCRR 82-1.11 (c ).

61) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott – or Defendant Arbitrators employed, empowered and/or supervised by The Unit - failed in the aforesaid obligations. Among other things, they failed to insure compliance with regard to **(a)** filing, proffering, voting on and serving of charges within a certain specific period of time; **(b)** conduct "pre-hearing" conference within 15 days of Defendant Arbitrators agreement to serve; **(d)** determine during the Pre-Hearings Conference the reasonable amount of time necessary for a final hearing on the charges and scheduling the location, times and dates of the final hearing; **(e)** insuring that the final hearing started within 30 days and completed the final hearing within 60 days from the date of the Pre-Hearing Conference; **(f)** providing teachers charged, facing discipline, with copies of all hearing transcripts; **(g)** insuring that within 30 days from the date of the final hearing the arbitrator's decision was rendered; **(h)** insuring that the Defendant Arbitrators were not charging excessive fees or expenses that were not customary for or applicable to state employees; **(i)** insuring that Defendant Arbitrators personal and/or financial interests were not placed ahead of compliance with NYS Education Law or obligations as arbitrators and **(i)** permitting Plaintiffs to respond and challenge the hearings through closings and other motions in the hearings themselves after receipt of transcripts.

62) The aforesaid acts by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and/or Defendant Arbitrators were careless, reckless and negligent.

63) As a direct and proximate result of the aforesaid failures, the hearings conducted or which were to be conducted under the putative auspices of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott resulted in flawed procedural or other decisions in 3020-a hearings

21

that were and are being conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

64) As a direct and proximate result of the aforesaid failures, the hearings conducted or which were to be conducted under the putative auspices of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott resulted in procedural or final decisions or rulings that were arbitrary and capricious and as such violate NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

65) As a direct and proximate result of Defendants past and continuing improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. and ¶ ¶ 56 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and Defendant Arbitrators, including but not limited to (i) staying of all arbitrations underway and/or not yet commenced, (ii) voiding of all decisions and fines rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (iii)

22

reinstatement of their licenses and teaching privileges, (iv) reimbursement of the fines rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (v) reimbursement of the out of pocket expenses, legal fees and other costs incurred by Plaintiffs as a result of hearings conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 and (vi) for interests, costs and attorneys fees.

### THIRD CAUSE OF ACTION – FAILURE TO SUPERVISE

66) Plaintiffs repeat and reallege paragraphs 11 to 41 and 43 to 58 above as if the same were set forth fully and at length herein.

67) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were responsible to supervise Defendant Arbitrators to insure that in the case of efforts to discipline Plaintiffs the requirements of NYS Ed. Law 3020a and 8 NYCRRR 82-1 et seq were complied with, including but not limited to the obligations **(a)** To file, proffer, vote on and serve charges within a certain specific period of time; **(b)** To conduct "pre-hearing" conference within 15 days of Defendant Arbitrators' agreement to serve; **(c)** To determine during the Pre-Hearings Conference the reasonable amount of time necessary for a final hearing on the charges and scheduling the location, times and dates of the final hearing; **(d)** To have the final hearing started within 30 days and completed the final hearing within 60 days from the date of the Pre-Hearing Conference; **(e)** To provide teachers charged, facing discipline, with copies of all hearing transcripts; **(f)** To insure that within 30 days from the date of the final hearing the arbitrator's decision was rendered; **(g)** To insure that the Defendant Arbitrators were not charging excessive fees or expenses that were not customary for or applicable to state employees; **(h)** To insure that Defendant Arbitrators personal and/or financial interests were not placed ahead of compliance with NYS Education Law or obligations as arbitrators and **(i)**

23

To permit Plaintiffs to respond and challenge the hearings through closings and other motions in the hearings themselves after they have received transcripts from Plaintiffs in violation of 82-1.10 (f) & (g) and 8 NYCRR 82-1.11 (c) .

68) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were careless, reckless and/or negligent in their supervision of Defendant Arbitrators.

69) Among other things, Defendant NYSED, Mills, The Unit, Fairman and/or Marriott they failed to supervise Defendant Arbitrators as a result, (i) the timing requirements related to filing, preferring, voting on and service of charges were violate; **(b)** "pre-hearing" conferences time limitations were violated, **(c)** determination and conduct of final hearing and scheduling the location, times and dates of the final hearing within specified time limitations were violated; **(e)** final hearing were not conducted within 30 days and the final hearings were not completed within 60 days from the date of the Pre-Hearing Conference; **(f)** teachers charged and facing discipline were not provided with hearing transcripts; **(g)** decisions were not rendered within the 30 days from the date of the final hearing; **(h)** Defendant Arbitrators charged excessive fees or expenses that were not customary for or applicable to state employees; **(i)** Defendant Arbitrators personal and/or financial interests were placed ahead of compliance with NYS Education Law or obligations as arbitrators and (i) Plaintiffs not given an opportunity to respond and challenge The Hearings, present closings briefs, argument and other motions in The Hearings after receipt of transcripts.

70) As a direct and proximate result of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott's aforesaid failure to supervise Defendant Arbitrators, The Hearings were and are being conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

71) As a direct and proximate result of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott's aforesaid failure to supervise Defendant Arbitrators, arbitrary and/or capricious

24

procedural or final decisions or rulings were or are being made in The Hearings conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

72) As a direct and proximate result of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott's aforesaid failure to supervise Defendant Arbitrators, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and Defendant Arbitrators, including but not limited to (i) staying of all arbitrations underway and/or not yet commenced, (ii) voiding of all decisions and fines rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (iii) reinstatement of their licenses and teaching privileges, (iv) reimbursement of the fines rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (v) reimbursement of the out of pocket expenses, legal fees and other costs incurred by Plaintiffs as a result of

25

hearings conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 and (vi) for interests, costs and attorneys fees.

## FOURTH CAUSE OF ACTION - INJUNCTION

73) Plaintiffs repeat and reallege paragraphs 11 to 41 and 43 to 58 above as if the same were set forth fully and at length herein.

74) The Hearings conducted or which were to be conducted under the putative auspices of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott are not being conducted according to the requirements of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq, specifically hearings in which:

a) Charges were not proffered, filed and delivered and other related requirements were not complied with and thereby violating NYS Ed. Law 3020a and 8 NYCRR 82-1/3 (a) & (b);

b) Notices of Hearing requirements were not served in compliance with and thereby violating NYS Ed. Law 3020a and 8 NYCRR 82-1.5 (a) (5) & (6);

c) Provisions regarding Appointment of Arbitrators and Pre-Hearing Conferences requirements were not complied with thereby violating NYS Ed. Law 3020a and 8 NYCRR 82-1.6 (a) (3), (4) (b) & (e);

d) Hearings conducted or scheduled to be conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1.10 (f) & (g);

e) Hearings in which Defendants fail to provide hearing transcripts from Plaintiffs in violation of 8 NYCRR 82-1.11 (c );

f) Hearings in which excessive fees and expense reimbursement (which upon information and belief the excesses of which are being paid by the adverse party) which fees and expense reimbursements are not consistent with the customary fees paid for similar

26

services at the rates applicable to state employees as required by 8 NYCRR 82-1.11 (b) and

g) Plaintiffs were not permitted to respond and challenge hearings through closings and other motions in the hearings themselves after receipt of transcripts.

75) Art.21-g of the Plaintiffs contract states in pertinent part that *"Failure to comply with the timing and other requirements (of 3020a and 8 NYCRR 82-1 shall be good and sufficient cause to remove the arbitrator."  See Exhibit 3.*

76) In the last months, weeks and days, as Plaintiffs began to become aware of problems with Defendant Arbitrators and in response to Plaintiffs concerns, Defendant Arbitrators started to try to push Plaintiffs into hearings as quickly as possible so that they would not be in a position to take action to stop or stay or challenge the rulings in the arbitration proceedings or to challenge the authority to conduct the arbitrations in the first place.

77) By way of example, the following types of actions are being taken by Defendant Arbitrators against the Plaintiffs:

a) refusal to allow Plaintiffs time to put in closing statements or witnesses or evidence through which to challenge the authority of the 3020a hearings in the hearings themselves,

b) refusal to provide timely copies of transcripts or forcing Plaintiffs to pay for their own transcripts,

c) pressure and threats to Plaintiffs who are disabled and under physicians care that if they did not come in for hearings they would be terminated,

d) scheduling psychiatric appointments with Plaintiffs who challenge or refuse to participate in hearings without counsel,

e) withholding or delay pay so as to cause increased financial pressures on teachers who are

27

challenging 3020a hearings or results and

 f) delay of service and entry of decisions or adverse awards so that teachers are under improper pressures and limitations within to file appeals or challenges.

78) Defendant Arbitrators knowingly, recklessly, carelessly, negligently and/or improperly interfered with and/or caused interference with NYS Education Law and The Employment Contract pursuant to which the arbitrations are held.

79) Defendant Arbitrators are knowingly, recklessly, carelessly, negligently and/or improperly allowing the violation of timing and other pre-requisites pursuant to which the Defendant Arbitrators are permitted to conduct the arbitrations.

80) Defendant Arbitrators are allowing improper and/or wrongful actions to be taken against Plaintiffs, including but not limited to

 a) rushing to complete hearings so as to deprive Plaintiffs of their rights within the hearings to challenge the hearings themselves,

 b) terminating teachers without authority,

 c) convening and/or attempting to continue arbitrations for which there exists no authority due to the failure to comply with procedures and requirements of NYS Ed. Law 3020a, 8 NYCRR 82-1 and Article 21-g,

 d) withholding or delaying salaries so as to put additional pressure on certain Plaintiffs who challenge the 3020a process,

 e) attempting to circumvent the proper disciplinary process by initiating medical terminations or psychiatric evaluations for Plaintiffs who challenge the 3020a process and

 f) delaying or interfering with Plaintiffs ability to challenge awards, decisions or rulings made during the 3020a processes to which Plaintiffs have objected.

81) Defendant Arbitrators are allowing improper and/or wrongful actions to be taken against

Plaintiffs including but not limited to

a)  scheduling hearings between June to Sept. 2008,

b)  rushing to complete certain hearings between June to Sept. 2008,

c)  refusing to provide Plaintiffs with transcripts of hearings during March, April, May &

June 2008, including hearings, conducted in their absence or over their objections,

d)  withholding or delaying salaries and pay of teachers for the period of May to June 2008,

e)  demanding psychiatric and physical evaluations of certain teachers in May, June & July

2008 and

f)  denying disability leave and medical benefits, for care and treatment of injuries "in the

line of duty".

82) Defendant Arbitrators are allowing improper and/or wrongful actions to be taken against

Plaintiffs including filing of charges and convening hearings during the summer when

teachers are on vacation, are not "on the job" and are not required to be present for "work".

83) The aforesaid acts, by Defendant Arbitrators violate  Article 21-g, NY NYS Ed. Law 3020a

and 8 NYCRR 82-1 et seq. as well as Plaintiffs due process and property rights.

84) Defendant Arbitrators are attempting to convene or continue The Hearings that may not be

convened or should not be continued as:

a)  The Arbitration Agreement has been violated due to Defendants aforesaid failures and

acts;

b)  Defendants have violated and/or failed to comply with NYS Ed. Law 3020a and 8

NYCRR 82-1 et seq.;

c)  Defendants have violated Plaintiffs due process and property rights.

29

85) As a direct and proximate result of Defendants past and continuing improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶¶ 27 a. – n. and ¶¶ 56 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

86) As a direct and proximate consequence of the aforesaid improper and wrongful acts by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Plaintiffs face immediate, irreparable harm, injury and damages, emotional damages, including but not limited to loss of standing in the community, loss of reputation, humiliation and indignities, for which monetary relief is insufficient.

**WHEREFORE,** Plaintiffs demand judgment including but not limited to (i) immediate injunction of the presently appointed arbitrators from conducting further hearings as against Plaintiffs, (ii) immediate injunction from attempting to enforce rulings, awards, settlements or decisions made as a result of 3020a hearings conducted without authority and/or in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq and (iii) for interests, costs and attorneys fees.

30

## FIFTH CAUSE OF ACTION - DECLARATORY JUDGMENT

87) Plaintiffs repeat and reincorporate each and every allegation as set forth in ¶¶ 11 to 41 and 43 to 58 above as if the same were set forth fully and at length herein.

88) 28 USC §2201 et seq. provides in pertinent part, *"In a case of actual controversy within its jurisdiction . . . upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."*

89) As a result of Defendants aforesaid acts, Plaintiffs are and have been subjected to The Hearings (i) that have been or are being convened and/or conducted in violation of NYS Education Law §§ 3020 and 3020-a and 8 NYCRR 82-1 et sc1, in violation of The Arbitrator's Contract, and in violation of The Employment Contract, (ii) that have been and are being convened and/or conducted by Defendant Arbitrators who have exceeded their authority and (iii) that concluded or threaten to conclude with imposition of arbitrary and/or capricious decisions, rulings, fines, suspension without pay, termination and/or other penalties and (iv) that resulted in other damages

90) The violation of timing and other requirements of NYS Education Law 3020 and 3020a, 8 NYCRR 82-1 et seq., The Arbitration Contract and The Employment Contract are outrageous and threaten to cause further avoidable harm to Plaintiffs.

91) The violation of timing and other requirements of NYS Education Law 3020 and 3020a, 8 NYCRR 82-1 et seq., The Arbitration Contract and The Employment Contract and the continuing damages as shown on Exhibit 2 present systematic, ongoing and egregious violations of Plaintiffs due process and property rights, and cause Plaintiffs other damages.

   **WHEREFORE,** Plaintiffs demand Declaratory Judgment, pursuant to 28 USC § 2201 et

31

seq, (i) for a declaration that Defendant Arbitrators violated timing and other requirements of

NYS Education Law 3020 and 3020a, 8 NYCRR 82-1 et seq., The Arbitration Contract and The

Employment Contract, (ii) for attorneys' fees, interest and costs associated, and (iii) such other

and further relief as is equitable.

Dated: June 30, 2008

Edward D. Fagan Esq.
5 Penn Plaza, 23rd Floor
New York, NY  10001
(646) 378-2225
Plaintiffs' Attorney

32



**THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK**

Teacher Tenure Hearing Unit
Education Building Addition, Room 961
Albany, New York 12234
Telephone: (518) 473-3998
Tenure@mail.nysed.gov

July 20, 2006

Arthur A. Riegel
1 Willow Lane
Hewlett Harbor, NY 11557

Re:    In the Matter of the New York City Department of Education – Region ▓▓▓▓
       ▓▓▓ a Section 3020-a Education Law Proceeding (Our File #5,933)

Dear Mr. Riegel:

This will confirm your agreement to serve as Hearing Officer in the above matter at a per diem rate $1,400. By acceptance of this appointment you certify that you are aware of and specifically agree to conduct the hearing consistent with the requirements of Education law Section 3020-a and 8NYCRR Sub Part 82-1. Specifically:

- As the Hearing Officer, you must conduct a pre-hearing conference within 15 days of your agreement to serve, as stated in 82-1.6 "(e) **The hearing officer shall contact the parties and, within 10 to 15 days of receipt of notice from the commissioner confirming his or her acceptance of a selection to serve as hearing officer, hold a pre-hearing conference"**.

- The pre-hearing conference must be conducted within 15 days of your agreement to serve as the hearing officer in this matter.

- During the pre-hearing conference, you must determine the reasonable amount of time necessary for a final hearing on the charge(s), and must schedule the location, time(s) and date(s) of the final hearing. To the extent that the final hearing cannot be completed in one day, the law requires you to schedule consecutive hearing dates. The day(s) scheduled for the final hearing cannot be postponed except for good cause, as you shall determine. Postponements should be documented on the record and communicated to SED. In all cases the final hearing must be completed no later than 60 days after the date of the pre-hearing conference.

- In order to facilitate a timely decision, you should instruct the court reporter to provide expedited delivery of the final transcript of the hearing to all parties.

Exhibit 1

- Upon the conclusion of the final date of the hearing, you must notify SED that the hearing has concluded, as well as the due dates for all post-hearing briefs. The parties should be informed that reply briefs or other responsive pleadings beyond post hearing briefs may only be submitted upon written request to you for good cause shown with proof of notice to the other party. Approval of such additional pleadings shall not extend the statutory period in which you must render a final determination.

- The statute requires you to render a written decision within 30 days of the conclusion of the hearing.

In the event that you render more or less than five hours of service on a given calendar day, the per diem fee shall be prorated accordingly. **At this time, you should also forward your copy of the record, including transcripts, exhibits, motions, etc.**

Should you have any questions, please do not hesitate to call.

Very truly yours,

*Maryann Fairman*

Maryann Fairman, Supervisor

MF:chs
Enc:
CC:    Michael Best, General Counsel
          Elasa Hampton, Esq., of Counsel



**THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK**

Teacher Tenure Hearing Unit
Education Building Addition, Room 961
Albany, New York 12234
Telephone: (518) 473-2998
Tenure@mail.nysed.gov

May 20, 2008

Eleanor Elovich Glanstein, Esq.
305 Madison Avenue, Suite 2240
New York, NY 10165

Re:    In the Matter of the New York City Department of Education – ▮▮▮▮▮▮▮▮
▮▮▮▮▮, a Section 3020-a Education Law Proceeding (Our File #▮▮▮▮▮▮▮

Dear Ms. Glanstein:

This will confirm your agreement to serve as Hearing Officer in the above matter at a per diem rate $1,600. By acceptance of this appointment you certify that you are aware of and specifically agree to conduct the hearing consistent with the requirements of Education law Section 3020-a and 8NYCRR Sub Part 82-1. Specifically:

- As the Hearing Officer, you must conduct a pre-hearing conference within 15 days of your agreement to serve, as stated in 82-1.6 "**(e) The hearing officer shall contact the parties and, within 10 to 15 days of receipt of notice from the commissioner confirming his or her acceptance of a selection to serve as hearing officer, hold a pre-hearing conference**".

- The pre-hearing conference must be conducted within 15 days of your agreement to serve as the hearing officer in this matter.

- During the pre-hearing conference, you must determine the reasonable amount of time necessary for a final hearing on the charge(s), and must schedule the location, time(s) and date(s) of the final hearing. To the extent that the final hearing cannot be completed in one day, the law requires you to schedule consecutive hearing dates. The day(s) scheduled for the final hearing cannot be postponed except for good cause, as you shall determine. Postponements should be documented on the record and communicated to SED. In all cases the final hearing must be completed no later than 60 days after the date of the pre-hearing conference.

- In order to facilitate a timely decision, you should instruct the court reporter to provide expedited delivery of the final transcript of the hearing to all parties.

2

- Upon the conclusion of the final date of the hearing, you must notify SED that the hearing has concluded, as well as the due dates for all post-hearing briefs. The parties should be informed that reply briefs or other responsive pleadings beyond post hearing briefs may only be submitted upon written request to you for good cause shown with proof of notice to the other party. Approval of such additional pleadings shall not extend the statutory period in which you must render a final determination.

- The statute requires you to render a written decision within 30 days of the conclusion of the hearing.

In the event that you render more or less than five hours of service on a given calendar day, the per diem fee shall be prorated accordingly. At this time, you should also forward your copy of the record, including transcripts, exhibits, motions, etc.

Should you have any questions, please do not hesitate to call.

Very truly yours,

Deborah A. Marriott

Deborah A. Marriott
Manager and Associate Attorney

MF:chs
Enc:
CC:    Michael Best, General Counsel
        Nancy Ryan, Esq., of Counsel

| PLAINTIFF | | Arbitrator | Sent to Rubber Room — Today (**bold**) or Decision | Charged — Today (**bold**) or Pre-hearing | Assignment of Arbitrator — Today (**bold**) or Pre-hearing | Pre-hearing — Today (**bold**) or Final Hearing | Final hearing — Today (**bold**) or Decision |
|---|---|---|---|---|---|---|---|
| | | *Maximum Days Allowed* | | | 15 | 60 | 30 |
| Adams | Twana | Andree McKissick | 237 | 368 | 152 | | |
| Bell | Ming | Randi Lowitt | 291 | 235 | | | |
| Berkowitz | David | Paul Zonderman | | | | | |
| Berkowitz | | Deborah Gaines | 376 | 221 | 74 | 236 | 82 |
| Berlyne | Jonathan | Earl Pfeffer | 865 | 129 | 153 | 153 | 62 |
| Burks | Roslyn | NA | 305 | 182 | | | |
| Burks | | NA | | | | | |
| Caminiti | Anthony | Arthur Riegel | 644 | | | | |
| Castro | Jaime | NA | | | | | |
| Chavez | Gloria | Earl Pfeffer | 738 | 346 | 322 | 327 | |
| Cohen | Judith | Bonnie Siber Weinstock | 777 | 399 | 105 | 62 | |
| Cruz | Josefina | Arthur Riegel | 735 | 677 | 663 | 58 | |
| [illegible] | James | Alan Berg | 265 | 180 | 82 | 32 | 42 |
| [illegible] | Diane | Eleanor E. Glanstein | | 165 | | | |
| Ebewo | Michael | Martin Scheinman | 271 | 87 | 23 | 60 | |
| Ganis | Louisa | Jack Tillem | | 315 | | 385 | |
| Gisors | Roselyne | Eleanor E. Glanstein | | 53 | 1 | 776 | |
| Gonzalez | Diana | Martin Scheinman | 1027 | 256 | 256 | | |
| Hart | Joann | Jack Tillem | 278 | 301 | 272 | 92 | |
| Hayes | Lisa | Randi Lowitt | 615 | 82 | 117 | 60 | |
| Hollander | Michael | Mary Crangle | 258 | 165 | 91 | 216 | |
| Johnson | Eleanor | Arthur Riegel | 1021 | 465 | | | |
| Levine | Rina | Stuart Bauchner | 305 | 213 | 140 | 213 | |
| Martinez | Jane | Earl Pfeffer | | 214 | 137 | 60 | |

Today's date is: 6/30/08

Exhibit 2

| PLANTIFF | Arbitrator | Sent to Rubber Room --- Today(bold) or Decision | Charged --- Today (bold) or Pre-hearing | Assignment of Arbitrator --- Today (bold) or Pre-hearing | Pre-hearing --- Today (bold) or Final Hearing | Final hearing --- Today (bold) or Decision |
|---|---|---|---|---|---|---|
| | | | | *Maximum Days Allowed* 15 | 60 | 30 |
| McLoughlin Michael | Arthur Riegel | 741 | 369 | 256 | | |
| Nunge Raymond | Randi Lowitt | 515 | 234 | 151 | 322 | 0 |
| Polito Julianne | NA | | | | | |
| Radcke-Gabriel Alena | NA | | | | | |
| Robinson Thomasina | Deborah Gaines | 1027 | 255 | 31 | 42 | 69 |
| Russo Denise | Paul Zonderman | 571 | 405 | 308 | | |
| Santucci Paul | Jack Tillem | 545 | 327 | | 140 | 36 |
| Saunders Jennifer | Joshua Javitz | 1024 | 611 | 284 | 641 | 31 |
| Sawyer Jacqueline | Eric Lawson | | 180 | | 153 | 62 |
| Scheiner Brandi | Mary Crangle | 390 | 163 | 306 | 243 | 27 |
| Schreiber Alex | Jack Tillem | 622 | 370 | 50 | | |
| Segall Barbara | Eleanor E. Glanstein | 153 | 466 | 78 | | |
| Seiffert Linda | Eleanor E. Glanstein | | 119 | | | |
| Seiffert Linda | Mary Crangle | | 118 | | 211 | 42 |
| Smith Daniel | Martin Scheinman | 280 | 384 | | | |
| Teel Gilda | Unknown | | 67 | | | |
| Torres-Nogueras Eustoquio | Douglas Bantier | | 96 | 293 | 160 | |
| Wade Jacqueline | NA | 146 | 116 | | | |
| Westbay Michael | Stuart Bauchner | 669 | 382 | | 83 | |
| Zanetis George | Earl Pfeffer | 773 | 55 | | 296 | |
| Zapata Mauricio | Stuart Bauchner | 593 | 396 | | 61 | 107 |

Today's date is: 6/30/08

G. Education Law §3020-a Procedures

### Rotational Panel

As discussed and agreed upon, all parties would be served better by the implementation of a permanent arbitration panel. The panel members must be agreeable to both sides, however, if the parties cannot agree to a full complement of 20 panel members, additional impartial arbitrators shall be selected by the parties in accordance with the American Arbitration Association (AAA) procedures (strike and rank method) from list(s) provided by the AAA until the desired number (20) is reached to establish such permanent panel.

Panel members shall serve for a maximum of a one-year term. At the expiration of such term, the parties must agree to have arbitrators continue to serve on the panel, and if not, replacement members will be elected by the method outlined above. Removal prior to the end of the one-year term must be for good and sufficient cause upon mutual agreement of the parties.

Any arbitrator who agrees to serve on the rotational panel must agree to the following terms:

a. Each arbitrator selected to serve on this rotational panel must agree to provide five (5) consecutive hearing dates per month for the months of September through June and two (2) hearing dates for the months of July and August. Consecutive days may be construed to mean five (5) dates within two (2) weeks unless otherwise agreed.

b. Arbitrators must provide three (3) dates, within ten (10) to fifteen (15) calendar days from the date the case was assigned to him or her, for a pre-hearing conference. One of the dates shall be at 9:00 a.m. Advocates must accept one (1) of the three (3) dates offered or it will be assumed that the date or dates offered at 9:00 a.m. is (or are) acceptable. Said dates must be in compliance with Education Law §3020-a (within 10 to 15 days from the date selected to serve).

c. At the pre-hearing conference, arbitrators must provide and parties must accept five (5) consecutive hearing dates within the statutory timeframe as delineated in Education Law §3020-a. Consecutive days may be construed to mean five (5) dates within two (2) weeks unless mutually agreed.

d. The parties are committed to having these cases heard in an expeditious manner. For this reason, absent extraordinary circumstances, arbitrators are not to adjourn hearing dates. It should be noted that normally attorney or party scheduling conflicts are not extraordinary circumstances.

e. In all cases, as delineated in Education Law §3020-a the final hearing shall be completed no later than 60 days from the pre-hearing conference and the written decision must be rendered within 30 days from the final hearing date.

f. There is a presumption that charges against the same employee will be consolidated unless the arbitrator finds that to do so would deny a fair hearing. Additionally, in routine matters, any motions must be made and responded to orally. Thereafter, a decision shall be rendered on the issue the same date the motion was made. Should the arbitrator find that written motion practice is necessary, either party reserves the right to respond orally but in no case shall motion practice take place outside the scope of the timelines as outlined in Education Law §3020-a.

Failure to abide by these rules shall be "good and sufficient" grounds for removal of an arbitrator.

Exhibit 3

# EDWARD D. FAGAN ESQ.

*Five Penn Plaza, 23rd Floor, NY, NY 10001, Tel. (646) 378-2225*
*Email: faganlawintl@aim.com (Official Email Address for Court Documents)*
*Email : faganlaw.teachers@gmail.com (Email Address for Teachers4Action Case)*

July 2, 2008

<u>Via Hand Delivery</u>
Hon. Victor Marrero USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers
New York, NY 10007

> Re:    *Twana Adams et al v New York State Education Department et al 08-cv-5996 (UA)*
> *marked as related to:*
> *Teachers4Action et al v. Bloomberg et al, 08-cv-548 (VM)(AJP)*

Honorable Judge Marrero:

As Your Honor knows, I am counsel for the Plaintiffs in the matter entitled Teachers4Action et al v Bloomberg et al 08-cv-548 (VM)(AJP) ("*The Teachers4Action Case*").

I write to alert the Court to the fact that based on certain facts, that have recently come to light, some Plaintiffs in *The Teachers4Action Case* have filed the separate complaint entitled Adams et al v. NYSED et al 08-cv-5996 ("*The Adams Case*"). A courtesy hard copy of *The Adams Case* is attached for Your Honor's ease of reference.

*The Adams Case* addresses separate legal and factual issues that are/were not included in *The Teachers4Action Case*. Plaintiffs submit that the separate legal and factual issues in *The Adams Case* can and should proceed on a separate track from *The Teachers4Action Case*.

With this letter, I am also providing a courtesy copy of Magistrate Judge Peck's March 25th Endorsed Memo & Order in *The Teachers4Action Case*. At par. 5 of the March 25th Endorsed Memo & Order Judge Peck stated *"rights as to the admin. hearings can be protected in <u>state</u> court. The issue before this Court is the so-called rubber rooms"*. The facts as pleaded in *The Adams Case* show this Court has/should exercise original jurisdiction over *The Adams Case*, pursuant to 42 USC § 1983 as well as the 14th Amendment due process and property right violations. And, as a result of *The Adams Case*, Plaintiffs believe it is appropriate to discontinue efforts previously undertaken in State Court, when following Judge Peck's March 25th Endorsed Memo, and through which they sought relief related to the administrative hearings before they had discovery or access to facts or evidence that formed the basis for *The Adams Case*.

Plaintiffs respectfully submit *The Adams Case* should be accepted as a related to *The Teachers4Action Case* but should be allowed to proceed on its own schedule. And, as always, thank you for Your Honor's continued consideration in these matters.

Respectfully submitted,

Edward D. Fagan
EDF/lsf
*enclosures*

# EDWARD D. FAGAN ESQ.

*Hon. Victor Marrero USDJ – July 2, 2008 Letter – Page 2*
*Re:*   *Adams et al v New York State Education Department et al 08-cv-5996 (UA)*
        *Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*

---------

*Cc:*   *Via Hand Delivery*
        Hon. Andrew J. Peck, USMJ
        United States District Court
        Southern District of New York
        500 Pearl Street, Chambers
        New York, NY  10007

        *Blanche Greenfield Esq. – For NYC Defendants– By Fax*
        *Charles Moerdler Esq. – For Defendants UFT, Weingarten & Combier – By Fax*

# FAX TRANSMITTAL SHEET



### ANDREW J. PECK
### UNITED STATES MAGISTRATE JUDGE
### UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:       (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:  __March 25, 2008__          Total Number of Pages: _3_

| TO | FAX NUMBER |
|---|---|
| Edward D. Fagan, Esq. | 646-304-6446 |
| Blanche Greenfield, Esq. | 212-788-8877 |

# TRANSCRIPTION:

**MEMO ENDORSED 3/25/08**

1. This letter appears to be an "end run" around me.  That is <u>not</u> appropriate.
2. Several weeks after filing the Amended Complaint, it appears from this letter that plaintiffs still have not served the UFT, nor made any efforts to get amended summonses, etc.
3. Plaintiffs have to stop this "hurry up when we want approach" but then do nothing right.
4. Until all defendants are served, discovery remains stayed as previously ordered.
5. Moreover, rights as to the admin. hearings can be protected in <u>state</u> court.  The issue before this Court is the so-called rubber rooms.  Moreover, plaintiffs previously complained re delays in having hearings.
6. All relief requested in this letter is <u>DENIED</u>.


Copy to:    Judge Victor Marrero

25 Mar 2008 8:55AM                                      16463046..6                    p.2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED 3/25/08

# EDWARD D. FAGAN ESQ

**Five Penn Plaza, 23rd Floor, NY, NY 10001, Tel: 646-378-2225**
Email: faganlawint@aim.com (Special Email Address for Court Documents)
Email : fagan4teacher@gmail.com (Email Address for *Teachers4Action* Case)

MAR 25 2008
CHAMBERS OF
ANDREW J. PECK

*March 25, 2008*

**MEMO ENDORSED** *p2*

*Via Fax (212) 805-6382*
Honorable Victor Marrero USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers 660
New York, NY 10007

Re:   *Teachers4Action et al v. Bloomberg et al, 08-cv-548 (VM)(AJP)*

Honorable Judge:

I am counsel for Plaintiffs in the above referenced matter.   Plaintiffs' Amended Complaint has been filed and served on Blanche Greenfield Esq., counsel for Defendants Michael Bloomberg, City of New York, Joel Klein and New York City Department of Education (hereinafter "NYC Defendants"). [1]

NYC Defendants' counsel Greenfield and I are working cooperatively together to prepare a Proposed Scheduling Order at the Court's Initial Conference, whenever it can be scheduled.

This letter is written because, notwithstanding the cooperation between NYC Defendants' counsel and me, in the last days, certain retaliatory actions have been taken by NYC Defendants, that we respectfully submit require the Court's emergent attention.

Briefly, the retaliatory actions have now taken the form of scheduling and attempting to move Administrative Hearings ("The State Hearings") forward against Plaintiffs in this action.   The Plaintiffs are now being forced to defend themselves in The State Hearings before arbitrators who we submit are conflicted, biased or have been improperly designated.   In The State Hearings, the punishments that Plaintiffs face include ruinous fines, defamatory comments in their files and possible termination.

As if that were not enough, because of their participation as Plaintiffs in this lawsuit, Plaintiffs have been stripped of their appointed counsel [2] in The State Hearings.   In the last few days, Plaintiffs appointed counsel started to send letters announcing withdrawal as their counsel.   This withdrawal by appointed counsel in The State Hearings, was unilateral, without Plaintiffs' consent and without prior notice, approval or appropriate Court Order.   Plaintiffs submit it is a further violation of their rights.

---

[1] Amended Summonses for service of the Amended Complaint on the additional Defendants named in the Amended Complaint are being submitted separately.

[2] Appointed Counsel in The State Hearings is provided by New York State United Teachers, the parent to Defendant United Federation of Teachers, and is paid for by Defendant United Federation of Teachers. Counsel of record for the plaintiffs (designated as respondents in The State Hearings) is James Sandner Esq.

# EDWARD D. FAGAN ESQ.

*Hon. Victor Marrero USDJ – March 25, 2008 Letter – Page 2*
*Re: <u>Teachers4Action et al v. Bloomberg et al. 08-CV-548 (VM)(AJP)</u>*

---

Plaintiffs are being forced to defend themselves in The State Hearings, without counsel, and with Arbitrators who Plaintiffs submit are conflicted, biased or improperly designated.

Plaintiffs submit that The State Hearings, as certain Defendants, now seek to have them move forward, violate their due process and other constitutionally protected rights and merit the Court's emergent attention.

This morning Blanche Greenfield Esq. (counsel for the New York City Defendants) and I are conducting our Rule 26 Conference. The issue of emergent relief and the need to get back into Court on an expedited basis – pending the Court's availability – has already been raised.

The issue of Emergent Relief related to The State Hearings is raised in this letter because (despite objections) hearings are about to be started today against Plaintiffs (Paul Santucci and Gloria Chavez) and other hearings are scheduled for later this week and next week.

Plaintiffs respectfully submit that a Rule 16 Conference at which Plaintiffs' Request for Emergent Relief and Preliminary Injunction could be address by the Court in a way to prevent further irreparable harm to Plaintiffs.

In view of the foregoing, Plaintiffs respectfully request that the Court call such a Conference at its earliest convenience.

Thank you for the Court's consideration.

Respectfully submitted,

[signature]

Edward D. Fagan

Cc: <u>Via Fax (212) 805-7933</u>
Honorable Andrew J. Peck USMJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers
New York, NY 10007

Blanche Greenfield Esq. – Counsel for NYC Defendants - Via Fax
Charles Moerdler Esq. – Counsel for Defendants Weingarten & United Federation of Teachers – Via Fax

James Sandner Esq. - NYSUT – Via Fax

BY FAX

Copies by fax to: Mr. Fagan, Ms. Greenfield, [illegible]

MEMO ENDORSED 3/25/08

1. This letter appears to be an "end-run" [illegible]. That is not appropriate. 2. [illegible] 3. [illegible] 4. [illegible] 5. [illegible] 6. [illegible]

SO ORDERED:

[signature]

Hon. Andrew Jay Peck
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
Twana Adams et al                       :
                        Plaintiffs      :        Civil Action # 08-cv-5996
                                        :
        vs.                             :
                                        :
New York State Education Department      :
et al                                   :
                        Defendants      :
------------------------------------------------X

## NOTICE OF FILING OF ERRATA

Edward D. Fagan, hereby declares and says:

     1.    I am Plaintiffs' counsel in the above referenced matter.

     2.    With this Notice, Plaintiffs are hereby filing the Errata Sheets to the Complaint together with the full conformed copy with errata already included.

     3.    The Errata are not substantive and relate solely to identifying the proper parties and proper spelling of their names.

     a.    As to Plaintiffs:
        i.   one plaintiff name (Julianne Polito) was deleted;

        ii.   two plaintiff names (Olga Batyreva and Rafal Kowal) were added as they were mistakenly omitted;

        iii.   the spelling of two plaintiff names (Brandi Scheiner and Eustoqio Torres-Nogueras) were corrected .

     b.    As to Defendants: Defendant Eleanor Glanstein's name was mistakenly omitted but is now included.

The foregoing statements by me are true and accurate to the best of my knowledge, information and belief.

Dated:    July 3, 2008

                                       Edward D. Fagan

# <u>CERTIFICATION OF SERVICE</u>

I hereby certify that the foregoing Notice of Filing of Errata has been served electronically with the Clerk of the Court,

Dated:      July 3, 2008

Edward D. Fagan

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------------- X        CIVIL ACTION #
Twana Adams, Olga Batyreva, Ming Bell, David Berkowtiz          :        08-cv-5996 (UA)
Jonathan Berlyne, Anthony Caminiti,  Jaime Castro, Gloria Chavez:
Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo,     :
Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes,         :
Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine,   :
Hazel Martinez, Michael McLoughlin, Raymond Nunge,             :
Alena Radke-Gabriel, Thomasina Robinson, Denise Russo,          :
Paul Santucci, Jennifer Saunders, Jacqueline Sawyer,           :
Alex Schreiber, Alan Schlesinger, Barbara Segall,              :
Linda Seiffert, Daniel Smith, Gilda Teel,                      :
Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay,     :
George Zanetis  and  Mauricio Zapata,                          :
                                        Plaintiffs    :
        v.                                              :
New York State Education Department,                           :        COMPLAINT
        A division / organ of the State of New York,          :        (conformed copy)
Richard Mills, Commissioner of Education,                      :
Teacher Tenure Hearing Unit, Maryann Fairman, Supervisor;      :
Deborah A. Marriott, Manager; Douglass Bantle, Stuart Bauchner, :
Alan Berg, Mary Crangle, Howard Edelman, Deborah M. Gaines,    :
Eleanor Glanstein, Joshua Javitz,  Eric Lawson, Andree McKissick,:
Randi Lowitt, Earl Pfeffer, Arthur Riegel, Martin Scheinman,    :
Jack Tillem, Bonnie Silber-Weinstock  and Paul Zonderman       :
                                        Defendants    :
---------------------------------------------------------------------- X
```

1

As for their complaint against Defendants, Plaintiffs, allege as follows:

## JURISDICTION

1) The Court has original jurisdiction over the claims pursuant to 42 USC § 1983 and based on violation of 14th Amendment and Plaintiffs due process and property rights.

2) To the extent Plaintiffs have state law claims, the Court has ancillary and/or supplemental jurisdiction of such state law claims pursuant to 28 USC § 1367.

3) Plaintiffs' claims for monetary damages exceed the statutory limit of this Court, exclusive of attorneys' fees, costs and interest.

## VENUE

4) Venue is proper in this Court because one or more of the named Plaintiffs live in this judicial district and the acts of Defendants or their employees, officers and/or agents upon which this complaint is predicated, occurred within this judicial district.

## PARTIES

5) Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata are New York City Public School Teachers or other employees of the New York City Public School systems and either live and/or work in New York City.

2

NYCRR 82-1 et seq. ("NYS Education Laws") and Plaintiffs' Contract of Employment ("The Employment Contract").

14) Defendant Arbitrators are employed by Defendants NYSED, Mills, The Unit, Fairman and Marriott for the purpose of convening and conducting hearings related to potential discipline of Plaintiffs.

15) Defendants Fairman and Marriott is/are employed by Defendants NYSED and The Unit to employ, empower and supervise Defendant Arbitrators.

16) Defendants Fairman and Marriott, on behalf of Defendants NYSED and The Unit, are obligated to insure that any disciplinary hearing(s) (hereinafter "The Hearing(s)") to be conducted by Defendants Arbitrators are conducted in accordance with the requirements of NYS Education Laws and The Employment Contract.

17) Defendant Arbitrators authority to conduct the disciplinary hearings is derived from the contracts (hereinafter "The Arbitrator's Contract") that Defendant Arbitrators have with Defendants NYSED and The Unit.

18) In pertinent part, The Arbitrator's Contract through which Defendant Arbitrators are employed and from which their power is derived states among other things:

  a) Defendant Arbitrators specifically agrees to conduct The Hearing(s) consistent with the requirements of Education Law Section 3020a and 8 NYCRR Sub Part 82-1;

  b) As the hearing officer, Defendant Arbitrators must conduct a pre-hearing conference within 15 days of Defendant Arbitrators agreement to serve;

4

of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, and Defendants NYSED,

Mills, The Unit, Fairman and/or Marriott failed to remove Defendant Arbitrators and/or

reverse/void decisions made by such arbitrators.

31) Defendant Arbitrators were left unsupervised or were improperly supervised by Defendants

NYSED, Mills, The Unit, Fairman and/or Marriott and as a result (i) conducted The Hearings

without authority, (ii) rendered excessive judgments and/or imposed inappropriate fines in

The Hearings; (iii) made determinations and issued rulings that were arbitrary and

capricious.

32) As a result of their being left unsupervised or being improperly supervised by Defendants

NYSED, The Unit and Marriot, Defendant Arbitrators were in a position to and did in fact

collaborate with Plaintiffs employer -- The New York City Department of Education -- so that

they -- Defendant Arbitrators were in a position to conduct arbitrations in violation of NYS

Education Law, exceed the authority given to them, and conduct The Hearings in such a way

that Plaintiffs were forced into positions where they were willing to accept onerous, improper

and unfair deals that were procured by coercion, pressure, intimidation and fear of further

retaliation.

33) As a result of their being left unsupervised or being left improperly supervised by Defendants

NYSED, Mills, The Unit, Fairman and/or Marriott, Defendant Arbitrators forced Plaintiffs

into hearings without counsel and over Plaintiffs objections.

34) As a direct and proximate result of Defendant Arbitrators failure to comply with the timing

requirements of NYS Education Law and the Arbitration Contract and their improper,

wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above,

Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne,

Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane

Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael

Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael

McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo,

Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan

Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-

Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata were

kept in Temporary Relocation Centers a/k/a Rubber Rooms for improper and excessive

periods of time – sometimes months and years – before the Defendant Arbitrators sought to

convene The Hearings.

*See Exhibit 2 – Spreadsheet Showing Some of the Timing Related*
*Violations of NYS Education Law and 8 NYCRR 82-1 et seq.*

35) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to

act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell,

David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez,

Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne

Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane

Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel,

Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer,

Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel

Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George

Zanetis and Mauricio Zapata were and/or are being forced into participating in disciplinary

hearings being conducted in violation of NYS Education Law.

*See Exhibit 2.*

36) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to

act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Jaime Castro, Joanne Hart, Michael

McLoughlin and George Zanetis were forced into accepting ruinous deals and fines in arbitration proceedings that were conducted by Defendant Arbitrators without authority.

37) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Jonathan Berlyne, Joann Hart, Alena Radke-Gabriel, Denise Russo, Alan Schlesinger and Jennifer Saunders were disciplined, fined, suspended without pay and/or terminated as a result of, in and/or through arbitration proceedings that were conducted by Defendant Arbitrators without authority.

38) As a direct and proximate result of Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Gloria Chavez, Josephina Cruz, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Lisa Hayes, Michael Hollander, Jane Levine, Paul Santucci, Brandi Scheiner, Barbara Segall, Linda Seiffert, Gilda Teel, Michael Westbay and Mauricio Zapata are being forced into hearings during the summer and which hearings are being conducted in violation of the timing requirements and in violation of the Employment Contract.

39) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata were:

12

complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law 3020a, specifically 8 NYCRR 82-1.6 (a) (3), (4) (b) & (e) ;

d) Conduct of Hearing requirements were not complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law 3020a, specifically 8 NYCRR 82-1.10 (f) & (g);

e) Failure to provide and/or withholding of transcripts from Plaintiffs in violation of NYS Education Law, specifically 8 NYCRR 82-1.11 (c );

f) Charging of excessive fees and expense reimbursement (which upon information and belief the excesses of which are being paid by the adverse party) which fees and expense reimbursements are not consistent with the customary fees paid for similar services at the rates applicable to state employees as required by NYS Education law, specifically 8 NYCRR 82-1.11 (b) ;

g) Refusing to allow Plaintiffs to respond and challenge the hearings through closings and other motions after they have received transcripts from Plaintiffs in violation of NYS Education law, specifically 8 NYCRR 82-1.10 (f) & (g) and 8 NYCRR 82-1.11 (c ).

41) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel

14

Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George

Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property,

physical and emotional damages, including loss of standing in the community, humiliation

and embarrassment amongst family and friends, loss of reputation, degradation and other

psychological damages.

## FIRST CAUSE OF ACTION - VIOLATION OF 14th AMENDMENT

42) Plaintiffs repeat and reallege paragraphs 11 to 41 inclusive as if the same were set forth fully

and at length herein.

43) The 14th Amendment states in pertinent part *"No state shall make or enforce any law which*

*shall abridge the privileges or immunities of citizens of the United States; nor shall any state*

*deprive any person of life, liberty, or property, without due process of law; nor deny to any*

*person within its jurisdiction the equal protection of the laws."*

44) 42 U.S.C. § 1983 states, in pertinent part *"every person who, under color of any statute,*

*ordinance, regulation, custom or usage, of any State or Territory, ... subjects, or causes to be*

*subjected, any citizen of the United States or other person within the jurisdiction thereof to*

*the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,*

*shall be liable to the party injured in an action at law, suit in equity, or other proper*

*proceeding for redress."*

45) Defendant NYSED was and is responsible for making and/or enforcing the requirements of NYS

Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq.

46) Defendants Mills, Fairman and Marriott are employees, agents, representatives and/or actors of

The State of New York.

47) Defendant NYSED, Mills, The Unit, Fairman and Marriot were and are responsible for

making and/or enforcing the requirements of NYS Education Law §§ 3020 & 3020a and 8

15

violated and breached their aforesaid obligations and caused and/or allowed the acts set forth above in ¶ ¶ 27 a. – n. to be taken against Plaintiffs.

53) As related to Plaintiffs, Defendant Arbitrators violated and breached their obligation delegated certain of their duties and responsibilities and caused and/or allowed the acts set forth above in ¶ ¶ 27 a. – n. to be taken against Plaintiffs.

54) As a direct and proximate result of the aforesaid acts by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata due process and property rights were violated.

55) Plaintiffs put Defendant Arbitrators and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott on notice of the past violations of their due process and property rights.

56) Despite the notice of the violation of due process and property rights, and resulting and ongoing damages given by Plaintiffs, Defendant Arbitrators and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Defendants Arbitrators continue to:

a) Violate the terms of the Arbitrator's Contracts, NYS Education Law and the Arbitration Contract;

b) Allow Plaintiffs' employer, the New York City Department of Education, to violate the terms of The Employment Contract;

17

Contract and NYS Education Law; and

n) Force or attempt to forced Plaintiffs into disciplinary hearings being conducted in violation of the terms of the Arbitration Contract and NYS Education Law.

57) Defendant Arbitrators and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott continuing acts as set forth in ¶¶ 56 a – n above, violate Plaintiffs due process and property rights.

58) As a direct and proximate result of Defendants past and continuing improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. and ¶ ¶ 56 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

**WHEREFORE,** Plaintiffs award judgment as against Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and Defendant Arbitrators (i) for violation of NYS Education Law ¶¶ 3020, 3020a, 8 NYCRR 82-1 et seq., The Arbitrators' Contract and The Employment Contract, (ii) for violation of Plaintiffs due process and property rights, (iii) for reversal of all proper awards, fines and/or "deals" made in, through or as a result of 3020a Hearings involving

19

that were and are being conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

64) As a direct and proximate result of the aforesaid failures, the hearings conducted or which were to be conducted under the putative auspices of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott resulted in procedural or final decisions or rulings that were arbitrary and capricious and as such violate NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

65) As a direct and proximate result of Defendants past and continuing improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. and ¶ ¶ 56 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and Defendant Arbitrators, including but not limited to (i) staying of all arbitrations underway and/or not yet commenced, (ii) voiding of all decisions and fines rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (iii)

22

procedural or final decisions or rulings were or are being made in The Hearings conducted in

violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

72) As a direct and proximate result of Defendants NYSED, Mills, The Unit, Fairman and/or

Marriott's aforesaid failure to supervise Defendant Arbitrators, Plaintiffs Twana Adams,

Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime

Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo,

Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor

Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge,

Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders,

Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall,

Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade,

Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer

monetary, property, physical and emotional damages, including loss of standing in the

community, humiliation and embarrassment amongst family and friends, loss of reputation,

degradation and other psychological damages.

WHEREFORE, Plaintiffs demand judgment against Defendants NYSED, Mills, The

Unit, Fairman and/or Marriott and Defendant Arbitrators, including but not limited to (i) staying

of all arbitrations underway and/or not yet commenced, (ii) voiding of all decisions and fines

rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered

and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (iii)

reinstatement of their licenses and teaching privileges, (iv) reimbursement of the fines rendered

and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered and/or

supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (v) reimbursement

of the out of pocket expenses, legal fees and other costs incurred by Plaintiffs as a result of

25

85) As a direct and proximate result of Defendants past and continuing improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. and ¶ ¶ 56 a. – n. above, Plaintiffs Twana Adams, Olga Batyreva, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Rafal Kowal, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustoqio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

86) As a direct and proximate consequence of the aforesaid improper and wrongful acts by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Plaintiffs face immediate, irreparable harm, injury and damages, emotional damages, including but not limited to loss of standing in the community, loss of reputation, humiliation and indignities, for which monetary relief is insufficient.

**WHEREFORE,** Plaintiffs demand judgment including but not limited to (i) immediate injunction of the presently appointed arbitrators from conducting further hearings as against Plaintiffs, (ii) immediate injunction from attempting to enforce rulings, awards, settlements or decisions made as a result of 3020a hearings conducted without authority and/or in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq and (iii) for interests, costs and attorneys fees.

30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWANA ADAMS, OLGA BATYREVA, MING BELL, DAVID BERKOWITZ, JONATHAN BERLYNE, ANTHONY CAMINITI, JAIME CASTRO, GLORIA CHAVEZ, JOSEPHINA CRUZ, JAMES CULLEN, DIANE DANIELS, MICHAEL EBEWO, LOUISA GANIS, ROSELYNE GISORS, JOANN HART, LISA HAYES, MICHAEL HOLLANDER, ELEANOR JOHNSON, RAFAL KOWAL, JANE LEVINE, HAZEL MARTINEZ, MICHAEL McLOUGHLIN, RAYMOND NUNGE, ALENA RADKE-GABRIEL, THOMASINA ROBINSON, DENISE RUSSO, PAUL SANTUCCI, JENNIFER SAUNDERS, JACQUELINE SAWYER, ALEX SCHREIBER, ALAN SCHLESINGER, BARBARA SEGALL, LINDA SEIFFERT, DANIEL SMITH, GILDA TEEL, EUSTOQIO TORRES-NOGUERAS, JACQUELINE WADE, MICHAEL WESTBAY, GEORGE ZANETIS, and MAURICIO ZAPATA, <br><br> Plaintiffs, <br><br> - against - <br><br> NEW YORK STATE EDUCATION DEPARTMENT, a Division/Organ of the State of New York; RICHARD MILLS, Commissioner of Education; TEACHER TENURE HEARING UNIT; MARYANN FAIRMAN, Supervisor; DEBORAH A. MARRIOTT, Manager; DOUGLASS BANTLE; STUART BAUCHNER; ALAN BERG; MARY CRANGLE; HOWARD EDELMAN; DEBORAH M. GAINES; ELEANOR GLANSTEIN; JOSHUA JAVITZ; ERIC LAWSON; ANDREE McKISSICK; RANDI LOWITT; EARL PFEFFER; ARTHUR RIEGEL; MARTIN SCHEINMAN; JACK TILLEM; BONNIE SIBER-WEINSTOCK; and PAUL ZONDERMAN, <br><br> Defendants. | **Docket No. 08-CV-5996(UA)** <br><br><br><br><br><br> **Judge  Victor Marrero** <br><br> **Magistrate Andrew Peck** |

## NOTICE OF MOTION TO DISMISS IN LIEU OF ANSWER
### and
### AFFIDAVIT IN SUPPORT

**GARBARINI & SCHER, P.C.**
**Attorneys for Defendants**
*Douglas Bantle s/h/a Douglass Bantle; Stuart Bauchner; Deborah M. Gaines; Eleanor Glandstein s/h/a Eleanor Glanstein; Joshua Javits s/h/a Joshua Javitz; Randi Lowitt; Earl Pfeffer; Arthur Riegel; Martin Scheinman; Jack Tillem; Bonnie Siber-Weinstock; and Paul Zonderman*
**Office & P. O. Address**
**432 Park Avenue South**
**New York, NY 10016-8013**
**Telephone (212) 689-1113**

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK  )

      MAUREEN GRIFFIN, being duly sworn, deposes and says, that the deponent is not a party of the action and is over 18 years of age.

      That on the 15th day of July, 2008, the undersigned served the within **NOTICE OF MOTION, AFFIDAVIT IN SUPPORT, and MEMORANDUM OF LAW** dated July 15, 2008 upon the attorneys named below by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York, and directed to the said attorneys at the address indicated below, such address being the address designated by said attorneys for that purpose.

                    EDWARD D. FAGAN, ESQ.
                    Attorney for Plaintiffs
                    5 Penn Plaza, 23rd Floor
                    New York, New York 10001
                    (646) 378-2225

                    NEW YORK STATE ATTORNEY GENERAL
                    120 Broadway
                    New York, New York 10271

                    **[NO OTHER APPEARANCES]**

                                      MAUREEN GRIFFIN

Sworn to before me this
15th day of July, 2008

Paulette Romero
Notary Public, State of New York
Registration #01RO6049073
Qualified in Queens County
My Commission Expires October 2, 2010

F:\CASES\17056\Motion to Dismiss in Lieu of Answer.wpd      7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWANA ADAMS, OLGA BATYREVA, MING BELL, DAVID BERKOWITZ, JONATHAN BERLYNE, ANTHONY CAMINITI, JAIME CASTRO, GLORIA CHAVEZ, JOSEPHINA CRUZ, JAMES CULLEN, DIANE DANIELS, MICHAEL EBEWO, LOUISA GANIS, ROSELYNE GISORS, JOANN HART, LISA HAYES, MICHAEL HOLLANDER, ELEANOR JOHNSON, RAFAL KOWAL, JANE LEVINE, HAZEL MARTINEZ, MICHAEL McLOUGHLIN, RAYMOND NUNGE, ALENA RADKE-GABRIEL, THOMASINA ROBINSON, DENISE RUSSO, PAUL SANTUCCI, JENNIFER SAUNDERS, JACQUELINE SAWYER, ALEX SCHREIBER, ALAN SCHLESINGER, BARBARA SEGALL, LINDA SEIFFERT, DANIEL SMITH, GILDA TEEL, EUSTOQIO TORRES-NOGUERAS, JACQUELINE WADE, MICHAEL WESTBAY, GEORGE ZANETIS, and MAURICIO ZAPATA, | Docket No. 08-CV-5996(UA) <br><br> Judge Victor Marrero <br><br> Magistrate Andrew Peck |

Plaintiffs,

- against -

NEW YORK STATE EDUCATION DEPARTMENT, a Division/Organ
of the State of New York; RICHARD MILLS, Commissioner of
Education; TEACHER TENURE HEARING UNIT; MARYANN
FAIRMAN, Supervisor; DEBORAH A. MARRIOTT, Manager;
DOUGLASS BANTLE; STUART BAUCHNER; ALAN BERG;
MARY CRANGLE; HOWARD EDELMAN; DEBORAH M. GAINES;
ELEANOR GLANSTEIN; JOSHUA JAVITZ; ERIC LAWSON;
ANDREE McKISSICK; RANDI LOWITT; EARL PFEFFER;
ARTHUR RIEGEL; MARTIN SCHEINMAN; JACK TILLEM;
BONNIE SIBER-WEINSTOCK; and PAUL ZONDERMAN,

Defendants.

# MEMORANDUM OF LAW

### Garbarini & Scher, P.C.
**Attorneys for Defendants**
*Douglas Bantle s/h/a Douglass Bantle; Stuart Bauchner; Alan Berg; Mary Crangle; Howard
Edelman; Deborah M. Gaines; Eleanor Glandstein s/h/a Eleanor Glanstein; Joshua Javits
s/h/a Joshua Javitz; Eric Lawson; Andrée McKissick s/h/a Andree McKissick; Randi Lowitt;
Earl Pfeffer; Arthur Riegel; Martin Scheinman; Jack Tillem; Bonnie Siber-Weinstock; and
Paul Zonderman*
**432 Park Avenue South**
**New York, New York 10016-8013**
**(212) 689-1113**

**Of Counsel:  Gregg D. Weinstock, Esq. (GW-8078)**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................. 1

PLAINTIFF'S COMPLAINT .................................................. 2

LEGAL ARGUMENT ........................................................ 3

POINT I     ARBITRATORS ARE AFFORDED ABSOLUTE
            IMMUNITY FROM CIVIL ACTIONS FOR
            ACTS ARISING OUT OF THE PERFORMANCE
            OF THEIR DUTIES; THEREFORE, ALL
            CLAIMS FOR DAMAGES AGAINST
            DEFENDANT ARBITRATORS MUST BE
            DISMISSED ................................................ 3

POINT II    PRIVATE ARBITRATORS "DO NOT ACT
            UNDER COLOR OF STATE LAW," AND
            THEREFORE ARE NOT SUBJECT TO CIVIL
            RIGHTS CLAIMS FOR ALLEGED
            VIOLATIONS OF THE FOURTEENTH
            AMENDMENT ............................................. 5

POINT III   ALL GRIEVANCES WITH THE
            ARBITRATION PROCESS MUST BE
            ADDRESSED IN STATE COURT PURSUANT
            TO THE PROCEDURES SET FORTH IN
            EDUCATION LAW § 3020-a ............................. 6

POINT IV    PLAINTIFFS HAVE FAILED TO MEET THEIR
            BURDEN TO ESTABLISH THAT THE PRIOR
            RULINGS OF DEFENDANT ARBITRATORS
            SHOULD BE VACATED ................................. 6

POINT V     DEFENDANTS ARE ENTITLED TO
            JUDGMENT ON THE PLEADINGS ........................ 8

CONCLUSION ........................................................... 8

# TABLE OF AUTHORITIES

**Page**

## Cases

*Austern v. Chicago Board Options Exchange, Inc.*, 898 F.2d 882 (2nd Cir. 1990) . . . . . . . . . . 3

*Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114 (3rd Cir. 1962) . . . . . . . . . . 3

*Calzarano v. Liebowitz*, 550 F.Supp. 1389 (D.C. NY 1982) . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*City of Newark v. Law Department of the City of New York*, 194 Misc.2d 246, 754 N.Y.S.2d 141 (Sup.Ct. NY Co. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Clay v. Nix*, 2008 WL 2607769 (D.S.C. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Corey v. New York Stock Exchange*, 691 F.2d 1205, 1209 (6th Cir. 1982) . . . . . . . . . . . . . . . . 3

*Davis v. Prudential Sec.*, 59 F.3d 1186, 1191 (11th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 5

*DeSantos v. U.S.*, 783 F. Supp. 165 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*GEICO General Insurance Company v. Sherman*, 307 A.D.2d 967, 763 N.Y.S.2d 649 (2nd Dep't, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jacobs v. Mostow*, 2008 WL 834128 (2nd Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*John Street Leasehold, LLC v. Brunjes*, 234 A.D.2d 26, 650 N.Y.S.2d 649 (1st Dep't 1996) . . 4

*Kabia v. Koch*, 186 Misc.2d 363, 713 N.Y.S.2d 250 (Civ.Ct. NY Co. 2000) . . . . . . . . . . . . . . 4

*Liebowitz v. City of New York*, 2000 WL 33406851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McDaniels v. City of Philadelphia*, 56 F.Supp.2d 578, 580 (E.D.Pa. 1999) . . . . . . . . . . . . . . . 5

*Mohawk Valley Community College v. Mohawk Valley Community College Professional Association,* 28 A.D.3d 1140, 814 N.Y.S.2d 428 (4th Dep't, 2006) . . . . . . . . . . 7

*Montefusco v. Nassau County*, 39 F.Supp.2d 231 (E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . 6

*Ramberran v. Dellacona*, 2008 WL 905217 (E.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Richter v. Rydzynski*, 1987 WL 6777 (W.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Rose v. J.J. Lowrey & Company*, 181 A.D.2d 418, 580 N.Y.S.2d 745 (1st Dep't, 1992) . . . . . . 7

*Schwartz v. New York City Department of Education*, 22 A.D.3d 672, 802 N.Y.S.2d 726 (2nd Dep't, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Shah v. Patel*, 2005 WESTLAW® 2488454 (D.Or., Oct. 4, 2005), *affirmed*, 232 Fed. Appx. 743, 743-44, 2007 U.S.App. LEXIS® 12673 (9th Cir., May 16, 2007), *cert. denied*, – U.S. –, 128 S.Ct. 714, 169 L.Ed.2d 559 (U.S., Dec. 3, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Strong v. Board of Uniondale Free School District*, 902 F.2d 208, 211 (2nd Cir. 1990) . . . . . . 6

*Syquia v. Board of Education of Harpursville Central School District*, 80 N.Y.2d 531, 606 N.E.2d 1387, 591 N.Y.S.2d 996 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Thompson v. S.L.T. Ready Mixx, Division of Torrington Industries*, 245 A.D.2d 911, 913, 666 N.Y.S.2d 798 (3rd Dep't, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*W. Dubied Machine Co. v. Vermont Knitting Co. Inc.*, 739 F.Supp. 867 (S.D.N.Y. 1990) . . . . 8

*Wally v. General Arbitration Council of Textile and Apparel Industries*, 165 Misc.2d 896, 630 N.Y.S.2d 627 (NY Sup., 1995), *app. dism'd*, 241 A.D.2d 983 (1st Dep't 1997) . . . . . . . . 4

*Weintraub v. Glen Rauch Securities, Inc.*, 399 F.Supp.2d 454, 463 (S.D.N.Y. 2005), *affirmed*, 180 Fed.Appx. 233, 2006 U.S.App. LEXIS®10695 (2nd Cir., May 9, 2006) . . . . . . . . 5

*Yates v. Yellow Freight System*, 501 F.Supp. 101, 104 (D.C. Ohio 1980) . . . . . . . . . . . . . . . . 3

**Rules**

C.P.L.R. § 7511(b)(1)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

F.R.C.P. §§ 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

F.R.C.P. §§ 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

8 N.Y.C.R.R. 82-1, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes**

New York Education Law § 3020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

New York Education Law § 3020-a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5

# PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of defendants DOUGLAS BANTLE s/h/a DOUGLASS BANTLE; STUART BAUCHNER; ALAN BERG; MARY CRANGLE; HOWARD EDELMAN; DEBORAH M. GAINES; ELEANOR GLANDSTEIN s/h/a ELEANOR GLANSTEIN; JOSHUA JAVITS s/h/a JOSHUA JAVITZ; ERIC LAWSON; ANDRÉE MCKISSICK s/h/a ANDREE McKISSICK; RANDI LOWITT; EARL PFEFFER; ARTHUR RIEGEL; MARTIN SCHEINMAN; JACK TILLEM; BONNIE SIBER-WEINSTOCK; and PAUL ZONDERMAN in support of their motion pursuant to F.R.C.P. §§ 12(b)(6) and 12(c) dismissing the Complaint.

As will be demonstrated herein, the moving defendants are arbitrators who, pursuant to New York Education Law §§ 3020 and 3020-a, preside over hearings with respect to disciplinary charges filed against tenured teachers. Under the statutes, a hearing officer may be mutually selected by the school board/district and the teacher to hear the charges against the teacher and render a decision. The hearings are subject to the Rules of the American Arbitration Association and the Collective Bargaining Agreement between the Department of Education and the United Federation of Teachers.

As will be further demonstrated herein, the Complaint must be dismissed because (1) arbitrators are afforded absolute immunity from civil actions for acts arising out of the performance of their duties, thereby precluding plaintiffs' claim for damages against defendant arbitrators; (2) Private arbitrators "do not act under color of state law," and therefore are not subject to civil rights claims for alleged violations of the Fourteenth Amendment; (3) all grievances with the arbitration process must be addressed in state court pursuant to the procedures set forth in Education Law § 3020-a; and (4) plaintiffs have failed to meet their burden to establish that they proper rulings of defendant arbitrators should be vacated.

F:\CASES\17056\Memorandum of Law.wpd

## PLAINTIFFS' COMPLAINT

Plaintiffs commenced this action by the filing of a Summons and Complaint dated June 30, 2008 (see Exhibit 1).[1]

It is alleged that the plaintiffs are New York City public school teachers or other employees of the New York City Public School System (¶ 5 of Complaint). The defendants are New York State Education Department ("NYSED"); NYSED's Commissioner RICHARD MILLS ("MILLS"); the TEACHER TENURE HEARING UNIT (the "UNIT"); MARYANN FAIRMAN ("FAIRMAN") and DEBORAH A. MARRIOTT ("MARRIOTT"), employees of the NYSED and responsible for the UNIT; and several arbitrators (¶¶ 6-11 of Complaint).

It is alleged that defendants failed to conduct pre-hearings and complete hearings, provide copies of hearing transcripts, consider post-hearing briefs, and issue decisions and/or rulings in accordance with the Education Law and the arbitration contract. It is further alleged that defendants accepted additional or excessive payments or reimbursement of expenses from plaintiffs' employer, The New York City Department of Education, and engaged in *ex parte* communications with the New York City Department of Education. It is also alleged that the hearings were conducted in such a way as to force plaintiffs into accepting onerous and unfair deals. Overall, it is claimed that the hearing determinations were arbitrary and capricious. (*See generally* ¶¶ 27-41 of Complaint.)

The lengthy Complaint alleges that the defendants violated the provisions of Education Law §§ 3020 and 3020-a, 8 N.Y.C.R.R. 82-1, *et seq.*, and plaintiffs' employment contracts, in their

---

[1] A similar action was commenced on behalf of some, but not all, of the same plaintiffs in this action against some by not all of the defendant arbitrators in this case, entitled *Teachers4Action, on behalf of all of its members, Deborah M. Gaines, et al.*, pending in the Supreme Court of the State of New York, County of New York (Index No. 015845/08). Plaintiff has indicated a willingness to discontinue the state action, although counsel has yet to execute a Stipulation of Discontinuance.

conducting of disciplinary hearings (¶¶ 12-41 of Complaint).

The Complaint asserts five causes of action: violation of the Fourteenth Amendment; failure of defendants NYSED, MILLS, the UNIT, FAIRMAN and/or MARRIOTT to supervise the defendant arbitrators in their efforts to discipline plaintiffs; injunction; and declaratory judgment. Essentially, plaintiffs are seeking an award of injunctive relief preventing enforcement, or for reversal of, improper arbitration awards; injunctive and/or prospective relief preventing defendant arbitrators from conducting further 3020-a hearings involving plaintiffs; compensatory damages; and reimbursement of all out-of-pocket expenses, legal fees, and costs incurred by plaintiffs.

## LEGAL ARGUMENT

### POINT I

**ARBITRATORS ARE AFFORDED ABSOLUTE IMMUNITY FROM CIVIL ACTIONS FOR ACTS ARISING OUT OF THE PERFORMANCE OF THEIR DUTIES; THEREFORE, ALL CLAIMS FOR DAMAGES AGAINST DEFENDANT ARBITRATORS MUST BE DISMISSED**

It is well settled that a validly appointed arbitrator is clothed with immunity analogous to judicial immunity against actions brought by either of the parties arising out of the performance of his/her duties. *Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114 (3rd Cir. 1962); *Yates v. Yellow Freight System*, 501 F.Supp. 101, 104 (D.C. Ohio 1980). As such, an arbitrator enjoys absolute immunity for all acts within the scope of the arbitral process. *Jacobs v. Mostow*, 2008 WL 834128 (2nd Cir. 2008)*; Austern v. Chicago Board Options Exchange, Inc.*, 898 F.2d 882 (2nd Cir. 1990); *Richter v. Rydzynski*, 1987 WL 6777 (W.D.N.Y. 1987); *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1209 (6th Cir. 1982); *Calzarano v. Liebowitz*, 550 F.Supp. 1389 (D.C. NY

1982); *City of Newark v. Law Department of the City of New York*, 194 Misc.2d 246, 754 N.Y.S.2d 141 (Sup.Ct. NY Co. 2002); *Kabia v. Koch*, 186 Misc.2d 363, 713 N.Y.S.2d 250 (Civ.Ct. NY Co. 2000); *John Street Leasehold, LLC v. Brunjes*, 234 A.D.2d 26, 650 N.Y.S.2d 649 (1ˢᵗ Dep't 1996). This includes claims for monetary damages. *Kabia, Richter, supra*. The immunity extends to allegations that the award was procured through fraud, partiality, or misconduct on the part of the arbitrators. *See, Wally v. General Arbitration Council of Textile and Apparel Industries*, 165 Misc.2d 896, 630 N.Y.S.2d 627 (NY Sup., 1995), *app. dism'd*, 241 A.D.2d 983 (1ˢᵗ Dep't 1997):

> Plaintiff's contention that the defendant's actions were not protected from arbitral immunity also fails. In categorizing defendant's actions as fraud or breach of contract, the plaintiff misconstrues the objective of arbitral immunity, which is to free the arbitrator from harassment or intimidation from the litigants. Consequently, the defendant's actions, or lack thereof, during the arbitration proceeding are thereby immunized from liability.

*Id.* at 628. *See also, Liebowitz v. City of New York*, 2000 WL 33406851.

In this case, the Complaint alleges that as a result of the defendant arbitrators' "misconduct," plaintiffs have sustained damages and are entitled to a monetary award against the defendant arbitrators. However, as indicated by the above-cited cases, the defendant arbitrators are entitled to absolute immunity for all acts within the scope of their duties. As such, all claims for damages against the defendant arbitrators must be dismissed. (Defendant arbitrators deny all claims of misconduct.)

## POINT II

## PRIVATE ARBITRATORS "DO NOT ACT UNDER COLOR OF STATE LAW," AND THEREFORE ARE NOT SUBJECT TO CIVIL RIGHTS CLAIMS FOR ALLEGED VIOLATIONS OF THE FOURTEENTH AMENDMENT

The first cause of action of the Complaint quotes pertinent portions of the Fourteenth Amendment (*see* ¶ 43 of Complaint) and 42 U.S.C. § 1983 (*see* ¶ 43 of the Complaint), and alleges that defendants, including defendant arbitrators, violated the Fourteenth Amendment by presiding over disciplinary hearings under the Education Laws and plaintiffs' contracts.

However, this claim cannot stand because arbitrators do not act under color of state law. *Clay v. Nix*, 2008 WL 2607769 (D.S.C. 2008):

> Defendant Nix is subject to summary dismissal because his work as an Arbitrator does not constitute action under color of state law. *Weintraub v. Glen Rauch Securities, Inc.*, 399 F.Supp.2d 454, 463 (S.D.N.Y. 2005) (Arbitrator is not a state actor), *affirmed*, 180 Fed.Appx. 233, 2006 U.S.App. LEXIS®10695 (2nd Cir., May 9, 2006). "Private actions of an arbitrator are not undertaken under color of statelaw because the arbitration has been conducted pursuant to a state statute or the arbitrator's award is enforced by a state court." *McDaniels v. City of Philadelphia*, 56 F.Supp.2d 578, 580 (E.D.Pa. 1999), *citing Davis v. Prudential Sec.*, 59 F.3d 1186, 1191 (11th Cir. 1995) (holding that an American Arbitration Association decision in arbitration was a private proceeding and, therefore, that a decision by the arbitrator pursuant to the Federal Arbitration Act did not constitute state action). *See also Shah v. Patel*, 2005 WESTLAW® 2488454 (D.Or., Oct. 4, 2005), *affirmed*, 232 Fed. Appx. 743, 743-44, 2007 U.S.App. LEXIS® 12673 (9th Cir., May 16, 2007) "Shah's reference to a parking lot easement, the arbitrator's Oregon State Bar membership, and the enforceability of the arbitration agreement are insufficient to demonstrate state action."), *cert. denied*, – U.S. –, 128 S.Ct. 714, 169 L.Ed.2d 559 (U.S., Dec. 3, 2007).

Accordingly, the first cause of action of the Complaint as against defendant arbitrators must be dismissed.

## POINT III

## ALL GRIEVANCES WITH THE ARBITRATION PROCESS MUST BE ADDRESSED IN STATE COURT PURSUANT TO THE PROCEDURES SET FORTH IN EDUCATION LAW § 3020-a

The procedures set forth in Education Law § 3020-a pertaining to disciplinary hearings to consider charges against tenured teachers are mandatory. *Syquia v. Board of Education of Harpursville Central School District*, 80 N.Y.2d 531, 606 N.E.2d 1387, 591 N.Y.S.2d 996 (1992).

Paragraph 5 of § 3020-a provides:

> 5. Appeal. Not later than ten days after receipt of the hearing officer's decision, the employee or the employing board may make an application to the New York state supreme court [sic] to vacate or modify the decision of the hearing officer pursuant to section seven thousand five hundred eleven of the civil practice law and rules. The court's review shall be limited to the grounds set forth in such section.

Section 3020-a provides plaintiff a "full-blown adversarial hearing." *Strong v. Board of Uniondale Free School District*, 902 F.2d 208, 211 (2nd Cir. 1990); *Jacobs v. Mostow, supra.* As plaintiffs have failed to utilize the process afforded them by state law in a timely fashion to appeal the various arbitrators' decisions, their claims alleging violation of due process must be dismissed. *Jacobs v. Mostow, supra*; *Ramberran v. Dellacona*, 2008 WL 905217 (E.D.N.Y. 2008); *Montefusco v. Nassau County*, 39 F.Supp.2d 231 (E.D.N.Y. 1999).

## POINT IV

## PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN TO ESTABLISH THAT THE PRIOR RULINGS OF DEFENDANT ARBITRATORS SHOULD BE VACATED

The burden of proving that an arbitrator's ruling constitutes misconduct must be met by

"clear and convincing proof." *Thompson v. S.L.T. Ready Mixx, Division of Torrington Industries*, 245 A.D.2d 911, 913, 666 N.Y.S.2d 798 (3rd Dep't, 1997). *See also, Mohawk Valley Community College v. Mohawk Valley Community College Professional Association*, 28 A.D.3d 1140, 814 N.Y.S.2d 428 (4th Dep't, 2006); *Schwartz v. New York City Department of Education*, 22 A.D.3d 672, 802 N.Y.S.2d 726 (2nd Dep't, 2005) (school employee failed to present evidentiary proof of actual bias or "appearance of bias" on part of arbitrator hearing disciplinary matter pursuant to Education Law § 3020-a, as required to support vacater of the award on the grounds of partiality pursuant to C.P.L.R. § 7511(b)(1)(ii)); *GEICO General Insurance Company v. Sherman*, 307 A.D.2d 967, 763 N.Y.S.2d 649 (2nd Dep't, 2003); *Rose v. J.J. Lowrey & Company*, 181 A.D.2d 418, 580 N.Y.S.2d 745 (1st Dep't, 1992).

The Complaint offers only conclusory allegations that defendant arbitrators' decisions were arbitrary, capricious, and tainted by conflicts of interest, bias, and prejudice. The plaintiffs have not specifically alleged how their rights were violated or misconduct occurred in each individual matter of the 40 named plaintiffs. For Arbitrator Bonnie Siber-Weinstock, her only referenced case (in Exhibit 2 to the Complaint) is for Judith Cohen, who is not a named plaintiff. For Arbitrator Howard Edelman, no cases are listed in the Exhibit. The matter should be dismissed as to Arbitrators Bonnie Siber-Weinstock and Howard Edelman for all reasons in this motion and as noted above. Accordingly, plaintiffs' request to vacate or otherwise enjoin enforcement of those decisions must be denied.

## POINT V

## DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS

Pursuant to F.R.C.P. 12(c), judgment on the pleadings must be decided solely on the pleadings in addition to any materials implicitly incorporated by reference. *W. Dubied Machine Co. v. Vermont Knitting Co. Inc.*, 739 F.Supp. 867 (S.D.N.Y. 1990). Judgment on the pleadings is appropriate where the material facts are undisputed and judgment on the pleadings is possible merely by considering the contents of the pleadings. *DeSantos v. U.S.*, 783 F. Supp. 165 (S.D.N.Y. 1992). A review of the plaintiff's Complaint does not reveal any colorable federal or state causes of action against the moving defendant; thus, judgment on the pleadings is appropriate and should be granted.

## CONCLUSION

For all the reasons set forth, plaintiffs have not articulated any actionable causes of action against the moving defendants, and therefore, the Complaint should be dismissed, with prejudice, and the Court should award such other and further relief as it deems proper.

Dated: New York, New York
      July 15, 2008

                              GREGG D. WEINSTOCK (GW-8078)

# GARBARINI & SCHER, P. C.

ATTORNEYS AT LAW

432 PARK AVENUE SOUTH

NEW YORK, N.Y. 10016-8013

(212) 689-1113

MYRNA A. LEVINSON
GEORGE J. KEHAYAS
WILLIAM G. SCHER *°‡◊
KURT LEE WEINMANN *
PAUL M. PALEY □
GREGG D. WEINSTOCK *‡◊
YUVAL D. BAR-KOKHBA
CHRISTINE FERNANDEZ CORDOVA
BARRY M. RUDERMAN
BARRY ROTHMAN ‡
THOMAS M. COOPER
BILL GIANARIS
SCOTT M. DORESON
ANDREW LONGO◊
PAMELA D. FIELD*□
DAVID H. ALLWEISS*
RITA F. ARONOV*
NIKOLAOS E. DIAMANTIS
ASHER I. LABENDZ*

WILLIAM D. BUCKLEY**
APPELLATE COUNSEL

ALSO ADMITTED IN
  * NEW JERSEY
  ° CONNECTICUT
  ‡ WASHINGTON, D.C.
  □ FLORIDA
  ◊ NORTH DAKOTA
  * MICHIGAN

FACSIMILE
(212) 725-9630

E-MAIL ADDRESS
legal@garbarini-scher.com

LONG ISLAND OFFICE
170 OLD COUNTRY ROAD, SUITE 600
MINEOLA, N.Y. 11501-4307
(516) 248-3012

WESTCHESTER OFFICE
202 MAMARONECK AVENUE, SUITE 500
WHITE PLAINS, N.Y. 10601-5312
(914) 949-7100

NEW JERSEY OFFICE
COURT PLAZA NORTH
25 MAIN STREET, 6TH FLOOR
HACKENSACK, N.J. 07601-7025
(201) 343-2002

CONNECTICUT OFFICE
66 FIELD POINT ROAD
GREENWICH, CT 06830-6473
(203) 256-8932

CHAS. J. GARBARINI (1962-2001)

EMERITUS
STANLEY J. SCHER
LEONARD WEINSTOCK

July 15, 2008

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Twana Adams, et al. v. New York State Education Department, et al.*
       Docket No. 08-CV-5996(UA)
       Our File No. 17056

Dear Judge Marrero:

Enclosed please find a courtesy copy of our Motion to Dismiss the Complaint in lieu of an Answer, which has been filed and served on behalf of our clients: Douglas Bantle s/h/a Douglass Bantle; Stuart Bauchner; Alan Berg; Mary Crangle; Howard Edelman; Deborah M. Gaines; Eleanor Glandstein s/h/a Eleanor Glanstein; Joshua Javits s/h/a Joshua Javitz; Eric Lawson; Andrée McKissick s/h/a Andree McKissick; Randi Lowitt; Earl Pfeffer; Arthur Riegel; Martin Scheinman; Jack Tillem; Bonnie Siber-Weinstock; and Paul Zonderman.

We respectfully request that the Court schedule oral argument for this motion.

Very truly yours,

Gregg D. Weinstock

GDW/mg
enc.

F:\CASES\17056\Marrero 3.wpd

**Honorable Victor Marrero**
July 15, 2008
Page 2


cc:    **VIA E-MAIL: faganlaw.teachers@gmail.com**
          **and**
          **FIRST CLASS MAIL**
          Edward D. Fagan, Esq.
          5 Penn Plaza, 23rd Floor
          New York, NY 10001

          New York State Attorney General
          120 Broadway
          New York, NY 10271

          Honorable Andrew Peck
          Magistrate Judge
          United States District Court
          Southern District of New York
          500 Pearl Street
          New York, NY 10007

F:\CASES\17056\Marrero 3.wpd