UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWANA ADAMS, OLGA BATYREVA, MING BELL, DAVID BERKOWITZ, JONATHAN BERLYNE, ANTHONY CAMINITI, JAIME CASTRO, GLORIA CHAVEZ, JOSEPHINA CRUZ, JAMES CULLEN, DIANE DANIELS, MICHAEL EBEWO, LOUISA GANIS, ROSELYNE GISORS, JOANN HART, LISA HAYES, MICHAEL HOLLANDER, ELEANOR JOHNSON, RAFAL KOWAL, JANE LEVINE, HAZEL MARTINEZ, MICHAEL McLOUGHLIN, RAYMOND NUNGE, ALENA RADKE-GABRIEL, THOMASINA ROBINSON, DENISE RUSSO, PAUL SANTUCCI, JENNIFER SAUNDERS, JACQUELINE SAWYER, ALEX SCHREIBER, ALAN SCHLESINGER, BARBARA SEGALL, LINDA SEIFFERT, DANIEL SMITH, GILDA TEEL, EUSTOQIO TORRES-NOGUERAS, JACQUELINE WADE, MICHAEL WESTBAY, GEORGE ZANETIS, and MAURICIO ZAPATA, <br><br>Plaintiffs,<br><br>- against -<br><br>NEW YORK STATE EDUCATION DEPARTMENT, a Division/Organ of the State of New York; RICHARD MILLS, Commissioner of Education; TEACHER TENURE HEARING UNIT; MARYANN FAIRMAN, Supervisor; DEBORAH A. MARRIOTT, Manager; DOUGLASS BANTLE; STUART BAUCHNER; ALAN BERG; MARY CRANGLE; HOWARD EDELMAN; DEBORAH M. GAINES; ELEANOR GLANSTEIN; JOSHUA JAVITZ; ERIC LAWSON; ANDREE McKISSICK; RANDI LOWITT; EARL PFEFFER; ARTHUR RIEGEL; MARTIN SCHEINMAN; JACK TILLEM; BONNIE SIBER-WEINSTOCK; and PAUL ZONDERMAN,<br><br>Defendants. | Docket No.<br>08-CV-5996(GEL) |

# MEMORANDUM OF LAW

Garbarini & Scher, P.C.
Attorneys for Defendants
*Douglas Bantle s/h/a Douglass Bantle; Stuart Bauchner; Alan Berg; Mary Crangle; Howard Edelman; Deborah M. Gaines; Eleanor Glandstein s/h/a Eleanor Glanstein; Joshua Javits s/h/a Joshua Javitz; Eric Lawson; Andrée McKissick s/h/a Andree McKissick; Randi Lowitt; Earl Pfeffer; Arthur Riegel; Martin Scheinman; Jack Tillem; Bonnie Siber-Weinstock; and Paul Zonderman*
432 Park Avenue South
New York, New York 10016-8013
(212) 689-1113

Of Counsel: Gregg D. Weinstock, Esq. (GW-8078)

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................... 1

PLAINTIFF'S COMPLAINT ..................................................... 2

LEGAL ARGUMENT ........................................................... 3

    POINT I      ARBITRATORS ARE AFFORDED ABSOLUTE IMMUNITY FROM CIVIL ACTIONS FOR ACTS ARISING OUT OF THE PERFORMANCE OF THEIR DUTIES; THEREFORE, ALL CLAIMS FOR DAMAGES AGAINST DEFENDANT ARBITRATORS MUST BE DISMISSED ...................... 3

    POINT II     PRIVATE ARBITRATORS "DO NOT ACT UNDER COLOR OF STATE LAW," AND THEREFORE ARE NOT SUBJECT TO CIVIL RIGHTS CLAIMS FOR ALLEGED VIOLATIONS OF THE FOURTEENTH AMENDMENT ...................... 4

    POINT III    ALL GRIEVANCES WITH THE ARBITRATION PROCESS MUST BE ADDRESSED IN STATE COURT PURSUANT TO THE PROCEDURES SET FORTH IN EDUCATION LAW § 3020-a ................. 5

    POINT IV    PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN TO ESTABLISH THAT THE PRIOR RULINGS OF DEFENDANT ARBITRATORS SHOULD BE VACATED ...................... 6

    POINT V     DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS ........................ 7

CONCLUSION ................................................................ 7

# TABLE OF AUTHORITIES

Page

**Cases**

*Austern v. Chicago Board Options Exchange, Inc.*, 898 F.2d 882 (2nd Cir. 1990) ............. 3

*Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114 (3rd Cir. 1962) ............. 3

*Calzarano v. Liebowitz*, 550 F.Supp. 1389 (D.C. NY 1982) ............................. 3, 4

*City of Newark v. Law Department of the City of New York*, 194 Misc.2d 246, 754
N.Y.S.2d 141 (Sup.Ct. NY Co. 2002) ..................................................... 4

*Clay v. Nix*, 2008 WL 2607769 (D.S.C. 2008) ........................................... 5

*Corey v. New York Stock Exchange*, 691 F.2d 1205, 1209 (6th Cir. 1982) .................... 3

*Davis v. Prudential Sec.*, 59 F.3d 1186, 1191 (11th Cir. 1995) ............................ 5

*DeSantos v. U.S.*, 783 F. Supp. 165 (S.D.N.Y. 1992) ..................................... 7

*GEICO General Insurance Company v. Sherman*, 307 A.D.2d 967, 763 N.Y.S.2d
649 (2nd Dep't, 2003) ................................................................. 7

*Jacobs v. Mostow*, 2008 WL 834128 (2nd Cir. 2008) .................................. 3, 6

*John Street Leasehold, LLC v. Brunjes*, 234 A.D.2d 26, 650 N.Y.S.2d 649 (1st Dep't 1996) .... 4

*Kabia v. Koch*, 186 Misc.2d 363, 713 N.Y.S.2d 250 (Civ.Ct. NY Co. 2000) ................. 4

*Liebowitz v. City of New York*, 2000 WL 33406851 ..................................... 4

*McDaniels v. City of Philadelphia*, 56 F.Supp.2d 578, 580 (E.D.Pa. 1999) ................... 5

*Mohawk Valley Community College v. Mohawk Valley Community College
Professional Association*, 28 A.D.3d 1140, 814 N.Y.S.2d 428 (4th Dep't, 2006) .............. 7

*Montefusco v. Nassau County*, 39 F.Supp.2d 231 (E.D.N.Y. 1999) ........................ 6

*Ramberran v. Dellacona*, 2008 WL 905217 (E.D.N.Y. 2008) ............................. 6

*Richter v. Rydzynski*, 1987 WL 6777 (W.D.N.Y. 1987) ............................... 3, 4

*Rose v. J.J. Lowrey & Company*, 181 A.D.2d 418, 580 N.Y.S.2d 745 (1st Dep't, 1992) ........ 7

*Schwartz v. New York City Department of Education*, 22 A.D.3d 672, 802 N.Y.S.2d 726
(2nd Dep't, 2005) ............................................................. 7

*Shah v. Patel*, 2005 WESTLAW® 2488454 (D.Or., Oct. 4, 2005), *affirmed*, 232 Fed. Appx.
743, 743-44, 2007 U.S.App. LEXIS® 12673 (9th Cir., May 16, 2007), *cert. denied*,
– U.S. –, 128 S.Ct. 714, 169 L.Ed.2d 559 (U.S., Dec. 3, 2007) ....................... 5

*Strong v. Board of Uniondale Free School District*, 902 F.2d 208, 211 (2nd Cir. 1990) ........ 6

*Syquia v. Board of Education of Harpursville Central School District*, 80 N.Y.2d 531,
606 N.E.2d 1387, 591 N.Y.S.2d 996 (1992) ........................................ 6

*Thompson v. S.L.T. Ready Mixx, Division of Torrington Industries*, 245 A.D.2d 911,
913, 666 N.Y.S.2d 798 (3rd Dep't, 1997) .......................................... 7

*W. Dubied Machine Co. v. Vermont Knitting Co. Inc.*, 739 F.Supp. 867 (S.D.N.Y. 1990) ...... 7

*Wally v. General Arbitration Council of Textile and Apparel Industries*, 165 Misc.2d 896,
630 N.Y.S.2d 627 (NY Sup., 1995), *app. dism'd*, 241 A.D.2d 983 (1st Dep't 1997) .......... 4

*Weintraub v. Glen Rauch Securities, Inc.*, 399 F.Supp.2d 454, 463 (S.D.N.Y. 2005),
*affirmed*, 180 Fed.Appx. 233, 2006 U.S.App. LEXIS®10695 (2nd Cir., May 9, 2006) .......... 5

*Yates v. Yellow Freight System*, 501 F.Supp. 101, 104 (D.C. Ohio 1980) ................... 3

**Rules**

C.P.L.R. § 7511(b)(1)(ii) ....................................................... 6

F.R.C.P. §§ 12(b)(6) ........................................................... 1

F.R.C.P. §§ 12(c) ............................................................ 1, 7

8 N.Y.C.R.R. 82-1, *et seq.* ..................................................... 2

**Statutes**

New York Education Law § 3020 ................................................. 1, 2

New York Education Law § 3020-a ............................................. 1, 2, 3, 5

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of defendants DOUGLAS BANTLE s/h/a DOUGLASS BANTLE; STUART BAUCHNER; ALAN BERG; MARY CRANGLE; HOWARD EDELMAN; DEBORAH M. GAINES; ELEANOR GLANDSTEIN s/h/a ELEANOR GLANSTEIN; JOSHUA JAVITS s/h/a JOSHUA JAVITZ; ERIC LAWSON; ANDRÉE MCKISSICK s/h/a ANDREE McKISSICK; RANDI LOWITT; EARL PFEFFER; ARTHUR RIEGEL; MARTIN SCHEINMAN; JACK TILLEM; BONNIE SIBER-WEINSTOCK; and PAUL ZONDERMAN in support of their motion pursuant to F.R.C.P. §§ 12(b)(6) and 12(c) dismissing the Complaint.

As will be demonstrated herein, the moving defendants are arbitrators who, pursuant to New York Education Law §§ 3020 and 3020-a, preside over hearings with respect to disciplinary charges filed against tenured teachers. Under the statutes, a hearing officer may be mutually selected by the school board/district and the teacher to hear the charges against the teacher and render a decision. The hearings are subject to the Rules of the American Arbitration Association and the Collective Bargaining Agreement between the Department of Education and the United Federation of Teachers.

As will be further demonstrated herein, the Complaint must be dismissed because (1) arbitrators are afforded absolute immunity from civil actions for acts arising out of the performance of their duties, thereby precluding plaintiffs' claim for damages against defendant arbitrators; (2) Private arbitrators "do not act under color of state law," and therefore are not subject to civil rights claims for alleged violations of the Fourteenth Amendment; (3) all grievances with the arbitration process must be addressed in state court pursuant to the procedures set forth in Education Law § 3020-a; and (4) plaintiffs have failed to meet their burden to establish that they proper rulings of defendant arbitrators should be vacated.

## PLAINTIFFS' COMPLAINT

Plaintiffs commenced this action by the filing of a Summons and Complaint dated June 30, 2008 (see Exhibit 1).[1]

It is alleged that the plaintiffs are New York City public school teachers or other employees of the New York City Public School System (¶ 5 of Complaint). The defendants are New York State Education Department ("NYSED"); NYSED's Commissioner RICHARD MILLS ("MILLS); the TEACHER TENURE HEARING UNIT (the "UNIT"); MARYANN FAIRMAN ("FAIRMAN") and DEBORAH A. MARRIOTT ("MARRIOTT"), employees of the NYSED and responsible for the UNIT; and several arbitrators (¶¶ 6-11 of Complaint).

It is alleged that defendants failed to conduct pre-hearings and complete hearings, provide copies of hearing transcripts, consider post-hearing briefs, and issue decisions and/or rulings in accordance with the Education Law and the arbitration contract. It is further alleged that defendants accepted additional or excessive payments or reimbursement of expenses from plaintiffs' employer, The New York City Department of Education, and engaged in *ex parte* communications with the New York City Department of Education. It is also alleged that the hearings were conducted in such a way as to force plaintiffs into accepting onerous and unfair deals. Overall, it is claimed that the hearing determinations were arbitrary and capricious. (*See generally* ¶¶ 27-41 of Complaint.)

The lengthy Complaint alleges that the defendants violated the provisions of Education Law §§ 3020 and 3020-a, 8 N.Y.C.R.R. 82-1, *et seq.*, and plaintiffs' employment contracts, in their conducting of disciplinary hearings (¶¶ 12-41 of Complaint).

---

[1] A similar action was commenced on behalf of some, but not all, of the same plaintiffs in this action against some by not all of the defendant arbitrators in this case, entitled *Teachers4Action, on behalf of all of its members, Deborah M. Gaines, et al.*, pending in the Supreme Court of the State of New York, County of New York (Index No. 015845/08). Plaintiff has indicated a willingness to discontinue the state action, although counsel has yet to execute a Stipulation of Discontinuance.

2

The Complaint asserts five causes of action: violation of the Fourteenth Amendment; failure of defendants NYSED, MILLS, the UNIT, FAIRMAN and/or MARRIOTT to supervise the defendant arbitrators in their efforts to discipline plaintiffs; injunction; and declaratory judgment. Essentially, plaintiffs are seeking an award of injunctive relief preventing enforcement, or for reversal of, improper arbitration awards; injunctive and/or prospective relief preventing defendant arbitrators from conducting further 3020-a hearings involving plaintiffs; compensatory damages; and reimbursement of all out-of-pocket expenses, legal fees, and costs incurred by plaintiffs.

**LEGAL ARGUMENT**

**POINT I**

**ARBITRATORS ARE AFFORDED ABSOLUTE IMMUNITY FROM CIVIL ACTIONS FOR ACTS ARISING OUT OF THE PERFORMANCE OF THEIR DUTIES; THEREFORE, ALL CLAIMS FOR DAMAGES AGAINST DEFENDANT ARBITRATORS MUST BE DISMISSED**

It is well settled that a validly appointed arbitrator is clothed with immunity analogous to judicial immunity against actions brought by either of the parties arising out of the performance of his/her duties. *Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114 (3rd Cir. 1962); *Yates v. Yellow Freight System*, 501 F.Supp. 101, 104 (D.C. Ohio 1980). As such, an arbitrator enjoys absolute immunity for all acts within the scope of the arbitral process. *Jacobs v. Mostow*, 2008 WL 834128 (2nd Cir. 2008); *Austern v. Chicago Board Options Exchange, Inc.*, 898 F.2d 882 (2nd Cir. 1990); *Richter v. Rydzynski*, 1987 WL 6777 (W.D.N.Y. 1987); *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1209 (6th Cir. 1982); *Calzarano v. Liebowitz*, 550 F.Supp. 1389 (D.C. NY 1982); *City of Newark v. Law Department of the City of New York*, 194 Misc.2d 246, 754 N.Y.S.2d 141 (Sup.Ct. NY Co. 2002); *Kabia v. Koch*, 186 Misc.2d 363, 713 N.Y.S.2d 250 (Civ.Ct. NY Co. 2000); *John Street Leasehold, LLC v. Brunjes*, 234 A.D.2d 26, 650 N.Y.S.2d 649 (1st Dep't 1996). This includes

3

claims for monetary damages. *Kabia, Richter, supra*. The immunity extends to allegations that the award was procured through fraud, partiality, or misconduct on the part of the arbitrators. *See, Wally v. General Arbitration Council of Textile and Apparel Industries*, 165 Misc.2d 896, 630 N.Y.S.2d 627 (NY Sup., 1995), *app. dism'd*, 241 A.D.2d 983 (1st Dep't 1997):

> Plaintiff's contention that the defendant's actions were not protected from arbitral immunity also fails. In categorizing defendant's actions as fraud or breach of contract, the plaintiff misconstrues the objective of arbitral immunity, which is to free the arbitrator from harassment or intimidation from the litigants. Consequently, the defendant's actions, or lack thereof, during the arbitration proceeding are thereby immunized from liability.

*Id.* at 628. *See also, Liebowitz v. City of New York*, 2000 WL 33406851.

In this case, the Complaint alleges that as a result of the defendant arbitrators' "misconduct," plaintiffs have sustained damages and are entitled to a monetary award against the defendant arbitrators. However, as indicated by the above-cited cases, the defendant arbitrators are entitled to absolute immunity for all acts within the scope of their duties. As such, all claims for damages against the defendant arbitrators must be dismissed. (Defendant arbitrators deny all claims of misconduct.)

### POINT II

### PRIVATE ARBITRATORS "DO NOT ACT UNDER COLOR OF STATE LAW," AND THEREFORE ARE NOT SUBJECT TO CIVIL RIGHTS CLAIMS FOR ALLEGED VIOLATIONS OF THE FOURTEENTH AMENDMENT

The first cause of action of the Complaint quotes pertinent portions of the Fourteenth Amendment (*see* ¶ 43 of Complaint) and 42 U.S.C. § 1983 (*see* ¶ 43 of the Complaint), and alleges that defendants, including defendant arbitrators, violated the Fourteenth Amendment by presiding over disciplinary hearings under the Education Laws and plaintiffs' contracts.

However, this claim cannot stand because arbitrators do not act under color of state law. *Clay v. Nix*, 2008 WL 2607769 (D.S.C. 2008):

>Defendant Nix is subject to summary dismissal because his work as an Arbitrator does not constitute action under color of state law. *Weintraub v. Glen Rauch Securities, Inc.*, 399 F.Supp.2d 454, 463 (S.D.N.Y. 2005) (Arbitrator is not a state actor), *affirmed*, 180 Fed.Appx. 233, 2006 U.S.App. LEXIS®10695 (2nd Cir., May 9, 2006). "Private actions of an arbitrator are not undertaken under color of state law because the arbitration has been conducted pursuant to a state statute or the arbitrator's award is enforced by a state court." *McDaniels v. City of Philadelphia*, 56 F.Supp.2d 578, 580 (E.D.Pa. 1999), *citing Davis v. Prudential Sec.*, 59 F.3d 1186, 1191 (11th Cir. 1995) (holding that an American Arbitration Association decision in arbitration was a private proceeding and, therefore, that a decision by the arbitrator pursuant to the Federal Arbitration Act did not constitute state action). *See also Shah v. Patel*, 2005 WESTLAW® 2488454 (D.Or., Oct. 4, 2005), *affirmed*, 232 Fed. Appx. 743, 743-44, 2007 U.S.App. LEXIS® 12673 (9th Cir., May 16, 2007) "Shah's reference to a parking lot easement, the arbitrator's Oregon State Bar membership, and the enforceability of the arbitration agreement are insufficient to demonstrate state action."), *cert. denied*, – U.S. –, 128 S.Ct. 714, 169 L.Ed.2d 559 (U.S., Dec. 3, 2007).

Accordingly, the first cause of action of the Complaint as against defendant arbitrators must be dismissed.

## POINT III

### ALL GRIEVANCES WITH THE ARBITRATION PROCESS MUST BE ADDRESSED IN STATE COURT PURSUANT TO THE PROCEDURES SET FORTH IN EDUCATION LAW § 3020-a

The procedures set forth in Education Law § 3020-a pertaining to disciplinary hearings to consider charges against tenured teachers are mandatory. *Syquia v. Board of Education of Harpursville Central School District*, 80 N.Y.2d 531, 606 N.E.2d 1387, 591 N.Y.S.2d 996 (1992).

Paragraph 5 of § 3020-a provides:

>5. Appeal. Not later than ten days after receipt of the hearing officer's decision, the employee or the employing board may make an application to the New York state supreme court [sic] to vacate or modify the decision of the hearing officer pursuant to section seven thousand five hundred eleven of the civil practice law and rules. The court's review shall be limited to the grounds set forth in such section.

Section 3020-a provides plaintiff a "full-blown adversarial hearing." *Strong v. Board of Uniondale Free School District*, 902 F.2d 208, 211 (2nd Cir. 1990); *Jacobs v. Mostow, supra*. As plaintiffs have failed to utilize the process afforded them by state law in a timely fashion to appeal the various arbitrators' decisions, their claims alleging violation of due process must be dismissed. *Jacobs v. Mostow, supra*; *Ramberran v. Dellacona*, 2008 WL 905217 (E.D.N.Y. 2008); *Montefusco v. Nassau County*, 39 F.Supp.2d 231 (E.D.N.Y. 1999).

## POINT IV

### PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN TO ESTABLISH THAT THE PRIOR RULINGS OF DEFENDANT ARBITRATORS SHOULD BE VACATED

The burden of proving that an arbitrator's ruling constitutes misconduct must be met by "clear and convincing proof." *Thompson v. S.L.T. Ready Mixx, Division of Torrington Industries*, 245 A.D.2d 911, 913, 666 N.Y.S.2d 798 (3rd Dep't, 1997). *See also, Mohawk Valley Community College v. Mohawk Valley Community College Professional Association,* 28 A.D.3d 1140, 814 N.Y.S.2d 428 (4th Dep't, 2006); *Schwartz v. New York City Department of Education*, 22 A.D.3d 672, 802 N.Y.S.2d 726 (2nd Dep't, 2005) (school employee failed to present evidentiary proof of actual bias or "appearance of bias" on part of arbitrator hearing disciplinary matter pursuant to Education Law § 3020-a, as required to support vacater of the award on the grounds of partiality pursuant to C.P.L.R. § 7511(b)(1)(ii)); *GEICO General Insurance Company v. Sherman*, 307 A.D.2d 967, 763 N.Y.S.2d 649 (2nd Dep't, 2003); *Rose v. J.J. Lowrey & Company*, 181 A.D.2d 418, 580 N.Y.S.2d 745 (1st Dep't, 1992).

The Complaint offers only conclusory allegations that defendant arbitrators' decisions were arbitrary, capricious, and tainted by conflicts of interest, bias, and prejudice. The plaintiffs have not

specifically alleged how their rights were violated or misconduct occurred in each individual matter of the 40 named plaintiffs. For Arbitrator Bonnie Siber-Weinstock, her only referenced case (in Exhibit 2 to the Complaint) is for Judith Cohen, who is not a named plaintiff. For Arbitrator Howard Edelman, no cases are listed in the Exhibit. The matter should be dismissed as to Arbitrators Bonnie Siber-Weinstock and Howard Edelman for all reasons in this motion and as noted above. Accordingly, plaintiffs' request to vacate or otherwise enjoin enforcement of those decisions must be denied.

## POINT V

### DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS

Pursuant to F.R.C.P. 12(c), judgment on the pleadings must be decided solely on the pleadings in addition to any materials implicitly incorporated by reference. *W. Dubied Machine Co. v. Vermont Knitting Co. Inc.*, 739 F.Supp. 867 (S.D.N.Y. 1990). Judgment on the pleadings is appropriate where the material facts are undisputed and judgment on the pleadings is possible merely by considering the contents of the pleadings. *DeSantos v. U.S.*, 783 F. Supp. 165 (S.D.N.Y. 1992). A review of the plaintiff's Complaint does not reveal any colorable federal or state causes of action against the moving defendant; thus, judgment on the pleadings is appropriate and should be granted.

### CONCLUSION

For all the reasons set forth, plaintiffs have not articulated any actionable causes of action against the moving defendants, and therefore, the Complaint should be dismissed, with prejudice, and the Court should award such other and further relief as it deems proper.

Dated: New York, New York
July 15, 2008

_____
GREGG D. WEINSTOCK (GW-8078)

7