UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Twana Adams, et al.,

                                        Plaintiffs,
                                                                08 Civ. 5996 (GL) (AJP)

                    -against-

New York State Education Department, et al.,

                                        Defendants.

------------------------------------------------------------------------ x


**THE NEW YORK CITY DEPARTMENT OF
EDUCATION'S MEMORANDUM OF LAW IN
SUPPORT OF IT'S MOTION TO INTERVENE
AS A DEFENDANT IN THIS ACTION AND
TO DISMISS THE COMPLAINT.**

### PRELIMINARY STATEMENT

The New York City Board of Education (also known as the "Department of Education") by its attorney, **MICHAEL A. CARDOZO**, Corporation Counsel of the City of New York, submits this memorandum of law in support of its motion to intervene in this action as a defendant, and upon intervention, to dismiss, with prejudice, plaintiffs' Fourteenth Amendment due process claim.  As set forth herein, although the Department of Education ("DOE") is not currently a party to this action, plaintiffs' challenge procedures and seek relief that will directly effect the DOE's ability to (1) prosecute disciplinary charges against the plaintiffs and (2)  enforce awards issued in connection with the disciplinary process.  The DOE therefore seeks an order granting them intervention as of  right, or in the alternative, permissive intervention, so that it may protect its significant interests that are directly implicated in this action.

Further, upon intervention, the Department of Education seeks dismissal of plaintiffs' Fourteenth Amendment due process claim because an Article 75 proceeding under New York Law is an adequate post-deprivation remedy to address plaintiffs' complaints regarding the arbitrators alleged failure to comply with applicable time requirements for the conduct of the DOE's disciplinary hearings.

## STATEMENT OF FACTS[1]

**Prior Proceedings**

By verified petition, filed in New York State Supreme Court, New York County, the plaintiffs[2] herein, as members of the association Teachers4action, sought to enjoin seventeen arbitrators (twelve of whom are defendants in the action pending before this Court) from continuing to preside over their disciplinary hearings held before the Department of Education pursuant to Education Law § 3020-a. Exhibit "F[3]."

The petition made the following assertions:

"Respondent Arbitrators are biased and prejudiced."

"Respondent Arbitrators should not have accepted employment pursuant to NYS Education Law and the Collective Bargaining Agreement."

"Respondent Arbitrators failed to disclose and/or concealed from  Petitioners the conflicts of interest, bias and prejudice."

---

[1] For purposes of this motion to intervene and to dismiss only, the DOE treats the material allegations of the Complaint as true.

[2] The petition did not identify Anthony Caminiti, a plaintiff herein, as a member of Teachers4action. See Exhibit "F" at exhibit "1."

[3] References to all Exhibits are to those annexed to the Declaration of Assistant Corporation Counsel Blanche Greenfield, dated August 14, 2008 and submitted by proposed intervenor DOE in support of the instant motion.

> "Respondent Arbitrators are attempting to continue their employment, conduct hearings, render verdicts and make decisions in 3020-a hearings that are being conducted by Respondent Arbitrators in violation of the terms and provisions of the 3020-a law and the Collective Bargaining Agreement."

> "After Petitioners discovered Respondent Arbitrators bias, Respondent Arbitrators refused to follow the provisions of NYS law and the Collective Bargaining Agreement, convened hearings, and made determinations and issued rulings in violation of lawful procedures, and which were arbitrary and capricious."

> "After Petitioners discovered the bias, prejudice and improper actions, they notified Respondent Arbitrators and demanded that they disqualify themselves, and not conduct any further 3020-a hearings."

Exhibit "F" at ¶¶ 5-10.

The relief sought by Petitioners was an order from the court:

> "Enjoin[ing] the arbitrators from continuing to sit in violation of the law and Collective Bargaining Agreement procedures and/or from attempting to sit in judgment of any arbitration hearings involving Petitioners."

Exhibit "F" at ¶ 41.

By decision dated August 6, 2008, New York State Supreme Court Justice  Kibbie Payne dismissed the petition finding that "petitioner have [sic] not established, with facts, a "clearly apparent" bias on the part of the arbitrators."   Exhibit "G" at pg. 3.  In its decision, the court noted that the petition was improperly brought as an Article 78 proceeding and should have been commenced under Article 75 of the Civil Practice Law and Rules.  Exhibit "F" at pgs 2-3.

**The Instant Action**

New York Education Law § 3020-a and Article 21 (G) of the collective bargaining agreement (CBA)[4] entered into by the Department of Education ("DOE") and the United Federation of Teachers ("UFT") provide the  procedural protections its members concerning the circumstances where the DOE  pursues disciplinary charges against a  tenured teacher.  Exhibit  "E."  Article 21(G) of the CBA specifically provides for the establishment of a rotational panel of arbitrators to preside over the disciplinary hearings.  That Article further sets forth certain "terms" that the arbitrator agrees to follow with regard to the conduct of the hearings.  The CBA provides that an arbitrator's "[f]ailure to abide by these rules shall be 'good and sufficient' grounds for the removal of  an arbitrator." Exhibit "E" at page 114.

Plaintiffs allege that they are forty (40) "New York City Public School Teachers or other employees of the New York City Public School systems [sic] and either live and/work in New York City." Exhibit "A" at ¶ 5.  The Complaint alleges that plaintiffs' employer, the DOE, may only impose discipline on plaintiffs "through proceedings conducted . . . in accordance with NYS Education Law §§ 3020 and 3020a . . ."  Exhibit "A"  at ¶ 13.  The Complaint further alleges that the defendant Arbitrators are responsible for "convening and conducting hearings related to potential discipline of Plaintiffs."  Exhibit "A" at ¶ 14.

Plaintiffs Castro, Hart, McLoughlin and Zanetis allege that they have at some unspecified time entered into negotiated settlements or "deals" in connection with their

---

[4] This Court may consider the provisions of the CBA that are not annexed to the Complaint in deciding a motion to dismiss.  Under Rule 12(b), the complaint includes . . . any statements or documents incorporated into it by reference." Paulemon v. Tobin, 30 F.3d 307, 308-09(2d Cir. 1994). Moreover, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

respective disciplinary charges.  Specifically, these four plaintiffs allege that they were "forced into accepting ruinous deals and fines in arbitration proceedings."  Exhibit "A" at ¶ 36.  Plaintiffs Berlyne, Hart, Radke-Gabriel, Russo, Schlesinger and Saunders appear to allege that their disciplinary hearings have concluded and that as a penalty they were "disciplined, fined, suspended without pay and/or terminated. Exhibit "A" at ¶ 37.  The remaining twenty plaintiffs allege that their respective disciplinary hearings are on-going.  Exhibit "A" at  ¶ 38.

Plaintiffs allege that each of the defendant Arbitrators, "[a]fter accepting and during the period of their employment":

a) Violated the terms of the Arbitrator's Contracts, NYS Education Law and the Arbitration Contract;

b) Allowed Plaintiffs' employer, the New York City Department of Education, to violate the terms of The Employment Contract;

c) Allowed Plaintiffs' employer, the New York City Department of Education, to violate the terms of the Arbitration Contract;

d) Accepted directions from Plaintiffs' employer, the New York City  Department of Education, in violation of the terms of the Arbitration Contract and their independent obligations as arbitrators;

e) Accepted additional or excessive payments or reimbursement of expenses from Plaintiffs' employer, the New York City Department of Education, in violation of the terms of the Arbitration Contract and their independent obligations as arbitrators;

f)          Engaged in ex-parte communications with Plaintiffs' employer, the New York City Department of Education, in violation of the terms of the Arbitration Contract and their independent obligations as arbitrators;

g)          Failed to conduct pre-hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

h)          Failed to conduct hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

i)          Failed to complete hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

j)          Failed to provide copies of hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law,

k)          Failed to provide copies of final hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law;

l)          Failed to permit or consider post hearing briefs in accordance with the terms of the Arbitration Contract and NYS Education Law;

m)          Failed to issue decisions and/or rulings in accordance with the terms of the Arbitration Contract and NYS Education Law;

n)            Forced Plaintiffs into disciplinary hearings being conducted in violation of the terms of the Arbitration Contract and NYS Education Law.

Exhibit "A" at ¶ 27.

Based on the foregoing allegations, Plaintiffs assert a single federal cause of action, a Fourteenth Amendment Due Process violation[5].  As a remedy for this alleged constitutional violation, plaintiffs seek vacatur of all awards and negotiated settlements issued in connection with their disciplinary hearings.  In addition, plaintiffs seek injunctive relief preventing the Department of Education's enforcement of any of the awards or settlement agreements that have been issued regarding the plaintiffs.

---

[5] Plaintiffs also make reference in their Complaint to the "Rubber Rooms." Exhibit "A"   at ¶ 39 a)- g). However, plaintiffs have a previously filed action concerning the "Rubber Rooms" pending before United States District Court Judge Victor Marrero and Magistrate Judge Andrew J. Peck in Teachers4Action, v. Bloomberg, et al., 08 civ 548.  See Exhibit  "B ".    As such, plaintiffs claims regarding the "Rubber Rooms" are not properly before this Court.

## ARGUMENT

## POINT I

### THE DEPARTMENT OF EDUCATION SHOULD BE PERMITTED TO INTERVENE AS A DEFENDANT IN THIS ACTION.

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Intervention is granted as a matter of right where the proposed intervenor:"(1) timely file[s] an application; (2) show[s] an interest in the action; (3) demonstrate[s] that the interest may be impaired by the disposition of the action; and (4) show[s] that the interest is not protected adequately by the parties to the action."  R Best Produce, Inc. v. Shulman-Rabin Marketing Corp., 467 F.3d 238, 240 (2d Cir. 2006) (quoting In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003)) (internal quotation marks omitted); see also Brennan v. New York City Bd. Of Educ., 260 F.3d 123, 128-29 (2d Cir. 2001).

Where intervention of right is not permitted, Rule 24(b) provides for permissive intervention "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24 (b)(2).  "Substantially the same facts [as intervention of right] are considered in determining whether to grant an application for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2)."  In re Bank of New York Derivative Litig., 320 F.3d 300 n.5 .

Here, the Department of Education's motion to intervene is made within two months of the filing of the complaint in this action.   The named defendants have not answered the Complaint.   A discovery schedule has not been set by the Court.   Thus, the grant of intervention to the Department of Education will not "unduly delay or prejudice the adjudication of the rights of the original parties."   Fed. R. Civ. P. 24(b)(3).   See also In re Bank of New York Derivative Litig., 320 F.3d 291, 300 n.5 (2d Cir. 2003).   As such, the Department of Education's motion is timely made.

Further, the record before this Court amply demonstrates that the DOE has a very significant interest in this litigation which may be impaired by the disposition of the action.   "For an interest to be cognizable under Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'"   Brennan, 260 F.3d at 129 (quoting Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990).   The plaintiffs allege that they are employees of the Department of Education who have or are being subject to disciplinary hearings. Exhibit "A" at ¶¶ 37, and 38.   The due process procedures governing the discipline of tenured teachers are set forth in New York Education law Section 3020-a and Article 21 of the Collective Bargaining Agreement ("CBA") entered into by the DOE and the UFT.   Exhibit "E."   The CBA specifically provides for a permanent rotating panel of twenty arbitrators to preside over the DOE'S disciplinary hearings and sets forth certain terms of the arbitrators' service.   See Exhibit "E" at pages 113-114.

In this action,  plaintiffs have named as defendants sixteen of the arbitrators who preside over the DOE's disciplinary  hearings.   Plaintiffs seek to not only enjoin the defendant arbitrators from presiding over their disciplinary hearings, but also to prevent the Department of Education, currently a non-party to this action, from "attempting to enforce rulings, awards,

settlements or decisions made as a result of the 3020a hearings." Exhibit "A" at Wherefore Clause.  There can be no reasonable dispute that the Department of Education has a valid and substantial interest in the discipline of it employees, the collectively bargained disciplinary procedures that govern the discipline of its tenured employees, and the enforcement of decisions issued in the course of the disciplinary process.  A decision by this Court in favor of  plaintiffs will not only impair the Department of Education's prosecution of disciplinary charges against the plaintiffs[6], but in fact will strip the DOE of its ability to enforce the terms of any award or settlement agreement that has been or will be issued in connection with the discipline of the plaintiffs[7].

Finally, the existing parties to this action will not adequately protect the interests of the Department of Education. The DOE's burden of demonstrating the inadequacy of the parties representation is "minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972).  As argued by the defendant Arbitrators in their motion to dismiss, they have absolute immunity and are not proper parties to this action.   Further, the state defendants unlike the DOE, do not have an interest in the DOE's collectively bargained disciplinary procedures or the enforcement of the DOE's negotiated plea agreements or disciplinary awards issued with respect

---

[6] Significantly, while in their demand for relief plaintiffs' seek to enjoin the defendant arbitrators from conducting further hearings against them they do not ask this Court to direct that the hearings proceed before other duly appointed arbitrators. Indeed, such relief would not be properly directed at the named defendants as the appointment of arbitrators is governed by Article 21 of the CBA.  The Department of Education submits that plaintiffs' failed to include it as  a party to this action in order to ground to a halt its ability to proceed with disciplinary hearings before different arbitrators should this court grant the relief requested in the Complaint.

[7] Further, to the extent that any of the plaintiffs' have previously brought Article 75 and/or Article 78 proceedings in New York State Supreme Court challenging final decisions issued in connection with their disciplinary hearings, which upon information and belief certain of the plaintiffs have done, a decision of this Court would undermine the DOE 's ability to enforce such properly issued judicial decisions.

to the plaintiffs. As such, it is imperative that the DOE intervene in this action as a defendant in order to protect its significant interests.

**POINT II**

**THE COMPLAINT CONTAINS ONLY CONCLUSORY ALLEGATIONS OF FACT AND CONCLUSIONS OF LAW WHICH ARE INSUFFICIENT TO MEET THE PLEADING REQUIREMENT OF RULE 8(A)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Under Fed. R. Civ. P. 12(b)(6) of the Federal Rules of a Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A defendant may base such a motion on a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to comply with this rule "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Although the Supreme Court has characterized this pleading requirement under Fed. R. Civil. P. 8(a)(2) as "simplified" and "liberal," this flexible standard is not without limits. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2003). See also In re Parmalat Sec. Litig., 375 F.Supp 2d 278, 286 (S.D.N.Y. 2005) (even under the liberal notice pleading standard of Fed. R. Civ. P. 8, conclusory assertions are inadequate). For example, in the recent decision of Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court, announced the "retirement" of the "no set of facts" standard articulated in Conley v. Gibson, 355 U.S. 41 (1957), and adopted in its place a "plausibility" requirement. Bell Atlantic, 127 S. Ct. at 1969.

More specifically, the Supreme Court held that, in order for a plaintiff's complaint to satisfy the requirements of Rule 8(a)(2), "[the] [f]actual allegations must be enough to raise a right to relief above the speculative level" and this obligation requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 1965. Thus, the question is whether the pleading alleges "enough facts to state a claim for relief that is plausible on its face." Pantene v. Clark, 508 F.3d 106, 111-112 (2d Cir. 2007) quoting Bell Atlantic, 127 S.Ct. at 1974.

In interpreting and applying Bell Atlantic, the Second Circuit wrote "We believe the Supreme Court (in Bell Atlantic) is . . . requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegation in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in the original).

Since Bell Atlantic, courts in this Circuit have relied on its holding to dismiss a variety of claims where the plaintiff failed to satisfy the applicable "plausibility standard."  For example, in Seabrook v. City of New York, 509 F. Supp. 2d 393, 401 (S.D.N.Y. 2007), the court dismissed the plaintiffs' equal protection claims, brought pursuant to 42 U.S.C. § 1983, because the plaintiffs failed to specifically identify what actions defendants wrongfully took "with respect to each individual plaintiff." Similarly, in Watts v. Servs. For the Underserved, 2007 U.S. Dist. LEXIS 41209 *9 -11 (E.D.N.Y. June 6, 2007), the court dismissed the plaintiff's conclusory allegations of discrimination, in part, because she "fail[ed] to allege even one fact tending to show that . . . [the defendant ] took her color into account in making the decision to reassign her."

Given these pleading standards, plaintiffs' Complaint fails to meet the requirements of Rule 8(a)(2). Even when read in a light most favorable to plaintiffs[8], Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 283 (2d Cir. 2005), the Complaint provides absolutely no grounds to support the single federal cause of action the plaintiffs seek to assert. Plaintiffs' Complaint merely asserts conclusory allegations of fact and conclusions of law and fails to plead a *single* fact as to any of the individual plaintiffs. Instead, the Complaint is rife with "formulaic recitation[s]" of the elements of the causes of action, which is exactly what the Supreme Court warned against in Bell Atlantic. Bell Atlantic, 127 S. Ct. at 1965. Pleadings which omit facts upon which a cause or causes of action are based, cause needless conjecture and expenditures of resources in attempting to deal with such ill-defined claims. Further, the pleading requirements for a §1983 federal due process claim control with respect to plaintiffs Fourteenth Amendment claim.

> It is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983.

Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Dismissal of a complaint for failure to state a claim is warranted in such cases. Id. The Complaint does not aver a single fact to support any of the Plaintiffs allegations. Indeed, while the Complaint alleges the Arbitrators failed to comply with the timing requirements for the conduct of the disciplinary pre-hearings and hearings, it fails to offer even the most basic information concerning plaintiffs' claims - such as the date when each of the plaintiffs disciplinary hearings/pre-hearings was scheduled

---

[8] The Court does not have to accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (citations omitted.)

and/or conducted, and the identity of defendant Arbitrators who allegedly presided over each of the hearings. Without such fundamental information the Complaint fails to set forth any facts to support a claim of a constitutional violation and that each of the defendants was responsible for such alleged violation. Remarkably, although plaintiffs purport to allege a Fourteenth Amendment due process claim, the complaint fails to allege, much less identify, a deprivation of property allegedly suffered by each of the plaintiffs as a result of a finding made by the Arbitrator who presided over his/her disciplinary hearing.

The pleading deficiencies of the Complaint are particularly noteworthy given that plaintiffs, and their counsel herein, have in another matter pending in this court, Teachers4Action et al., v. Bloomberg, et al., 08 civ 548 (VM)(AJP), been reminded more than once by Magistrate Judge Andrew J. Peck of the pleading requirements set forth in Bell Atlantic Corporation v. Twombly and the need to include the facts supporting their causes of action in their complaint. Exhibit "C" at pages 12-13. 37-39, Exhibit "D" at pgs. 5 and 7. Although plaintiffs were granted the opportunity to file two amendments to their complaint, the Department of Education has moved to dismiss Teachers4Action on the grounds that the Second Amended Complaint fails to meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. In filing this Complaint, plaintiffs have not only disregarded the instructions of Magistrate Judge Peck, but have acted with complete indifference to the law and the Federal Rules of Civil Procedure. Accordingly, dismissal of the instant Complaint with prejudice is warranted.

## POINT III

### THE COMPLAINT FAILS TO ALLEGE THAT THE PLAINTIFFS HAVE STANDING TO PURSUE THIS ACTION.

While plaintiffs seek to invoke the federal jurisdiction of this Court, they fail to allege that they have standing to pursue the claims asserted herein. To satisfy Article III of the

Constitution, a plaintiff must show that (1) s/he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; and (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-62 (1992). Article III standing may not be based on "general averments" and "conclusory allegations." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

Here, twenty of the plaintiffs allege that their disciplinary hearings are on–going. Exhibit "A" at ¶ 38. Because these plaintiffs do not, and cannot, allege that they have been found guilty of the disciplinary charges at issue in their respective hearings, and that as a result of such a have suffered a deprivation of property, they cannot claim to have suffered any injury in fact that is ripe for adjudication.

Further, as discussed in point II supra, the Complaint fails to allege any facts to support plaintiffs' claims that they have suffered an injury in fact, and that the injury is attributable to each of the defendants. As such, the Complaint fails to establish that each of the plaintiffs has standing to pursue this action.

## POINT IV

### PLAINTIFFS' FOURTEENTH AMENDMENT CLAIM FOR DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW MUST BE DISMISSED.

In order to allege a violation of due process, a plaintiff must demonstrate that s/he had a constitutionally protected property interest. See Rivera v. City of New York, 392 F.Supp.2d 644, 652 (S.D.N.Y. 2005), citing New York State N.O.W. v. Pataki, 261 F.3d 156,

163 (2d Cir. 2001); <u>Rivera v. Community School District Nine, et. al.</u>, 145 F.Supp.2d 302, 306

(S.D.N.Y. 2001), <u>citing</u> <u>Board of Regents v. Roth</u>, 408 U.S. 564, 570-571 (1972).   As the

Supreme Court has stated, property rights

> are created and their dimensions are defined by existing rules or
> understandings that stem from an independent source such as state
> law – rules and understandings that secure certain benefits and that
> support claims of entitlement to those benefits.

<u>Board of Regents</u>, 408 U.S. at 577.

The Department of Education does not dispute that the plaintiffs who are tenured

teachers have a property interest in their positions. However, the Complaint fails to identify a

single plaintiff who has suffered a deprivation of a constitutionally protected property interest.

<u>Board of Regents v. Roth,</u> 408 U.S. 564, 570-71 (1972); <u>Gomez v. Toledo</u>, 446 U.S. 635, 640

(1980); <u>Finley v. Giacobbe</u>, 79 F.3d 1285, 1296 (2d Cir. 1996); <u>Federico v. Board of Educ.</u>, 955

F.Supp. 194, 198-99 (S.D.N.Y. 1997).

Rather, Plaintiffs allege in conclusory fashion that their "due process and property

rights were violated."   Exhibit "A" at ¶ 54.   However, the collective bargaining agreement

applicable to teachers provides that with specific limited exception (which plaintiffs do not

allege is applicable herein), any teacher "suspended pending hearing and determination of

[disciplinary]   charges shall receive full compensation pending such determination and

imposition of any penalty."   Exhibit at "E" at page 112.   Thus, all plaintiffs herein who remain

employed by the Department of Education and receive their base salary have not been deprived

of a constitutionally protected interest. <u>Caniello v. City of New York</u>, 2001 U.S. Dist. LEXIS 20

at *1 (S.D.N.Y. January 4, 2001) (where an employee retains his rank and base pay after an

administrative action, there is no unconstitutional deprivation of property). Thus, as twenty of the

plaintiffs allege that that their disciplinary hearings are on-going, and thus no disciplinary

penalty has of yet been imposed, they cannot establish as a matter of law that they have suffered a deprivation of property.

In addition, the five plaintiffs who allege that they were "forced" to enter in negotiated plea agreements or "deals" in settlement of their disciplinary charges, Exhibit "A" at ¶ 36, could avail themselves of Article 78 proceeding in New York State Supreme Court challenging the alleged voluntariness of the settlements. Giglio v. Dunn, 732 F.2d 1133, 1134 (2d Cir. 1984) cert. denied, 469 U.S. 932 (1984). See also, Semorile v. City of New York, 407 F. Supp. 2d 579, 582-83 (S.D.N.Y. 2006).   As such, these plaintiffs fail to state a constitutional due process claim.

Further, with respect to the six plaintiffs who allege that as a result of decisions issued in their respective arbitration proceedings they were "disciplined, fined, suspended without pay and/or terminated," Exhibit "A" at ¶38,  the allegations in the Complaint are insufficient to determine which of these six plaintiffs, if any, have in fact suffered a deprivation of a property interest.

While the Department of Education recognizes that a suspension without pay or termination of a tenured employee following a disciplinary hearing implicates a property interest, "the question remains what process [was] due." Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 541 (1985) (citation and internal quote omitted); Narumanchi v. Board of Trustees, 850 F.2d. 70, 72 (2d Cir. 1988).  In Loudermill, the Supreme Court set forth general guidelines as to the minimum amount of process due in employment deprivation cases. See Loudermill, 470 U.S. at 542-46. Thus, deprivations of property must "be preceded by notice and opportunity for hearing appropriate to the nature of the case." Id. "[S]ome kind of hearing" must be held prior to the termination of an employee who has a property right in his continued employment. See

17

Matthews v. Eldrige, 424 U.S. 319 (1976); Cleveland v. Bd of Educ. v. Loudermill, 470 U.S. 532

(985) (due process requires only that a tenured public employee receive "oral or written notice of

the charges against him, an explanation of the employer's evidence, and an opportunity to

present his side of the story.")  A "full evidentiary hearing" is not required. Loudermill, 470 U.S.

at 545.

    Here, the Complaint does not allege that plaintiffs were denied the essential due

process elements of notice and the opportunity to be heard. Plaintiffs do not allege that as

tenured teachers they are/were denied hearings in connection with the service of disciplinary

charges or that the laws and procedures governing their disciplinary hearings fail to afford them

due process. Rather, plaintiffs allege that the defendant arbitrators act or have acted  "in violation

of Defendant Arbitrators authority, NYS Education Law and The Arbitration Contract."  Exhibit

"A" at ¶ 28.   Thus, plaintiffs allegations are not challenges to the established state procedures of

the New York State Education Law or even the Arbitration Contract,  but rather the arbitrators

alleged failure to comply with those procedures.  However, New York Civil Practice Law and

Rules Article 75 affords plaintiffs the opportunity for judicial review of any alleged misconduct

or errors that are alleged to have been conducted at the disciplinary hearings.  See Whiting v. Old

Brookville Bd. Of Police Commissioner, 2001 U.S. App. LEXIS 1690 at *3-4 (2d Cir.

2001)(holding that the plaintiff's challenge to the selection of the hearing officer and evidentiary

rulings made by the officer are complaints regarding "the manner in which [the due process]

rules were   applied in his case"  and as such "cannot themselves constitute a denial of due

process since New York's Article 78 procedures provides [plaintiff] a further opportunity  for

judicial review of those errors." );  McDarby v. Dinkins, 907 F.2d 1334, 1337-38 (2d Cir. 1990)

("When minimal due process requirements of notice and hearing have been met, a claim that an

agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations"); <u>Marino v. Ameruso</u>, 837 F.2d 45, 47 (2d Cir. 1988) (holding that there was no due process violation where plaintiff attacked an "ALJs allegedly erroneous evidentiary ruling" but did not claim that the error was authorized by state law nor that "the state's procedures for correcting any such error after the fact were inadequate"); <u>Hellenic American Neighborhood Action Comm. v. City of New York</u>, 101, F.3d 877, 880-881 (2d Cir. 1996)(holding that plaintiff's claims, alleging that due process violations were caused by a state official's actions in violation of the City Charter and Rules and not by an established state procedures, could not survive because New York provided adequate post-deprivation procedures).

Accordingly, because proceedings pursuant to Article 75 and Article 78 under New York Law are adequate post-deprivation remedies to address plaintiffs' complaints, plaintiffs' Fourteenth Amendment claim must be dismissed.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, proposed intervenor Department of Education respectfully requests that this Court issue an order granting it the right to intervene in this action as a defendant, and upon intervention dismissing plaintiffs' Fourteenth Amendment claim in its entirety, with prejudice, and with costs and for such other and further relief as the Court deems just and proper.

Dated:      New York, New York
           August 14,  2008


                **MICHAEL A. CARDOZO**
                Corporation Counsel of the
                City of New York
                Attorney for Proposed Intervenor Department of Education
                100 Church Street, Room 2-142
                New York, N.Y. 10007-2601
                212-788-0872
                bgreenfi@law.nyc.gov


By:    _____
                BLANCHE GREENFIELD
                Assistant Corporation Counsel

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 2

       Prior Proceedings ........................................................................................................ 2

       The Instant Action ....................................................................................................... 3

ARGUMENT

       POINT I

       THE DEPARTMENT OF EDUCATION SHOULD
       BE PERMITTED TO INTERVENE AS A
       DEFENDANT IN THIS ACTION. .......................................................... 8

       POINT II

       THE COMPLAINT CONTAINS ONLY
       CONCLUSORY ALLEGATIONS OF FACT AND
       CONCLUSIONS OF LAW WHICH ARE
       INSUFFICIENT TO MEET THE PLEADING
       REQUIREMENT OF RULE 8(A)(2) OF THE
       FEDERAL RULES OF CIVIL PROCEDURE. ...................................... 11

       POINT III

       THE COMPLAINT FAILS TO ALLEGE THAT
       THE PLAINTIFFS HAVE STANDING TO
       PURSUE THIS ACTION. ........................................................................ 14

       POINT IV

       PLAINTIFFS' FOURTEENTH AMENDMENT
       CLAIM FOR DEPRIVATION OF PROPERTY
       WITHOUT DUE PROCESS OF LAW MUST BE
       DISMISSED. ........................................................................................... 15

CONCLUSION ........................................................................................................................ 20

## TABLE OF AUTHORITIES

**Cases**                                                                      **Pages**

Alfaro Motors, Inc. v. Ward,
    814 F.2d 883 (2d Cir. 1987)...........................................................................13

In re Bank of New York Derivative Litigation,
    320 F.3d 291 (2d Cir. 2003)........................................................................8, 9

Bell Atlantic Corporation v. Twombly,
    127 S. Ct. 1955 (2007)........................................................................11, 12, 13

Board of Regents v. Roth,
    408 U.S. 564 (1972).....................................................................................16

Brennan v. New York City Bd. Of Educ.,
    260 F.3d 123 (2d Cir. 2001)........................................................................8, 9

Caniello v. City of New York,
    2001 U.S. Dist. LEXIS 20 (S.D.N.Y. January 4, 2001) ........................................16

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)........................................................................4-5

Cleveland Board Of Education v. Loudermill,
    470 U.S. 532 (1985)...............................................................................17, 18

Conley v. Gibson,
    355 U.S. 41 (1957).....................................................................................11

Federico v. Board of Education,
    955 F. Supp. 194 (S.D.N.Y. 1997)................................................................16

Finley v. Giacobbe,
    79 F.3d 1285 (2d Cir. 1996)........................................................................16

First Nationwide Bank v. Gelt Funding Corp.,
    27 F.3d 763 (2d Cir. 1994)..........................................................................13

Giglio v. Dunn,
    732 F.2d 1133 (2d Cir. 1984)
    cert. denied, 469 U.S. 932 (1984) ................................................................17

Gomez v. Toledo,
    446 U.S. 635 (1980).....................................................................................16

**Cases**                                                                                                    **Pages**

Gonzales v. Wing,
    167 F.R.D. 352 (N.D.N.Y. 1996)............................................................................................11

Hellenic American Neighborhood Action Comm. v. City of New York,
    101 F.3d 877, 880-881 (2d Cir. 1996)..................................................................................19

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007).................................................................................................12

Lujan v. National Wildlife Federation,
    497 U.S. 871 (1990).............................................................................................................15

Marino v. Ameruso,
    837 F.2d 45 (2d Cir. 1988)...................................................................................................19

Matthews v. Eldrige,
    424 U.S. 319 (1976).............................................................................................................18

McDarby v. Dinkins,
    907 F.2d 1334 (2d Cir. 1990)..............................................................................................18

Narumanchi v. Board of Trustees,
    850 F.2d 70 (2d Cir. 1988)...................................................................................................17

New York State N.O.W. v. Pataki,
    261 F.3d 156 (2d Cir. 2001).......................................................................................... 15-16

Pantene v. Clark,
    508 F.3d 106 (2d Cir. 2007).................................................................................................12

In re Parmalat Sec. Litig.,
    375 F.Supp. 2d 278, 286 (S.D.N.Y. 2005)..........................................................................11

Paulemon v. Tobin,
    30 F.3d 307 (2d Cir. 1994)....................................................................................................3

R Best Produce, Inc. v. Shulman-Rabin Marketing Corp.,
    467 F.3d 238 (2d Cir. 2006)..................................................................................................8

Rivera v. City of New York,
    392 F. Supp. 2d 644 (S.D.N.Y. 2005).................................................................................15

Rivera v. Community School District Nine, et. al.,
    145 F. Supp. 2d 302 (S.D.N.Y. 2001).................................................................................16

**Cases**                                                                                                **Pages**

Seabrook v. City of New York,
    509 F. Supp. 2d 393 (S.D.N.Y. 2007).....................................................................12

Semorile v. City of New York,
    407 F. Supp. 2d 579 (S.D.N.Y. 2006).....................................................................17

Swierkiewicz v. Sorema N.A.,
    534 U.S. 506 (2003)...............................................................................................11

Teachers4Action, v. Bloomberg, et al.,
    08 civ 548 (VM) (AJP) ......................................................................................7, 14

Tindall v. Poultney High Sch. District,
    414 F.3d 281 (2d Cir. 2005)...................................................................................13

Trbovich v. United Mine Workers,
    404 U.S. 528 (1972)...............................................................................................10

Washington Electric Cooperative, Inc. v. Massachusetts Municipal
    Wholesale Electric Co.,
    922 F.2d 92 (2d Cir. 1990)......................................................................................9

Watts v. Services For the Underserved,
    2007 U.S. Dist. LEXIS 41209 (E.D.N.Y. June 6, 2007) ........................................12

Whiting v. Old Brookville Board Of Police Commissioner,
    2001 U.S. App. LEXIS 1690 (2d Cir. 2001) ........................................................18

**Statutes**

42 U.S.C. § 1983.................................................................................................................12

Fed. R. Civ. P. 8................................................................................................................11

Fed. R. Civ. P. 8(a)(2)..................................................................................................11, 14

Fed. R. Civ. P. 12(b)(6)....................................................................................................11

Fed. R. Civ. P. 24 (a)(2)...........................................................................................8, 9, 11

Fed. R. Civ. P. 24 (b)(2)....................................................................................................8

Fed. R. Civ. P. 24(b)(3)......................................................................................................9

New York Education Law § 3020-a ..............................................................................2, 3

**Cases**                                                                                   **Pages**