UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TWANA ADAMS, et al.,                              :
                                                  :
                                     Plaintiffs,  :
                                                  :
              -against-                           :
                                                  :
NEW YORK STATE EDUCATION                          :
DEPARTMENT, et al.,                               :
                                                  :
                                     Defendants.  :
-------------------------------------------------------------X

**DECLARATION OF KAREN
DAHLBERG IN SUPPORT OF
STATE DEFENDANTS'
MOTION TO DISMISS**

08 Civ. 5996
(GEL) (AJP)

KAREN DAHLBERG, an attorney duly admitted to practice before this Court, declares,

pursuant to 28 U.S.C. §1746, as follows:

1.      I am an Assistant Attorney General in the office of ANDREW M. CUOMO, Attorney

General of the State of New York, attorney for defendants New York State Education Department,

Richard Mills, Maryann Fairman and Deborah Marriott (collectively, "State Defendants"), herein.

2.      I submit this declaration in support of State Defendants' motion to dismiss the

complaint for the limited purpose of providing the Court with true and accurate copies of the

following annexed documents, which are referenced in the accompanying Memorandum of Law in

Support of State Defendants' Motion to Dismiss the Complaint, dated August 15, 2008:

| Exhibit | Document |
|---------|----------|
| 1 | Complaint in the above-referenced action, dated June 30, 2008. |
| 2 | Docket Sheet in *Teachers4Action v. Bloomberg et al.*, 08-cv-00548 (VM)(AJP). |
| 3 | Verified Petition Pursuant to Article 78 in *Teachers4Action v. Gaines et al.*, Index No. 105845/08, dated April 24, 2008. |
| 4 | Judgment in *Teachers4Action v. Gaines et al.*, Index No. 105845/08, dated August 6, 2008. |

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

Executed in New York, New York, this 15th day of August, 2008.

Karen Dahlberg
Assistant Attorney General

# EXHIBIT
# 1

## '08 CIV 5996

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X    CIVIL ACTION #

Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne,    :

Anthony Caminiti,  Jaime Castro, Gloria Chavez,    :

Josephina Cruz, James Cullen, Diane Daniels,    :

Michael Ebewo, Louisa Ganis, Roselyne Gisors,    :

Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson,    :

Jane Levine, Hazel Martinez, Michael McLoughlin,    :

Raymond Nunge, Julianne Polito, Alena Radke-Gabriel,    :

Thomasina Robinson, Denise Russo, Paul Santucci,    :

Jennifer Saunders, Jacqueline Sawyer, Brandi Scheiner,    :

Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert,    :

Daniel Smith,  Gilda Teel, Eustogio Torres-Nogueras,    :

Jacqueline Wade, Michael Westbay, George Zanetis and    :

Mauricio Zapata,                              Plaintiffs    :

                 v.                                              :

New York State Education Department,    :    **COMPLAINT**

          A division / organ of the State of New York,    :

Richard Mills, Commissioner of Education,    :

Teacher Tenure Hearing Unit, Maryann Fairman, Supervisor;    :

Deborah A. Marriott, Manager; Douglass Bantle, Stuart Bauchner, :

Alan Berg, Mary Crangle, Howard Edelman, Deborah M. Gaines,  :

Joshua Javitz,  Eric Lawson, Andree McKissick, Randi Lowitt,    :

Earl Pfeffer, Arthur Riegel, Martin Scheinman, Jack Tillem,    :

Bonnie Silber-Weinstock  and Paul Zonderman    :

                                   Defendants    :

------------------------------------------------------------------- X



As for their complaint against Defendants, Plaintiffs, allege as follows:

## JURISDICTION

1) The Court has original jurisdiction over the claims pursuant to 42 USC § 1983 and based on violation of 14th Amendment and Plaintiffs due process and property rights.

2) To the extent Plaintiffs have state law claims, the Court has ancillary and/or supplemental jurisdiction of such state law claims pursuant to 28 USC § 1367.

3) Plaintiffs' claims for monetary damages exceed the statutory limit of this Court, exclusive of attorneys' fees, costs and interest.

## VENUE

4) Venue is proper in this Court because one or more of the named Plaintiffs live in this judicial district and the acts of Defendants or their employees, officers and/or agents upon which this complaint is predicated, occurred within this judicial district.

## PARTIES

5) Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Julianne Polito, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustogio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata are New York City Public School Teachers or other employees of the New York City Public School systems and either live and/or work in New York City.

2

6) Defendant New York State Education Department ("NYSED") is a division/organ of the State of New York.

7) Defendant Richard Mills ("Mills") is the Commissioner of NYSED.

8) Defendant Tenure Teacher Hearing Unit ("The Unit") is a division or department of Defendant NYSED.

9) Defendant Maryann Fairman ("Fairman") is/was an employee of the NYSED and is responsible for The Unit.

10) Defendant Deborah A. Marriott ("Marriott") is/was an employee of the NYSED and is responsible for The Unit.

11) Defendants Douglass Bantle, Stuart Bauchner, Alan Berg, Mary Crangle, Howard Edelman, Deborah M. Gaines, Joshua Javitz, Eric Lawson, Andree McKissick, Randi Lowitt, Earl Pfeffer, Arthur Riegel, Martin Scheinman, Jack Tillem, Bonnie Silber-Weinstock and Paul Zonderman ("Defendant Arbitrators") are and/or were employed by Defendants NYSED and The Unit.

## **RELEVANT FACTS**

12) Defendants NYSED, Mills, The Unit, Fairman and Marriott are responsible for all matters related to discipline related to alleged misconduct by Plaintiffs.

13) In the event issues related to alleged misconduct of Plaintiffs arise to the point that Plaintiffs employer (the New York City Department of Education) seeks to impose discipline, such discipline may only be imposed through proceedings conducted under the authority of Defendant NYSED and in accordance with NYS Education Law §§ 3020 and 3020a, 8

3

NYCRR 82-1 et seq. ("NYS Education Laws") and Plaintiffs' Contract of Employment ("The Employment Contract").

14) Defendant Arbitrators are employed by Defendants NYSED, Mills, The Unit, Fairman and Marriott for the purpose of convening and conducting hearings related to potential discipline of Plaintiffs.

15) Defendants Fairman and Marriott is/are employed by Defendants NYSED and The Unit to employ, empower and supervise Defendant Arbitrators.

16) Defendants Fairman and Marriott, on behalf of Defendants NYSED and The Unit, are obligated to insure that any disciplinary hearing(s) (hereinafter "The Hearing(s)") to be conducted by Defendants Arbitrators are conducted in accordance with the requirements of NYS Education Laws and The Employment Contract.

17) Defendant Arbitrators authority to conduct the disciplinary hearings is derived from the contracts (hereinafter "The Arbitrator's Contract") that Defendant Arbitrators have with Defendants NYSED and The Unit.

18) In pertinent part, The Arbitrator's Contract through which Defendant Arbitrators are employed and from which their power is derived states among other things:

    a) Defendant Arbitrators specifically agrees to conduct The Hearing(s) consistent with the requirements of Education Law Section 3020a and 8 NYCRR Sub Part 82-1;

    b) As the hearing officer, Defendant Arbitrators <u>must</u> conduct a pre-hearing conference within 15 days of Defendant Arbitrators agreement to serve;

4

c) During the pre-hearing conference, Defendant Arbitrators <u>must</u> determine the reasonable amount of time necessary for a final hearing on the charge(s) and <u>must</u> schedule the location, time(s) and date(s) of the final hearing. To the extent that the final hearing cannot be completed in one day, the law <u>requires</u> you to schedule consecutive dates. The day(s) scheduled for the final hearing cannot be postponed except for good cause, as the (hearing officer) shall determine. Postponements should be documented on the record and communicated to Defendant NYSED. In all cases, the final hearing <u>must</u> be completed no later than 60 days after the date of the pre-hearing conference;

d) In order to timely facilitate a time decision, (Defendant Arbitrators) <u>should</u> instruct the court reporter to provide expedited delivery of the final transcript of the hearing to all parties;

c) Upon the conclusion of the final date of the hearing, (Defendant Arbitrators) <u>must</u> notify (Defendant NYSED) that the hearing has concluded as well as the due date for all post-hearing briefs. The parties should be informed that reply briefs or other responsive pleadings beyond post-hearing briefs may only be submitted upon written request to (Defendant Arbitrators) for good cause shown with proof of notice to the other party. Approval of such additional pleadings should not extend the statutory period in which Defendant Arbitrator) <u>must</u> render a final decision; and

f) The Law <u>requires</u> (Defendant Arbitrator) to render a written decision within 30 days of the conclusion of the final hearing.

> *See Exhibit 1 – Exemplar of Documents Exchanged between Defendants NYSED, The Unit and Marriot and Defendant Arbitrators pursuant to which Defendant Arbitrator's authority was derived – emphasis added.*

5

19) The time and other requirements of NYS Education Law, The Arbitrator's Contract and The Employment Contract are for the purpose of protecting Plaintiffs due process and property rights during any hearings that may be conducted or required as a result of allegations made against Plaintiffs upon which efforts to discipline Plaintiffs were predicated.

20) Prior to Defendant Arbitrators being employed and/or empowered by Defendants NYSED and The Unit, Defendant Arbitrators were obligated to confirm their acceptance of the terms and their commitment to comply with NYS Education Law and The Arbitrator's Contract. *See Exhibit 1.*

21) During the course of and as a condition of their employment and authority to conduct The Hearings, Defendant Arbitrators committed to periodic reporting to Defendants NYSED and The Unit of the status of The Hearings they were conducting. *See Exhibit 1.*

22) Defendant Arbitrators accepted and acknowledged the conditions of employment and the basis from which their authority was derived.

23) Defendant NYSED and Mills delegated to Defendants Fairman and Marriott the responsibility to supervise and insure that Defendant Arbitrators complied with the terms of their employment, and with NYS Education Law and conditions from which their authority was derived.

24) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were and are obligated to insure that Defendant Arbitrators complied with the timing and other requirements of The Arbitrators Contract and NYS Education Law.

25) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were and are obligated to insure that Defendant Arbitrators:

6

a) protected Plaintiffs' rights as guaranteed by NYS Education Law as they conducted The

Hearings;

b) put the interests of Defendant NYSED and The Units, and the parties to the arbitration

proceedings ahead of their individual, personal and/or financial interests;

c) declined to accept or continue employment as arbitrators in the event they were unable to

comply with the timing or other requirements of NYS Education Law or independent

obligations as professional arbitrators.

26) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were and are also obligated to

insure Defendant Arbitrators complied with the following rules:

> § 82-1.6 Appointment of hearing officer and notice of prehearing conference.
> (a) . . . To be qualified to serve as a hearing officer, an individual shall:
> (1) be on the association's panel of labor arbitrators;
> (2) be a resident of New York or an adjoining state;
> (3) be willing to serve under the conditions imposed by Education Law, section 3020-a and this Subpart; and
> (4) not be ineligible to serve in the particular hearing pursuant to Education Law, section 3020-a(3)(i).
> (e) The hearing officer shall contact the parties and, within 10 to 15 days of receipt of notice from the commissioner confirming his or her acceptance of a selection to serve as hearing officer, hold a prehearing conference.
>
> § 82-1.10 Conduct of hearings.
> (f) At the conclusion of the testimony, the hearing officer may adjourn the hearing to a specified date after conclusion of the testimony, to permit preparation of the transcript, submission by the parties of memoranda of law, and deliberation; provided that such specified date may not be more than 60 days after the prehearing conference unless the hearing officer determines that extraordinary circumstances warrant a later date. The hearing officer shall arrange for the preparation and delivery of one copy of the transcript of the hearing to each panel member, to the employee and the board.
> (g) The hearing officer or hearing panel shall render a written decision within 30 days of the last day of the final hearing, or within 10 days of the last day of an expedited hearing and shall forthwith forward a copy to the commissioner who shall send copies to the employee and the clerk or secretary of the employing board. Such written decision shall include the hearing officer's findings of fact on each charge, his or her conclusions with regard to each charge based on such findings and shall state the penalty or other action, if any, which shall be taken by the board, provided that such findings, conclusions and penalty determination shall be based solely upon the record in the proceedings before the hearing officer or panel, and shall set forth the reasons and the factual basis for the determination.

7

*§ 82-1.11 Reimbursable hearing expenses.*
*(a) The commissioner shall compensate the hearing officer with the customary*
*fee paid for service as an arbitrator for each day of actual service rendered by*
*the hearing officer. For this purpose, a day of actual service shall be five hours.*
*In the event a hearing officer renders more or less than five hours of service on a*
*given calendar day, the per diem fee shall be prorated accordingly.*
*(b) In addition to the statutory fees payable to the hearing officer and panel*
*members for each day of actual service, the commissioner shall reimburse*
*hearing officers and panel members for their necessary travel and other related*
*reasonable expenses incurred at rates not to exceed the rates applicable to state*
*employees.*
*(c) The commissioner shall arrange for the preparation of a hearing transcript by*
*a competent stenographer and shall compensate the stenographer for the cost of*
*preparing the transcript and copies thereof for the hearing officer, each panel*
*member, the department, the employee and the board.*

27) After accepting and during the period of their employment with Defendants NYSED and The

Unit, Defendant Arbitrators, among other things:

a) Violated the terms of the Arbitrator's Contracts, NYS Education Law and the Arbitration

Contract;

b) Allowed Plaintiffs' employer, the New York City Department of Education, to violate the

terms of The Employment Contract;

c) Allowed Plaintiffs' employer, the New York City Department of Education, to violate the

terms of the Arbitration Contract;

d) Accepted directions from Plaintiffs' employer, the New York City Department of

Education, in violation of the terms of the Arbitration Contract and their independent

obligations as arbitrators;

e) Accepted additional or excessive payments or reimbursement of expenses from Plaintiffs'

employer, the New York City Department of Education, in violation of the terms of the

Arbitration Contract and their independent obligations as arbitrators;

f) Engaged in ex-parte communications with Plaintiffs' employer, the New York City

Department of Education, in violation of the terms of the Arbitration Contract and their

independent obligations as arbitrators;

g) Failed to conduct pre-hearings in accordance with the terms of the Arbitration Contract

8

and NYS Education Law;

h) Failed to conduct hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

i) Failed to complete hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

j) Failed to provide copies of hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law;

k) Failed to provide copies of final hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law;

l) Failed to permit or consider post hearing briefs in accordance with the terms of the Arbitration Contract and NYS Education Law;

m) Failed to issue decisions and/or rulings in accordance with the terms of the Arbitration Contract and NYS Education Law.

n) Forced Plaintiffs into disciplinary hearings being conducted in violation of the terms of the Arbitration Contract and NYS Education Law.

28) The acts set forth above in ¶ ¶ 27 a. – n. above, were improper, wrongful and in violation of Defendant Arbitrators authority, NYS Education Law and The Arbitration Contract.

29) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott failed to supervise Defendant Arbitrators to prevent or insure against the improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above.

30) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott failed to discover and/or Defendant Arbitrators concealed from Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, certain conflicts of interest, bias and prejudice, ex parte communications and other matters that required a stay of the arbitrations being conducted under or for lack of authority

9

of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, and Defendants NYSED,
Mills, The Unit, Fairman and/or Marriott failed to remove Defendant Arbitrators and/or
reverse/void decisions made by such arbitrators.

31) Defendant Arbitrators were left unsupervised or were improperly supervised by Defendants
NYSED, Mills, The Unit, Fairman and/or Marriott and as a result (i) conducted The Hearings
without authority, (ii) rendered excessive judgments and/or imposed inappropriate fines in
The Hearings; (iii) made determinations and issued rulings that were arbitrary and
capricious.

32) As a result of their being left unsupervised or being improperly supervised by Defendants
NYSED, The Unit and Marriot, Defendant Arbitrators were in a position to and did in fact
collaborate with Plaintiffs employer – The New York City Department of Education – so that
they – Defendant Arbitrators were in a position to conduct arbitrations in violation of NYS
Education Law, exceed the authority given to them, and conduct The Hearings in such a way
that Plaintiffs were forced into positions where they were willing to accept onerous, improper
and unfair deals that were procured by coercion, pressure, intimidation and fear of further
retaliation.

33) As a result of their being left unsupervised or being left improperly supervised by Defendants
NYSED, Mills, The Unit, Fairman and/or Marriott, Defendant Arbitrators forced Plaintiffs
into hearings without counsel and over Plaintiffs objections.

34) As a direct and proximate result of Defendant Arbitrators failure to comply with the timing
requirements of NYS Education Law and the Arbitration Contract and their improper,
wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above,
Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti,
Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo,

10

Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor

Johnson, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Julianne

Polito, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer

Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex Schreiber, Alan Schlesinger, Barbara

Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustogio Torres-Nogueras, Jacqueline

Wade, Michael Westbay, George Zanetis and Mauricio Zapata were kept in Temporary

Relocation Centers a/k/a Rubber Rooms for improper and excessive periods of time –

sometimes months and years – before the Defendant Arbitrators sought to convene The

Hearings.

*See Exhibit 2 – Spreadsheet Showing Some of the Timing Related*
*Violations of NYS Education Law and 8 NYCRR 82-1 et seq.*

35) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to

act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Ming Bell, David Berkowitz,

Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James

Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa

Hayes, Michael Hollander, Eleanor Johnson, Jane Levine, Hazel Martinez, Michael

McLoughlin, Raymond Nunge, Julianne Polito, Alena Radke-Gabriel, Thomasina Robinson,

Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex

Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel,

Eustogio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and

Mauricio Zapata were and/or are being forced into participating in disciplinary hearings

being conducted in violation of NYS Education Law.

*See Exhibit 2.*

36) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to

act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Jaime Castro, Joanne Hart, Michael

11

McLoughlin and George Zanetis were forced into accepting ruinous deals and fines in arbitration proceedings that were conducted by Defendant Arbitrators without authority.

37) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Jonathan Berlyne, Joann Hart, Alena Radke-Gabriel, Denise Russo, Alan Schlesinger, and Jennifer Saunders were disciplined, fined, suspended without pay and/or terminated as a result of, in and/or through arbitration proceedings that were conducted by Defendant Arbitrators without authority.

38) As a direct and proximate result of Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Gloria Chavez, Josephina Cruz, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Lisa Hayes, Michael Hollander, Jane Levine, Julianne Polito, Paul Santucci, Brandi Scheinman, Barbara Segall, Linda Seiffert, Gilda Teel, Michael Westbay and Mauricio Zapata are being forced into hearings during the summer and which hearings are being conducted in violation of the timing requirements and in violation of the Employment Contract.

39) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Julianne Polito, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustogio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata were:

12

a) Sent to Rubber Rooms during the course of disciplinary proceedings,

b) Kept and/or confined in Rubber Rooms for excessive periods of time;

c) Subjected to the dangerous physical and emotional conditions in the Rubber Rooms to which they were confined as Defendant Arbitrators dragged out hearings;

d) Caused to lose salary, per session fees and benefits for excessive periods of time as Defendant Arbitrators dragged out hearings;

e) Caused to incur unnecessary transportation, legal costs and/or expenses as a result of the excessive periods of time as Defendant Arbitrators dragged out hearings;

f) Forced or being coerced or agreeing to pay excessive or ruinous fines as a result of the excessive periods of time as Defendant Arbitrators dragged out hearings; and

g) Forced or being coerced or agreeing to settlements through which Plaintiffs lost their jobs rather than suffer adverse decisions that they were told would be forthcoming after the excessive periods of time that they were kept in the Rubber Rooms and subjected to excessive number of days as Defendant Arbitrators dragged out hearings.

*(See Exhibit 2).*

40) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above,

a) Charges were not proffered, filed and delivered and other related requirements were not complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law, specifically 8 NYCRR 82-1.3;

b) Notices of Hearing requirements were not complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law, specifically 8 NYCRR 82-1.5 (a) (5) & (6);

c) Appointment of Arbitrators and Pre-Hearing Conferences requirements were not

13

complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law 3020a, specifically 8 NYCRR 82-1.6 (a) (3), (4) (b) & (e) ;

d) Conduct of Hearing requirements were not complied with and as such hearings were, are being or are scheduled to be conducted in violation of NYS Education Law 3020a, specifically 8 NYCRR 82-1.10 (f) & (g);

e) Failure to provide and/or withholding of transcripts from Plaintiffs in violation of NYS Education Law, specifically 8 NYCRR 82-1.11 (c );

f) Charging of excessive fees and expense reimbursement (which upon information and belief the excesses of which are being paid by the adverse party) which fees and expense reimbursements are not consistent with the customary fees paid for similar services at the rates applicable to state employees as required by NYS Education law, specifically 8 NYCRR 82-1.11 (b) ;

g) Refusing to allow Plaintiffs to respond and challenge the hearings through closings and other motions after they have received transcripts from Plaintiffs in violation of NYS Education law, specifically 8 NYCRR 82-1.10 (f) & (g) and 8 NYCRR 82-1.11 (c ).

41) As a direct and proximate result of improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. above, Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Julianne Polito, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith,

14

Gilda Teel, Eustogio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis
and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and
emotional damages, including loss of standing in the community, humiliation and
embarrassment amongst family and friends, loss of reputation, degradation and other
psychological damages.

### FIRST CAUSE OF ACTION - VIOLATION OF 14th AMENDMENT

42) Plaintiffs repeat and reallege paragraphs 11 to 41 inclusive as if the same were set forth fully
and at length herein.

43) The 14th Amendment states in pertinent part *"No state shall make or enforce any law which
shall abridge the privileges or immunities of citizens of the United States; nor shall any state
deprive any person of life, liberty, or property, without due process of law; nor deny to any
person within its jurisdiction the equal protection of the laws."*

44) 42 U.S.C. § 1983 states, in pertinent part *"every person who, under color of any statute,
ordinance, regulation, custom or usage, of any State or Territory, ... subjects, or causes to be
subjected, any citizen of the United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress."*

45) Defendant NYSED was and is responsible for making and/or enforcing the requirements of NYS
Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq.

46) Defendants Mills, Fairman and Marriott are employees, agents, representatives and/or actors of
The State of New York.

47) Defendant NYSED, Mills, The Unit, Fairman and Marriot were and are responsible for
making and/or enforcing the requirements of NYS Education Law §§ 3020 & 3020a and 8

15

NYCRR 82-1 ct seq.

48) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were and are responsible to insure compliance with, and upholding of, the requirements of NYS Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 ct seq. and applicable statutes as related to potential discipline and The Hearings conducted or to be conducted involving Plaintiffs.

49) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were responsible to insure compliance with, and to protect Plaintiffs from violations of NYS Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq. and applicable statutes as related to potential discipline and The Hearings conducted or to be conducted involving Plaintiffs.

50) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott delegated certain of their duties and responsibilities to Defendant Arbitrators who also acted as agents, employees and servants of New York State and were similarly obligated to insure compliance with, and to protect Plaintiffs from violations of NYS Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq. and applicable statutes as related to potential discipline and The Hearings conducted or to be conducted involving Plaintiffs.

51) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and Defendant Arbitrators violated and/or breached their duties and responsibilities as agents, employees and servants of New York State to insure compliance with, and to protect Plaintiffs from, the violations of NYS Education Law §§ 3020 & 3020a and 8 NYCRR 82-1 et seq. and applicable statutes as related to potential discipline and The Hearings conducted or to be conducted involving Plaintiffs.

52) As related to Plaintiffs, Defendants NYSED, Mills, The Unit, Fairman and/or Marriott

16

violated and breached their aforesaid obligations and caused and/or allowed the acts set forth above in ¶ ¶ 27 a. – n. to be taken against Plaintiffs.

53) As related to Plaintiffs, Defendant Arbitrators violated and breached their obligation delegated certain of their duties and responsibilities and caused and/or allowed the acts set forth above in ¶ ¶ 27 a. – n. to be taken against Plaintiffs.

54) As a direct and proximate result of the aforesaid acts by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Julianne Polito, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustogio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata due process and property rights were violated.

55) Plaintiffs put Defendant Arbitrators and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott on notice of the past violations of their due process and property rights.

56) Despite the notice of the violation of due process and property rights, and resulting and ongoing damages given by Plaintiffs, Defendant Arbitrators and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Defendants Arbitrators continue to:

    a) Violate the terms of the Arbitrator's Contracts, NYS Education Law and the Arbitration Contract;

    b) Allow Plaintiffs' employer, the New York City Department of Education, to violate the terms of The Employment Contract;

17

c) Allow Plaintiffs' employer, the New York City Department of Education, to violate the terms of the Arbitration Contract;

d) Accept directions from Plaintiffs' employer, the New York City Department of Education, in violation of the terms of the Arbitration Contract and their independent obligations as arbitrators;

e) Accept additional or excessive payments or reimbursement of expenses from Plaintiffs' employer, the New York City Department of Education, in violation of the terms of the Arbitration Contract and their independent obligations as arbitrators;

f) Engage in ex-parte communications with Plaintiffs' employer, the New York City Department of Education, in violation of the terms of the Arbitration Contract and their independent obligations as arbitrators;

g) Fail to conduct pre-hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

h) Fail to conduct hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

i) Fail to complete hearings in accordance with the terms of the Arbitration Contract and NYS Education Law;

j) Fail to provide copies of hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law;

k) Fail to provide copies of final hearing transcripts in accordance with the terms of the Arbitration Contract and NYS Education Law;

l) Fail to permit or consider post hearing briefs in accordance with the terms of the Arbitration Contract and NYS Education Law;

m) Fail to issue decisions and/or rulings in accordance with the terms of the Arbitration

18

Contract and NYS Education Law; and

n) Force or attempt to forced Plaintiffs into disciplinary hearings being conducted in violation of the terms of the Arbitration Contract and NYS Education Law.

57) Defendant Arbitrators and Defendants NYSED, Mills, The Unit, Fairman and/or Marriott continuing acts as set forth in ¶¶ 56 a – n above, violate Plaintiffs due process and property rights.

58) As a direct and proximate result of Defendants past and continuing improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶¶ 27 a. – n. and ¶¶ 56 a. – n. above, Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Julianne Polito, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustogio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

**WHEREFORE,** Plaintiffs award judgment as against Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and Defendant Arbitrators (i) for violation of NYS Education Law ¶¶ 3020, 3020a, 8 NYCRR 82-1 et seq., The Arbitrators' Contract and The Employment Contract, (ii) for violation of Plaintiffs due process and property rights, (iii) for reversal of all proper awards, fines and/or "deals" made in, through or as a result of 3020a Hearings involving

19

Plaintiffs and conducted by Defendant Arbitrators, (iv) for injunctive and/or prospective relief preventing attempts to enforce any such awards, fines and/or deals, made in, through or as a result of 3020a Hearings involving Plaintiffs and conducted by Defendant Arbitrators, (v) for injunctive and/or prospective relief preventing Defendant Arbitrators from attempting to conduct any further 3020a hearings involving Plaintiffs, (vi) for compensatory damages in an amount to be determined by the Court and (vii) for such other relief as is just and equitable.

### SECOND CAUSE OF ACTION - NEGLIGENCE

59) Plaintiffs repeat and reallege paragraphs 11 to 41 and 43 to 58 above as if the same were set forth fully and at length herein.

60) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were responsible to insure that in the case of efforts to discipline Plaintiffs the requirements of NYS Ed. Law 3020a and 8 NYCRRR 82-1 et seq were complied with, including but not limited to obligations **(a)** To file, proffer, vote on and serve charges within a certain specific period of time; **(b)** To conduct "pre-hearing" conference within 15 days of Defendant Arbitrators' agreement to serve; **(c)** To determine during the Pre-Hearings Conference the reasonable amount of time necessary for a final hearing on the charges and scheduling the location, times and dates of the final hearing; **(d)** To have the final hearing started within 30 days and completed the final hearing within 60 days from the date of the Pre-Hearing Conference; **(e)** To provide teachers charged, facing discipline, with copies of all hearing transcripts; **(f)** To insure that within 30 days from the date of the final hearing the arbitrator's decision was rendered; **(g)** To insure that the Defendant Arbitrators were not charging excessive fees or expenses that were not customary for or applicable to state employees; **(h)** To insure that Defendant Arbitrators personal and/or financial interests were not placed ahead of compliance with NYS Education Law or obligations as arbitrators and **(i)** To permit Plaintiffs to respond and challenge the

20

hearings through closings and other motions in the hearings themselves after they have received transcripts from Plaintiffs in violation of 82-1.10 (f) & (g) and 8 NYCRR 82-1.11 (c ).

61) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott – or Defendant Arbitrators employed, empowered and/or supervised by The Unit - failed in the aforesaid obligations. Among other things, they failed to insure compliance with regard to (a) filing, proffering, voting on and serving of charges within a certain specific period of time; (b) conduct "pre-hearing" conference within 15 days of Defendant Arbitrators agreement to serve; (d) determine during the Pre-Hearings Conference the reasonable amount of time necessary for a final hearing on the charges and scheduling the location, times and dates of the final hearing; (e) insuring that the final hearing started within 30 days and completed the final hearing within 60 days from the date of the Pre-Hearing Conference; (f) providing teachers charged, facing discipline, with copies of all hearing transcripts; (g) insuring that within 30 days from the date of the final hearing the arbitrator's decision was rendered; (h) insuring that the Defendant Arbitrators were not charging excessive fees or expenses that were not customary for or applicable to state employees; (i) insuring that Defendant Arbitrators personal and/or financial interests were not placed ahead of compliance with NYS Education Law or obligations as arbitrators and (l) permitting Plaintiffs to respond and challenge the hearings through closings and other motions in the hearings themselves after receipt of transcripts.

62) The aforesaid acts by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and/or Defendant Arbitrators were careless, reckless and negligent.

63) As a direct and proximate result of the aforesaid failures, the hearings conducted or which were to be conducted under the putative auspices of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott resulted in flawed procedural or other decisions in 3020-a hearings

21

that were and are being conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et
seq.

64) As a direct and proximate result of the aforesaid failures, the hearings conducted or which
were to be conducted under the putative auspices of Defendants NYSED, Mills, The Unit,
Fairman and/or Marriott resulted in procedural or final decisions or rulings that were
arbitrary and capricious and as such violate NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

65) As a direct and proximate result of Defendants past and continuing improper, wrongful
and/or unlawful acts and/or failures to act as set forth in ¶ ¶ 27 a. – n. and ¶ ¶ 56 a. – n.
above, Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony
Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels,
Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander,
Eleanor Johnson, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge,
Julianne Polito, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci,
Jennifer Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex Schreiber, Alan Schlesinger,
Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustogio Torres-Nogueras,
Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and
continue to suffer monetary, property, physical and emotional damages, including loss of
standing in the community, humiliation and embarrassment amongst family and friends, loss
of reputation, degradation and other psychological damages.

    **WHEREFORE,** Plaintiffs demand judgment against Defendants NYSED, Mills, The
Unit, Fairman and/or Marriott and Defendant Arbitrators, including but not limited to (i) staying
of all arbitrations underway and/or not yet commenced, (ii) voiding of all decisions and fines
rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered
and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (iii)

22

reinstatement of their licenses and teaching privileges, (iv) reimbursement of the fines rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (v) reimbursement of the out of pocket expenses, legal fees and other costs incurred by Plaintiffs as a result of hearings conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 and (vi) for interests, costs and attorneys fees.

### THIRD CAUSE OF ACTION – FAILURE TO SUPERVISE

66) Plaintiffs repeat and reallege paragraphs 11 to 41 and 43 to 58 above as if the same were set forth fully and at length herein.

67) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were responsible to supervise Defendant Arbitrators to insure that in the case of efforts to discipline Plaintiffs the requirements of NYS Ed. Law 3020a and 8 NYCRRR 82-1 et seq were complied with, including but not limited to the obligations (a) To file, proffer, vote on and serve charges within a certain specific period of time; (b) To conduct "pre-hearing" conference within 15 days of Defendant Arbitrators' agreement to serve; (c) To determine during the Pre-Hearings Conference the reasonable amount of time necessary for a final hearing on the charges and scheduling the location, times and dates of the final hearing; (d) To have the final hearing started within 30 days and completed the final hearing within 60 days from the date of the Pre-Hearing Conference; (e) To provide teachers charged, facing discipline, with copies of all hearing transcripts; (f) To insure that within 30 days from the date of the final hearing the arbitrator's decision was rendered; (g) To insure that the Defendant Arbitrators were not charging excessive fees or expenses that were not customary for or applicable to state employees; (h) To insure that Defendant Arbitrators personal and/or financial interests were not placed ahead of compliance with NYS Education Law or obligations as arbitrators and (i)

23

To permit Plaintiffs to respond and challenge the hearings through closings and other motions in the hearings themselves after they have received transcripts from Plaintiffs in violation of 82-1.10 (f) & (g) and 8 NYCRR 82-1.11 (c) .

68) Defendants NYSED, Mills, The Unit, Fairman and/or Marriott were careless, reckless and/or negligent in their supervision of Defendant Arbitrators.

69) Among other things, Defendant NYSED, Mills, The Unit, Fairman and/or Marriott they failed to supervise Defendant Arbitrators as a result, (i) the timing requirements related to filing, preferring, voting on and service of charges were violate; (b) "pre-hearing" conferences time limitations were violated, (c) determination and conduct of final hearing and scheduling the location, times and dates of the final hearing within specified time limitations were violated; (e) final hearing were not conducted within 30 days and the final hearings were not completed within 60 days from the date of the Pre-Hearing Conference; (f) teachers charged and facing discipline were not provided with hearing transcripts; (g) decisions were not rendered within the 30 days from the date of the final hearing; (h) Defendant Arbitrators charged excessive fees or expenses that were not customary for or applicable to state employees; (i) Defendant Arbitrators personal and/or financial interests were placed ahead of compliance with NYS Education Law or obligations as arbitrators and (i) Plaintiffs not given an opportunity to respond and challenge The Hearings, present closings briefs, argument and other motions in The Hearings after receipt of transcripts.

70) As a direct and proximate result of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott's aforesaid failure to supervise Defendant Arbitrators, The Hearings were and are being conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

71) As a direct and proximate result of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott's aforesaid failure to supervise Defendant Arbitrators, arbitrary and/or capricious

24

procedural or final decisions or rulings were or are being made in The Hearings conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq.

72) As a direct and proximate result of Defendants NYSED, Mills, The Unit, Fairman and/or Marriott's aforesaid failure to supervise Defendant Arbitrators, Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Julianne Polito, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustogio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants NYSED, Mills, The Unit, Fairman and/or Marriott and Defendant Arbitrators, including but not limited to (i) staying of all arbitrations underway and/or not yet commenced, (ii) voiding of all decisions and fines rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (iii) reinstatement of their licenses and teaching privileges, (iv) reimbursement of the fines rendered and/or imposed against Plaintiffs by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, (v) reimbursement of the out of pocket expenses, legal fees and other costs incurred by Plaintiffs as a result of

25

hearings conducted in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 and (vi) for

interests, costs and attorneys fees.

## **FOURTH CAUSE OF ACTION - INJUNCTION**

73) Plaintiffs repeat and reallege paragraphs 11 to 41 and 43 to 58 above as if the same were set

forth fully and at length herein.

74) The Hearings conducted or which were to be conducted under the putative auspices of

Defendants NYSED, Mills, The Unit, Fairman and/or Marriott are not being conducted

according to the requirements of NYS Ed. Law 3020a and 8 NYCRR 82-1 et seq, specifically

hearings in which:

a) Charges were not proffered, filed and delivered and other related requirements were not

complied with and thereby violating NYS Ed. Law 3020a and 8 NYCRR 82-1/3 (a) &

(b);

b) Notices of Hearing requirements were not served in compliance with and thereby

violating NYS Ed. Law 3020a and 8 NYCRR 82-1.5 (a) (5) & (6);

c) Provisions regarding Appointment of Arbitrators and Pre-Hearing Conferences

requirements were not complied with thereby violating NYS Ed. Law 3020a and 8

NYCRR 82-1.6 (a) (3), (4) (b) & (e);

d) Hearings conducted or scheduled to be conducted in violation of NYS Ed. Law 3020a

and 8 NYCRR 82-1.10 (f) & (g);

e) Hearings in which Defendants fail to provide hearing transcripts from Plaintiffs in

violation of 8 NYCRR 82-1.11 (c );

f) Hearings in which excessive fees and expense reimbursement (which upon information

and belief the excesses of which are being paid by the adverse party) which fees and

expense reimbursements are not consistent with the customary fees paid for similar

26

services at the rates applicable to state employees as required by 8 NYCRR 82-1.11 (b) and

g) Plaintiffs were not permitted to respond and challenge hearings through closings and other motions in the hearings themselves after receipt of transcripts.

75) Art.21-g of the Plaintiffs contract states in pertinent part that *"Failure to comply with the timing and other requirements (of 3020a and 8 NYCRR 82-1 shall be good and sufficient cause to remove the arbitrator."* See Exhibit 3.

76) In the last months, weeks and days, as Plaintiffs began to become aware of problems with Defendant Arbitrators and in response to Plaintiffs concerns, Defendant Arbitrators started to try to push Plaintiffs into hearings as quickly as possible so that they would not be in a position to take action to stop or stay or challenge the rulings in the arbitration proceedings or to challenge the authority to conduct the arbitrations in the first place.

77) By way of example, the following types of actions are being taken by Defendant Arbitrators against the Plaintiffs:

a) refusal to allow Plaintiffs time to put in closing statements or witnesses or evidence through which to challenge the authority of the 3020a hearings in the hearings themselves,

b) refusal to provide timely copies of transcripts or forcing Plaintiffs to pay for their own transcripts,

c) pressure and threats to Plaintiffs who are disabled and under physicians care that if they did not come in for hearings they would be terminated,

d) scheduling psychiatric appointments with Plaintiffs who challenge or refuse to participate in hearings without counsel,

e) withholding or delay pay so as to cause increased financial pressures on teachers who are

27

challenging 3020a hearings or results and

f) delay of service and entry of decisions or adverse awards so that teachers are under improper pressures and limitations within to file appeals or challenges.

78) Defendant Arbitrators knowingly, recklessly, carelessly, negligently and/or improperly interfered with and/or caused interference with NYS Education Law and The Employment Contract pursuant to which the arbitrations are held.

79) Defendant Arbitrators are knowingly, recklessly, carelessly, negligently and/or improperly allowing the violation of timing and other pre-requisites pursuant to which the Defendant Arbitrators are permitted to conduct the arbitrations.

80) Defendant Arbitrators are allowing improper and/or wrongful actions to be taken against Plaintiffs, including but not limited to

a) rushing to complete hearings so as to deprive Plaintiffs of their rights within the hearings to challenge the hearings themselves,

b) terminating teachers without authority,

c) convening and/or attempting to continue arbitrations for which there exists no authority due to the failure to comply with procedures and requirements of NYS Ed. Law 3020a, 8 NYCRR 82-1 and Article 21-g,

d) withholding or delaying salaries so as to put additional pressure on certain Plaintiffs who challenge the 3020a process,

e) attempting to circumvent the proper disciplinary process by initiating medical terminations or psychiatric evaluations for Plaintiffs who challenge the 3020a process and

f) delaying or interfering with Plaintiffs ability to challenge awards, decisions or rulings made during the 3020a processes to which Plaintiffs have objected.

28

81) Defendant Arbitrators are allowing improper and/or wrongful actions to be taken against

Plaintiffs including but not limited to

a) scheduling hearings between June to Sept. 2008,

b) rushing to complete certain hearings between June to Sept. 2008,

c) refusing to provide Plaintiffs with transcripts of hearings during March, April, May &

June 2008, including hearings, conducted in their absence or over their objections,

d) withholding or delaying salaries and pay of teachers for the period of May to June 2008,

e) demanding psychiatric and physical evaluations of certain teachers in May, June & July

2008 and

f) denying disability leave and medical benefits, for care and treatment of injuries "in the

line of duty".

82) Defendant Arbitrators are allowing improper and/or wrongful actions to be taken against

Plaintiffs including filing of charges and convening hearings during the summer when

teachers are on vacation, are not "on the job" and are not required to be present for "work".

83) The aforesaid acts, by Defendant Arbitrators violate Article 21-g, NY NYS Ed. Law 3020a

and 8 NYCRR 82-1 et seq. as well as Plaintiffs due process and property rights.

84) Defendant Arbitrators are attempting to convene or continue The Hearings that may not be

convened or should not be continued as:

a) The Arbitration Agreement has been violated due to Defendants aforesaid failures and

acts;

b) Defendants have violated and/or failed to comply with NYS Ed. Law 3020a and 8

NYCRR 82-1 et seq.;

c) Defendants have violated Plaintiffs due process and property rights.

85) As a direct and proximate result of Defendants past and continuing improper, wrongful and/or unlawful acts and/or failures to act as set forth in ¶¶ 27 a. – n. and ¶¶ 56 a. – n. above, Plaintiffs Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, Josephina Cruz, James Cullen, Diane Daniels, Michael Ebewo, Louisa Ganis, Roselyne Gisors, Joann Hart, Lisa Hayes, Michael Hollander, Eleanor Johnson, Jane Levine, Hazel Martinez, Michael McLoughlin, Raymond Nunge, Julianne Polito, Alena Radke-Gabriel, Thomasina Robinson, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Brandi Scheinman, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustogio Torres-Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis and Mauricio Zapata have suffered and continue to suffer monetary, property, physical and emotional damages, including loss of standing in the community, humiliation and embarrassment amongst family and friends, loss of reputation, degradation and other psychological damages.

86) As a direct and proximate consequence of the aforesaid improper and wrongful acts by Defendant Arbitrators employed, empowered and/or supervised by Defendants NYSED, Mills, The Unit, Fairman and/or Marriott, Plaintiffs face immediate, irreparable harm, injury and damages, emotional damages, including but not limited to loss of standing in the community, loss of reputation, humiliation and indignities, for which monetary relief is insufficient.

**WHEREFORE,** Plaintiffs demand judgment including but not limited to (i) immediate injunction of the presently appointed arbitrators from conducting further hearings as against Plaintiffs, (ii) immediate injunction from attempting to enforce rulings, awards, settlements or decisions made as a result of 3020a hearings conducted without authority and/or in violation of NYS Ed. Law 3020a and 8 NYCRR 82-1 ct seq and (iii) for interests, costs and attorneys fees.

30

## FIFTH CAUSE OF ACTION - DECLARATORY JUDGMENT

87) Plaintiffs repeat and reincorporate each and every allegation as set forth in ¶¶ 11 to 41 and 43 to 58 above as if the same were set forth fully and at length herein.

88) 28 USC §2201 et seq. provides in pertinent part, *"In a case of actual controversy within its jurisdiction . . . upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."*

89) As a result of Defendants aforesaid acts, Plaintiffs are and have been subjected to The Hearings (i) that have been or are being convened and/or conducted in violation of NYS Education Law §§ 3020 and 3020-a and 8 NYCRR 82-1 et se1, in violation of The Arbitrator's Contract, and in violation of The Employment Contract, (ii) that have been and are being convened and/or conducted by Defendant Arbitrators who have exceeded their authority and (iii) that concluded or threaten to conclude with imposition of arbitrary and/or capricious decisions, rulings, fines, suspension without pay, termination and/or other penalties and (iv) that resulted in other damages

90) The violation of timing and other requirements of NYS Education Law 3020 and 3020a, 8 NYCRR 82-1 et seq., The Arbitration Contract and The Employment Contract are outrageous and threaten to cause further avoidable harm to Plaintiffs.

91) The violation of timing and other requirements of NYS Education Law 3020 and 3020a, 8 NYCRR 82-1 et seq., The Arbitration Contract and The Employment Contract and the continuing damages as shown on Exhibit 2 present systematic, ongoing and egregious violations of Plaintiffs due process and property rights, and cause Plaintiffs other damages.

   **WHEREFORE,** Plaintiffs demand Declaratory Judgment, pursuant to 28 USC § 2201 et

31

seq, (i) for a declaration that Defendant Arbitrators violated timing and other requirements of

NYS Education Law 3020 and 3020a, 8 NYCRR 82-1 et seq., The Arbitration Contract and The

Employment Contract, (ii) for attorneys' fees, interest and costs associated, and (iii) such other

and further relief as is equitable.

Dated: June 30, 2008

Edward D. Fagan Esq.
5 Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2225
Plaintiffs' Attorney

32



**THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK**

Teacher Tenure Hearing Unit
Education Building Addition, Room 961
Albany, New York 12234
Telephone: (518) 473-3906
Tenure@mail.nysed.gov

July 20, 2006

Arthur A. Riegel
1 Willow Lane
Hewlett Harbor, NY 11557

Re:    In the Matter of the New York City Department of Education – Region ████████
       ████ a Section 3020-a Education Law Proceeding (Our File #5,933)

Dear Mr. Riegel:

This will confirm your agreement to serve as Hearing Officer in the above matter at a per diem rate $1,400. By acceptance of this appointment you certify that you are aware of and specifically agree to conduct the hearing consistent with the requirements of Education law Section 3020-a and 8NYCRR Sub Part 82-1. Specifically:

- As the Hearing Officer, you must conduct a pre-hearing conference within 15 days of your agreement to serve, as stated in 82-1.6 "(e) **The hearing officer shall contact the parties and, within 10 to 15 days of receipt of notice from the commissioner confirming his or her acceptance of a selection to serve as hearing officer, hold a pre-hearing conference"**.

- The pre-hearing conference must be conducted within 15 days of your agreement to serve as the hearing officer in this matter.

- During the pre-hearing conference, you must determine the reasonable amount of time necessary for a final hearing on the charge(s), and must schedule the location, time(s) and date(s) of the final hearing. To the extent that the final hearing cannot be completed in one day, the law requires you to schedule consecutive hearing dates. The day(s) scheduled for the final hearing cannot be postponed except for good cause, as you shall determine. Postponements should be documented on the record and communicated to SED. In all cases the final hearing must be completed no later than 60 days after the date of the pre-hearing conference.

- In order to facilitate a timely decision, you should instruct the court reporter to provide expedited delivery of the final transcript of the hearing to all parties.

$$Exhibit\ 1$$

2

- Upon the conclusion of the final date of the hearing, you must notify SED that the hearing has concluded, as well as the due dates for all post-hearing briefs. The parties should be informed that reply briefs or other responsive pleadings beyond post hearing briefs may only be submitted upon written request to you for good cause shown with proof of notice to the other party. Approval of such additional pleadings shall not extend the statutory period in which you must render a final determination.

- The statute requires you to render a written decision within 30 days of the conclusion of the hearing.

In the event that you render more or less than five hours of service on a given calendar day, the per diem fee shall be prorated accordingly. **At this time, you should also forward your copy of the record, including transcripts, exhibits, motions, etc.**

Should you have any questions, please do not hesitate to call.

Very truly yours,

*Maryann Fairman*

Maryann Fairman, Supervisor

MF:chs
Enc:
CC:    Michael Best, General Counsel
            Elasa Hampton, Esq., of Counsel



**THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK**

Teacher Tenure Hearing Unit
Education Building Addition, Room 991
Albany, New York 12234
Telephone: (518) 473-2998
Tenure@mail.nysed.gov

May 20, 2008

Eleanor Blovich Glanstein, Esq.
305 Madison Avenue, Suite 2240
New York, NY 10165

Re:    In the Matter of the New York City Department of Education –
       ▇▇▇▇, a Section 3020-a Education Law Proceeding (Our File #▇▇▇▇▇▇

Dear Ms. Glanstein:

This will confirm your agreement to serve as Hearing Officer in the above matter at a per diem rate $1,600. By acceptance of this appointment you certify that you are aware of and specifically agree to conduct the hearing consistent with the requirements of Education law Section 3020-a and 8NYCRR Sub Part 82-1. Specifically:

- As the Hearing Officer, you must conduct a pre-hearing conference within 15 days of your agreement to serve, as stated in 82-1.6 "(e) **The hearing officer shall contact the parties and, within 10 to 15 days of receipt of notice from the commissioner confirming his or her acceptance of a selection to serve as hearing officer, hold a pre-hearing conference".**

- The pre-hearing conference must be conducted within 15 days of your agreement to serve as the hearing officer in this matter.

- During the pre-hearing conference, you must determine the reasonable amount of time necessary for a final hearing on the charge(s), and must schedule the location, time(s) and date(s) of the final hearing. To the extent that the final hearing cannot be completed in one day, the law requires you to schedule consecutive hearing dates. The day(s) scheduled for the final hearing cannot be postponed except for good cause, as you shall determine. Postponements should be documented on the record and communicated to SED. In all cases the final hearing must be completed no later than 60 days after the date of the pre-hearing conference.

- In order to facilitate a timely decision, you should instruct the court reporter to provide expedited delivery of the final transcript of the hearing to all parties.

2

- Upon the conclusion of the final date of the hearing, you must notify SED that the hearing has concluded, as well as the due dates for all post-hearing briefs. The parties should be informed that reply briefs or other responsive pleadings beyond post hearing briefs may only be submitted upon written request to you for good cause shown with proof of notice to the other party. Approval of such additional pleadings shall not extend the statutory period in which you must render a final determination.

- The statute requires you to render a written decision within 30 days of the conclusion of the hearing.

In the event that you render more or less than five hours of service on a given calendar day, the per diem fee shall be prorated accordingly. At this time, you should also forward your copy of the record, including transcripts, exhibits, motions, etc.

Should you have any questions, please do not hesitate to call.

Very truly yours,

*Deborah A. Marriott*

Deborah A. Marriott
Manager and Associate Attorney

MF:cbs
Enc:
CC:    Michael Best, General Counsel
          Nancy Ryan, Esq., of Counsel

| PLAINTIFF | | Arbitrator | Sent to Rubber Room --- Today(bold) or Decision | Charged --- Today (bold) or Pre-hearing | Assignment of Arbitrator --- Today (bold) or Pre-hearing | Pre-hearing --- Today (bold) or Final Hearing | Final hearing --- Today (bold) or Decision |
|---|---|---|---|---|---|---|---|
| | | | | | Maximum Days Allowed 15 | 60 | 30 |
| Adams | Twana | Andrea McKissick | | | | | |
| Bell | Ming | Randi Lowitt | 237 | 366 | 152 | | |
| Berkowitz | David | Paul Zonderman | 291 | 235 | | | |
| Berkowitz | David | Deborah Gaines | 376 | | | | |
| Benyne | Jonathan | Earl Pfeffer | 895 | 221 | 153 | 163 | 82 |
| Burks | Roslyn | NA | 306 | 129 | 74 | 238 | |
| Caminiti | Anthony | NA | 644 | 182 | | | |
| Castro | Jaime | Arthur Riegel | 738 | 348 | 322 | 327 | |
| | | NA | | | | | |
| Chavez | Gloria | Earl Pfeffer | 777 | 399 | 105 | 62 | 62 |
| Cohen | Judith | Bonnie Silber Weinstock | 735 | 677 | 653 | 58 | |
| Cruz | Josefina | Arthur Riegel | 285 | 180 | 82 | | |
| Cullen | James | Alan Berg | | 165 | | | |
| Daniels | Diane | Eleanor E. Glanstein | | 87 | 23 | 32 | |
| Ebewo | Michael | Martin Scheinman | 271 | 315 | | 60 | |
| Gans | Louisa | Jack Tillem | | 53 | | 385 | |
| Gisors | Roselyne | Eleanor E. Glanstein | 1027 | 286 | 1 | 776 | |
| Gonzalez | Diana | Martin Scheinman | 278 | 301 | 256 | | 42 |
| Hart | Joann | Jack Tillem | 615 | 82 | 272 | 92 | |
| Hayes | Lisa | Randi Lowitt | 266 | 185 | 117 | 60 | |
| Hollander | Michael | Mary Crangle | 396 | 495 | 91 | 216 | |
| Johnson | Eleanor | Arthur Riegel | 1021 | | | | |
| Johnson | Rina | Arthur Riegel | | 213 | 140 | | |
| Levine | Jane | Stuart Bauchner | 305 | 214 | 137 | 60 | |
| Martinez | Hazel | Earl Pfeffer | | | | | 82 |

Today's date is: 8/30/08

Exhibit 2

| PLAINTIFF | | Arbitrator | Sent to Rubber Room --- Today(bold) or Decision | Charged --- Today (bold) or Pre-hearing | Assignment of Arbitrator --- Today (bold) or Pre-hearing | Pre-hearing --- Today (bold) or Final Hearing | Final hearing --- Today (bold) or Decision |
|---|---|---|---|---|---|---|---|
| | | | | | Maximum Days Allowed 15 | 60 | 30 |
| McLoughlin | Michael | Arthur Riegel | 741 | 369 | | | |
| Nunge | Raymond | Randi Lowitt | 515 | 234 | 258 | 322 | 0 |
| Polito | Julianne | NA | | | 151 | | |
| Radite-Gabriel | Alena | Deborah Gaines | | 255 | | 42 | 69 |
| Robinson | Thomasina | Paul Zooderman | 1027 | 405 | 31 | | |
| Russo | Denise | Jack Tillem | 571 | 327 | 308 | 153 | 36 |
| Santucci | Paul | Joshua Javitz | 545 | 611 | | 140 | 31 |
| Saunders | Jennifer | Eric Lawson | 1024 | 180 | 284 | 641 | 62 |
| Sawyer | Jacqueline | Mary Crangle | | 163 | | 243 | 27 |
| Scheiner | Brandi | Jack Tillem | 390 | 370 | 306 | | |
| Scheiner | Alex | Eleanor E. Glanstein | 622 | 466 | 50 | | |
| Schreiber | Barbara | Eleanor E. Glanstein | | 119 | 78 | | |
| Segall | Linda | Mary Crangle | 153 | 118 | | 211 | 42 |
| Seiffert | Linda | Martin Scheinman | | 384 | | | |
| Seiffert | Daniel | Unknown | 280 | 67 | | | |
| Smith | Gilda | Douglas Banter | | 96 | | 160 | |
| Teel | | | | 116 | | | |
| Torres-Nogueras | Eustiquio | | | | 293 | | |
| Wade | Jacqueline | NA | 146 | | | | |
| Westbay | Michael | Stuart Bauchner | 669 | 382 | | 83 | |
| Zametis | George | Earl Pfeiffer | 773 | 55 | | 298 | |
| Zapata | Mauricio | Stuart Bauchner | 593 | 395 | | 61 | 107 |

Today's date is: 6/30/08

DUE PROCESS AND REVIEW PROCEDURES

### G. Education Law §3020-a Procedures

#### Rotational Panel

As discussed and agreed upon, all parties would be served better by the implementation of a permanent arbitration panel. The panel members must be agreeable to both sides, however, if the parties cannot agree to a full complement of 20 panel members, additional impartial arbitrators shall be selected by the parties in accordance with the American Arbitration Association (AAA) procedures (strike and rank method) from list(s) provided by the AAA until the desired number (20) is reached to establish such permanent panel.

Panel members shall serve for a maximum of a one-year term. At the expiration of such term, the parties must agree to have arbitrators continue to serve on the panel, and if not, replacement members will be elected by the method outlined above. Removal prior to the end of the one-year term must be for good and sufficient cause upon mutual agreement of the parties.

Any arbitrator who agrees to serve on the rotational panel must agree to the following terms:

a. Each arbitrator selected to serve on this rotational panel must agree to provide five (5) consecutive hearing dates per month for the months of September through June and two (2) hearing dates for the months of July and August. Consecutive days may be construed to mean five (5) dates within two (2) weeks unless otherwise agreed.

b. Arbitrators must provide three (3) dates, within ten (10) to fifteen (15) calendar days from the date the case was assigned to him or her, for a pre-hearing conference. One of the dates shall be at 9:00 a.m. Advocates must accept one (1) of the three (3) dates offered or it will be assumed that the date or dates offered at 9:00 a.m. is (or are) acceptable. Said dates must be in compliance with Education Law §3020-a (within 10 to 15 days from the date selected to serve).

c. At the pre-hearing conference, arbitrators must provide and parties must accept five (5) consecutive hearing dates within the statutory timeframe as delineated in Education Law §3020-a. Consecutive days may be construed to mean five (5) dates within two (2) weeks unless mutually agreed.

d. The parties are committed to having these cases heard in an expeditious manner. For this reason, absent extraordinary circumstances, arbitrators are not to adjourn hearing dates. It should be noted that normally attorney or party scheduling conflicts are not extraordinary circumstances.

e. In all cases, as delineated in Education Law §3020-a the final hearing shall be completed no later than 60 days from the pre-hearing conference and the written decision must be rendered within 30 days from the final hearing date.

f. There is a presumption that charges against the same employee will be consolidated unless the arbitrator finds that to do so would deny a fair hearing. Additionally, in routine matters, any motions must be made and responded to orally. Thereafter, a decision shall be rendered on the issue the same date the motion was made. Should the arbitrator find that written motion practice is necessary, either party reserves the right to respond orally but in no case shall motion practice take place outside the scope of the timelines as outlined in Education Law §3020-a.

Failure to abide by these rules shall be "good and sufficient" grounds for removal of an arbitrator.

## Exhibit 3

# EXHIBIT
# 2

CASREF, ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00548-VM-AJP

Teachers4Action et al v. Bloomberg et al
Assigned to: Judge Victor Marrero
Referred to: Magistrate Judge Andrew J. Peck
Cause: 42:1983 Civil Rights Act

Date Filed: 01/21/2008
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**Teachers4Action, Inc.**
*On behalf of its Members*

represented by **Edward Davis Fagan**
Edward D. Fagan, Esq.,
Regus Worldwide Office Centers
Five Penn Plaza
23rd Floor
New York, NY 10001
(646) 378-2225
Fax: (646) 417-5558
Email: faganlawintl@aim.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Florian Lewenstein**
*Its Treasurer and Spokesperson*

represented by **Edward Davis Fagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**John Doe**
*Teachers 1-50*
*TERMINATED: 04/15/2008*

represented by **Edward Davis Fagan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Jane Doe**

represented by **Edward Davis Fagan**

*Teachers 1-50*
*TERMINATED: 04/15/2008*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Twana Adams**                represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marie Addoo**               represented by **Edward Davis Fagan**
*TERMINATED: 06/02/2008*       (See above for address)
*TERMINATED: 06/11/2008*

**Plaintiff**

**Ming Bell**                  represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Berkowitz**            represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jonathan Berlyne**           represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James J. Cullen**            represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Diane Daniels**              represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Boubakar Fofana**            represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alena Radtke-Gabriel**                      represented by **Edward Davis Fagan**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Diana Gonzalez**                            represented by **Edward Davis Fagan**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert H. Grant**                           represented by **Edward Davis Fagan**
*TERMINATED: 05/27/2008*                      (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wendy Hazen**                               represented by **Edward Davis Fagan**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Hollander**              .          represented by **Edward Davis Fagan**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rafal Robert Kowal**                        represented by **Edward Davis Fagan**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael McLoughlin**                        represented by **Edward Davis Fagan**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Raymond Nunge**                             represented by **Edward Davis Fagan**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karen Ornstein**                            represented by **Edward Davis Fagan**
*TERMINATED: 06/02/2008*                      (See above for address)

*TERMINATED: 06/11/2008*

**Plaintiff**

**Beverly Zimler-Rosenfeld**
*TERMINATED: 06/02/2008*

represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sidney Rubinfeld**
*TERMINATED: 05/13/2008*

represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Denise Russo**

represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jennifer Saunders**

represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alex Schreiber**

represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Linda L. Seiffert**

represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Barbara Segall**

represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eustoquio Torres-Nogueras**

represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nahid Wakili**                          represented by **Edward Davis Fagan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Westbay**                       represented by **Edward Davis Fagan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mauricio Zapata**                       represented by **Edward Davis Fagan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Olga Batyreva**                         represented by **Edward Davis Fagan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jill Budnick**                          represented by **Edward Davis Fagan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roslyn Burks**                          represented by **Edward Davis Fagan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony Caminiti**                      represented by **Edward Davis Fagan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jaime Castro**                          represented by **Edward Davis Fagan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gloria Chavez**                         represented by **Edward Davis Fagan**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Judith Cohen**                 represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Josefina Cruz**                represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Ebewo**             represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Louisa Ganis**                represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roslyn Gisors**              represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joanne Hart**                represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lisa Hayes**                 represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Arnulfo Hinestroza**        represented by **Edward Davis Fagan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eleanor Johnson**          represented by **Edward Davis Fagan**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rina Johnson**                    represented by **Edward Davis Fagan**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jane Levine**                     represented by **Edward Davis Fagan**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hazel Martinez**                  represented by **Edward Davis Fagan**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julianne Polito**                 represented by **Edward Davis Fagan**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thomasina Robinson**              represented by **Edward Davis Fagan**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul Santucci**                   represented by **Edward Davis Fagan**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jacqueline Sawyer**               represented by **Edward Davis Fagan**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brandi Scheiner**                 represented by **Edward Davis Fagan**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alan Schlesinger**                    represented by **Edward Davis Fagan**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Smith**                        represented by **Edward Davis Fagan**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Helena Tarasow**                      represented by **Edward Davis Fagan**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gilda Teel**                          represented by **Edward Davis Fagan**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jacqueline Wade**                     represented by **Edward Davis Fagan**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nicholas Watson**                     represented by **Edward Davis Fagan**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Michael G. Bloomberg**                represented by **Blanche Jayne Greenfield**
                                                      New York City Law Department
                                                      100 Church Street
                                                      New York, NY 10007
                                                      212-788-0872
                                                      Fax: 212-788-8877
                                                      Email: bgreenfi@law.nyc.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Joel Klein**

represented by **Blanche Jayne Greenfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**New York City Department of Education**

represented by **Blanche Jayne Greenfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Superintendents**
*1-10*
*TERMINATED: 04/15/2008*

**Defendant**

**Principals**
*1-10*
*TERMINATED: 04/15/2008*

**Defendant**

**City of New York**

represented by **Blanche Jayne Greenfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Randi Weingarten**
*Individually and as President of*
*United Federation of DOE staff*

represented by **Charles Gerard Moerdler**
Stroock & Stroock & Lavan
L.L.P.
180 Maiden Lane
New York, NY 10038-4982
(212)-806-5648
Fax: (212)-806-6006
Email: cmoerdler@stroock.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Federation of DOE staff**
*TERMINATED: 06/02/2008*

**Defendant**

**Betsy Combier**
*individually and as
agent/representative of United
Federation of DOE staff*

represented by **Charles Gerard Moerdler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Federation of Teachers**

represented by **Charles Gerard Moerdler**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2008 | 1 | COMPLAINT against Michael G. Bloomberg, Joel Klein, New York City Department of Education, Superintendents, Principals. (Filing Fee $ 350.00, Receipt Number 638855)Document filed by Teachers4Action, Florian Lewenstein, John Doe, Jane Doe.(mbe) (Entered: 01/25/2008) |
| 01/21/2008 | | SUMMONS ISSUED as to Michael G. Bloomberg, Joel Klein, New York City Department of Education, Superintendents, Principals. (mbe) (Entered: 01/25/2008) |
| 01/21/2008 | | Magistrate Judge Andrew J. Peck is so designated. (mbe) (Entered: 01/25/2008) |
| 01/21/2008 | | Case Designated ECF. (mbe) (Entered: 01/25/2008) |
| 01/25/2008 | 2 | CERTIFICATE OF SERVICE of Summons and Complaint served on Michael Bloomberg, Joel Klein and NYC Dept of Education on January 22, 2008. Service was accepted by Authorized / Designated Representative for Acceptance of Service of Process at Office of Corporation Counsel, located at 100 Chuch Street, 4th Fl, NY, NY. Document filed by Florian Lewenstein. (Fagan, Edward) (Entered: 01/25/2008) |
| 01/25/2008 | 3 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Referred to Magistrate Judge Andrew J. Peck. (Signed by Judge Victor Marrero on 1/24/08) (js) (Entered: 01/25/2008) |
| 01/25/2008 | 4 | ENDORSED LETTER addressed to Judge Victor Marrero from Edward D. Fagan dated 1/23/08 re: In view of the foregoing, Plaintiffs pray that the Court schedule an expedited conference at |

| | | |
|---|---|---|
| | | its earliest convenience. ENDORSEMENT: The parties are directed to address the matter set forth above to the Magistrate Judge Andrew J. Peck to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement. So Ordered. (Signed by Judge Victor Marrero on 1/24/08) (js) (Entered: 01/25/2008) |
| 01/25/2008 | 5 | ORDER SCHEDULING CONFERENCE: A Conference set for 1/28/2008 at 10:30 AM in Courtroom 20D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Andrew J. Peck. (Signed by Magistrate Judge Andrew J. Peck on 1/25/2008) Copies faxed by chambers. (jar) (Entered: 01/28/2008) |
| 01/28/2008 | | Minute Entry for proceedings held before Magistrate Judge Andrew J. Peck: Discovery Conference held on 1/28/2008, ( Amended Pleadings due by 2/4/2008. Plaintiffs can serve preservation (but not production) subpoenas on UFT. Plaintiffs can serve doc. requests on DOE but should be narowly framed. Initial Conference set for 2/8/2008 at 10:00 AM before Magistrate Judge Andrew J. Peck.). (tro) (Entered: 01/31/2008) |
| 02/06/2008 | 6 | TRANSCRIPT of proceedings held on 1/28/08 before Magistrate Judge Andrew J. Peck. (jbe) (Entered: 02/06/2008) |
| 02/08/2008 | 7 | ORDER: IT IS HEREBY ORDERED THAT: discovery is stayed further Court order. (Signed by Magistrate Judge Andrew J. Peck on 2/8/08) Copies Faxed By Chambers. (tro) (Entered: 02/08/2008) |
| 02/08/2008 | | Minute Entry for proceedings held before Magistrate Judge Andrew J. Peck: Status Conference held on 2/8/2008. Amended complaint due 2/13/08. Discovery stayed until further order of Court. Plaintiff to contact if want relief or when all parties served. (ja) (Entered: 02/14/2008) |
| 02/14/2008 | 8 | ORDER: the Court extends the deadline to file the Amended Complaint to 2/22/08 at 5:00 p.m.(4 more than plaintiff requested). ( Amended Pleadings due by 2/22/2008.) (Signed by Magistrate Judge Andrew J. Peck on 2/14/08) Copies Faxed By Chambers. (tro) (Entered: 02/14/2008) |
| 02/25/2008 | 9 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT - ANSWER to Complaint with JURY DEMAND. Document filed by Teachers4Action.(Fagan, Edward) Modified on 3/3/2008 (db). (Entered: 02/25/2008) |
| | | |

| 03/03/2008 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Edward Davis Fagan to MANUALLY RE-FILE Document No. 9 Amended Complaint. This document is not filed via ECF. (db) (Entered: 03/03/2008) |
| --- | --- | --- |
| 03/04/2008 | 10 | ANSWER to Complaint. Document filed by Florian Lewenstein. (Fagan, Edward) (Entered: 03/04/2008) |
| 03/18/2008 | 11 | TRANSCRIPT of proceedings held on 2/8/2008 before Magistrate Judge Andrew J. Peck. (tve) (Entered: 03/18/2008) |
| 03/25/2008 | 12 | ENDORSED LETTER addressed to Judge Victor Marrero from Edward D. Fagan dated 3/25/08 re: Plaintiffs submit that a Rule 16 Conference at which Plaintiff's Request for Emergent Relief and Preliminary Injunction could be addressed by the Court in a way to prevent further irreparable harm to plaintiffs. In view of the foregoing, Plaintiffs request that the Court call such a conference at its earliest convenience. ENDORSEMENT: The parties are directed to address the matter set forth above to Magistrate Judge Andrew J. Peck to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement. So Ordered. (Signed by Judge Victor Marrero on 3/25/08) (js) (Entered: 03/25/2008) |
| 03/25/2008 | 13 | ENDORSED LETTER addressed to Judge Victor Marrero from Edward D. Fagan dated 3/25/08 re: Plaintiffs respectfully submit that a Rule 16 conference at which plaintiffs Request 16 Conference at which Plaintiffs' Request for Emergent Relief and Preliminary Injunction could be addressed by the Court in a way to prevent further irreparable harm to plaintiffs. ENDORSEMENT: 1. This letter appears to be an "end run" around me. That is not appropriate. 2. Several weeks after filing the Amended Complaint, it appears from this letter that plaintiffs still have not served the UFT, nor made any efforts to get amended summonses, etc. 3. Plaintiffs have to stop this "hurry up when we want approach" but then do nothing right. 4. Until all defendants are served, discovery remains stayed as previously ordered. 5. Moreover, rights as to the administrative hearings can be protected in State Court. The issue before this Court is the so-called rubber rooms. Moreover, plaintiffs previously complained re delays in having hearings. 6. All relief requested in this letter is DENIED. So Ordered. (Signed by Magistrate Judge Andrew J. Peck on 3/25/08) (js) (Entered: 03/25/2008) |
| | | |

| 04/10/2008 | 14 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Blanche Greenfield dated 4/10/08 re: counsel writes to advise the court of a course of action taken by plaintiffs' counsel in this matter that we believe to be improper and further, appears to violate this court's order which stayed all discovery. ENDORSEMENT: Counsel are to appear before me in Courtroom 20D tomorrow, 4/11/08, at 10AM to discuss this matter and to consider whether Mr. Fagan should be sanctioned. (Signed by Magistrate Judge Andrew J. Peck on 4/10/08) (djc) Modified on 4/14/2008 (djc). (Entered: 04/10/2008) |
|---|---|---|
| 04/11/2008 | 15 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 4/11/2008 re: Requesting that Your Honor "So Order" this letter so plaintiffs can have Amended Summonses issued against defendants. ENDORSEMENT: As noted on the Record at the April 11, 2008, Conference, Plaintiffs' Request is hereby granted. (Signed by Magistrate Judge Andrew J. Peck on 4/11/2008) (jpo) (Entered: 04/14/2008) |
| 04/11/2008 | | Minute Entry for proceedings held before Magistrate Judge Andrew J. Peck: Pretrial Conference held on 4/11/2008. Issues raised in Ms Greenfield's letter of 4/10/08 dealt with - subpeona to Ms. Europe stayed pending further order of this Court or the state court under whose caption it was issued. (rw) (Entered: 04/14/2008) |
| 04/15/2008 | 16 | AMENDED COMPLAINT amending 1 Complaint against City of New York, Randi Weingarten, United Federation of DOE staff, Betsy Combier, Michael G. Bloomberg, Joel Klein, New York City Department of Education.Document filed by Twana Adams, Marie Addoo, Ming Bell, David Berkowitz, Jonathan Berlyne, James J. Cullen, Diane Daniels, Boubakar Fofana, Alena Radtke-Gabriel, Diana Gonzalez, Robert H. Grant, Wendy Hazen, Michael Hollander, Rafal Robert Kowal, Michael McLoughlin, Raymond Nunge, Karen Ornstein, Beverly Zimler-Rosenfeld, Sidney Rubinfeld, Denise Russo, Jennifer Saunders, Alex Schreiber, Linda L. Seiffert, Barbara Segall, Eustoquio Torres-Nogueras, Nahid Wakili, Michael Westbay, Mauricio Zapata. Related document: 1 Complaint filed by Florian Lewenstein, John Doe, Teachers4Action, Jane Doe.(dle) (dle). (Entered: 04/16/2008) |
| 04/17/2008 | 17 | AFFIDAVIT OF SERVICE of Amended Summons and Amended Complaint served on United Federation of Teachers on April 16, 2008. Service was accepted by Dainelle Wellington, Exec. Asst to Adam Ross Esq.. Document filed by Teachers4Action. (Fagan, Edward) (Entered: 04/17/2008) |

| 04/17/2008 | 18 | ACKNOWLEDGMENT OF SERVICE. United Federation of Teachers served on 4/16/2008, answer due 5/6/2008. Service was accepted by Dainelle Wellington, Exec. Asst to Adam Ross Esq.. Document filed by United Federation of Teachers. (Fagan, Edward) (Entered: 04/17/2008) |
| --- | --- | --- |
| 04/17/2008 | 19 | ACKNOWLEDGMENT OF SERVICE. Randi Weingarten served on 4/16/2008, answer due 5/6/2008. Service was accepted by Dainelle Wellington, Exec. Asst to Adam Ross Esq.. Document filed by Teachers4Action. (Fagan, Edward) (Entered: 04/17/2008) |
| 04/17/2008 | 20 | ACKNOWLEDGMENT OF SERVICE. Betsy Combier served on 4/16/2008, answer due 5/6/2008. Service was accepted by Dainelle Wellington, Exec. Asst to Adam Ross Esq.. Document filed by Teachers4Action. (Fagan, Edward) (Entered: 04/17/2008) |
| 04/17/2008 | 21 | AFFIDAVIT OF SERVICE of Summons and Complaint, Amended Complaint,,,. Michael G. Bloomberg served on 1/22/2008, answer due 2/11/2008. Service was accepted by Blanche Greenfield Esq - Corp Counsel. Document filed by Teachers4Action. (Fagan, Edward) (Entered: 04/17/2008) |
| 04/17/2008 | 22 | AFFIDAVIT OF SERVICE of Summons and Complaint, Amended Complaint,,,. City of New York served on 4/16/2008, answer due 5/6/2008. Service was accepted by Blanche Greenfield Esq - Corp Counsel. Document filed by Teachers4Action. (Fagan, Edward) (Entered: 04/17/2008) |
| 04/17/2008 | 23 | AFFIDAVIT OF SERVICE of Summons and Complaint, Amended Complaint,,,. New York City Department of Education served on 1/22/2008, answer due 2/11/2008. Service was accepted by Blanche Greenfield Esq - Corp Counsel. Document filed by Teachers4Action. (Fagan, Edward) (Entered: 04/17/2008) |
| 04/17/2008 | 24 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint,,,. Joel Klein served on 1/22/2008, answer due 2/11/2008. Service was accepted by Blanche Greenfield Esq - Corp Counsel. Document filed by Teachers4Action. (Fagan, Edward) (Entered: 04/17/2008) |
| 04/18/2008 | 25 | ENDORSED LETTER addressed to Judge Victor Marrero from Denise Goebel dated 4/14/08 re: Request to withdraw from the lawsuit. ENDORSEMENT: The Court treats this as a Rule 41(a) voluntary dismissal as to this one plaintiff only, and the Court grants the application. Ms. Goebel's claim is dismissed without prejudice and without costs. The action remains as to the other |

|  |  | numerous plaintiffs. (Signed by Magistrate Judge Andrew J. Peck on 4/18/08) Copies sent by chambers.(cd). (Entered: 04/18/2008) |
|---|---|---|
| 04/18/2008 | 26 | ENDORSED LETTER addressed to Victor Marrero from Edward D. Fagan dated 4/18/08 re: Plaintiff respectfully request that the court schedule call such a conference at its earliest convenience. ENDORSEMENT: the "judge shopping must stop - this is the second time, and better be the last or sanctions will be imposed. I gave you permission to brief the privilege issue. The sooner you do so, the sooner it will be resolved - by ME. (Signed by Magistrate Judge Andrew J. Peck on 4/18/08) (pl) (Entered: 04/18/2008) |
| 04/18/2008 | 27 | ENDORSED LETTER addressed to Judge Victor Marrero from Edward D. Fagan dated 4/18/08 re: Plaintiffs request that the Court schedule call for a conference at its earliest convenience. ENDORSEMENT: The parties are directed to address the matter set forth in said letter to Magistrate Judge Andrew J. Peck to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement. SO ORDERED. (Signed by Judge Victor Marrero on 4/18/08) (db) (Entered: 04/18/2008) |
| 04/19/2008 | 28 | FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT - NOTICE of Request for Conference Related to Injunctive / Emergent and Other Relief, and Relief Sought in proposed Order to Show Cause submitted April 18, 2008. Document filed by Florian Lewenstein. (Attachments: # 1 Text of Proposed Order Order to Show Cause with Accompanying Lewenstein Declaration)(Fagan, Edward) Modified on 4/21/2008 (kco). (Entered: 04/19/2008) |
| 04/21/2008 |  | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 28 HAS BEEN REJECTED. Note to Attorney Edward D. Fagan : THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING, either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (kco) (Entered: 04/21/2008) |
| 04/21/2008 | 29 | NOTICE of Declaration of Bias, pursuant to 28 USC 144, by Florian Lewenstein, accompanied by Certificate of Good Faith by Edward D. Fagan. Document filed by Florian Lewenstein. (Fagan, Edward) (Entered: 04/21/2008) |
| 04/22/2008 | 30 | OPINION AND ORDER # 96001: Accordingly, plaintiff's request that I recuse myself is DENIED. So Ordered. (Signed by Magistrate |

|            |    | Judge Andrew J. Peck on 4/22/08) (js) (Entered: 04/22/2008) |
|------------|----|-------------------------------------------------------------|
| 04/23/2008 | 31 | MEMO ENDORSED ON NOTICE OF FILING OF CERTIFICATE OF COUNSEL RELATED TO LEWENSTEIN DECLARATION OF BIAS PURSUANT TO 28 U.S.C. 144; ENDORSEMENT: request granted. A hearing by the Court is scheduled for 4/28/08 at 9:30 a.m. to address the matter described above by plaintiff's counsel. So Ordered. (Signed by Judge Victor Marrero on 4/22/08) (js) (Entered: 04/23/2008) |
| 04/23/2008 |    | Set Deadlines/Hearings: Status Conference set for 4/28/2008 at 09:30 AM before Judge Victor Marrero. (js) (Entered: 04/23/2008) |
| 04/25/2008 | 32 | ORDER RESCHEDULING HEARING: The hearing scheduled for 4/28/08 at 9:30 a.m. is rescheduled to 4/29/08 at 10:00 a.m. in courtroom 20B. Principal trial counsel must appear at this hearing. (Status Conference set for 4/29/2008 at 10:00 AM in courtroom 20B before Judge Victor Marrero.) (Signed by Judge Victor Marrero on 4/25/08) (db) Modified on 5/6/2008 (db). Modified on 5/6/2008 (db). (Entered: 04/25/2008) |
| 04/29/2008 | 33 | DECLARATION of Charles G. Moerdler re: 29 Notice (Other)., DECLARATION of Charles G. Moerdler in Opposition. Document filed by Randi Weingarten, United Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C1, # 4 Exhibit C2, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P)(Moerdler, Charles) (Entered: 04/29/2008) |
| 04/29/2008 |    | Minute Entry for proceedings held before Judge Victor Marrero: Status Conference held on 4/29/2008. Plaintiff's motion pursuant to 28 USC 144 directing recusal of magistrate Judge Peck is DENIED. (jw) (Entered: 05/02/2008) |
| 04/30/2008 | 34 | TRANSCRIPT of proceedings held on 4/11/08 before Magistrate Judge Andrew J. Peck. (ama) (Entered: 04/30/2008) |
| 04/30/2008 | 35 | ORDER: For the reasons stated above, it is hereby ordered that the application of plaintiff Florian Lewenstein (Docket No. 29) for an order pursuant 28 U.S.C. 144 requiring recusal of a Magistrate Judge from his designation of his action is DENIED (Signed by Judge Victor Marrero on 4/30/08) (js) (Entered: 04/30/2008) |
| 05/01/2008 | 36 | NOTICE of of Errata of Pages 2 & 5 of Feb. 22, 2008 Amended Complaint re: 10 Answer to Complaint, 9 Answer to Complaint, 16 |

| | | |
|---|---|---|
| | | Amended Complaint,,,. Document filed by Florian Lewenstein. (Fagan, Edward) (Entered: 05/01/2008) |
| 05/01/2008 | | Minute Entry for proceedings held before Magistrate Judge Andrew J. Peck: Status/disc. Conference held on 5/1/2008. 2nd Am. Compl. due 6/2, def. motion to dismiss due 6/30. Discovery stayed until further order of court. (jw) (Entered: 05/06/2008) |
| 05/02/2008 | 37 | ORDER: It is hereby ordered that Plaintiffs are granted leave to file a proposed Second Complaint by June 2, 2008. Defendants' motions to dismiss shall be filed by June 30, 2008, as set forth herein. Except for the one hour deposition of Ms. Europe, discovery is stayed until decision of the motions to dismiss or further order of the Court. (Signed by Magistrate Judge Andrew J. Peck on 5/2/2008) Copies Mailed By Chambers.(jpo) (Entered: 05/02/2008) |
| 05/05/2008 | 38 | ENDORSED LETTER addressed to Judge Victor Marrero from Edward D. Fagan dated 4/28/2008 re: Requesting that the relief sought, in the Order to Show Cause, should be granted. ENDORSEMENT: It is the Court's contemplation to consider at the 4/29/2008 hearing only plaintiffs motion seeking the recusal of Magistrate Judge Andrew J. Peck. (Signed by Judge Victor Marrero on 4/28/2008) (jpo) (Entered: 05/05/2008) |
| 05/07/2008 | 39 | TRANSCRIPT of proceedings held on 4/29/08 before Judge Victor Marrero. (ama) (Entered: 05/07/2008) |
| 05/08/2008 | 40 | ORDER, The court denies plaintiffs' request to expand the Europe deposition to cover the other issues. The court has not yet received plaintiffs' request for permission to serve limited [discovery] demands, but will rule on that once received upon defendants' response to same. (Signed by Magistrate Judge Andrew J. Peck on 5/8/08) (mme) (Entered: 05/09/2008) |
| 05/13/2008 | 41 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Sidney G. Rubinfeld dated 5/12/08 re: Counsel writes to the court providing official notice to have his name withdrawn as well as to the following; Teachers4 Action, Mr. Martin Scheinman, esq. Arbitrator, Ms. Blanche Greenstein, esq. and Ms. Theresa Europe, Deputy Chief Counsel for the Department of Education. Counsel has reached a settlement per the hearing with the Department of Education. ENDORSEMENT: The claims of plaintiff Sidney Rubinfeld are dismissed. (Signed by Magistrate Judge Andrew J. Peck on 5/13/08) (mme) (Entered: 05/13/2008) |
| 05/14/2008 | 42 | MOTION for Discovery *as per Court's May 2 and 9, 2008 Orders.* |

|  |  | Document filed by Florian Lewenstein. (Attachments: # 1 Exhibit Proposed Doc Req to NYC Defendants, # 2 Exhibit Proposed Rogs to NYC Defendants, # 3 Exhibit Proposed Doc Req to UFT Defendants, # 4 Exhibit Proposed Rogs to UFT Defendants, # 5 Exhibit Fagan Letter Memo)(Fagan, Edward) (Entered: 05/14/2008) |
|---|---|---|
| 05/15/2008 | 43 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 5/15/2008 re: Defendants write to request, and plaintiffs will also agree to, a brief extension of time within which to respond to plaintiffs' May 13, 2008 Motion for limited Discovery. ENDORSEMENT: Approved. (Signed by Magistrate Judge Andrew J. Peck on 5/15/08) (mme) (Entered: 05/15/2008) |
| 05/19/2008 | 44 | TRANSCRIPT of proceedings held on 5/01/2008 before Magistrate Judge Andrew J. Peck. (ama) (Entered: 05/19/2008) |
| 05/19/2008 | 45 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Blanche Greenfield dated 5/19/2008 re: Counsel requests a brief enlargement of time, until May 30, 2008, for the defendants to file their opposition to Plaintiffs' motion for permission to serve "limited" discovery requests as filed with the court on May 14, 2008, by e-mail dated May 15, 2008 plaintiffs' counsel consented to this request. ENDORSEMENT: Extension on consent is approved. Further extensions for defendants are unlikely. Plaintiffs' reply due by 6/9. (Signed by Magistrate Judge Andrew J. Peck on 5/19/2008) Copies Faxed By Chambers (mme) (Entered: 05/19/2008) |
| 05/19/2008 |  | Set Deadlines/Hearing as to 42 MOTION for Discovery *as per Court's May 2 and 9, 2008 Orders.* : Responses due by 5/30/2008 Replies due by 6/9/2008. (Signed by Magistrate Judge Andrew J. Peck on 5/19/2008) (mme) (Entered: 05/19/2008) |
| 05/27/2008 | 46 | ORDER: The attached request of plaintiff's Robert C. Grant and Sidney G. Rubinfeld to withdraw as plaintiff's are Granted. Mr. Fagan is to instruct his clients, however, that the Court will not accept more such letters-Mr. Fagan represents the plaintiff's and if any plaintiff in the future wishes to withdraw, they must inform Mr. Fagan and he must file the necessary papers with the Court. Mr. Fagan is to notify the two plaintiffs and all his clients of the Order. (Signed by Magistrate Judge Andrew J. Peck on 5/27/2008) Copies Mailed By Chambers.(jfe) (Entered: 05/27/2008) |
| 05/29/2008 | 47 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien,* |

|            |    | *Severing Claims Pursuant to FRCP 42 and Other Relief.* Document filed by Teachers4Action. (Attachments: # 1 Affidavit Joint Declaration of Teachers4Action Exec Committee, # 2 Affidavit of Edward Fagan in Support of Motion)(Fagan, Edward) Modified on 5/30/2008 (jar). (Entered: 05/29/2008) |
| 05/29/2008 | 48 | FILING ERROR - WRONG DOCUMENT TYPE SELECTED FROM MENU - BRIEF re: 47 MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief.* (Plaintiffs Memorandum of Law in Support of Motion Doc # 47). Document filed by Teachers4Action.(Fagan, Edward) Modified on 5/30/2008 (jar). (Entered: 05/29/2008) |
| 05/30/2008 |    | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Edward Fagan to RE-FILE Document 47 MOTION for Edward D. Fagan to Withdraw as Attorney for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief. ERROR(S): Each Supporting document must be filed individually. Event code for Declaration in Support found under Replies, Oppositions, Supporting Documents. NOTE: Each Declaration in Support must be filed individually. (jar) (Entered: 05/30/2008) |
| 05/30/2008 |    | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Edward Fagan to RE-FILE Document 48 Brief. Use the document type Memorandum of Law in Support found under the document list Replis, Oppositions, Supporting Documents. (jar) (Entered: 05/30/2008) |
| 05/30/2008 | 49 | DECLARATION of Charles G. Moerdler in Opposition re: 42 MOTION for Discovery *as per Court's May 2 and 9, 2008 Orders..* Document filed by Randi Weingarten, Betsy Combier, United Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Moerdler, Charles) (Entered: 05/30/2008) |
| 05/30/2008 | 50 | MEMORANDUM OF LAW in Opposition re: 42 MOTION for Discovery *as per Court's May 2 and 9, 2008 Orders..* Document filed by Randi Weingarten, Betsy Combier, United Federation of Teachers. (Moerdler, Charles) (Entered: 05/30/2008) |
| 05/30/2008 | 51 | MEMORANDUM OF LAW in Opposition re: 42 MOTION for Discovery *as per Court's May 2 and 9, 2008 Orders..* Document filed by City of New York, Michael G. Bloomberg, Joel Klein, New York City Department of Education. (Greenfield, Blanche) |

|            |    | (Entered: 05/30/2008)                                            |
|------------|----|-----------------------------------------------------------------|
| 05/30/2008 | 52 | DECLARATION of Blanche Greenfield in Opposition re: 42 MOTION for Discovery *as per Court's May 2 and 9, 2008 Orders..* Document filed by City of New York, Michael G. Bloomberg, Joel Klein, New York City Department of Education. (Attachments: # 1 Exhibit A and B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G-I, # 7 Exhibit J-K)(Greenfield, Blanche) (Entered: 05/30/2008) |
| 05/31/2008 | 53 | MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief.* Document filed by Teachers4Action.(Fagan, Edward) (Entered: 05/31/2008) |
| 05/31/2008 | 54 | AFFIDAVIT of Executive Committee of Teachers4Action, Florian Lewenstein, Jonathan Berlyn, Michael Hollander, Michael McLoughlin, Linda Siefert and Mauricio Zapata in Support re: 53 MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief.*, 47 MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief..* Document filed by Teachers4Action. (Fagan, Edward) (Entered: 05/31/2008) |
| 05/31/2008 | 55 | AFFIRMATION of Edward D, Fagan in Support re: 53 MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief.*, 47 MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief..* Document filed by Teachers4Action. (Fagan, Edward) (Entered: 05/31/2008) |
| 05/31/2008 | 56 | MEMORANDUM OF LAW in Support re: 53 MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief.*, 47 MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief..* Document filed by Teachers4Action. (Fagan, Edward) (Entered: 05/31/2008) |
| 06/02/2008 | 57 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 5/30/2008 re: Requesting a status conference. ENDORSEMENT: Defendants are to respond to the issue of plaintiff's inspection of the Temporary Reassignment |

| | | |
|---|---|---|
| | | Center by 6/5, and plaintiff's reply by 6/6. The Court will hold a status conference on this issue - and on Mr. Fagan's request to withdraw from representing certain named plaintiffs - on 6/10 at 2:30 p.m. Mr. Fagan is to notify the 2 clients, who must attend, and file an affidavit of service as to them. The Court denies the request re Europe discovery with leave to re-request it upon submission of the depo transcript. (Signed by Magistrate Judge Andrew J. Peck on 6/2/2008) Copies Mailed By Chambers.(jpo) Modified on 6/2/2008 (jpo). (Entered: 06/02/2008) |
| 06/02/2008 | 58 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Blanche Greenfield dated 6/2/08 re: Counsel for City defendants request an adjournment of the schedule status conference until 6/11/08 before 2:00 p.m. ENDORSEMENT: Conference rescheduled at parties' request to 6/11/08 at 10:30 a.m. in Courtroom 20D. SO ORDERED. (Status Conference set for 6/11/2008 at 10:30 AM in Courtroom 20D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Andrew J. Peck.) (Signed by Magistrate Judge Andrew J. Peck on 6/2/08) Copies Faxed by Chambers.(db) (Entered: 06/02/2008) |
| 06/02/2008 | 59 | SECOND AMENDED COMPLAINT amending 16 Amended Complaint,,, against City of New York, Randi Weingarten, Betsy Combier, United Federation of Teachers, Michael G. Bloomberg, Joel Klein, New York City Department of Education.Document filed by Olga Batyreva, Jill Budnick, Roslyn Burks, Anthony Caminiti, Jaime Castro, Gloria Chavez, Judith Cohen, Josefina Cruz, Michael Ebewo, Louisa Ganis, Roslyn Gisors, Joanne Hart, Lisa Hayes, Arnulfo Hinestroza, Eleanor Johnson, Rina Johnson, Jane Levine, Hazel Martinez, Julianne Polito, Thomasina Robinson, Paul Santucci, Jacqueline Sawyer, Brandi Scheiner, Alan Schlesinger, Daniel Smith, Helena Tarasow, Gilda Teel, Jacqueline Wade, Nicholas Watson, Jennifer Saunders, Alex Schreiber, Linda L. Seiffert, Barbara Segall, Eustoquio Torres-Nogueras, Nahid Wakili, Michael Westbay, Mauricio Zapata, Teachers4Action, Inc., Florian Lewenstein, Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, James J. Cullen, Diane Daniels, Boubakar Fofana, Alena Radtke-Gabriel, Diana Gonzalez, Wendy Hazen, Michael Hollander, Rafal Robert Kowal, Michael McLoughlin, Raymond Nunge, Denise Russo. Related document: 16 Amended Complaint,,, filed by Alena Radtke-Gabriel, Boubakar Fofana, Alex Schreiber, Linda L. Seiffert, David Berkowitz, Michael Westbay, Wendy Hazen, Jennifer Saunders, Mauricio Zapata, Diane Daniels, Diana Gonzalez, Eustoquio Torres-Nogueras, James J. Cullen, |

| | | |
|---|---|---|
| | | Twana Adams, Nahid Wakili, Marie Addoo, Denise Russo, Rafal Robert Kowal, Michael McLoughlin, Jonathan Berlyne, Sidney Rubinfeld, Michael Hollander, Raymond Nunge, Ming Bell, Karen Ornstein, Barbara Segall, Beverly Zimler-Rosenfeld, Robert H. Grant.(dle) (Entered: 06/06/2008) |
| 06/02/2008 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Edward Davis Fagan for noncompliance with Section (3) of the S.D.N.Y. 3rd Amended Instructions For Filing An Electronic Case or Appeal and Section 1(d) of the S.D.N.Y. Procedures For Electronic Case Filing. E-MAIL the PDF for Document 59 Amended Complaint, to: case_openings@nysd.uscourts.gov. (dle) (Entered: 06/18/2008) |
| 06/10/2008 | 60 | REPLY MEMORANDUM OF LAW in Support re: 42 MOTION for Discovery *as per Court's May 2 and 9, 2008 Orders*.. Document filed by Teachers4Action, Inc.. (Fagan, Edward) (Entered: 06/10/2008) |
| 06/10/2008 | 61 | DECLARATION of Edward D. Fagan in Support re: 53 MOTION for Edward D. Fagan to Withdraw as Attorney *for Charging Lien, Severing Claims Pursuant to FRCP 42 and Other Relief*.. Document filed by Teachers4Action, Inc.. (Fagan, Edward) (Entered: 06/10/2008) |
| 06/11/2008 | 62 | DECLARATION of Leroy Barr *In Response To Plaintiffs' June 9, 2008 letter characterizing the events of June 4, 2008.* Document filed by Randi Weingarten, Betsy Combier, United Federation of Teachers. (Moerdler, Charles) (Entered: 06/11/2008) |
| 06/11/2008 | 63 | ORDER denying 42 Motion for Discovery; granting 53 Motion to Withdraw as Attorney for plaintiff's Marie Addoo and Karen Orenstein, and the claims of those two plaintiffs are dismissed without prejudice. Attorney Edward Davis Fagan terminated. Defendants' Motion to Dismiss due by 7/7/08.(Signed by Magistrate Judge Andrew J. Peck on 6/11/08) (db) Modified on 6/30/2008 (db). (Entered: 06/11/2008) |
| 06/11/2008 | | Set/Reset Deadlines: Motions due by 7/7/2008. (db) (Entered: 06/11/2008) |
| 06/11/2008 | | MEMORANDUM TO THE DOCKET CLERK: Discovery conf. held 6/11/08. Defendants' motions to dismiss due 7/7. Defendants' motion for "limited" discovery is Denied. Plaintiffs' counsel's motion to withdraw from representing plaintiffs Marie Addoo and Karen Ohrenstein is Granted and their claims dismissed without |

|            |    | prejudice. No charging lien. Counsel can file new motion re those 2 plaintiffs' allocable share of expenses. Plaintiff can hire legit. Videographer and video the "Rubber Rooms" at 3 specific locations - see transcript for further aspects of order. (djc) Modified on 6/18/2008 (djc). (Entered: 06/18/2008) |
|------------|----|---|
| 06/12/2008 | 64 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 6/12/2008 re: Requesting that the Your Honor "So Order" this letter so that the docket accurately reflects Your Honor's ruling on the record at yesterday's conference and hearing. ENDORSEMENT: [Insert to line 5 of paragraph 2:... conditions in no more than 3 Temporary Reassignment Centers...] Subject to the full rulings on the transcript, this is approved as an additional summary. (Signed by Magistrate Judge Andrew J. Peck on 6/12/2008) Copies Mailed By Chambers.(jpo) (Entered: 06/12/2008) |
| 06/16/2008 | 65 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 6/16/08 re: Plaintiffs urge the Court to convene the parties for a Status Conference at the Courts earliest convenience. ENDORSEMENT: Request DENIED. The facts are different and all Judge Rakoff did was deny Dep't of Ed's summary judgment motions. (Signed by Magistrate Judge Andrew J. Peck on 6/16/08). Copy to: Judge Victor Marrero.(pl) (Entered: 06/16/2008) |
| 06/18/2008 | 66 | TRANSCRIPT of proceedings held on 6/11/08 before Magistrate Judge Andrew J. Peck. (ama) (Entered: 06/18/2008) |
| 06/19/2008 | 67 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 6/19/2008 re: Plaintiffs request that the Court consider "So Ordering" the production of these limited request or convene the parties for a telephonic or in-person conference so the NYC and Union Defendants can explain their reasons for seeking to withhold these limited documents. ENDORSEMENT: Doc. request DENIED except for the DOE to produce the one document that plaintiff alleges DOE in-house counsel Europe offered to produce at a hearing. (Signed by Magistrate Judge Andrew J. Peck on 6/19/2008) Copies Mailed By Chambers.(jpo) (Entered: 06/19/2008) |
| 06/20/2008 | 68 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Blanche Greenfield dated 6/18/08 re: City Defendants request that Your Honor Honor Modify the Court's June 11, 2008 order to limit the plaintiffs' inspection to the TRC located at 4111 |

|            |    | Broadway. I, note, that as of this writing, plaintiffs' counsel has not yet notified this office that he has retained a qualified videographer or otherwise attempted to schedule the inspections. ENDORSEMENT: Based on the representations in the attached Shear affidavit, plaintiff's videotaped inspection is limited to the 4111 Broadway TRC and is conditioned on plaintiff promptly providing defense counsel and the Court with the Court with the CV of their videography expert. So Ordered. (Signed by Magistrate Judge Andrew J. Peck on 6/20/08) (js) (Entered: 06/20/2008) |
|------------|----|---|
| 06/23/2008 | 69 | ENDORSED LETTER addressed to Judge Victor Marrero from Karen Ornstein dated 6/18/2008 re: Karen Ornstein writes to seek assistance from the court to order Mr. Fagan to cease and desist from further harassment and that she be released from the federal lawsuit. ENDORSEMENT: The Court has already dismissed you from this lawsuit (without prejudice). Mr. Fagan was supposed to notify you of this. (Signed by Magistrate Judge Andrew J. Peck on 6/23/2008) Copies Sent By Chambers.(tve) Modified on 7/21/2008 (tve). (Entered: 06/23/2008) |
| 06/23/2008 | 70 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Blanche Greenfield dated 6/23/2008 re: Counsel writes on behalf of City Defendants who respectfully request that the request by plaintiffs for enlargement of time to inspect the TRC located at 4111 Broadway be denied and that the inspection take place no later than Thursday afternoon 6/26/2008. ENDORSEMENT: The parties need to work these sort of details out - since the room is to be vacant of teachers, I can't get very excited as to whether it is Thursday or Friday. But defendants' counsel are entitled to advance notice, which plaintiff has not properly given yet. Nor has plaintiff provided the Court with the CV of the hired videographer - website listings for 2 videographers who "may" be hired is not sufficient. (Signed by Magistrate Judge Andrew J. Peck on 6/23/2008) Copies Sent By Chambers.(tve) (Entered: 06/23/2008) |
| 06/26/2008 | 71 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 6/26/2008 re: Requesting that the Court "So Order" this letter directing defendant New York City Department of Education to provide the hard copies of the documents embodied in Your Honor's June 19th Order. ENDORSEMENT: The pettiness shown by both plaintiffs' counsel and DOE counsel in this letter and the attached e-mails is why the legal profession is held in such low regard. Work this out. If |

| | | another application is made on this issue, one or both counsel are likely to be sanctioned. This is not kindergarten and counsel are to cooperate - and not take up the Court's time with whining over trivia. (Signed by Magistrate Judge Andrew J. Peck on 6/26/2008) Copies Mailed By Chambers.(jpo) (Entered: 06/26/2008) |
|---|---|---|
| 07/02/2008 | 72 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Alan Klinger dated 7/1/08 re: Request for an enlargement of the page limitations to 50 pages. ENDORSEMENT: Oversize brief up to 50 pages will be permitted but (a) make it as short as possible and (b) coordinate with the Dep't of Education's motion if possible. Judge Marrero has informed me that he will be referring the motion to me for a Report and Recommendation. I previously asked the parties whether they wished to agree on a "limited" 636(c) consent for just the motions to dismiss. Since you all were unable to coordinate a joint response, each party is to separately inform the Court of their position by 7/7/08. (Signed by Magistrate Judge Andrew J. Peck on 7/2/08) Copies sent by chambers.(cd) (Entered: 07/02/2008) |
| 07/02/2008 | 73 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement) and Dispositive Motion (i.e. motion requiring a Report and Recommendation). Referred to Magistrate Judge Andrew J. Peck. (Signed by Judge Victor Marrero on 7/2/08) (cd) (Entered: 07/02/2008) |
| 07/07/2008 | 74 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 7/7/2008 re: Counsel writes to request that the Court convene a Rule 16 Conference. ENDORSEMENT: 1. Plaintiffs have already filed a 2d Amended Complaint and defendants' motions to dismiss are due today. It would be unfair to defendants to have to scrap their motions and redraft after a 3d Amended Complaint is filed. Moreover, under Rule 8, evidence need not be pleaded. 2. Plaintiffs would appear to lack standing - certainly in federal court - to move to enforce the Agreement. 3. As to settlement, the Cout is all for it. Plaintiffs' counsel should make a proposal to defendants and defendants should respond. If the parties then believe a settlement conf. would be useful, it can be scheduled for mid to late July. (Signed by Judge Victor Marrero on 7/7/2008) Copies Sent By Chambers.(tve) (Entered: 07/07/2008) |

| 07/07/2008 | 75 | ENDORSED LETTER addressed to Magistrate Andrew J. Peck from Blanche Greenfield dated 7/7/2008 re: Counsel writes to inform the Court that City Defendants consent to having Magistrate Judge Andrew J. Peck hear the motions to dismiss. City defendants also respectfully request permission to file a memorandum of law in support of their motion to dismiss that is no more than thirty pages. ENDORSEMENT: 35 page brief approved. The Court has yet to hear from plaintiffs' counsel re 636(c) for the motions - Mr. Fagan is to respond ASAP. (Signed by Magistrate Judge Andrew J. Peck on 7/7/2008) (tve) (Entered: 07/07/2008) |
|---|---|---|
| 07/07/2008 | 76 | FIRST MOTION to Dismiss *Notice of Motion*. Document filed by City of New York, Michael G. Bloomberg, Joel Klein, New York City Department of Education. Responses due by 7/21/2008 (Greenfield, Blanche) (Entered: 07/07/2008) |
| 07/07/2008 | 77 | DECLARATION of Blanche Greenfield in Support re: 76 FIRST MOTION to Dismiss *Notice of Motion..* Document filed by City of New York, Michael G. Bloomberg, Joel Klein, New York City Department of Education. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibits B and C, # 3 Exhibit Exhibit D, # 4 Exhibit Exhibit E, # 5 Exhibit Exhibit F, # 6 Exhibit Exhibit F continued, # 7 Exhibit Exhibits G and H)(Greenfield, Blanche) (Entered: 07/07/2008) |
| 07/07/2008 | 78 | MEMORANDUM OF LAW in Support re: 76 FIRST MOTION to Dismiss *Notice of Motion..* Document filed by City of New York, Michael G. Bloomberg, Joel Klein, New York City Department of Education. (Greenfield, Blanche) (Entered: 07/07/2008) |
| 07/07/2008 | 79 | MOTION to Dismiss *Second Amended Complaint*. Document filed by Randi Weingarten, Betsy Combier, United Federation of Teachers.(Moerdler, Charles) (Entered: 07/07/2008) |
| 07/07/2008 | 80 | DECLARATION of Alan M.Klinger in Support re: 79 MOTION to Dismiss *Second Amended Complaint..* Document filed by Randi Weingarten, Betsy Combier, United Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Moerdler, Charles) (Entered: 07/07/2008) |
| 07/07/2008 | 81 | MEMORANDUM OF LAW in Support re: 79 MOTION to Dismiss *Second Amended Complaint..* Document filed by Randi Weingarten, Betsy Combier, United Federation of Teachers. (Moerdler, Charles) (Entered: 07/07/2008) |
| 07/07/2008 | 82 | CERTIFICATE OF SERVICE. Document filed by Randi |

| | | Weingarten, Betsy Combier, United Federation of Teachers. (Moerdler, Charles) (Entered: 07/07/2008) |
|---|---|---|
| 07/16/2008 | 83 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 7/8/2008 re: Requesting that this letter be considered as the pre-motion conference letter. ENDORSEMENT: Dispositive motions (other than the motion to dismiss ) are before Judge Marrero so any pre-motion clearance request for a "motion to enforce" should be addressed to Judge Marrero. (Signed by Magistrate Judge Andrew J. Peck on 7/16/2008) Copies Mailed By Chambers.(jpo) (Entered: 07/16/2008) |
| 07/17/2008 | 84 | ENDORSED LETTER addressed to Judge Victor Marrero from Edward D. Fagan dated 7/17/08 re: Request for a Pre-Motion Conference. ENDORSEMENT: No new pre-motion conference should be necessary. The parties are already briefing defendant's motion to dismiss. The issues and relief plaintiffs set forth above may be addressed in a responding cross-motion. The parties should propose a briefing schedule for such cross-motion. SO ORDERED. (Signed by Judge Victor Marrero on 7/16/08) (db) (Entered: 07/17/2008) |
| 07/23/2008 | 85 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Edward D. Fagan dated 7/23/08 Plaintiff requests that they be given until August 25 to respond to the motions. ENDORSEMENT: Extension request was to be made before the time expired, not after. Plaintiffs opposition papers are due 8/6 more than 4 weeks is more than enough, and since it is a motion to dismiss, not for SJ, I see no reason why affidavits would be appropriate. Defendants reply papers will be due 8/20. As to the cross-motion to enforce, do what you want, but I will not address it until after I address the motion to dismiss. Set Deadlines/Hearing as to 76 FIRST MOTION to Dismiss *Notice of Motion.* :( Responses due by 8/6/2008, Replies due by 8/20/2008.) (Signed by Magistrate Judge Andrew J. Peck on 7/23/08) (mme) (Entered: 07/23/2008) |
| 08/02/2008 | 86 | MOTION to Seal, to be Relieved as Counsel and other Relief. Document filed by Jonathan Berlyne.(Fagan, Edward) (Entered: 08/02/2008) |
| 08/02/2008 | 87 | DECLARATION of Edward D. Fagan in Support re: 86 MOTION to Seal, to be Relieved as Counsel and other Relief.. Document filed by Jonathan Berlyne. (Fagan, Edward) (Entered: 08/02/2008) |
| | | |

| 08/02/2008 | 88 | MEMORANDUM OF LAW in Support re: 86 MOTION to Seal, to be Relieved as Counsel and other Relief.. Document filed by Jonathan Berlyne. (Fagan, Edward) (Entered: 08/02/2008) |
|---|---|---|
| 08/04/2008 | 89 | ORDER the Court will hold a hearing to discuss plaintiffs' counsel's motion to be relieved as counsel for plaintiff Florian Lewenstein, and for other relief (dkt. no. 86) on 8/13/08 at 10 am. Counsel are to appear as is Mr. Lewenstein personally (or by new separate counsel). If Mr. Lewenstein fails to appear, the motion will be granted and mr. Lewenstein's own claim will be stayed or dismissed without prejudice....The Court rejects the proposed extension to the briefing schedule. Plaintiffs' opposition papers are due 8/11/08 (and can assume that plaintiffs' counsel will not represent Mr. Lewenstein) and defendants' reply papers are due 8/25/08. Set Deadlines/Hearing as to 86 MOTION to Seal, to be Relieved as Counsel and other Relief. ( Response due by 8/11/2008. Reply due by 8/25/2008. Motion Hearing set for 8/13/2008 at 10:00 AM before Magistrate Judge Andrew J. Peck.) (Signed by Magistrate Judge Andrew J. Peck on 8/4/08) Copies sent by chambers.(cd) (Entered: 08/05/2008) |
| 08/11/2008 | 90 | ENDORSED LETTER addressed to Judge Victor Marrero from Edward D. Fagan dated 8/8/08 re: Counsel for Plaintiffs requests that the Court deny Mr. Lewenstein's request for a 30-day adjournment and move forward with the 8/13/08 hearing at 10am. ENDORSEMENT: conf. adjourned from 8/13 to 8/21 at 9AM. Mr. Lewenstein is to appear. (Signed by Magistrate Judge Andrew J. Peck on 8/11/08) Copies Faxed By Chambers. (tro) (Entered: 08/11/2008) |
| 08/11/2008 | | Set/Reset Deadlines as to 86 MOTION to Seal, to be Relieved as Counsel and other Relief. Motion Hearing set for 8/21/2008 at 09:00 AM before Magistrate Judge Andrew J. Peck. (tro) (Entered: 08/11/2008) |
| 08/12/2008 | 91 | RESPONSE to Motion re: 79 MOTION to Dismiss *Second Amended Complaint.*, 76 FIRST MOTION to Dismiss *Notice of Motion. to Deny Defendants Motions to Dismiss and In Support of Plaintiffs Cross Notice of Motion for Misc Relief.* Document filed by Twana Adams. (Attachments: # 1 Exhibit Plaintiffs' Constitutional Law & Victims Rights Expert Adj. Prof. Bruce Afran Memo & Resume, # 2 Exhibit Affidavit of UFT Lawyer Carol Gerstl Confirming Denial of 3 Person Arbitration Panel (due process violation), # 3 Exhibit July 2008 Agmt between UFT and DOE - Confirming Due Process Problems and Hostile Work |

| | | |
|---|---|---|
| | | Environment)(Fagan, Edward) (Entered: 08/12/2008) |
| 08/12/2008 | 92 | MEMORANDUM OF LAW in Opposition re: 79 MOTION to Dismiss *Second Amended Complaint.*, 76 FIRST MOTION to Dismiss *Notice of Motion.*. Document filed by Twana Adams. (Fagan, Edward) (Entered: 08/12/2008) |
| 08/13/2008 | 93 | ORDER For the reasons set forth in this order the court will bend over backwards for plaintiffs, this court gives plaintiffs until August 22, 2008 to do what should have been done ages ago - - provide copies of the EEOC right to sue letters for each plaintiff. (Presumably, if counsel has not violated Fed. R. Civ. P. 11, he already has these in his file.) For each plaintiff who did not receive a right to sue letter, the court strongly suggests plaintiffs counsel agree to voluntarily dismiss their Title VII claims (if counsel fails to do so, the court will seriously consider sanctions under Rule 11 or 28 U.S.C. 1927). (Signed by Magistrate Judge Andrew J. Peck on 8/13/08) Copies Mailed By Chambers.(mme) (Entered: 08/13/2008) |
| 08/13/2008 | 94 | ENDORSED LETTER addressed to Magistrate Judge Andrew J. Peck from Blanche Greenfield dated 8/13/08 re: Counsel requests that they be given until September 5, 2008 to file supplemental reply papers limited to addressing plaintiffs August 22, 2008 submissions. ENDORSEMENT: Approved., Set Deadlines/Hearing as to 79 MOTION to Dismiss *Second Amended Complaint.* : ( Replies due by 9/5/2008.) (Signed by Magistrate Judge Andrew J. Peck on 8/13/08) (mme) (Entered: 08/13/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/15/2008 13:19:19 | | | |
| **PACER Login:** | ny0010 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-00548-VM-AJP |
| **Billable Pages:** | 16 | **Cost:** | 1.28 |

# EXHIBIT
# 3

SUPREME COURT OF STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------- X
Teachers4Action, on behalf of                :    Index #
   All its members;                          :    08105845
                                                        :
                       **Petitioners**    :
         V.                                     :
                                                        :
Deborah M. Gaines;                           :
Douglas Bantle;                              :    **VERIFIED PETITION**
Stuart Bachner;                              :    **PURSUANT TO ARTICLE 78**
Melissa Biren;                               :
James A. Cashen;                             :
James Darby;                                 :
Eleanor Glanstein;                           :
Joshua Javitz;                               :
Randi Lowitt;                                :
Andree McKissick;                            :
Earl Pfeffer;                                :
Arthur Riegel;                               :
Martin Scheinman;                            :
Jay Siegel;                                  :
Jack Tillem;                                 :
Bonnie Weinstock; and                        :
Paul Zonderman.                              :
                    **Respondents** :
------------------------------------------------------------- X



Petitioner Teachers4 Action individually and on behalf of its members, hereby declares

and says as follows:

## Introduction

1.  Petitioner Teachers4Action is a group of New York City Public School Teachers. This

    Petition is brought by Teachers4Action individually and on behalf of its members (as set

    forth on Exhibit 1).

2.  Respondents are a panel of arbitrators who, pursuant to NYS Education Law 3020, sit in

1

judgment of Petitioners.

## **Relevant Facts**

3. The Petition is brought pursuant to CPLR 7803 (1), (2), (3) and (4).

4. The relief is necessary to prevent the manifest injustice that is being committed against Petitioner Teachers4Action and its members by forcing them into 3020-a hearings, without counsel and with Respondent Arbitrators who have violated and continue to violate NYS Education Law and the Collective Bargaining Agreement rules that govern the 3020-a hearings.

5. Respondent Arbitrators are biased and prejudiced.

6. Respondent Arbitrators should not have accepted employment pursuant to NYS Education Law and the Collective Bargaining Agreement.

7. Respondent Arbitrators failed to disclose and/or concealed from Petitioners the conflicts of interest, bias and prejudice.

8. Respondent Arbitrators are attempting to continue their employment, conduct hearings, render verdicts and make decisions in 3020-a hearings that are being conducted by Respondent Arbitrators in violation of the terms and provisions of the 3020-a law and the Collective Bargaining Agreement.

9. After Petitioners discovered Respondent Arbitrators bias, Respondent Arbitrators refused to follow the provisions of NYS law and the Collective Bargaining Agreement, convened hearings, made determinations and issued rulings in violation of the lawful procedures, and which were arbitrary and capricious.

10. After Petitioners discovered the bias, prejudice and improper actions, they notified

2

Respondent Arbitrators and demanded that they disqualify themselves and not conduct
any further 3020-a hearings.

11. Respondent Arbitrators have refused, performed duties and/or actions in violation of NYS
law for which CPLR 7803 (1) applies.

12. Respondent Arbitrators have proceeded, are proceeding or about to proceed in violation
of NYS law and the terms of the Collective Bargaining Agreement, for which CPLR 7803
(2) applies.

13. Respondent Arbitrators have made determinations in violations of NYS law and the terms
of the Collective Bargaining Agreement, and/or which are arbitrary and capricious, for
which CPLR 7803 (3) applies.

14. Respondent Arbitrators have made determinations at hearings, based on evidence taken,
which evidence was taken in violation or in which hearings evidence was unlawfully
suppressed, in violation of NYS law and the terms of the Collective Bargaining
Agreement, and/or which are arbitrary and capricious, for which CPLR 7803 (4) applies.

### Relief Sought

15. The relief sought is to enjoin the arbitrators from continuing to sit in violation of the law
and Collective Bargaining Agreement procedures, and who are otherwise biased,
prejudiced and should not have accepted employment and should have recused
themselves when Petitioners discovered the facts and promptly moved for
disqualification.

### Arbitrators Bias & Violation of Arbitration Rules

16. Plaintiffs have discovered that the Arbitrators have violated and ignored the rules

3

governing the 3020-a hearings and do so because they are biased against Petitioners

17. Perhaps the most egregious example of Bias that demonstrates that the relief sought is meritorious and warranted is the fact that the lead named Respondent Deborah M. Gaines is affiliated with and/or an employee of Petitioners employer. *See Exhibit 2*.

18. Other examples of the need to enjoin Respondent Arbitrators:

   a. Respondent Gaines works in the Mayor's Office of Labor Relations and is a permanent member of the Panel that is sitting in judgment of matters related to Petitioners. Respondents communicate with one another and Respondent Gaines' presence, decisions and advice influences the entire Respondent Panel and prejudices Petitioners rights;

   b. On April 15, 2008, Arbitrator Javitz at a hearing of Petitioner's member Paul Santucci confirmed that he was taking directions from the New York State Education Department about whether or not he should stay the 3020-a hearings until the issue of NYSUT withdrawal and providing alternate counsel was resolved;

   c. After they were put on notice of the Petitioners request that the Arbitrators recuse themselves, each Arbitrator violated the rules governing the arbitrations by ruling themselves and refusing to call for a ruling by, and according to, AAA rules;

   d. Arbitrators have refused to disclose their financial conflicts that raise questions as to their ability to impartially hear the issues in the arbitration, again in violation of AAA rules;

   e. Arbitrators are intentionally concealing evidence and preventing the record from

4

containing the substantial evidence1 presented by Petitioners - *See Exhibit 3 – excerpt from McLoughlin transcript showing that Respondent Arbitrator directed certain matters be excluded from the record;*

   f.   Arbitrators are improperly taking directions from third parties who are improperly influencing the 3020-a hearings – *See Exhibit 4 – Misc Letters directing Arbitrator actions.*

19. Respondent Arbitrators are not moving the 3020-a hearings based upon principles of due process in a forum where Petitioners can challenge the arbitrator, present defenses and evidence, be represented by counsel and have a fair and impartial adjudication.

20. Respondent Arbitrators are acting in violation of NYS law and the Collective Bargaining Agreement related to the 3020-a hearings, are motivated by their own personal pocket books and have concealed their failure to follow the rules for arbitration and their bias and prejudice.

21. Respondent Arbitrators knowingly violate NYS law and the provisions of the Collective Bargaining Agreement related to the conduct, evidence and determinations at or in the 3020-a hearings.

22. Respondent Arbitrators fail to abide by the NYS law and the Collective Bargaining Agreement governing rules related to the 3020-a arbitration.

---

1 In the case of Petitioner Roselyn Gisors, Respondent Arbitrator Eleanor Glanstein also excluded evidence from the Record; in the case of Petitioner Jennifer Saunders, Arbitrator Eric Lawson interfered with and prevented Petitioner from introducing relevant exculpatory evidence that was admitted; in the cases of Petitioners Sydney Rubinfeld, Paul Santuccci, Gloria Chavez, Michael Westbay, Lisa Hayes, Mauricio Zapata, Respondent Arbitrators Scheinman, Lowitt, Javits, Pfeffer and Bauchner failed to submit the recusal motions to the AAA, pursuant to the NYS law and the Collective Bargaining Agreement.

5

23. Respondent Arbitrators failed to disclose and concealed their actual and potential conflicts.

24. Respondent Arbitrators fail to follow the rules related to disqualification, based on bias and prejudice or appearance of impropriety, including their financial relationship and dependence upon Petitioners employer or other parties in interest.

25. Respondent Arbitrators are attempting to force Petitioners into 3020-a hearings that are being conducted in violation of NYS law and the Collective Bargaining Agreements.

26. Respondent Arbitrators have made or are in the process of making arbitrary and capricious determinations and/or rulings, excluded evidence, altered or precluded evidence from being placed in the record, all of which is in violation of Petitioners' due process rights, affect Petitioners' property rights and for which monetary damages are insufficient.

## **Respondent Arbitrators Violated AAA Rules**

27. The Rules of the American Arbitration Association with regard to the qualifications of the arbitrators provides, in pertinent part, the following:

*Section 11. Qualifications of Arbitrator - Any neutral arbitrator appointed pursuant to Section 12, 13, or 14 or selected by mutual choice of the parties or their appointees, shall be subject to disqualification for the reasons specified in Section 17 . . .*

*Section 17. Disclosure and Challenge Procedure - No person shall serve as a neutral arbitrator in any arbitration under these rules in which that person has any financial or personal interest in the result of the arbitration. Any prospective or designated neutral arbitrator shall immediately*

6

*disclose any circumstance likely to affect impartiality, including any bias or*

*financial or personal interest in the result of the arbitration.* Upon receipt of

*this information from the arbitrator or another source, the AAA shall*

*communicate the information to the parties and, if it deems it appropriate to do*

*so, to the arbitrator. Upon objection of a party to the continued service of a*

*neutral arbitrator, the AAA, after consultation with the parties and*

*the arbitrator, shall determine whether the arbitrator should be disqualified*

*and shall inform the parties of its decision, which shall be conclusive.*

28. The Arbitrators failed to make the necessary disclosures.

29. When Petitioners discovered the issues, they promptly challenged the Arbitrators.
   However, the Arbitrators failed to follow Sections 11 and 17 of the AAA Rules
   governing the 3020-a hearings.

30. N.Y.C.P.L.R. § 7504 provides in pertinent part that *"If the arbitration agreement does*
   *not provide for a method of appointment of an arbitrator, or if the agreed method fails or*
   *for any reason is not followed, or if an arbitrator fails to act and his successor has not*
   *been appointed, the court, on application of a party, shall appoint an arbitrator".*

**NYS Supreme Court Has Authority to Disqualify Arbitrator**

*31.* It has long been recognized that the NY Courts have authority to disqualify an arbitrator.
   *See Exhibit 10 – In Re Nat'l Union Fire Insurance of Pittsburgh PA 120192 (7-22-2004)*
   *2004 NY Slip Op 51024(U) (Court concludes has inherent power to disqualify an*
   *arbitrator before an award has been rendered where there is a real possibility that*
   *injustice will result . . . . citing Matter of Astoria Med. Group (Health Ins. Plan), 11*
   *N.Y.2d 128, 132 (1962); and Matter of Grendi (LNL Constr. Mgmt. Corp.), 175 A.D.2d*

7

*775, 776 (1st Dept. 1991).*

32. Even an arbitrator's unintentional act may constitute misconduct sufficient to vacate an award. *See In re Albert (Hesney), N. Y.L.J., Sept. 7, 1993, p. 25, col. 5 (Sup.Ct., Rockland Co.) (the court held that the arbitrator's innocent but erroneous statement that he was experienced in computer law was "misconduct" since the "fundamental fairness of the proceeding seemingly was affected by having a person preside over a matter with little or no experience in the field"). To the same effect are Bernstein v. Mitgang, 242 A.D.2d 328, 661 N.Y.S.2d 253 (2d Dep't 1997) (one form of misconduct is the refusal to hear pertinent and material evidence); and Scott v. Bridge Chrysler Plymouth, 214 A.D.2d 675, 625 N.Y.S.2d 266 (2d Dep't 1995) (arbitrator's failure to dispose of the controversy submitted renders award not final and thus subject to vacatur; failure to consider all issues of fact and law that a court would have to consider in order to properly dispose of the same controversy is not judicially reviewable).*

33. An arbitrator exceeds his or her power when the arbitrator makes a completely irrational decision, not when he or she misapplies law or misconstrues facts. *See Local 375 v. N.Y.C. Health & Hosps. Corp., 257 A.D.2d 530, 685 N.Y.S.2d 29 (1st Dep't 1999); Motor Vehicle Accident Indemnification Corp. v. Travelers Ins. Co., 246 A.D.2d 420, 667 N.Y.S.2d 741 (1st Dep't 1998)*

34. An Arbitrators insistence on continuing hearings can also be improper and a basis for vacatur and removal. *See Bevona v. Superior Maint. Co., 204 A.D.2d 136, 611 N.Y.S.2d 193 (1st Dep't 1994) (refusal to grant adjournment was misconduct where such refusal foreclosed presentation of important evidence).*

8

35. An arbitrator's undisclosed ongoing financial relationship and/or dependence upon one party is grounds for vacatur and disqualification. *See Fein v. Fein, 160 Misc. 2d 760, 610 N.Y.S.2d 1002 (Sup.Ct., Nassau Co. 1994) (award vacated where arbitrator had ongoing financial relationship with one party, and such fact was not disclosed prior to arbitration).*

36. Disqualification of the Arbitrator should be made at the earliest opportunity and as soon as the challenging party discovers the bias or prejudice and the arbitration should be heard or proceed before new and unbiased arbitrator. *See Santana v. Country-wide Ins. 177 Misc. 1 (1998).*

37. Arbitrator disqualified for failure to disclose nature of relationship with party. See *In Re Application of Seligman v Allstate Insurance Co. 195 Misc. 2d 553 (2003).*

38. Petitioners pray that the Arbitrators be recused and/or enjoined from continuing with 3020-a hearings for their (i) failure to abide by the governing rules of arbitration, (i) failure to disclose their potential conflicts, (iii) failure to follow the rules related to disqualification, based on bias and prejudice or appearance of impropriety, including their financial relationship and dependence upon Respondents, (iv) failure to properly address the issues of NYSUT improper withdrawal, (v) taking directions from Respondents and/or interested parties, (vi) forcing Petitioners and additional Petitioners into 3020-a hearings without counsel, (vii) refusal to stay the 3020-a hearings until these issues can be resolved and (viii) improper issuance of awards and/or decisions influenced by their bias, prejudice, lack of impartiality and misconduct in the 3020-a hearings.

9

## Evidentiary Hearing Necessary

39. The questions being raised in this Petitioner are those which are permitted pursuant to

    N.Y.C.P.L.R § 7803 et seq including:

    a. Did Respondents fail to perform a duty enjoined upon them by law ? - Answer:

       Yes !

    b. Are Respondents proceeding or attempting to proceed without or in excess of

       jurisdiction? Answer – Yes !

    c. Are or have Respondents made a determinations in violation of lawful procedure,

       or that are affected by an error of law or which are arbitrary and capricious or an

       abuse of discretion? Answer – Yes !

    d. Have Respondents made determinations, as a result of hearings held, and at which

       evidence was taken, pursuant to direction by law is, on the entire record,

       supported by substantial evidence? Answer – Yes they made determinations but

       no the determinations are not supported by the record or substantial evidence!

### Petitioners Property and Others Rights Are At Risk and Must be Protected

40. The failure to protect property interests (such as teachers salaries and teaching licenses)

    and due process right and the use of the arbitrary and capricious standards of review are

    administrative actions reviewable under CPLR 7803. As relates to Article 78 proceedings

    related to arbitrations, contested issues of fact warrant evidentiary hearings prior to any

    determination on the merits.  *See Cohoes Firefighter v. Cohoes, 258 A.D.2d 24, 28 [3d*

    *Dept 1999] 692 N.Y.S.2d 750, aff'd 94 N.Y. 2d 686 (2000) .*

### Conclusion

10

41. In view of the foregoing, Petitioners pray the Court enjoin Respondent Arbitrators from

continuing to sit in violation of NYS law and the Collective Bargaining Agreement

and/or from attempting to sit in judgment of any arbitration hearings involving

Petitioners.

Dated: April 24, 2008

Florian Lewenstein, President
Teachers4Action for its members

**State of New York**
**County of New York**
The Aforementioned Petition and Statements
Are Sworn to and Subscribed before me
On this 24th day of April 2008

Notary Seal

MARGARET A. SCHWARTZ
Notary Public, State of New York
Reg. No. 04SC6152068
Qualified in New York County
Commission Expires Aug. 23, 20 10

11

Supreme Court Records OnLine Library - page 11 of 11

# EXHIBIT
# 4

SUPREME COURT OF THE STATE OF NEW YORK - NEW YORK COUNTY

PRESENT:    **KIBBIE F. PAYNE**                              PART  4
                    *Justice*

TEACHERS4ACTION                          INDEX NO.          105845/08

                                         MOTION DATE        07-23-08

                - v -                     MOTION SEQ. NO.      002

NEW YORK STATE DEPARTMENT OF EDUCATION et al.     MOTION CAL. NO.

The following papers, numbered 1 to ___3__ were read on this motion for        Article 78

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | 1 |
| Answering Affidavits — Exhibits | 2, 3 |
| Replying Affidavits | |

## Cross-Motion:   ☒ Yes   ☐ No

        Upon the foregoing papers, the motion is decided in accordance with the annexed
Judgement/Decision.

UNFILED JUDGMENT

This judgment has not been entered by the County Clerk
and notice of entry cannot be served based hereon. To
obtain entry, counsel or authorized representative must
appear in person at the Judgment Clerk's Desk (Room
141B).

Dated:    **August 6, 2008**                              _____
                                                                    *J.S.C.*

Check one:    ☒ **FINAL DISPOSITION**   |_| **NON-FINAL DISPOSITION**
        Check if appropriate:  |_| **DO NOT POST**    |_| **REFERENCE**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: PART 4**
-- ---------- -------------------- --------- --X
TEACHERS4ACTION, on behalf of its Members,

Petitioner,

-against-

Index No. 105845/08

DEBORAH M. GAINES, DOUGLAS BANTLE, STUART
BAUCHNER, MELISSA BIREN, JAMES CASHEN,        **Judgment/Decision**
JAMES DARBY, ELEANOR GLANDSTEIN, JOSHUA
JAVITS, RANDI LOWITT, ANDREE MCKISSICK,
EARL PFEFFER, ARTHUR RIEGEL, MARTIN
SCHEINMAN, JAY SIEGEL, JACK TILLEM,
BONNIE E. WEINSTOCK and PAUL ZONDERMAN,
CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF ENVIRONMENTAL

Respondents,

NEW YORK CITY BOARD OF EDUCATION,

Intervenor Respondent.
--------------------------------------------X

KIBBIE F. PAYNE, J.:

    In this Article 78 proceeding, petitioner Teachers4Action

("TA")-a group of New York City Public School teachers-seeks

various relief, including a judgment declaring respondents

disqualified to serve as arbitrators related to TA's members due

to, inter alia, bias, prejudice, conflicts of interest, and

concealment of evidence.  TA also seeks to void prior decisions

or settlements of its members where any of the respondents

presided over those matters.  While this proceeding was

originally sought to be commenced by order to show cause with

temporary injunction, the court declined to sign such order.

    With the court's permission, the New York City Board of

Education (the "BOE") was granted leave to intervene in the instant proceeding. The BOE now cross-moves to dismiss the petition, asserting that the proceeding has been improperly commenced under Article 78. Additionally, respondents have moved, in a separate motion, to dismiss the petition for the same reason. Both of these motions are consolidated herein for unitary disposition. Petitioner has failed to oppose either the separate motion or the cross-motion.

Initially, the court finds that the instant petition has been improperly commenced pursuant to Article 78. (*Snyder-Plax v. American Arbitration Ass'n*, 196 AD2d 872, 875 [2d Dep't 1993] [Article 78 proceeding is "improper vehicle to seek judicial intervention regarding an arbitration award"]). Petitioner does not seek to overturn the final determination of a public agency, but rather seeks to bar certain arbitrators from presiding over hearings held pursuant to the teachers' collective bargaining agreement. Further, Section 3020-a of the Education Law provides that in order to appeal a disciplinary hearing:

> the employee . . . may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer *pursuant to section seven thousand five hundred eleven of the civil practice law and rules. The court's review shall be limited to the grounds set forth in such section*
>
> (emphasis supplied).

2

Even were the court to consider this petition as if it were properly commenced under Article 75, which it does not, petitioner's claims still must fail. While in certain situations "the courts have inherent power to disqualify an arbitrator before an award has been rendered" (*Matter of Astoria Medical Group v. Health Ins. Plan*, 11 NY2d 128, 132 [1962]), the instant action is not an appropriate case for such relief. Indeed, that "extraordinary relief should only be employed where there exists a real possibility that injustice will result" (*Bronx-Lebanon Hosp. Ctr. v. Signature Med. Mgmt. Group, L.L.C.*, 6 AD3d 261 [1st Dep't 2004]) (internal quotations omitted). Petitioner's papers fail to demonstrate a real possibility that any injustice will result, an element necessary to disqualify respondents from presiding over arbitrations brought pursuant to Education Law § 3020-a. Here, petitioner have not established, with facts, a "clearly apparent" bias on the part of the arbitrators (*see Bronx-Lebanon Hosp. Ctr.*, 6 A.D.3d at 261 [bias is not demonstrated by unproved and disputed assertions]). Accordingly, it is

ORDERED and ADJUDGED that the cross-motion and motion to dismiss the petition are granted; and it is further

3

ADJUDGED that the petition is denied and the proceeding is dismissed.

The foregoing shall constitute the decision and order of this court.

Dated: August 6, 2008

ENTER:

_____
KIBBIE F. PAYNE
J.S.C.

UNFILED JUDGMENT

This judgment has not been entered by the County Clerk and notice of entry cannot be served based hereon. To obtain entry, counsel or authorized representative must appear in person at the Judgment Clerk's Desk (Room 141B).

4