UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TWANA ADAMS, et al.,                          :
                                              :
                              Plaintiffs,  :        08 Civ. 5996
                                              :        (GEL) (AJP)
            -against-                         :
                                              :
NEW YORK STATE EDUCATION           :
DEPARTMENT, et al.,                         :
                                              :
                              Defendants.  :
------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## STATE DEFENDANTS MOTION TO DISMISS


ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for State Defendants
120 Broadway
New York, New York 10271
Tel.: (212) 416-8357


KAREN DAHLBERG
Assistant Attorney General
  Of Counsel


Dated: New York, New York
       August 15, 2008

# Table of Contents

**Pages**

Table of Authorities ............................................................. i

Preliminary Statement .......................................................... 1

STATEMENT OF FACTS ....................................................... 3

ARGUMENT .................................................................... 5

I.      THE COMPLAINT CONTAINS ONLY CONCLUSORY
        ALLEGATIONS AND SHOULD BE DISMISSED FOR
        FAILURE TO MEET THE PLEADING REQUIREMENTS
        OF FED. R. CIV. P. 8(a)(2) ........................................... 5

II.     THE COMPLAINT FAILS TO ALLEGE THAT
        PLAINTIFFS HAVE STANDING TO BRING THIS
        ACTION ........................................................... 5

III.    PLAINTIFFS' CLAIMS FOR DAMAGES AGAINST
        THE STATE DEFENDANTS ARE BARRED BY THE
        ELEVENTH AMENDMENT ........................................... 5

IV.     TO THE EXTENT THAT PLAINTIFFS' CLAIMS WERE
        RESOLVED IN PRIOR STATE COURT PROCEEDINGS,
        THEY ARE COLLATERALLY ESTOPPED FROM
        RE-LITIGATING SUCH CLAIMS IN THIS ACTION ................... 8

V.      THE COURT SHOULD ABSTAIN FROM CONSIDERATION
        OF PLAINTIFFS' DUE PROCESS CLAIMS UNDER THE
        YOUNGER ABSTENTION DOCTRINE ............................... 9

VI.     PLAINTIFFS FAIL TO STATE A CLAIM FOR DEPRIVATION
        OF A CONSTITUTIONALLY PROTECTED PROPERTY
        INTEREST WITHOUT DUE PROCESS OF LAW ..................... 11

CONCLUSION .................................................................. 14

-i-

## Table of Authorities

**Pages**

### Cases

*A.A. v. Board of Educ.,*
196 F. Supp. 2d 259 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Alliance of American Insurers v. Cuomo,*
854 F.2d 591 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Anderson v. Creighton,*
483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,*
398 U.S. 281 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Beechwood Restorative Care Ctr. v. Leeds,*
436 F.3d 147 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Board of Educ. of the Pawling Cent. Sch. Dist. v. Schutz,*
137 F. Supp. 2d 83 (N.D.N.Y. 2001), *vacated on other grounds,*
290 F.3d 476 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Board of Regents of State Colleges v. Roth,*
408 U.S. 564 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Boguslavsky v. Kaplan,*
159 F.3d 715 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Buechel v. Bain,*
97 N.Y.2d 295 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cafeteria Workers v. McElroy,*
367 U.S. 886 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cajuste v. Lechworth Dev. Disabilities Serv.,*
03 Civ. 0161 (RCC), 2005 U.S. Dist. LEXIS 82 (S.D.N.Y. Jan 5, 2005) . . . . . . . . . . . . 8

*Carey v. Piphus,*
435 U.S. 247 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## Table of Authorities

**Pages**

*Central Hudson Gas & Elec. v. Empresa Naviera Santa S.A.,*
    56 F.3d 359 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Edelman v. Jordan,*
    415 U.S. 651 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*D.C. Court of Appeals v. Feldman,*
    460 U.S. 462 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gudema v. Nassau County,*
    163 F.3d 717 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Harris v. New York State Dep't of Health,*
    202 F. Supp. 2d 143 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Huffman v. Pursue,*
    420 U.S. 592 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Interoceanica Corp. v. Sound Pilots,*
    107 F.3d 86 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jacobs v. Mostow,*
    No 06-4829-cv, 2008 U.S App. LEXIS 6506 (2d Cir. Mar. 27, 2008) . . . . . . . . . . . . . . 12

*Jaghory v. New York State Dep't of Educ.,*
    95 CV 3478 (FB), 1996 U.S. Dist. LEXIS 18460 (E.D.N.Y. Dec. 5, 1996),
    *aff'd,* 131 F.3d 326 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kirschner v. Klemons,*
    225 F.3d 227 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lipp v. Board of Educ.,*
    470 F.2d 802 (7th Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Locurto v. Giuliani,*
    264 F.3d 154 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## **Table of Authorities**

**Pages**

*Ludd v. Rockville Centre Union Free Sch. Dist.*,
    No. 89 CV 2413 (RR), 1990 U.S. Dist. LEXIS 13594 (E.D.N.Y. Mar. 9, 1990) . . . . . . 13

*McKenna v. Wright*,
    386 F.3d 432 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*,
    457 U.S. 423 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Morrisey v. Brewer*,
    408 U.S. 471 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*O'Connor v. Pierson*,
    426 F.3d 187 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Ramberran v. Dellcona*,
    07-CV-304, 2008 U.S. Dist. LEXIS 25476 (E.D.N.Y. Mar. 31, 2008) . . . . . . . . . . . . . 12

*Rooker v. Fidelity Trust Co.*,
    263 U.S. 413 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Ryan v. New York Tel. Co.*,
    62 N.Y.2d 494 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Saucier v. Katz,*
    533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sassower v. Mangano,*
    927 F. Supp. 113 (S.D.N.Y. 1996), *aff'd*, 122 F.3d 1057 (2d Cir. 1997),
    *cert. denied*, 525 U.S. 872 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Spargo v. N.Y. State Comm'n on Judicial Conduct*,
    351 F.3d 65 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Table of Authorities

**Pages**

*Spencer v. Doe,*
  139 F.3d 107 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stern v. Nix,*
  840 F.2d 208 (3d Cir. 1988), *cert. den'd,* 488 U.S. 826 (1988). . . . . . . . . . . . . . . . . . . . 11

*Strong v. Bd. of Uniondale Free Sch. Dist.,*
  902 F.2d 208 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Trotman v. Palisades Interstate Park Comm'n,*
  557 F.2d 35 (2d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. City of Yonkers,*
  96 F.3d 600 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Will v. Michigan Dep't of State Police,*
  491 U.S. 58 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Younger v. Harris,*
  401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

## Federal Constitution

Amend XI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

Amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 12

## Federal Statutes and Rules

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

FRCP
  8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5

  12(b)
       12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
       12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

## **Table of Authorities**

**Pages**

## **State Statutes**

CPLR

Article 75 ............................................................. *passim*
Article 78 ................................................. 2, 9, 12, 13
§ 5501 ............................................................... 10


Educ. Law ................................................................. 3

§ 101 ................................................................... 6
§ 3020-a ...................................................... 1-2, 4, 9, 12
§ 3020-a(2)(b) ......................................................... 4
§ 3020-a(3)(a)-(b) ..................................................... 4
§ 3020-a(3)(b)(ii) ..................................................... 4
§ 3020-a(3)(b)(iii) .................................................... 4
§ 3020-a(3)-(4) ........................................................ 4
§ 3020-a(5) ................................................... 4, 9, 10, 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TWANA ADAMS, et al.,                              :
                                                  :
                              Plaintiffs,   :     08 Civ. 5996
                                                  :     (GEL) (AJP)
            -against-                             :
                                                  :
NEW YORK STATE EDUCATION                          :
DEPARTMENT, et al.,                               :
                                                  :
                              Defendants.   :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## STATE DEFENDANTS' MOTION TO DISMISS

Defendants New York State Education Department ("SED"), Richard Mills, Maryann

Fairman and Deborah Marriott (collectively, "State Defendants") respectfully submit this

Memorandum of Law in support of their motion to dismiss the complaint in the above-captioned

action pursuant to Rules 8(a)(2), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for

insufficient pleading, lack of standing, lack of subject matter jurisdiction, and failure to state a claim

upon which relief can be granted.[1]

## PRELIMINARY STATEMENT

Plaintiffs, teachers or other employees of the New York City public school system, bring this

action seeking to enjoin the Arbitrator Defendants from continuing to conduct disciplinary hearings

involving Plaintiffs or render decisions concerning those hearings, which are governed by N.Y.

---

[1] Defendants Douglass Bantle, Stuart Bauchner, Alan Berg, Mary Crangle, Howard Edelman, Deborah M. Gaines, Eleanor Glanstein, Joshua Javitz, Eric Lawson, Andree McKissick, Randi Lowitt, Earl Pfeffer, Arthur Riegel, Martin Scheinman, Jack Tillem, Bonnie Siber-Weinstock and Paul Zonderman (collectively, "Arbitrator Defendants") have separately moved to dismiss the complaint. *See* Docket Nos. 17-19. Similarly, the New York City Department of Education ("DOE") has separately moved to intervene as a defendant in this action and, upon intervention, to dismiss the complaint. *See* Docket Nos. 21-23.

1

Educ. Law § 3020-a. However, this is not Plaintiffs' first attempt to challenge their disciplinary hearings in federal court.

In January 2008, Plaintiffs commenced an action in this court entitled *Teachers4action, et al. v. Bloomberg, et al.*, 08 Civ. 548 (VM) (AJP) ("*Federal T4A Case*"),[2] which has thus far involved three iterations of a complaint that generally challenges Plaintiffs' disciplinary actions based upon a variety of causes of action -- including denial of due process. *See* Dahlberg Decl., Ex. 2. Motions to dismiss by the Arbitrator Defendants and DOE remain pending in that action. *See id.*

In addition to the *Federal T4A Case*, Plaintiffs also previously filed an Article 78 petition in the Supreme Court of the State of New York, New York County, entitled *Teachers4Action v. Gaines, et al.*, Index No. 105845/08 (Payne, J.) ("*State T4A Case*"), which also challenged Plaintiffs' disciplinary actions and sought to enjoin the Arbitrator Defendants from conducting or rendering decisions concerning Plaintiffs' disciplinary hearings. *See* Dahlberg Decl., Ex. 3. That petition was dismissed by judgment, dated August 6, 2008, on the grounds that: (1) Plaintiffs had improperly commenced the action pursuant to Article 78 instead of Article 75, and (2) Plaintiffs had failed to establish bias on the part of the Arbitrator Defendants.[3] *See* Dahlberg Decl., Ex. 4.

The instant complaint is Plaintiffs' latest attempt to stall and otherwise frustrate their disciplinary hearings. Remarkably, Plaintiffs complain that the Arbitrator Defendants did not

---

[2] Although plaintiff George Zanetis was not specifically named as a plaintiff in the caption of the second amended complaint in *Federal T4A Case*, he was presumably included as one of the "John and Jane Doe Teachers 1-50" in the original complaint. In any event, his interests are adequately represented in the *Federal T4A Case* because the eight categories of plaintiffs identified in that case encompass plaintiff George Zanetis as he is identified in this case. *Compare* Complaint ("Compl.") ¶¶ 34-36, 39 *with Federal T4A Case*, the docket sheet of which is annexed to the Declaration of Karen Dahlberg ("Dahlberg Decl."), Ex. 2.

[3] The August 6, 2008 Judgment in the *State T4A Case* has not yet been entered. *See* Dahlberg Decl., Ex. 4.

comply with the temporal requirements of Section 3020-a (Compl. ¶ 34), yet seek to enjoin the Arbitrator Defendants from completing those same hearings (Compl. at 30 ("Wherefore" clause)).

Plaintiffs allege causes of action against State Defendants pursuant to the following: (1) alleged Fourteenth Amendment due process violations under 42 U.S.C. § 1983; (2) state law negligence; and (3) state law failure to supervise the Arbitrator Defendants.[4] (Compl. ¶¶ 42-72.) As demonstrated herein, Plaintiffs' claims are jurisdictionally and substantively flawed, and require dismissal. As a matter of law, the complaint should be dismissed for failure to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2), failure to allege that Plaintiffs have standing to bring this action, and lack of subject matter jurisdiction. Additionally, Plaintiffs' due process claims are barred by collateral estoppel, and this Court should abstain from hearing those claims pursuant to the *Younger* abstention doctrine. Finally, the complaint should be dismissed as a matter of law because Plaintiffs have failed to state a viable due process claim.

## STATEMENT OF FACTS

The gravamen of Plaintiffs' complaint is that the Arbitrator Defendants allegedly failed to conduct Plaintiffs' disciplinary hearings in accordance with the State Education Law, were biased against Plaintiffs, and violated the terms of their contract with SED. (Compl. ¶ 27-28, 30.) Plaintiffs lodge conclusory allegations that the State Defendants are liable for the actions of the Arbitrator Defendants based on the erroneous theory that the State Defendants failed to supervise the Arbitrator Defendants, (*id.* ¶¶ 12, 14-16, 23-26, 31-33), which, in turn, is based on the false premise that the Arbitrator Defendants were employees of SED, (*id.* ¶¶ 11, 14, 18, 21-23, 27). As a result of these

---

[4] Plaintiffs also assert causes of action entitled "Injunction" and "Declaratory Judgment." (Compl. ¶¶ 73-91.) However, because those are forms of relief rather than causes of action, they are not addressed as separate causes of action for purposes of the instant motion.

3

alleged acts, Plaintiffs claim that they were required to report to Temporary Relocation Centers, (*id.* ¶ 34), required to participate in allegedly unlawful hearings, (*id.* ¶ 35), "forced" into accepting "ruinous [settlement] deals and fines," (*id.* ¶ 36), were disciplined, (*id.* ¶ 37), were "forced into hearings during the summer," (*id.* ¶ 38), and/or suffered monetary, property, physical and emotional damages, (*id.* ¶ 41).

The disciplinary hearings at issue are governed by N.Y. Educ. Law § 3020-a. In accordance with § 3020-a, the Arbitrator Defendants are hearing officers who are affiliated with the American Arbitration Association (the "Association") and are paid by SED on a *per diem* basis. *See* N.Y. Educ. Law § 3020-a(3)(a)-(b); Compl. at Ex. 1. The hearing officer for each hearing is chosen by agreement by the employee (each of the Plaintiffs) and the employing school district (in this case, DOE), *see* N.Y. Educ. Law § 3020-a(3)(b)(ii), or, if the employee and employing board cannot agree, the Association appoints a hearing officer, *see* N.Y. Educ. Law § 3020-a(3)(b)(iii).

Section 3020-a also sets forth a general schedule for the hearing process, decision and implementation of the decision. *See* N.Y. Educ. Law § 3020-a(3)-(4). Notably, an employee facing a disciplinary hearing may be suspended with pay pending the final determination of the hearing, *see* N.Y. Educ. Law § 3020-a(2)(b), and Plaintiffs do not allege that they were suspended without pay, (Compl. ¶¶ 1-91).

Finally, § 3020-a contains a specific avenue for review of a hearing officer's decision:

> Not later than ten days after receipt of the hearing officer's decision, the employee or the employing board may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer pursuant to section seven thousand five hundred eleven of the civil practice law and rules...

*See* N.Y. Educ. Law § 3020-a(5). Plaintiffs do not allege that they have appealed any of their hearing decisions in the manner clearly proscribed by the statute. (Compl. ¶¶ 1-91.)

4

## ARGUMENT

**I.    THE COMPLAINT CONTAINS ONLY CONCLUSORY ALLEGATIONS AND SHOULD BE DISMISSED FOR FAILURE TO MEET THE PLEADING REQUIREMENTS OF FED. R. CIV. P. 8(a)(2).**

As fully addressed in Point II of DOE's Memorandum Of Law In Support Of It's Motion To Intervene As A Defendant In This Action And To Dismiss The Complaint, dated August 14, 2008, ("DOE's Brief"), the complaint should be dismissed for failure to comply with the basic pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See* Docket No. 23 at pp. 11-14. In the interest of judicial economy and to avoid unnecessary repetition, State Defendants hereby incorporate by reference the arguments set forth in Point II of DOE's Brief as if fully set forth herein. Accordingly, for the reasons set forth in Point II of DOE's Brief, the complaint should be dismissed pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure.

**II.    THE COMPLAINT FAILS TO ALLEGE THAT PLAINTIFFS HAVE STANDING TO BRING THIS ACTION.**

As fully addressed in Point III of DOE's Brief, twenty of the Plaintiffs have not alleged – nor can they allege – that they have standing to pursue the claims asserted in this action, and the claims of those plaintiffs should be dismissed accordingly. *See* Docket No. 23 at pp. 14-15. In the interest of judicial economy and to avoid unnecessary repetition, State Defendants hereby incorporate by reference the arguments set forth in Point III of DOE's Brief as if fully set forth herein. Thus, for the reasons articulated in Point III of DOE's Brief, the claims of those twenty plaintiffs require dismissal from this action.

**III.    PLAINTIFFS' CLAIMS FOR DAMAGES AGAINST THE STATE DEFENDANTS ARE BARRED BY THE ELEVENTH AMENDMENT.**

The Eleventh Amendment bars all federal suits for any kind of relief against the State of New York, its agencies, entities, and officials in the absence of the State's unequivocal waiver of its

5

immunity or an unequivocal abrogation of that immunity by Congress. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984). As a statutorily created agency of the State of New York, *see* N.Y. Educ. Law § 101, SED is entitled to Eleventh Amendment immunity from claims for any kind of relief absent an unequivocal waiver or abrogation thereof. *See Jaghory v. New York State Dep't of Educ.*, 95 CV 3478 (FB), 1996 U.S. Dist. LEXIS 18460, at *9 (E.D.N.Y. Dec. 5, 1996), *aff'd*, 131 F.3d 326, 329 (2d Cir. 1997) (affirming SED's entitlement to Eleventh Amendment immunity with respect to dismissal of § 1983 claims).

"Lawsuits against state officials in their official capacities are not lawsuits against these individuals but, rather, are lawsuits against the official's office. Accordingly, they are 'no different from a suit against the State itself.'" *A.A. v. Board of Educ.*, 196 F. Supp. 2d 259, 264 (E.D.N.Y. 2002) (quoting *Will*, 491 U.S. at 71); *see also Board of Educ. of the Pawling Cent. Sch. Dist. v. Schutz*, 137 F. Supp. 2d 83, 87 (N.D.N.Y. 2001) (dismissing claim against SED official sued in his official capacity on Eleventh Amendment grounds), *vacated on other grounds*, 290 F.3d 476 (2d Cir. 2003). Thus, defendants Mills, Fairman and Marriott, in their official capacities, are also entitled to Eleventh Amendment immunity from all claims for monetary relief in federal court absent an unequivocal waiver or abrogation thereof.[5]

---

[5] In addition, to the extent that Plaintiffs assert claims against any of the individual State Defendants in their personal capacities, such claims also require dismissal since the individual State Defendants are entitled to qualified immunity as Plaintiffs' do not allege that they violated any clearly established rights of the Plaintiffs. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Anderson v. Creighton,* 483 U.S. 635, 638 (1987). Because qualified immunity is designed to relieve government officials of the burdens of standing trial, it is appropriate for a court to resolve claims subject to the defense as early in the proceedings as possible. *See Saucier v. Katz,* 533 U.S. 194, 200-01 (2001); *McKenna v. Wright,* 386 F.3d 432, 436 (2d Cir. 2004) ("we see no reason why even a traditional qualified immunity defense may not be asserted on a Rule 12(b)(6) motion as long as the defense is based on facts appearing on the face of the complaint.").

A statutory waiver of authority or abrogation of immunity will only be found if the statute at issue expresses an intent to do so with "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). No such waiver of immunity exists with respect to Plaintiffs' §1983 claims in this lawsuit, nor has Congress explicitly abrogated the States' sovereign immunity with respect to Plaintiffs' § 1983 claims.[6] *See United States v. City of Yonkers*, 96 F.3d 600, 619 (2d Cir. 1996) (dismissing § 1983 claims against SED on Eleventh Amendment immunity grounds).

Similarly, no valid waiver of immunity exists with respect to Plaintiffs' state law claims for negligence and failure to supervise in this lawsuit. The Eleventh Amendment bars enforcement in federal court of all state law claims against the State of New York, or its agencies or officers. *See Pennhurst*, 465 U.S. at 106 ("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."); *Alliance of American Insurers v. Cuomo*, 854 F.2d 591, 604-605 (2d Cir. 1988) (Eleventh Amendment bar against plaintiffs' state law claim is unaffected by the posturing of plaintiffs' state law claims as pendent to a federal constitutional claim).

New York's sole waiver of immunity for such claims is pursuant to the Court of Claims Act, and the State has not waived its Eleventh Amendment immunity from suit in *federal* court by

---

[6] Further, plaintiff's putative § 1983 claims require dismissal because SED, as an arm of the State of New York, and the individual State Defendants, in their official capacities, are not a "persons" subject to suit under § 1983. *See Will*, 491 U.S. at 65 (holding that "a State is not a 'person' within the meaning of § 1983"); *Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998) ("[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under §1983"); *Harris v. New York State Dep't of Health*, 202 F. Supp. 2d 143, 178 (S.D.N.Y. 2002) (dismissing § 1983 claims asserted against state agency because "neither the State nor its agencies qualify as 'persons' under § 1983 ... [and] are not subject to suit under that statute").

7

consenting to suit in its own Court of Claims. *See, e.g., Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977) (New York State's consent to suit in its Court of Claims does not waive Eleventh Amendment immunity); *Cajuste v. Lechworth Dev. Disabilities Serv.*, 03 Civ. 0161 (RCC), 2005 U.S. Dist. LEXIS 82, at *7-10 (S.D.N.Y. Jan 5, 2005) (holding that the State has not waived Eleventh Amendment immunity for breach of contract claims and dismissing those claims based on Eleventh Amendment immunity).

Thus, this Court lacks subject matter jurisdiction over Plaintiff's § 1983 and state law claims for damages against State Defendants because they are entitled to Eleventh Amendment immunity from such claims. Plaintiffs' § 1983 and state law claims should, therefore, be dismissed.

## IV. TO THE EXTENT THAT PLAINTIFFS' DUE PROCESS CLAIMS WERE RESOLVED IN PRIOR STATE COURT PROCEEDINGS, THEY ARE COLLATERALLY ESTOPPED FROM RE-LITIGATING SUCH CLAIMS IN THIS ACTION.

Under the doctrine of collateral estoppel, parties are precluded from litigating in a later proceeding an issue resolved in a previous proceeding. *See Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998). "A party is collaterally estopped from raising an issue in a proceeding if: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" *Interoceanica Corp. v. Sound Pilots*, 107 F.3d 86, 91 (2d Cir. 1997) (citing *Central Hudson Gas & Elec. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995)); s*ee also Buechel v. Bain*, 97 N.Y.2d 295, 303-4 (2001); *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984).

Here, to the extent that Plaintiff's due process claims were resolved in the prior *State T4A Case*, collateral estoppel bars Plaintiffs' assertion of §1983 due process claims in this action. In the

8

*State T4A Case*, Plaintiffs fully and fairly litigated the same due process issues they have raised yet again in this action. Specifically, Plaintiffs' petition in the *State T4A Case* alleges that the Arbitrator Defendants are biased and that the hearings are being conducted in violation of § 3020-a. *See* Dahlberg Decl., Ex. 3 at ¶¶ 5, 8. Those issues, which were necessary to support a valid final judgment on the merits, were decided against them. *See* Dahlberg Decl., Ex. 4. In the *State T4A Case*, as in the instant action, Plaintiffs sought to enjoin the Arbitrator Defendants from continuing to conduct the disciplinary hearings. *See* Dahlberg Decl., Ex. 3 at ¶ 15. The court found that Plaintiffs' claims would fail as a matter of law, even if properly commenced under Article 75, because Plaintiffs did not demonstrate a "clearly apparent" bias on the part of the Arbitrator Defendants.[7] *See* Dahlberg Decl., Ex. 4.

To the extent that these due process issues have already been litigated and decided against Plaintiffs, they are collaterally estopped from asserting claims based on the Arbitrator Defendants alleged bias and violation of § 3020-a in this action, and such claims should be dismissed.

## V. THE COURT SHOULD ABSTAIN FROM CONSIDERATION OF PLAINTIFFS' DUE PROCESS CLAIMS UNDER THE YOUNGER ABSTENTION DOCTRINE.

The *Younger* abstention doctrine, as well as general principles of comity, equity and federalism, also mandates dismissal of this case. The *Younger* abstention doctrine directs federal courts to abstain from exercising jurisdiction when federal claims were or could have been presented in ongoing state proceedings which are important to state interests. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432

---

[7] As indicated in the Preliminary Statement, *supra*, the *State T4A Case* was dismissed on the DOE's cross-motion to dismiss and the Arbitrator Defendants' motion to dismiss because Plaintiffs had brought the action pursuant to Article 78 instead of Article 75 as required by N.Y. Educ. Law § 3020-a(5). *See* Dahlberg Decl., Ex. 4.

9

(1982); *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974); *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). The understanding that the state courts constitute a competent, parallel adjudicatory system underlies the *Younger* abstention doctrine and counsels restraint against federal interference in state court proceedings.

The *Younger* doctrine directs federal courts to abstain from exercising jurisdiction when federal claims were or could have been presented in ongoing state proceedings which are important to state interests. *See Younger v. Harris*, 401 U.S. 37 (1971). A state proceeding is "ongoing" or "pending" for the purposes of *Younger* if the federal plaintiff had the opportunity to raise his constitutional claim in the state trial and/or appellate courts but did not do so, even if further review of the claim in the state system is no longer available at the time the federal action is commenced. *See Huffman v. Pursue*, 420 U.S. 592, 609 (1975). A federal proceeding is thus precluded by *Younger* if a plaintiff failed to exhaust his state court remedies. *See Kirschner v. Klemons*, 225 F.3d 227, 234 (2d Cir. 2000) (The *Younger* abstention doctrine precludes federal suits by "would-be plaintiffs" who failed to exhaust all available state appellate remedies).

Here, Plaintiffs have, or had, the opportunity to challenge the decisions concerning their disciplinary hearings by commencing an Article 75 proceeding in New York state court pursuant to N.Y. Educ. Law § 3020-a(5). Plaintiffs further have, or had, the right to appeal any adverse decision on an Article 75 proceeding by filing a notice of appeal with the Appellate Division. *See* CPLR § 5501. Plaintiffs' failure to raise any claims before the state appellate courts or failure to exhaust state court remedies render their claims still "ongoing" or "pending" for the purposes of the *Younger* abstention doctrine and require their dismissal.[8]

---

[8] Moreover, to the extent that Plaintiffs seek to invalidate or modify the judgment in the *State T4A Case*, this Court lacks subject-matter jurisdiction to hear those claims pursuant to the *Rooker-*

## VI. PLAINTIFFS FAIL TO STATE A CLAIM FOR DEPRIVATION OF A CONSTITUTIONALLY PROTECTED PROPERTY INTEREST WITHOUT DUE PROCESS OF LAW.

"Unless a plaintiff alleges facts to show that he is demanding procedural safeguards to protect an interest recognized by the [F]ourteenth [A]mendment, the procedural protections will never come into play." *Lipp v. Board of Educ.*, 470 F.2d 802, 804 (7th Cir. 1972); *see also Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972). Thus, a plaintiff must first establish that he has been deprived of a property interest protected under the Fourteenth Amendment's due process guarantee. The due process clause is intended "to protect persons not from the deprivation, but from the mistaken and unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978) (emphasis supplied). "[D]ue process...is not a technical conception with a fixed content unrelated to time, place and circumstances." *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895 (1961). Rather, "due process is flexible and calls for such procedural protections as a particular situation demands." *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972).

Here, Plaintiffs cannot state a due process claim because they have not alleged that they have been deprived of any constitutionally protected property interest. As a matter of law, those plaintiffs

---

*Feldman* doctrine. Under *Rooker-Feldman*, the federal district courts lack subject matter jurisdiction if the exercise of jurisdiction would result in the reversal or modification of state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "[T]he *Rooker-Feldman* doctrine bars not only claims which would involve direct review of a state court decision, but also claims which are 'inextricably intertwined' with a state court decision or 'which seek relief that, if granted, would modify a state court decision'." *Sassower v. Mangano*, 927 F. Supp. 113, 119 (S.D.N.Y. 1996), *aff'd*, 122 F.3d 1057 (2d Cir. 1997), *cert. denied*, 525 U.S. 872 (1998); *see also Stern v. Nix*, 840 F.2d 208, 211 (3d Cir. 1988), *cert. den'd*, 488 U.S. 826 (1988). This is because "[t]he jurisdiction possessed by the District Court is strictly original" and thus the district court lacks subject matter jurisdiction to act as an appellate court and to review the decisions of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. at 416 (1923). The only permissible review open to Plaintiffs is within the state appellate system or to the United States Supreme Court on petition for a writ of *certiorari*. *See Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("Lower federal courts possess no power whatever to sit in direct review of state court decisions").

11

who have not received decisions concerning their disciplinary actions could not have not been deprived of a property interest because "[a]n employee who continues to be paid by his employer cannot sustain a claim for deprivation of property without due process." *Ramberran v. Dellcona*, 07-CV-304, 2008 U.S. Dist. LEXIS 25476, at *9 (E.D.N.Y. Mar. 31, 2008) (dismissing due process claim for failure to state a claim where plaintiff, a tenured public school teacher, was transferred to a Temporary Relocation Center pending the outcome of his disciplinary investigation); *see, e.g., O'Connor v. Pierson*, 426 F.3d 187, 199 (2d Cir. 2005) ("no court has held that an employee on fully paid leave has been deprived of a property right merely by virtue of being relieved of his job duties."). The remainder of the plaintiffs have not alleged with sufficient particularity that they have been deprived of any property right that is "defined by existing rules or understandings that stem from an independent source such as state law." *Roth*, 408 U.S. at 577.

With respect to those plaintiffs who either settled their disciplinary hearings or received adverse decisions, the process provided to them was sufficient as a matter of law. *See Jacobs v. Mostow*, No. 06-4829-cv, 2008 U.S App. LEXIS 6506, at *7 (2d Cir. Mar. 27, 2008) (affirming dismissal of *pro se* complaint alleging that plaintiff, a former tenured schoolteacher, was deprived of due process in connection with his § 3020-a hearing); *Strong v. Bd. of Uniondale Free Sch. Dist.*, 902 F.2d 208, 211 (2d Cir. 1990) (affirming dismissal of tenured schoolteacher's due process claim and noting that § 3020-a provides a "full-blown adversarial hearing"); *see also Ramberran*, 07-CV-304, 2008 U.S. Dist. LEXIS 25476, at *10 (the procedures outlined in § 3020-a are "'more than adequate procedural safeguards to satisfy the plaintiff's' due process rights under the Fourteenth Amendment'") (internal citation omitted).

Moreover, the availability of review in an Article 75 proceeding, as provided by § 3020-a(5) – or, in the case of those Plaintiffs who settled their disciplinary charges, in an Article 78 proceeding

12

– is fatal to Plaintiffs' due process claims. "Where there is a meaningful post-deprivation remedy, there is no due process violation." *Gudema v. Nassau County*, 163 F.3d 717, 724 (2d Cir. 1998). In determining the adequacy of available procedural remedies, a court must "consider not simply the administrative proceedings that result in alleged injury but the totality of state process available, including means that serve to redress administrative error." *Ludd v. Rockville Centre Union Free Sch. Dist.*, No. 89 CV 2413 (RR), 1990 U.S. Dist. LEXIS 13594, at *30 (E.D.N.Y. Mar. 9, 1990) (internal quotations omitted). Here, sufficient post-deprivation process was available to Plaintiffs under Articles 75 and 78 of the New York Civil Practice Laws and Rules. *See, e.g., Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 156 (2d Cir. 2006) (there was no due process violation where a state law Article 78 proceeding "afforded a meaningful post-deprivation remedy"); *Locurto v. Giuliani*, 264 F.3d 154, 173 (2d Cir. 2001) (same); *Gudema v. Nassau County*, 163 F.3d 717, 724-25 (2d Cir. 1998) (same).

Plaintiffs do not allege that they commenced Article 75 proceedings or availed themselves of any other post-deprivation remedy afforded under New York state law, up to and including appealing the adverse decision in the *State T4A Case*. (Compl. ¶¶ 1-91.) Thus, in light of the availability of adequate state law post-deprivation remedies concerning Plaintiffs' disciplinary hearings, Plaintiffs fail to, and cannot, state due process claims.

13

## **CONCLUSION**

For the foregoing reasons, the State Defendants respectfully request that the Court dismiss

Plaintiffs' complaint in its entirety, with prejudice, together with such other and further relief as the

Court deems just and proper.

Dated: New York, New York
August 15, 2008

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for State Defendants
By:
/s/

Karen Dahlberg
Assistant Attorney General
120 Broadway - 24th Floor
New York, New York 10271
(212) 416-8357

14