08 Civ. 5996 (VM) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Twana Adams, et al.,

                                                              Plaintiffs,

                                  -against-

New York State Education Department, A
division/organ of the State of New York, Richard
Mills, Commissioner of Education, Teacher Tenure
Hearing Unit, Deborah A. Marriott, Manager, City
of New York, Joel Klein, New York City
Department of Education,

                                                              Defendants.

_____


**CITY DEFENDANTS' MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFFS'
JOINT OBJECTIONS AND OPPOSITION TO
THE NOVEMBER 16, 2009 MEMO
ENDORSEMENT OF MAGISTRATE  JUDGE
ANDREW J. PECK**

_____

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, N.Y.  10007

Of Counsel: Blanche Greenfield
Tel:  (212) 788-0872

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
Twana Adams, Josephina Cruz, Michael Ebewo,
Joann Hart, Eleanor Johnson, Julianne Polito,
Thomasina Robinson and Brandi Dawn Scheiner,

                                        Plaintiffs,                    **08 Civ. 5996 (VM) (AJP)**

                  -against-

New York State Education Department, A
division/organ of the State of New York, Richard
Mills, Commissioner of Education, Teacher Tenure
Hearing Unit, Deborah A. Marriott, Manager, City of
New York, Joel Klein, New York City Department
of Education,

                                        Defendants.

------------------------------------------------------------------------x

                  **CITY DEFENDANTS' MEMORANDUM OF
                  LAW IN OPPOSITION TO PLAINTIFFS'
                  JOINT OBJECTIONS AND OPPOSITION TO
                  THE NOVEMBER 16, 2009 MEMO
                  ENDORSEMENT OF MAGISTRATE JUDGE
                  ANDREW J. PECK DENYING PLAINTIFFS'
                  LEAVE TO FILE A MOTION TO AMEND
                  THEIR COMPLAINT FOR THE FOURTH
                  TIME.**

                  <u>**PRELIMINARY STATEMENT**</u>

        The City of New York, Chancellor Joel Klein, and the New York City Board of

Education (collectively "City defendants") by their attorney, **MICHAEL A. CARDOZO**,

Corporation Counsel of the City of New York, submit this memorandum of law in opposition to

Plaintiffs' "Objections To Report and Recommendation"  of  Magistrate Judge Andrew J. Peck

(hereinafter "Plaintiffs' Opposition") that  denied plaintiffs' request for an extension of time to

serve motions for leave to amend their complaint. As described fully herein, plaintiffs' objections are made without regard to the court's previous rulings.   Accordingly, plaintiffs fail to meet their  burden of establishing that Magistrate Judge Peck's denial of their requests to serve motions for leave to amend is clearly erroneous or contrary to law.

### ARGUMENT

**PLAINTIFFS' OBJECTIONS TO THE NOVEMBER 16, 2009 MEMO ENDORSEMENT OF MAGISTRATE JUDGE ANDREW J. PECK ARE WHOLLY WITHOUT MERIT AND MUST BE DENIED BY THE COURT.**

**A.     Standard of Review.**

Any party may serve and file written objections to the proposed findings and recommendations of a Magistrate Judge.  See 28 U.S.C. §636(b)(1)(C) (2004), F.R.Civ.P. 72 (a). Where, as here, the November 16, 2009  memo endorsement  concerns a pre-trial matter that is not dispositive of the case, this court may set aside any part of the November19, 2009 memo endorsement  "that is clearly erroneous or is contrary to law."  F.R.Civ. P. 72 (a).   As set forth more fully below, plaintiffs' objections are without merit and this Court should adopt in its entirety the November 16, 2009 memo endorsement of Magistrate Judge Peck.

**The Court's Ruling at Issue**

By letters dated November 10, 2009 Nicholas Penkovsky, counsel for plaintiffs Michael Ebewo, Joann Hart, Julianne Polito, Thomasina Robinson and Brandi Scheiner, and Joy Hochstadt,  counsel for plaintiffs Josefina Cruz and Twana Adams, requested Magistrate Judge Peck grant them a further extension of time to serve their respective opposition to the defendants' pending motions to dismiss and to serve cross-motions for leave to amend the Second Amended Complaint.  See Docket entry numbers 172 and 173.   This request for an

extension of time was made notwithstanding Magistrate Peck's ruling that plaintiffs would not be granted any further extensions of time to serve their opposition to defendants' motions to dismiss. Docket Entry Number 165. However, because the letter written by Hochstadt appeared to indicate that counsel for City defendants consented to the requested extension of time to allow plaintiffs to serve a cross-motion to amend, by letter also dated November 10, 2009 counsel for City defendants advised the court that the defendants did not consent to that request. Docket Entry Number 175. By memo endorsement dated November 16, 2009, Magistrate Judge Peck denied plaintiffs' request to file a motion for leave to amend the complaint citing the "multiple opportunities" they had been given to amend their complaint and their refusal to avail themselves of the opportunities offered by the court. Id.

**The November 16, 2009 Memo Endorsement Is In All Respects Proper**

Plaintiffs object to Magistrate Judge Peck rulings on the grounds that the court failed to "set forth an identifiable justification for counsel to amend the complaint." Plaintiffs' Opposition at pg. 3. By advancing this argument plaintiffs' dismiss Magistrate Judge Peck's stated basis for denying plaintiffs' leave to make a motion to amend- the multiple opportunities plaintiffs were afforded to amend their complaint and their refusal to amend the pleading to address noted deficiencies. Plaintiffs' complain that their failure to amend their complaint for a third time was due to their pro se status and their confusion over the "flurry of Orders and directives" issued by Magistrate Judge Peck. Plaintiffs' argument is made without any consideration or acknowledgement of the opportunities provided by the Court for plaintiffs to amend their complaints. Moreover, as the docket maintained in connection with this matter illustrates, and the transcripts of the court conferences held before Magistrate Judge Peck amply

demonstrates, all of the conferences held in this case and the rulings issued by Magistrate Judge Peck were a consequence of the numerous letters and motions filed by the pro se plaintiffs.

Further, plaintiffs' shamelessly self serving arguments[1] regarding their alleged confusion as pro se litigants over Magistrate Judge Peck's rulings are belied by the lengthy transcripts of the court conferences held in this case wherein Magistrate Judge Peck took painstaking care to advise plaintiffs of their rights and obligations in this matter.

For example, at the January 7, 2009 conference held in this case, Magistrate Judge Peck discussed the plaintiffs' amended pleading, their second pleading in this matter.  While the amended pleading was filed on plaintiffs' behalf by their former counsel, the court noted that the amended complaint had certain "alleged deficiencies." Transcript of January 7, 2009 conference at pg. 8.  The Court further noted that plaintiffs' former counsel had previously agreed to file a Second Amended Complaint. Id.  The Court advised plaintiffs that unless they "fix" the "problems" with their Amended Complaints they would be dismissed. Id at pgs 22-23.  At this conference it was agreed that plaintiffs, now proceeding pro se, would filed a Second Amended Complaint. See January 7, 2009 Transcript at pgs. 38, and 47.  Plaintiffs filed their Second Amended Complaint on February 11, 2009.  On March 16, 2009 defendants filed their respective answers to the Second Amended Complaints.

On August 5, 2009 a further status conference was held before Magistrate Judge Peck which all of the plaintiffs attended.  At this conference Magistrate Judge Peck noted that plaintiffs' Second Amended Complaint asserts "many claims that were not going to survive [a

---

[1] Plaintiffs also assert that their request to serve a motion for leave to amend was made "promptly" after counsel appeared in this action.  However, attorney Penkovsky did not advise the court that he was seeking leave to amend the complaint on behalf of the plaintiffs he represents until his letter of November 10, 2009, more than a month after he filed his September 23, 2009 notice of appearance in this action.

motion to dismiss]."  See Transcript of August 5, 2009 conference at pg. 3.  Magistrate Judge

Peck explained that while he was not plaintiffs' counsel, Id. at 21,  he was "trying to help you all

without being your lawyer."  Id. at 22.  Therefore, over the defendants objections, Magistrate

Judge Peck offered plaintiffs the opportunity to file a third amended complaint. Id. a 22-23.

Plaintiffs' immediately voiced objection to the proposal.  Id. However, after counsel for City

defendants pointed out that certain claims plaintiffs addressed in their motion papers submitted at

the August 5, 2009 status conference were not included in their Second Amended Complaint,

Magistrate Judge Peck proceeded to explain to plaintiffs the possible consequence of their failure

to amend the complaint:

> I will be very clear and I will ask the question one last time.  If you don't amend …

> If you don't amend and it turns out - - and, again, I have not read your second amended complaint in months - - if it turns out this issue about the three-person panel is either not in the complaint or is in the complaint but that you are missing an indispensable party, to wit, the UFT, then I have to dismiss the case or at least that aspect of it.

> So, I will again ask, at the risk, and it is not a democracy so if you all say you want to do it and Ms Greenfield [counsel for City defendants] objects or even if she doesn't object I still make the ultimate decision here, I will ask, do the plaintiffs wish to file a third amended complaint dropping the claims that you have now moved to sever or keeping them in, and making things absolutely crystal clear and organized in the way that you now wish to organize your life?

See  August 5, 2009 transcript at pgs. 23-25.

Plaintiffs requested a few days to consider the court's offer.  Id. at 31.  By letters to the court dated August 24, 2009 each plaintiff advised the court that "I have no present intention to file a Third Amended Complaint."

Thus, in light of the fact that plaintiffs have already filed three complaints in this action and refused the opportunity to file a fourth complaint, defendants have answered the Second Amended Complaint and have motions to dismiss the Second Amended Complaint pending,  it was an appropriate exercise of discretion for Magistrate Judge Peck to deny plaintiffs' application for move for leave to amend the complaint.  While plaintiffs are clearly dissatisfied by Magistrate Peck's ruling, they have not shown that the November 16, 2009 ruling was clearly erroneous or contrary to law.  As such, plaintiffs' application must be denied.


## CONCLUSION

**WHEREFORE,** for the reasons set forth herein this Court should deny Plaintiffs' Objections to Magistrate Judge Peck's November 16, 2009 memo endorsement, and adopt the ruling in its entirety.

Dated:          New York, New York
                December 14, 2009


                              **MICHAEL A. CARDOZO**
                              Corporation Counsel of the
                              City of New York
                              Attorney City defendants
                              100 Church Street, Room 2-142
                              New York, N.Y. 10007-2601
                              212-788-0872
                              bgreenfi@law.nyc.gov


                    By:  _____/s/_____
                              BLANCHE GREENFIELD
                              Assistant Corporation Counsel

cc:  Anotinette Blanchette  via e-mail
     Nicholas A. Penkovsky, Esq.
      Joy Hochstadt, Esq.