USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 4-6-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TWANA ADAMS, et al.,              :
                                  :    08 Civ. 5996(VM)
                Plaintiffs,       :
                                  :    **DECISION AND ORDER**
     - against -                  :
                                  :
NEW YORK STATE EDUCATION DEPARTMENT:
et al.,                           :
                                  :
                Defendants.       :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

### I. BACKGROUND

Plaintiffs Twana Adams, Josephine Cruz, Michael Ebewo, Joanne Hart, Julianne Polito, Thomasina Robinson and Brandi Dawn Scheiner (collectively, "Plaintiffs") brought this action against various New York State ("State Defendants") and New York City ("City Defendants") education agencies and officials (collectively, "Defendants") alleging in their Second Amended Pro Se Complaint: (1) violations of Plaintiffs' First Amendment rights to freedom of speech by Defendants' retaliating against them for speaking out against City school system programs and policies designed to terminate employment of teachers performing below acceptable standards; (2) deprivations of due process of law by instituting disciplinary hearings against Plaintiffs that allegedly were not fair and impartial, and by employing, to conduct these proceedings, hearing officers not properly trained or supervised; (3)

unlawful discrimination under federal law by creating a hostile work environment through confining Plaintiffs in Temporary Reassignment Centers ("TRCs") during the pendency of their disciplinary proceedings; and (4) breach of the collective bargaining agreement between the New York City Department of Education ("DOE") and the United Federation of Teachers ("UFT"). City Defendants move for dismissal of the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and State Defendants move for judgment on the pleadings pursuant to Rule 12(c).

By Order dated February 23, 2010, Magistrate Judge Andrew J. Peck, to whom this matter had been referred for supervision of pretrial proceedings, issued a thorough and well-reasoned Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein, recommending that Defendants' motions to dismiss Plaintiffs' Second Amended Complaint and for judgment on the pleadings be granted. The Report also recommends that Plaintiffs not be granted leave to file a third amended complaint.

Plaintiffs filed timely objections to the Report. They argue that the Report: failed to consider that their amended civil rights complaint was prepared pro se; improperly held the pleadings to a higher standard than the law requires; and engaged in fact-finding rather than drawing reasonable factual

inferences in Plaintiffs' favor. Specifically, Plaintiffs contend that the Report did not take into account relevant facts alleged as to each Plaintiff that, if accepted as true for the purposes of evaluating a motion to dismiss, would be sufficient to state a cognizable claim for First Amendment retaliation, denial of due process of law, and subjection to a hostile work environment.

For the reasons stated below, the Court adopts the recommendations of the Report in their entirety, with the exception of the Report's recommendation that the Court not grant leave to file a third amended complaint.

In a related matter, by memo-endorsed Order dated November 16, 2009, Magistrate Judge Peck recommended denial of Plaintiffs' request for an extension of time to file a third amended complaint. In so ruling, Magistrate Judge Peck's Order was based in part on his finding that Plaintiffs had been afforded numerous opportunities to further amend their complaint and had chosen not to do so, and to proceed on the basis of their Second Amended Complaint. However, at some point following these representations, Plaintiffs retained attorneys who renewed Plaintiffs' request to amend the pleadings and afford them the assistance of counsel in correcting the deficiencies of the Second Amended Complaint. In the course of the proceedings before Magistrate Judge Peck

opposing Defendants' motions, and in their objections now before the Court, Plaintiffs, through counsel, concede that in some respects the pleadings in the Second Amended Complaint, because prepared pro se, are deficient. Hence, Plaintiffs again seek leave to amend. And as indicated above, the Report again recommends that Plaintiffs not be granted leave to file a third amended complaint. Recognizing the extensive complexities and many pitfalls that are inherent, even for trained attorneys, in drafting a complaint sufficiently alleging multiple constitutional and statutory claims under both federal and state law -- as amply borne out by this litigation -- the Court grants Plaintiffs' application.

## II.   STANDARD OF REVIEW

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holding Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). "Where a party makes a 'specific written objection ... after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination

-4-

regarding those parts of the report." Cespedes v. Coughlin, 956 F. Supp. 454, 463 (S.D.N.Y. 1997) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)); Fed. R. Civ. P. 72(b). The Court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge as to such matters. See Fed. R. Civ. P. 72(b); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III.   **DISCUSSION**

Having conducted a de novo review of the factual record in this litigation, including the pleadings, and the parties' respective papers submitted in connection with the underlying motions and in this proceeding, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in the Report are warranted. The Report carefully details factual allegations specific to each Plaintiff, including the charges and disciplinary actions and claimed injuries relating to them, as well as the deficiencies in the pleadings that warrant dismissal under the plausibility standard enunciated by the Supreme Court in Ashcroft v. Iqbal, 129 S Ct. 1937, 1949-50 (2009), and Bell Atl. Corp. v.

-5-

Twombly, 550 U.S. 544, 556-57 (2007). The Court finds that this recitation accurately reflects the factual record of this litigation and that the pleadings and Plaintiffs' legal theories are deficient under applicable law.

Applying the Twombly/Iqbal standard, the Court finds that no plausible grounds exist to support Plaintiffs' claims against the State Defendants. An action against the State Department of Education, whether the relief sought is characterized as monetary or equitable, is barred by the doctrine of sovereign immunity embodied in the Eleventh Amendment of the United States Constitution. See Jacobs v. Mostow, 271 F. App'x 85, 88-89 (2d Cir. 2008) (citing Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir. 1990)), and cases cited in the Report at 41-42. Insofar as Plaintiffs' underlying claims are based on actions taken by State officers acting in their official capacity and seek recovery of money damages rather than injunctive relief, the lawsuit is considered an action against the State and is also precluded by the Eleventh Amendment. See Dunn v. Carrier, 137 F. App'x 387, 389 (2d Cir. 2005) (citing Kentucky v. Graham, 473 U.S. 159, 169 (1985)), and cases cited in the Report at 42. The general reference in the complaint to "just and equitable relief," unaccompanied by a specific request for injunction or any other particular equitable remedy, is not sufficient to

cure this defect. While the Court is obliged to read a pro se civil rights complaint leniently, at the same time the Court is not duty-bound to rewrite deficient pleadings to fill in gaps that leave out what specific relief Plaintiffs seek against which specific Defendants.[1]

As regards Plaintiffs' claims against the City Defendants, the Court finds that Plaintiffs fail to make a sufficient demonstration of plausible grounds supporting their allegations. Their First Amendment retaliation claims are deficient because in each case the incidents upon which Plaintiffs base their pleadings concerned personal grievances expressed as employees generally relating to their official duties, work schedules, working conditions, or employer administrative policies and internal operations, rather than to any matters of public concern raised by Plaintiffs as private citizens. See Weintraub v. Board of Educ., 593 F.3d

---

[1] The Court has further reviewed the substance of Plaintiffs' allegations against the State Defendants and finds them meritless on other grounds. As pointed out in the Report, there are no sufficient allegations that the State Defendants were Plaintiffs' employers, or confined them to the TRCs, or were parties to Plaintiffs' collective bargaining agreement, or retaliated against Plaintiffs' for complaining about City Defendants' programs and policies. Thus, Plaintiffs' claims against the State Defendants on the theories of hostile work environment, retaliation and breach of contract are insufficient. Plaintiffs' due process claims against the State Defendants are similarly meritless for the additional reasons stated in the Report, which, as stated below, the Court adopts as the Court's ruling on this issue. However, the Court notes that in their objections to the Report, Plaintiffs acknowledge the shortcomings of their pro se complaint in this regard. The Court is persuaded that Plaintiffs should be afforded an opportunity to reexamine their claims and determine, in the light of this ruling and with the assistance of their attorneys, whether any part of these claims may be repleaded to state plausible causes of action.

196, 201 (2d Cir. 2010). Plaintiffs contend that the Report improperly relied on Weintraub because that case and other applicable First Amendment retaliation rulings were decided on the basis of a fuller factual record stating the scope of the employee's job duties. The simple answer to this objection is that if that information is necessary to state a cognizable First Amendment retaliation claim, Plaintiffs' pleadings in the Second Amended Complaint, as the Report finds, fails to adequately plead those essential facts. Because the Court grants leave to replead, it is unnecessary to address this issue any further.

Plaintiffs' claims under § 3020 of the New York State Education Law ("§ 3020") alleging denial of due process rights similarly fail because pursuant to State Education Law § 3020(4) the procedure set forth in § 3020-a may be modified by collective bargaining agreement, as was the case here pursuant to the contract between DOE and the UFT. On repleading, Plaintiffs may elaborate on their allegations that Defendants denied them due process of law by not affording them sufficient opportunity to be heard at disciplinary proceedings within a meaningful time.

Plaintiffs' hostile work environment claims must be dismissed because, except for the case of plaintiff Josephine Cruz ("Cruz"), the various actions are either time-barred or

not reasonably related to the charges Plaintiffs filed with the federal Equal Employment Opportunity Commission or the New York State Division of Human Rights. On repleading, Plaintiffs may address the extent to which these deficiencies may be corrected by application of the single filer rule, which they contend the Report failed to consider. With regard to Cruz, the allegations in the Second Amended Complaint fail to sufficiently allege that any of the discriminatory actions underlying her claims -- being subjected to the physical conditions prevailing in the TRCs -- were taken by Defendants because of the disability Cruz asserts pursuant to the Americans with Disabilities Act, or under any other protected status.

Accordingly, in all other respects, and for substantially the reasons set forth in the Report, the Court adopts the Report's factual and legal analyses and determinations, as well as its substantive recommendations, in their entirety as the Court's ruling on Defendant's underlying motions.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Andrew J. Peck dated February 23, 2010 (Docket No. 95) (the "Report") is adopted in its entirety, with the exception of the Report's recommendation that the Court not grant leave

to file a third amended complaint, and the motions (Docket Nos. 149 and 155) of defendants New York State Education Department ("NYSED"), State Commissioner of Education Richard Mills, Deborah A. Marriot, the City of New York, the New York City Department of Education ("DOE") and DOE Chancellor Joel Klein to dismiss the complaint of the plaintiffs Twana Adams, Josephina Cruz, Michael Ebewo, Joann Hart, Julianne Polito, Thomasina Robinson and Brandi Dawn Scheiner ("Plaintiffs") and for judgment on the pleadings are GRANTED; and it is further

**ORDERED** that the Clerk of Court is directed to dismiss Plaintiffs' Second Amended Complaint without prejudice; and it is further

**ORDERED** that the Memo-endorsed Order of Magistrate Judge Peck dated November 16, 2009 (Docket No. 175) recommending denial of Plaintiffs' request for an extension of time to file a third amended complaint is not adopted and the objections of plaintiffs (Docket No. 179) are GRANTED; and it is finally

**ORDERED** that Plaintiffs are granted leave to file a third amended complaint within thirty calendar days of the date of the Order.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

Dated:   NEW YORK, NEW YORK
         6 April 2010

                                    _____
                                    Victor Marrero
                                    U.S.D.J.

-11-

TWANA ADAMS, et al.
v.
NEW YORK STATE DEPARTMENT OF EDUCATION, et al.

08 Civ. 5996

Report and Recommendation of
Magistrate Judge Andrew J. Peck
dated February 23, 2010

Attachment to the Court's
Decision and Order
dated April 6, 2010