UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

Twana Adams, et al.,

                                 Plaintiffs,

              -against-                         08 Civ. 5996 (VM) (AJP)

New York State Education Department, A division/organ
of the State of New York, Richard Mills, Commissioner of
Education, Teacher Tenure Hearing Unit, Deborah A.
Marriott, Manager, City of New York, Joel Klein, New
York City Department of Education,

                                 Defendants

------------------------------------------------------------------ x

**CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE ADAMS FOURTH AMENDED COMPLAINT.**

## ARGUMENT

### POINT I

### PLAINTIFFS' OPPOSITION IMPROPERLY INCLUDES ALLEGATIONS OUTSIDE THE ADAMS FOURTH AMENDED COMPLAINT THAT MUST BE EXCLUDED.

The memorandum of law filed on behalf of plaintiffs Adams and Cruz ("Adams Plaintiffs' Memorandum") is replete with factual and hearsay allegations that are not found within the Adams Fourth Amended Complaint. Among other things, the Adams Plaintiffs' Memorandum contains allegations (1) concerning individuals who are not plaintiffs in this matter, and (2) regarding plaintiffs Adams and Cruz that are neither pleaded nor implied within the Adams Fourth Amended Complaint. Similarly, the memorandum of law filed on behalf of plaintiffs Ebewo, Hart, Polito, Robinson and Scheiner ("Ebewo Plaintiffs' Memorandum") contains allegations regarding the Department of Education's Ineligible/Inquiry List that are not pleaded in the Adams Fourth Amended Complaint or referenced/supported in any document before the Court. All of this extraneous material is impermissible for consideration on City defendants' motion to dismiss. It is well-settled that

> in resolving a 12(b)(6) motion the district court's "consideration is limited to the factual allegations in [plaintiffs' complaint], which are accepted as true, to documents attached to the complaint as an exhibit or incorporated by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff[s'] possession or of which plaintiff[] had knowledge and relied on in bringing suit.

U.S. v. Int'l Longshoremen's Ass'n, 518 F. Supp. 2d 422, 451-52 (E.D.N.Y. 2007) (quoting Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). The Court must exclude the extraneous factual allegations the plaintiffs have asserted in their opposition papers, which not only is improper on a motion to dismiss, but much of which is grounded in hearsay.

## POINT II

## ALL OF THE CLAIMS ASSERTED BY PLAINTIFFS' ADAMS AND CRUZ SHOULD BE DISMISSED.

### A. Abandoned Claims

Plaintiff Adams continues to assert a claim of race discrimination against City defendants (twenty sixth and twenty seventh causes of action), and first amendment retaliation (nineteenth cause of action). See August 9, 2010 Letter of Joy Hochstadt ("Hochstadt letter"), Docket Entry Number 234. Plaintiffs Cruz and Adams also assert claims of retaliation arising under the fourteenth amendment equal protection clause and 42 U.S.C. Section 1983 (thirty first cause of action). Id. However, the Adams Plaintiffs' Memorandum makes no response to City defendants' motion to dismiss those claims. Accordingly, Adams race and retaliation claims, as well as Cruz's fourteenth amendment retaliation claims should be deemed abandoned and dismissed. See Anti-Monopoly, Inc. v. Hasbro, Inc., 958 F. Supp. 895, 907 n. 11 (S.D.N.Y. 1997) ("[F]ailure to provide argument on a point at issue constitutes abandonment of the issue... provides an independent basis for dismissal."), aff'd, 130 F.3d 1101 (2d Cir. 1997).

### B. ADA Claim

Further, while Cruz continues to assert a claim of disability discrimination pursuant to the ADA (thirtieth cause of action) she now changes the factual predicate underlying this claim. Thus, while the allegations of the Adams Fourth Amended Complaint complain of the conditions at the temporary assignment center (Adams Fourth Amended Complaint at ¶¶ 598-607), in the Adams Plaintiffs' Memorandum plaintiff Cruz now complains that her school principal failed to offer her a reasonable accommodation while she served in the school setting. Adams Plaintiffs' Memorandum at pgs 39-40. Because plaintiff Cruz has not responded to City defendants' motion to dismiss her ADA claims as asserted in the Adams Fourth Amended

2

Complaint, she has abandoned such claim and it should be dismissed. Further, to the extent that Cruz now seeks to assert a claim for failure to accommodate arising prior to her reassignment to a temporary reassignment center, such allegations were not included in Adams Fourth Amended Complaint. Moreover, any such claims are not timely asserted. Cruz filed an administrative charge alleging disability discrimination on September 5, 2008. Exhibit "B" to the Adams Fourth Amended Complaint. According to the allegations of the Adams Fourth Amended Complaint Cruz was assigned to a temporary reassignment center in June 2006. Adams Fourth Amended Complaint at ¶ 457. As such, all of the actions of the principal that Cruz now complains of pre-date her reassignment. Because Cruz filed her charge of discrimination more than 300 days after the alleged failure to accommodate actions occurred her allegations are time barred.

C.  **Due Process Claims**

Plaintiffs Adams and Cruz continue to maintain claims for alleged violations of their fourteenth amendment liberty and property interests (seventeenth, eighteenth, twentieth and twenty first causes of action). With respect to their property interest claim, plaintiffs Adams and Cruz assert that "Yes, the plaintiffs continue to challenge the modifications to 3020-a and 3020 because they were attained by coercion . . ., has no rational basis, has led to abrogation of the right to have an [sic] fair and balance [sic] arbitration through participation in the choice of an arbitrator, has led to discarding of AAA rules and aegis in the conduct of the arbitration and replacement by Theresa Europe-rules i.e. DOE rules as to the conduct of the arbitration. Adams Plaintiffs' Memorandum at page 29. Significantly, however, as noted by City defendants in their moving papers, this Court has already ruled that the modified procedures provided for in Article 21G of the collective bargaining agreement ("CBA") negotiated between the DOE and plaintiffs

3

bargaining representative, the United Federation of Teachers, provide more than the constitutional minima mandated by the Due process Clauses of the federal and State constitutions[1].

Moreover, while plaintiffs Adams and Cruz attempt to respond, in their own fashion, to City defendants' motion to dismiss their liberty interest claims, their arguments are insufficient to cure the deficiencies of their claim.

## POINT III

## THE EBEWO PLAINTIFFS' CLAIMS FAIL TO STATE A CAUSE OF ACTION.

### A.   Property Interest

Plaintiffs Ebewo, Hart, Polito, Robinson and Scheiner (collectively "Ebewo Plaintiffs") continue to assert that their due process rights have been violated (third, fifth, seventh, ninth, twelfth, and fifteenth causes of action). In response to the case law cited by City defendants to support their contention that plaintiffs fully paid suspension does not implicate a property interest, the Ebewo Plaintiffs argue that "their property interests extend beyond the mere payment of a salary." Ebewo Plaintiffs' Memorandum at page 23. Thus, they assert that "additional income to be earned by per session fees,[2]" "professional development sessions," and

---

[1] By Order dated May 13, 2010 this Court specifically directed plaintiffs to indicate in their Fourth Amended Complaint "which claims, if any are re-alleged merely to preserve appellate rights but should be dismissed pursuant to [Judge Peck] and Judge Marrero's decisions as to the Second Amended Complaint." The Fourth Amended Complaint did not, however, distinguish between those claims that were asserted for the first time and those that were re-alleged simply to preserve appellate rights. As such, City defendants were required to move, yet again, to dismiss all of the plaintiffs' allegations including those claims already addressed by the Court. Although plaintiffs had the opportunity to clarify the record, neither the Adams Plaintiffs' Memorandum nor the Ebewo Plaintiffs' Memorandum attempts to redress the plaintiffs failure to comply with the May 13, 2010 order. Instead, plaintiffs continue to assert some of the very same causes of action that have been decided by the Court. Plaintiffs continued assertion of claims for a ruling on the merits is clearly an attempt to reargue this Court's earlier decision that should not be countenanced by this Court.

[2] There are no allegations in the Adams Fourth Amended Complaint that any of the plaintiffs had in fact engaged in per session work at the time they were reassigned or that any of the plaintiffs had the right to continued

4

"associating with teaching colleagues who are performing classroom duties" are examples of property interests they possess. Tellingly, the Ebewo Plaintiffs do not cite any legal authority to support their attempt to expand the case law regarding property interests.

The Ebewo plaintiffs continue to maintain that in order to state a cause of action for a due process deprivation they need only plead that there was an "extraordinary delay" in the conduct of their disciplinary hearings and that the delay "violate[d] their due process right to a hearing in a meaningful time." Ebewo Plaintiffs' Memorandum at page 24. Plaintiffs cite to Barry v. Barchi, 443 U.S. 55 (1979) and Spinelli v City of New York, 579 F.3d 160 (2d Cir. 2009) to support their contention that plaintiffs have an interest in a prompt-suspension hearing. However, unlike the Ebewo Plaintiffs who, while suspended, receive their full salary and have benefit of pre-deprivation hearings, the plaintiffs in Barry and Spinelli challenged the timeliness of their post-deprivation hearings. Because as argued by City defendants in their moving papers, plaintiffs do not allege that the "extraordinary delays" in the conduct of their disciplinary hearings had a substantive impact on their ability to participate or defend against the disciplinary charges lodged against them, or that they suffered a loss of salary as a result of their respective periods of suspension, they cannot establish a due process violation as a matter of law.

With respect to the due process claims of Plaintiff Polito, she does not respond to City defendants motion seeking dismissal of her claims concerning (1) her removal as interim acting principal of TASS in 2006 and (2) her challenge to her demotion/reversion from her position as "a tenured administrator" to a teacher. As such, she should be deemed to have abandoned such claims. The only claim pursued by Polito is her claim that in her "unique" case,

---

assignment in a particular per session activity pursuant to the terms of their CBA.

5

her repeated reassignments pending investigation of allegations of misconduct lodged against her violated her due process rights.

Polito relies on <u>Palkovic v. Johnson</u>, 281 Fed. Appx. 63, 66 (2d Cir 2008) and incorrectly cites the holding of that case to stand for the proposition that a plaintiff "who alleged she was repeatedly subjected to unfounded § 3020-a had stated a cause of action for the denial of her due process rights." Ebewo Plaintiffs Memorandum at page 28. In <u>Palkovic</u> the plaintiff had been the subject of two disciplinary hearings arising out of the same acts of alleged incompetence. The charge against her was not sustained at either of the two disciplinary proceeding. A third disciplinary hearing was commenced before a Hearing Officer that Palkovic claimed was selected because he would issue a decision "favorable" to the school district. In addition to alleging that the outcome of this third hearing was pre-determined, Palkovic further alleged that the evidence presented at this third proceeding was substantially the same as that presented at her two prior hearings. When Palkovic was found guilty of the charge she brought suit arguing that she was deprived of a meaningful hearing in violation of her due process rights. The lower court granted defendant's motion to dismiss for failure to state a cause of action. In reversing the decision of the District Court, the Second Circuit held, that "Without reaching the issue of whether Palkovic can succeed on a procedural due process claim" the complaint stated a cause of action.

Unlike the plaintiff in <u>Palkovic</u>, the Adams Fourth Amended Complaint does not allege that plaintiff Polito has been the subject of repeated disciplinary charges based on the same acts of misconduct. As alleged in the Adams Fourth Amended Complaint, Polito has been reassigned as a result of allegations made by unidentified individuals at her assigned schools regarding her conduct. The allegations have been made while she was assigned to different

schools, by different individuals, at different times, with different acts of misconduct alleged. Further, while Polito asserts that the allegations are unfounded, she also acknowledges that she has been repeatedly returned to the classroom and disciplinary charges have not been lodged against her. The facts of the Palkovic are therefore inapposite to the facts of Polito's claim herein and do not support her due process claim.

### B. Liberty Interest

In opposition to City defendants' motion to dismiss the Ebewo Plaintiffs liberty interest claims, the Ebewo Plaintiffs attempt to add new factual matter concerning the Ineligible/Inquiry List. Ebewo Plaintiffs' Memorandum of Law at page 30. However, these unsupported hearsay allegations are not contained in Adams Fourth Amended Complaint and as such, are not properly considered by the court on this motion to dismiss. See Point I supra. The Adams Fourth Amended Complaint does not allege that any information regarding the allegations of misconduct lodged against the plaintiffs are maintained on the Ineligible/Inquiry List. Rather, the Adams Fourth Amended Complaint asserts only that plaintiffs names were placed on the Ineligible/Inquiry List. Further, while plaintiffs now seek to assert that the DOE has disseminated false and stigmatizing information, no such allegation in found within the many hundreds of paragraphs that comprise the Adams Fourth Amended Complaint.

### C. First Amendment Retaliation

Plaintiffs Polito and Robinson continue to pursue their claim for first amendment retaliation based on the very same factual allegations that have been reviewed and dismissed by this Court. For the reasons set forth in City defendants moving papers, their claim should be dismissed.

### D. Race Discrimination

7

Plaintiffs Ebewo, Hart, Polito and Robinson have asserted claims of race discrimination (twenty seventh cause of action). However, in their opposition papers they have not addressed City defendants motion seeking to dismiss their claims for failure to plead a prima facie case of discrimination. Specifically, City defendants have argued that the Adams Fourth Amended Complaint fails to assert any facts that would link the plaintiffs respective race to any of the actions they complain of herein. As such, their claim should be deemed abandoned.

E.  Age

The Ebewo Plaintiffs continue to assert claims of age discrimination under the ADEA (twenty second, twenty third, twenty fourth causes of action). City defendants are unclear if any of the arguments made in the Ebewo Plaintiffs Memorandum are intended to respond to City defendants' motion to dismiss their ADEA claims. In any event, as argued by City defendants in their moving papers, not only are many of the plaintiffs claims untimely, the allegations of the Adams Fourth Amended Complaint fail to attribute any of the actions they complain of to age based discriminatory animus on the part of the school administrators.

F.  Gender Harassment

The Ebewo Plaintiffs memorandum of law does not respond to City defendants motion to dismiss Polito's claim for gender discrimination and gender harassment (twenty eighth cause of action). As such, Polito's claim of gender discrimination should be deemed abandoned.

G.  National Origin Discrimination

While Plaintiff Ebewo continues to assert a claim for national original discrimination (twenty ninth cause of action) he has not responded to City defendants motion to dismiss his claim on the grounds that they are not timely asserted and for failure to allege any facts that would support a claim of intentional discrimination under 42 U.S.C. § 1981.

### H. Hostile Work Environment

Plaintiffs continue to assert a claim for hostile work environment (thirty second cause of action). However, the Ebewo Plaintiffs' Memorandum does nothing to cure the pleading deficiencies of this claim. For the reasons set forth in City defendants moving papers this claim should be dismissed.

### I. Municipal Liability

While the Ebewo Plaintiffs claim that their "removal from their teaching duties results from a municipal policy and custom", Ebewo Plaintiffs Memorandum at page 39, they fail to identify the alleged policy or custom at issue. For the reasons set forth in City defendants moving papers, all of plaintiffs' claims for municipal liability must be dismissed.

## CONCLUSION

For all of the reasons set forth herein and in State Defendants Reply papers, City and State defendants' moving papers, City defendants respectfully request that the Court dismiss the Adams Fourth Amended Complaint in its entirety, with prejudice, and costs and fees and

such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 10, 2010

                                      **MICHAEL A. CARDOZO**
                                      Corporation Counsel of the
                                      City of New York
                                      Attorney for City Defendants
                                      100 Church Street, Room 2-142
                                      New York, N.Y. 10007-2601
                                      212-788-0872

                                      _____
                                      BLANCHE GREENFIELD
                                      Assistant Corporation Counsel