USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 11/2/10

MEMO ENDORSED

**Joy Hochstadt, P.C.**
*Attorney at Law*
*300 Central Park West*
*Suite 2E*
*New York, NY 10024*

November 1, 2010

RECEIVED NOV 02 2010 CHAMBERS OF ANDREW J. PECK

By Fax: 212-805-7933
The Honorable Andrew J. Peck, USMJ
United States District Court
Daniel Patrick Moynihan Federal Courthouse
500 Pearl Street
New York, New York 10007

                    Re: **Adams et al v. NY State et al 08-CV-5996 (VM) (AJP)**
                    Request of extension of papers due on sanctions

Dear Judge Peck:

      I represent Plaintiff Adams in the above-cited action and my representation of Dr. Cruz is in flux at this time. It seek to withdraw from representation of Dr. Josefina Cruz, who has for some reason gone to war with me, possibly over a misunderstanding (*vide infra*). Please allow this letter to serve as motion.

      First Dr. Cruz wanted another attorney to argue her motion for reconsideration in her state special proceeding seeking to vacate her 3020-a arbitration because I had another motion to argue simultaneously in a courtroom on the same corridor and neither of us wished me to try to negotiate between the two courtrooms, and argue both motions nor to delay/adjourn argument on her motion.

      By coincidence she chose Vincent White, of Manners and Associates, with whose employer, Robert Manners, I was already in discussion, for a referral and of counsel arrangement, where the young associates of Manners would get referrals of my overload cases, and wherever mutually desired I would remain of counsel as review attorney if the client so desired. I was especially pleased because, it might also give me an opportunity to observe Mr. White as he argued for Dr. Cruz and could make an assessment to my prospective clients in suggesting the referral.

      Then, Dr. Cruz became upset when the case was returned to the Justice who had originally heard it, rather than a newly appointed Justice to whom several overload cases from the original Justice were transferred. Dr. Cruz believed I should have fought this return. The next thing was that Dr. Cruz wanted to substitute Mr. White for me in that proceeding, "send him the files." I informed her that the instant case and that state proceeding had a combined single file as they both dealt with her personal treatment by the DOE; they differed only in the remedies that were available in each forum and in each type of proceeding. Either Mr. White should assume her representation in both cases or he should appear at my offices and review the combined file and copy whatever he wished.

      I was astounded at what Dr. Cruz did next. She wrote to the Magistrate in "the Brooklyn case" and said she had fired me because I refused to make an orderly transition in another case and had not sent

the files to her chosen attorney,[1] and she was signing up that attorney for the class action too. I immediately called Mr. White to asked him if he would represent Dr. Cruz in the putative class action and he said he would have to speak to her. He has declined to represent her in the instant case and in the class action but agrees to represent her in her Article 75 proceeding.

I wish to withdraw from representing her in this Action. Today Magistrate Mann made her *pro se* in the putative class action in Brooklyn. Dr. Cruz has also gotten two other of the six named plaintiffs in that putative class action to "stick together with her" and now they are *pro se* as well and ruing their solidarity (and plan to rescind their *pro se* status in the class action and feel they were misled by Dr. Cruz) They also have immediate deadlines in other cases in which I represent them as sole plaintiff.

As I alluded to in my letter to the EDNY Court a month ago (hereto attached), the trawling of my case dockets to stir up dissent and provoke my clients, on non-issues as it turns out in the class action, could only have been Ed Fagan's doing (Dr. Cruz has no access to PACER nor skill at its use, the semantics of her letter to the Court defaming me are his, and he has been closest to her of all the 61 original T4A plaintiffs).

Fagan's case, <u>Fagan et al v. Republic of Austria</u> *et al* 08-cv-6715 (LTS)(JCF) was stayed at one point until he paid some of, I believe, hundreds of thousands of dollars in sanctions that he owes the SDNY. Fagan then added as Plaintiff's some of his former Kaprun clients and someone put up James Lowy (Fagan's Florida colleague) *pro hac vice* to represent the Kaprun victims and survivors sometime in 2009. So that they would not be prejudiced along with Fagan, the stay was lifted.

In 2010, those Kaprun victim's and survivors learned some very troubling facts about Fagan in affidavits from defense opponents (i.e. that Fagan was selling his future fees in the Kaprun cases for up front cash before he was disqualified altogether from the Kaprun cases in 2007). They were revolted to learn that rather than his altruism in representing them in the long battles for justice, it was immediate pecuniary revenue that drove him and the amounts he was selling to "investors" was huge. They immediately fired Lowy and asked me to represent them and to sever from Fagan.

Fagan has been very hostile and harassing to me about this turn of events. The whole episode with Dr. Cruz has been a distraction he deliberately engineered, perhaps to intimidate me from filing a motion or cross-motion to sever and possibly undermining, or at least again staying, his claims. My first encyclopedic submission in that case representing 106 plaintiffs was promised for tonight. (It was actually due several days ago but I explained to the Court and the Defense why that was impossible and I did so in a letter and not on the docket).

Of course, as always, my obligations to my clients must come before seeking any relief on my own part. There is absolutely no way that I can do anything but the case before Judges Swain and Francis tonight or even tomorrow. This is exactly what Fagan has orchestrated to happen. That I spend all my time fighting the fires that he sparks so there is little time left for substantive work. If he were in the

---

[1] Actually since I still require the files for this case until I am permitted to withdraw, I was correct in not sending a conmingled file to Mr. White; his lack of understanding of this may be unwittingly responsible for Dr. Cruz heightened animus.

Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,    Telephone 212 580 9930    Facsimile: 212 580 9322
Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court    e-mail joy.hochstadt.pc@gmail.com

jurisdiction, I would have him arrested for practicing law without a license when he trawls my dockets and then calls or emails my clients to give them legal advice about what I should be doing.

I humbly and urgently implore the Court to allow myself and Mr. Penkovsky, (it is time we worked together again, at least a week to parce out whom I represent and where) and to put order back into my practice despite the attempts to put it in disarray by Fagan.

Respectfully submitted,

*Joy Hochstadt*

cc: The Honorable Victor Marrero, USDJ
Nicholas Penkovsky, Esq.
Blanche Greenfield, Esq.
Antoinette Blanchette, Esq.

**MEMO ENDORSED** 11/2/10

REQUEST DENIED AS UNTIMELY. Your papers were due 11/1. A faxed request for extension at 8PM on 11/1 is too late. You have defaulted. (This is not the first time this has happened. You should know better.)

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

Copies by ECF; all counsel
/s/ John Marrero

BY ECF

Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,   Telephone 212 580 9930   Facsimile: 212 580 9322
Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court   e-mail joy.hochstadt.pc@gmail.com

Case 1:09-cv-05167-SLT -RLM Document 65 Filed 10/01/10 Page 1 of 3

*Joy Hochstadt, P.C.*
*Attorneys at Law*
*300 Central Park West*
*New York, NY 10024*

October 1, 2010

The Honorable Sandra L. Townes
United States District Judge
The Honorable Roanne L Mann
United State Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Re: Thomas et al v. Dep't of Educ. et al , (SLT)(RLM) .

Dear Judges Townes and Mann:

I was sent a disturbing letter addressed to Your Honor, Judge Mann, from one of my (former?[1]) clients this morning, that was authored by Josefina Cruz, and attacked me for not responding today to the Motion to Stay Discovery until the Motion to Dismiss was resolved.

No doubt Dr. Cruz is frustrated that the legal standards have been so high that she, has to date, gotten no relief, only postponements at best and appeals for her claims. She has reargument pending in New York State Supreme Court for her Article 75 special proceeding; her claims in an ADEA case were not considered as one of the Plaintiffs in Friedline et al v NYC Dept. of Ed et al (SDNY) because at the time of the trial she had not received a decision from the Ed. L. 3020-a procedures (I had nothing to do with the case–in fact I was on the payroll of the DOE until a week before the trial began). The request for reconsideration as a *pro se* was also not considered even though she had received her 3020-a decision, because the decision fired her and only the Article 75 route is usually accepted to overcome *res judicata* and *collateral estoppel* of the arbitration award. The Second Circuit where she was also *pro se* affirmed the decision of the trial court. I commend her in that she has also petitioned *pro se* for a Writ of Certiorari in the Supreme Court of the United States, presenting the questions: When is an administrative proceeding part of the claims instead of part of the potential relief? How long is long enough to have exhausted administrative remedies (when she was in the rubber room for two years and three months at the time of the trial)? *Inter alia?*

Even though I am a member of the Supreme Court bar, I was not interested in developing her petition. Frankly, I did not see the questions presented at the moment she approached me, and for this I take full responsibility. Then there recently came a time mid-September when I was scheduled to argue two motions at the same time before two Justices, actually in the same Courthouse on the same wing of the same floor and I was going to arrange with the two

---

[1] Dr. Cruz had only informed me that she wanted Vincent P. White to represent her in her State Court "Article 75" (is has yet to be converted to that–she file a summons with notice as a *pro se)*

deputies/clerks to do it. Dr. Cruz asked if she could have Vincent P. White argue that motion; I was delighted, because I am in discussion with his law firm to assist with my burgeoning caseload in a strategic alliance "of counsel" and "referral" relationships or other collaboration. As it turned out the reargument on her matter was adjourned and returned to the Justice who had first heard it.

It is this very frustration by good teachers who have been wronged by the policies and practices of the Klein Chancellorship of the Department of Education, now solely under the Mayor, with no School Board to modulate the "hell bent" assault on tenure, that caused me to bring this action.

My error, however, was to include several of my present clients as putative class representatives. In fact, I almost did not include Dr. Cruz because of her tentativeness upon hearing about this matter. I should have realized that both the defense would attack those choices, and because of the difficulty of upsetting Ed. L. 3020-a decisions, via Article 75 actions, those earlier clients too, could become impatient and even perhaps desperate as their lives have been set on end by the unwarranted conduct, of the Defendants in this case. For that naivete, too I take full responsibility.

It is unfortunate that Dr. Cruz has chosen not communicate with me in the last almost three weeks; it is unfortunate that another of the named putative class representatives whom I was offering room and board to, when he became homeless, betrayed my trust by retrieving and misusing a debit card of mine. It is unfortunate that I also had to offer room and board to another homeless victim of 3020-a, a putative class member; the Courts are the last resort to the minions of the dedicated teachers whose lives have been set asunder solely because of their age, salary level, and tenure which was supposed to protect them not target them–that is why we are before Your Honors.

While with twenty proceedings anticipated or pending against the DOE, some with discovery completed, and with extensive discovery in my own several cases that DOE settled with a very sizeable settlement award (settled a year ago but the award came through seven months ago), the superficial discovery that DOE will turn over voluntarily, is not probably anything I do not already have; the battle over the necessary discovery is one that can be delayed or one that I was not going to win at this time.

However, with a deleterious letter directly to Court, I had to respond. The Court is very wise to let this play out. This letter was written to respectfully request the Court to grant time for me to consult with as many class members and named class representatives to ascertain what discovery they wished, to see if I had what they wanted and to consult with Mr. Leighton what he would give, given Dr. Cruz letter. The request is moot now that Dr. Cruz letter has been responded to by the Court.

However, there is more than meets the eye in Dr. Cruz action. Dr. Cruz has no access to PACER; Vincent P. White and I discussed this, this morning; he never discussed this matter with her whatsoever; he never provided her with the prior Order. My PACER account has been misused by someone (I shall change it). I will consult my own ethics counsel as to how to handle this matter of an unauthorized contact by former counsel to several of my clients (now disbarred) preying on these teachers to forward his own agenda for losing 160 disaster clients (he was disqualified from

representing the disaster clients years before he was even disbarred two years ago but was still "running the show" via a Florida attorney he would have appear *pro hac vice)* until May 2010 when the clients all rejected the Florida attorney in favor of my representation.

Respectfully submitted,

/s/
_____

Joy Hochstadt (0935)

# ECF TRANSCRIPTION SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:   November 2, 2010                              Total Number of Pages:  7

## TRANSCRIPTION OF MEMO ENDORSED ORDER

REQUEST <u>DENIED</u> AS UNTIMELY.  Your papers were due 11/1.  A faxed request for an extension at 8 PM on 11/1 is too late.  You have defaulted.  (This is not the first time this has happened.  You should know better.)

Copies <u>by ECF</u> to:     All Counsel
                             Judge Victor Marrero