CASE NO. 08-CV-5996 (VM)(AJP)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____


TWANA ADAMS, *et al.*,
PLAINTIFFS,


-against-


NEW YORK STATE EDUCATION DEPARTMENT, *et al.*
DEFENDANTS.

_____

_____


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
THE DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

_____

_____


LAW OFFICES OF NICHOLAS A. PENKOVSKY, P.C.
*Attorney for Plaintiffs Michael Ebewo, Joann Hart, Julianne Polito,*
*Brandi Dawn Scheiner, Thomasina Robinson*
112 Madison Avenue, Sixth Floor
New York, NY 10016
Tel. (212) 216-9708; Fax (212) 216-9491

**PRELIMINARY STATEMENT**

Plaintiffs incorporate by reference as if fully set forth herein their counsel's prior declarations opposing an award of sanctions, their fourth amended complaint, their memorandum of law in opposition to the defendants' motion to dismiss, and their objections to the report and recommendation dismissing the fourth amended complaint.

Rule 11 sanctions against plaintiffs Ebewo, Hart, Polito, Robinson, and Scheiner and their counsel Nicholas Penkovsky is inappropriate in this lawsuit. The claims presented in the plaintiffs' fourth amended complaint are warranted by existing law or by a non-frivolous argument for extending the law or establishing new law. The court must view the pleadings in the context of the unprecedented and historical attack by defendants upon tenured New York City Public School teachers and the utter denial of their due process rights to their tenured teaching positions.

On behalf of plaintiffs it has been argued that United States Supreme Court and Second Circuit precedents concerning the timeliness of a due process hearing be extended to these plaintiffs who have been confined for years in Temporary Reassignment Centers without a hearing. Plaintiffs have also argued that the Second Circuit has indicated a willingness to extend Seventh Circuit precedent into this circuit and to find a violation of due process rights where public employees have been removed from their jobs and the duties attendant thereto, and have not been afforded a hearing despite the public employer's defense that it is continuing to pay the employee's salary. The defendants' nebulous due process argument hangs on this bare and questionable thread. But the Seventh Circuit has snipped that thread and has held that payment of a salary is not an adequate defense to denying a public employee due process. A Seventh Circuit holding that the Second Circuit has indicated that, in the appropriate case, it might also follow.

The court also needs to consider the fact that Judge Marrero asked for an amended pleading that particularly addressed the due process issues and the First Amendment Retaliation claims. To that extent, the fourth amended complaint addressed those issues. In fact, the fourth amended complaint is an entire rewrite of the *pro se* second amended complaint. The fourth amended complaint sets out each claim individually for each plaintiff. The fourth amended complaint drops some First Amendment claims and raises new claims. This revision thus drops some questionable but nonetheless potentially viable claims to allow the lawsuit to proceed without opening it to attack for gray area claims.

There was absolutely no contact by defendants' counsel to Mr. Penkovsky prior to their filing their motions to dismiss. The defendants therefore gave no prior notice to plaintiffs of their view that any of the claims were frivolous. The only conversation was between Mr. Penkovsky and Assistant State Attorney General Blanchette **after** plaintiffs filed their opposition. This conversation took place against the backdrop of Ms. Hochstadt's on-going filings and the conversation was surpassed by the conference before Magistrate Peck where the plaintiffs withdrew certain claims and request for relief in other claims against certain state and city defendants.

As set forth in Mr. Penkovsky's declaration the plaintiffs were afforded 30 days from Judge Marrero's order to dismiss and leave to amend to prepare a complex and multi-claim lawsuit on behalf of seven plaintiffs. It need also be noted that after filing the fourth amended complaint these plaintiffs sought leave to sever their lawsuit from Ms. Hochstadt's plaintiffs for reasons of efficiency and the distinct difference of the procedural posture of Ms. Hochstadt's claims.

2

## ARGUMENT

## POINT I

## SANCTIONS ARE INAPPROPRIATE IN THIS LAWSUIT

Rule 11 must be read in light of the concern that imposing sanctions will "chill vigorous advocacy." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454 (1990). Plaintiffs have been litigating this lawsuit for more than two years against a backdrop of the Magistrate Judge's repeated assertions that the lawsuit was appropriate for the Eastern District.[1] Against the backdrop of the Magistrate's advice in another district, was Jude Marrero's request that the plaintiffs expand their complaint and clarify their due process and First Amendment claims.

After Judge Marrero's decision, plaintiffs were compelled to entirely revise their complaint and assert clear allegations based upon the facts and the law, all within a thirty day deadline. Plaintiffs submit that they complied in all ways with Judge Marrero's request, as well as clarifying their other Title VII, Age Discrimination, invidious discrimination claims and other employment and 14th Amendment claims related to their employment and reassignment to Temporary Reassignment Centers. The purported lack of detail is just that, there are no findings of failure to comply with the *Iqbal-Twombly* standard of pleading and the fleshing out of details can be done and should be done through discovery. For instance, all teachers are eligible for per session work in its many forms and the pleading states that this opportunity was lost.

---

[1]      In fact, the Magistrate Judge made the same statements at the hearing on sanctions against Ms. Hochstadt for her delay in filing opposition to the defendants' motions to dismiss the fourth amended complaint. The only conclusion is that the lawsuit was viable, less the specific demands to dismiss certain causes of actions and claims for relief which these plaintiffs did.

Plaintiffs also dropped their breach of contract claims leaving this Court to only consider the federal claims and to remove the shadow of the need to join the United Federation of Teachers ("UFT") as a defendant for failure to provide plaintiffs with adequate union representation. The breach of contract claim was collateral to the serious federal issues at stake in this lawsuit. Upon amendment, plaintiffs also sought to avoid the prior disputatious and distracting issues that were raised between their prior attorney and the UFT's attorney.

During the court conference concerning Ms. Hochstadt's delayed and incomplete filings of her opposition to the motions to dismiss, Mr. Penkovsky articulated to the court that he had undertaken extensive research and had reviewed the pleadings based upon the facts and legal issues. Upon the magistrate's stating that certain claims and requests for relief were frivolous, Mr. Penkovsky and these plaintiffs withdrew those portions of their fourth amended complaint. This curative measure is highly relevant in determining the imposition of sanctions. There is a "considerable difference for Rule 11 purposes between an entirely frivolous complaint and a complaint including both doubtful counts and counts of reasonable merits." *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.,* 186 F.3d 157, 177 (2d Cir.1999). (Citations and internal quotations omitted). The fact remains that these plaintiffs had numerous colorable claims and that Rule 11 sanctions in any form are inappropriate.

## POINT II

### SANCTIONS ARE INAPPROPRIATE BECAUSE
### THE ISSUES ARE NOT RIPE FOR CONSIDERATION AND
### DUE PROCESS REQUIREMENTS HAVE NOT BEEN MET

Rule 11 sanctions are inappropriate at this time and any consideration of the sanctions issue must await the conclusion of the litigation. *See* Advisory Committee Notes, 1983

Amendment, 28 U.S.C.A. Rules 11 and 12 at p. 9. (2008). An evidentiary hearing is necessary

where facts are genuinely in dispute. *Eastway Construction Corp. v. The City of New York*, 637

F. Supp. at 568. (Citations omitted).  In order to prevent conflict of interest and attorney-client

privilege problems or for other justifiable reasons the court should defer ruling on a Rule 11

motion until the conclusion of the case. *See also Safe-Strap Co., Inc. v. Koala Corp.,* 270

F.Supp.2d 413, at Fn. 3 (S.D.N.Y. 2003) (Knapp, J.).

The defendants' delay in filing a motion for Rule 11 sanctions is reason enough to deny

their motion. "Parties that seek sanctions for the submission of a complaint are encouraged to file

a Rule 11 motion promptly after the complaint is filed." Id.

## POINT III

### SANCTIONS ARE INAPPROPRIATE BECAUSE
### THE REQUIREMENTS OF RULE 11(b) WERE SATISFIED

As Mr. Penkovsky states, he engaged in reviewing voluminous case law, dropped certain

claims, elaborated upon the facts of other claims and pleaded distinct causes of action for each of

the plaintiffs based upon the particular facts of each plaintiff's individual claims. The pleading

and the Memorandum of Law complies in all manner with the requirements of Rule 11(b). The

Report and Recommendation is entirely wrong in holding that allegations upon information and

belief are sanctionable and are permissible by Rule 11(b)(3).

There is no indication that this lawsuit was interposed for an "improper purpose, such as

to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *See* Fed R. Civ. P.

11(b)(1).  The District Judge invited the Fourth Amended Complaint. Neither the Court nor the

defendants raised any issue as to the cost of the litigation or harassment at the pleading stage. At

the time of the filing of opposition to the motions to dismiss, these plaintiffs withdrew claims;

again neither the Court nor the defendants raised any issue prior to their filing a motion to

dismiss. Plaintiffs submit that defendants therefore had serious concerns about this lawsuit and

the implications that litigating this suit would have for the defendants, including the need to

produce discovery, hence, the motions to dismiss which were filed without any issues raised as to

violations of Rule 11. Both defendants attorneys are experienced lawyers with vast government

experience. They saw this suit for what it is, a serious constitutional claim raising serious claims

against government's violation of the 14th Amendment.

Plaintiffs have also provided ample legal support for their claims thus rendering Rule 11

sanctions inappropriate. Plaintiffs have satisfied the objective and subjective standards required

by Rule 11 and have not relied upon the "empty-head pure-heart justification for their

arguments." *See Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.,* 186 F.3d at

166. (Internal quotations omitted) (Citing the 1993 Advisory Committee Note that Rule 11(b)(2)

"establishes an objective standard, intended to eliminate any 'empty-head pure-heart'

justification for patently frivolous arguments.") In addition, Mr. Penkovsky conducted

voluminous research and consulted numerous treatises before and after filing the fourth amended

complaint and the opposition papers militates against the imposition of sanctions. "The extent to

which a litigant has researched the issues and found some support for its theories even in

minority opinions, in law review articles, or through consultation with other attorneys should

certainly be taken into account in determining whether paragraph (2) has been violated." *Id.*

The reasonable inquiry standard "protects attorneys who reach reasonable but erroneous

conclusions." *Eastway Construction Corp. v. The City of New York*, 637 F. Supp. 558, 567

(E.D.N.Y. 1986) (Weinstein, J.). Mr. Penkovsky has satisfied that standard. The failure of the

defendants to move for sanctions until the Magistrate Judge directed them to do so indicates that

Mr. Penkovsky has satisfied the subjective standard as well.

**POINT IV**

**AN AWARD OF DEFENDANTS' ATTORNEYS' FEES
IS NOT AN APPROPRIATE SANCTION**

The purpose of a rule 11 sanction "is not reimbursement but sanction."

*Wood v. Brosse U.S.A., Inc.*, 149 F.R.D. 44, 51-52 (S.D.N.Y. 1993) (Citations and internal

quotations omitted) (Awarding a sanction of $1,500.00 where certain claims were colorable).

Factors to be considered in imposing sanctions include, "(1) whether the improper

conduct was willful, or negligent; (2) whether it was part of a pattern or activity, or an isolated

event; (3) whether it infected the entire pleading, or only one particular count or defense; (4)

whether the person has engaged in similar conduct in other litigation; (5) what effect it had on the

litigation process in time or expense; (6) whether the responsible person is trained in the law; (7)

what amount, given the financial resources of the responsible person, is needed to deter

that person from repetition in the same case." *Simpson v. Putnam County National Bank of

Carmel*, 112 F.Supp.2d 284, 291 (S.D.N.Y. 2000).

Here it is clear that (1) the conduct alleged was not intentional, it was an isolated event,

moreover one occasioned by the orders of this court to amend the complaint and to file an

opposition to the defendants' motions to dismiss, all pursuant to directives that were followed;

(2) this is an isolated event, and in fact was not the subject of the prior motions to dismiss the

second amended complaint which complaint Mr. Penkovsky brought to this Court's attention as

7

being inadequate yet the court allowed it to proceed to motion practice and multiple briefs;

(3) the alleged violations do not permeate the complaint and are limited, moreover corrections

were made upon the court's notice to do so; (4) there has been no prior similar conduct; (5) there

was no effect on the litigation time or process that was not otherwise avoidable by the defendants

had they notified plaintiffs' counsel as to any perceived inadequacies of the fourth amended

complaint prior to filing their motions to dismiss, (6) Mr. Penkovsky is trained in the law,

graduated with honors from New York Law School 4 months shy of his fortieth birthday received

the Woodrow Wilson Award and the American Jurisprudence Award for Constitutional law, he

has without sanctions litigated cases in the United States District Courts in New York and

California and in the Second and Ninth Circuit Courts of Appeal, even seeking the Second

Circuit Court of Appeals to modify Second Circuit law to conform with the law of other circuits

in *Greifenberger v. Hartford Life Insurance Co., et al.*, Docket No. 04 - 0385-cv, on appeal to

the Second Circuit Court of Appeals and in a Petition to that Court for a rehearing *En banc.*

Finally, Mr. Penkovsky's commitment to this Court's continued demand for supplemental

briefing at the stage of the Second Amended Complaint, his complying with Judge Marrero's

request for a further amended complaint and being compelled to do so within thirty days or risk

dismissal, his significant commitment of time[2] to a civil rights lawsuit that is being waged on a

contingent fee basis against recoverable attorney's fees by a sole practitioner has resulted in no

financial gain to him and a monetary sanction is entirely inappropriate.

---

[2]     Time records indicate that Mr. Penkovsky has spent in excess of 400 uncompensated hours on this case.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Sanctions must be denied in its

entirety.

Dated: New York, NY
November 3, 2010

                         Respectfully submitted,
                         LAW OFFICES OF  NICHOLAS A. PENKOVSKY, P.C.
                         Attorneys for Plaintiffs
                         Ebewo, Robinson, Polito, Scheiner and Hart

                                /s/
                         By: Nicholas A. Penkovsky, Esq. (NP 0134)
                         314 West 231St Street, Suite 436
                         Riverdale, NY 10463
                         Telephone: 212-216-9708
                         Fax number: 347-603-7676