*PL*
*CL 11-30-2010*
*N/e*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/11
```

## LAW OFFICES OF NICHOLAS A. PENKOVSKY, P.C.
314 WEST 231ST STREET, SUITE 436
RIVERDALE, NY 10463
TELEPHONE: 212-216-9708
FACSIMILE: 347-603-7676

**ORIGINAL**

January 26, 2011



**By Facsimile**
Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

MEMO ENDORSED

Re: *Adams, et al. v. New York State Department of Education, et al.*,
Case No. 08 Cv. 5996 (VM)(AJP)

Dear Judge Marrero:

I represent the plaintiffs Michael Ebewo, Joann Hart, Julianne Polito, Thomasina Robinson, and Brandi Scheiner in the above referenced matter.

Shortly after 12:00 Noon today, I received Assistant Corporation Counsel Greenfield's request for an extension of time to file a response to my Objections to the Report and Recommendation on Sanctions ("R&R"). Upon receiving her e-mail I called to speak to her but there was only a voice mail answer service. I left a message for her to call me concerning this request. I did not receive prior notice of this request, nor as of 3:05 P.M., has Ms. Greenfield or anyone at her office returned my call to discuss this request

For the following reasons I object to defendants' request for an extension of time to file a response to my Objections to the R&R.

First, the sanctions at issue are sanctions that the Magistrate issued *sua sponte*. As a result, unfortunate as it may be, this is an issue between the Court and me, as the aforementioned plaintiffs' counsel. Notably, the *sua sponte* issuance of sanctions should be rarely imposed and then, only for egregious conduct similar to contempt of court. See *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255-1257 (11th Cir. 2003). The issue before the court is whether I acted in subjective bad faith, which is required as a condition for *sua sponte* sanctions. See *In re Pennie & Edmonds, LLP*, 323 F.3d 86, 86-92 (2d Cir. 2003), *accord United Nat'l. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115-1118 (9th Cir. 2001). Consequently, the City and the State defendants lack standing in the imposition of sanctions which require that this court conduct a subjective review of my purported sanctionable conduct, which conduct I submit does not rise to the level of contempt. I further submit that this court needs to evaluate my alleged misconduct based upon all of the papers submitted and the communications to this Court since my becoming

Hon. Victor Marrero
January 26, 2011
Page 2
Re: *Adams, et al. v. New York State Department of Education, et al.,*
Case No. 08 Cv. 5996 (VM)(AJP)

plaintiffs' counsel. Defendants' advocacy of their viewpoint is neither relevant nor necessary for this Court to make a determination.

Second, the issue of any sanctions that could be imposed upon either me or Ms. Hochstadt is distinct and arise from different alleged misconduct. I submit that to permit defendants' to combine a joint response to both mine and Ms. Hochstadt's papers will only confuse the issues and does not help the Court. Therefore, if any papers are submitted by defendants, my issues need to be addressed separately and their time to respond is tomorrow. (*See* more on this point at "Fourth," below).

Third, I submit that the defendants' request is merely a backdoor effort to submit Objections to the R&R long after their time to file Objections to the R&R has passed.

Fourth, defendants' application fails to comply with your Individual Rules, i.e., I.F., with respect to requests for "Extensions/Adjournments." Defendants admit that any papers that could possibly be submitted in response to my Objections are due tomorrow. Defendants' request submitted today acts in total disregard of your requirement that "[a] request for an extension of time within which to make a submission to the Court . . . must be made in writing and received in Chambers **not less than two business days before the scheduled time**" (Emphasis supplied). Additionally, defendants never contacted me prior to making the request for an extension of time as required by your Individual Rule. ("Each request must . . . state whether opposing counsel consents to the extension or adjournment)."

Finally, defendants have not adequately explained any need for the extension of time, except for their own convenience.

Conclusively, defendants' request does not comply with your Individual Rules, nor do defendants offer an adequate reason for granting an extension. Therefore, this Court must deny defendants' request for an extension of time.

Respectfully submitted,

Nicholas A. Penkovsky

cc: Magistrate Andrew J. Peck (By Fax)
Blanche J. Greenfield, Esq. (By e-mail)
Antoinette Blanchette, Esq. (By e-mail)
Joy Hochstadt, Esq. (By e-mail)

> Request DENIED. In a matter as complex as the case at hand any background material and perspectives supplied by parties most directly involved could assist the Court in reaching the most informed and proper
> SO ORDERED. disposition warranted.
>
> 1-26-11
> DATE    VICTOR MARRERO, U.S.D.J.