USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TWANA ADAMS, et al.,                :
                                    :   08 Civ. 5996 (VM)
                    Plaintiffs,     :
                                    :
       - against -                  :   **DECISION AND ORDER**
                                    :
NEW YORK STATE DEPARTMENT OF        :
EDUCATION et al.,                   :
                                    :
                    Defendants.     :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

By Order dated December 8, 2010, Magistrate Judge Andrew Peck, to whom this matter had been referred for supervision of pretrial proceedings, issued a Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein, finding that attorneys Joy Hochstadt ("Hochstadt") and Nicholas Penkovsky ("Penkovsky"), counsel for two sets of plaintiffs in this action, violated Rule 11 of the Federal Rules of Civil Procedure. In essence, Magistrate Judge Peck determined that in filing plaintiffs' Fourth Amended Complaint, which he recommended be dismissed, Hochstadt and Penkovsky not only failed to correct legal deficiencies in plaintiffs' earlier amended complaints, but reasserted, without sufficient new factual allegations, numerous claims that the Court had preciously dismissed, and asserted certain other claims without any substantive legal basis. In

proceeding with such practices, Hochstadt and Penkovsky ignored express guidance provided by Magistrate Judge Peck and this Court. The Report recommended that the Court impose sanctions of $21,000 against Hochstadt and $7,000 against Penkovsky. Hochstadt and Penkovsky filed timely objections to the Report. For the reasons stated below, the Court adopts the recommendations of the Report in part.

## II. **STANDARD OF REVIEW**

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holding Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). "Where a party makes a 'specific written objection ... after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." Cespedes v. Coughlin, 956 F. Supp. 454, 463 (S.D.N.Y. 1997) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)); Fed. R. Civ. P. 72(b). The Court is not required to review any portion of a

magistrate judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge as to such matters. See Fed. R. Civ. P. 72(b); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

### III. DISCUSSION

Upon a full de novo review of the full factual record in this litigation, including the pleadings, and the parties' respective papers filed in connection with various motions described in the Report, and their submissions in this proceeding, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in Report are warranted. In its Decision and Order dated November 18, 2010 dismissing the Fourth Amended Complaint, this Court took note of precisely the excessive practices that gave rise to Magistrate Judge Peck's sanctions recommendation. See Adams v. New York State Department of Education, 752 F. Supp. 2d 420 (S.D.N.Y. 2010). Specifically, the Court noted that:

> Plaintiffs sought an opportunity to retain counsel to assist them in preparing a revised complaint, and, aided by counsel, Plaintiffs filed a Third Amended Complaint, which Magistrate Judge Peck reviewed and still found deficient in substantial respects. By Order dated May

> 13, 2010, Magistrate Judge Peck not only granted Plaintiffs leave to file a Fourth Amended Complaint, he also offered detailed guidance regarding the relevant pleading standards as well as analysis of substantive law, and specified how the pleadings could be restated to address the deficiencies he had identified. In that same Order, Magistrate Judge Peck put Plaintiffs on notice of the prospect of sanctions pursuant to Federal Rule of Civil Procedure 11 in the event their amended pleadings, without stating new facts or law, merely retreaded claims previously dismissed, thus doing nothing more than reargue matters that had already been resolved against them. Largely ignoring the law primer Magistrate Judge Peck had provided, and despite the Magistrate Judge's strong warnings of the potential for sanctions, Plaintiffs, in their Fourth Amended Complaint, substantially failed to heed the Magistrate Judge's guidance.[1]
>
> Had Plaintiffs paid closer attention to the critiques of their earlier pleadings laid out by Magistrate Judge Peck and this Court in previous rulings, they could have avoided at least some of the more grievous flaws embodied in the Fourth Amended Complaint. It is not necessary for the Court to belabor those defects here because they are already sufficiently detailed in the lengthy Report, the factual content and legal analysis of which the Court has adopted as its own, and because those shortcomings were borne out in the Court's own de novo review of the Fourth Amended Complaint, motion papers and other relevant documents on the record.

Id. at 425 (footnote in original).

---

[1] The Court acknowledges that Plaintiffs did make attempts in the Fourth Amended Complaint to streamline their pleadings, and to add factual allegations necessary to flesh out some claims. But while the current version is a far cry from the pro se complaint the Court had dismissed, Plaintiffs' efforts still fall short. This may suggest that plaintiffs failed to take the steps required to sufficiently cure deficient pleadings, or it may simply reflect the reality that no amount of restatement of certain remaining claims could prove fruitful. It is also conceivable that Plaintiffs left some of the claims in the Fourth Amended Complaint substantially unchanged so as to preserve them on appeal. However, although Plaintiffs were instructed to identify any portions of their amended pleadings that retained any claims unaltered for this purpose, they failed to so indicate.

The Court is persuaded that the conduct of Hochstadt and Penkovsky, documented by Magistrate Judge Peck in his Report and observed by this Court in the proceedings before it in this litigation, justify imposition of sanctions. The Court, however, modifies the Report's recommendations to lower the amounts to $10,000 against Hochstadt and $5,000 against Penkovsky. The Court is mindful, based on other correspondence and material in the record of this action, that both Hochstadt and Penkovsky are solo practitioners with relatively modest law practices, and that payment of penalties in higher amounts may therefore constitute undue hardships for them. Accordingly, substantially for the reasons set forth in the Report, the Court adopts the Report's factual and legal analyses and determinations, as well as its sanctions recommendations, in part, as the Court's own ruling.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Andrew Peck dated December 8, 2010 (Docket No. 284) is adopted in part and the objections of Attorneys Nicholas Penkovsky ("Penkovsky") (Docket No. 289) and Joy Hochstadt ("Hochstadt") (Docket No. 303) are DENIED; and it is finally hereby

**ORDERED** that within thirty days of the entry of this Order Hochstadt is directed to pay to the Clerk of Court an amount of

5

$10,000, and Penkovsky an amount of $5,000, as sanctions pursuant to Federal Rule of Civil Procedure 11; and it is further

**ORDERED** that promptly upon compliance with this Order Hochstadt and Penkovsky shall file with this Court their proof of payment.

**SO ORDERED.**

Dated:   New York, New York
         10 April 2012

_____
Victor Marrero
U.S.D.J.