UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

TWANA ADAMS, et al.,

    Plaintiffs,

  -against-

NEW YORK STATE EDUCATION
DEPARTMENT, et al.,

    Defendants.

------------------------------------x

08 Civ. 5996 (VM) (AJP)

**REPORT AND RECOMMENDATION & ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Victor Marrero, United States District Judge:**

  On December 8, 2010, I issued a Report and Recommendation that Rule 11 sanctions should be imposed on attorney Penkovsky in the amount of $7,000. (Dkt. No. 284: 12/8/10 Report & Rec.) Penkovsky timely filed objections. (Dkt. No. 289.) Judge Marrero held off ruling until the Second Circuit affirmed the dismissal with prejudice of the underlying action challenging the City's so-called "rubber rooms" for teachers. (See Dkt. No. 306.)

  On April 10, 2012, Judge Marrero affirmed my recommendation but reduced the sanction to $5,000. (Dkt. No. 304: 4/10/12 Opinion & Order.) Judge Marrero gave Penkovsky 30 days to pay the sanction. (Id.)

  On May 15, 2012, when there was no record on the docket of payment, I issued an Order to Show Cause for Penkovsky to either submit proof of payment or show cause why further sanctions, including referral to the S.D.N.Y. Grievance Committee, should not be imposed. (Dkt. No. 309: 5/15/12 Order.) Since payment already was overdue, I required a response by May 18, 2012. (Id.)

In response, Penkovsky filed a motion for extension of time to file a notice of appeal, and for other relief including a request to stay payment of sanctions, essentially rearguing that Rule 11 sanctions should not have been imposed, an issue that had already been ruled upon by Judge Marrero. (See Dkt. Nos. 310, 312-13, 316-17.) On May 24, 2012, I denied Penkovsky's requests and ordered him to pay his sanction by May 30, 2012. (Dkt. No. 321: 5/24/12 Order.) On May 31, 2012, when Penkovsky still had not paid his sanction, I scheduled a show cause conference for June 5, 2012. (Dkt. No. 327: 5/31/12 Order.) Penkovsky sought an extension of the conference date upon the ground that he would be actively engaged in a trial. (Dkt. No. 328.) Penkovsky also noted that he had filed a "Writ of Prohibition" with the Second Circuit. (Id.)

The Court granted the request to adjourn the conference from June 5 to June 15, 2012, but noted that there was no extension of the Order to pay sanctions by June 5, 2012 (almost a month after the original deadline). (Dkt. No. 330: 6/1/12 Order.)

On June 7, 2012, Penkovsky filed three different objections to my rulings to Judge Marrero. (Dkt. Nos. 331, 332, 333.) Judge Marrero rejected the objections and affirmed my orders, by Opinion dated June 13, 2012. (Dkt. No. 334: 6/13/12 Marrero Opinion & Order.)

On June 14, 2012, Penkovsky filed an emergency motion for a stay with the Second Circuit, which rejected the motion later that day. (Dkt. No. 335: 6/14/12 2d Cir. Order.)

Penkovsky appeared at the June 15, 2012 hearing. He repeated his objections to having been sanctioned (issues already decided by Judge Marrero), he challenged a Magistrate Judge's authority to even recommend Rule 11 sanctions (although those sanctions already were upheld by Judge Marrero) and he challenged a Magistrate Judge's authority to conduct the June 15, 2012 hearing. (See 6/15/12 Conf. Tr.; see also Dkt. No. 336: Penkovsky 6/15/12 Objections.) He

further claimed he could not afford to pay the sanction, but he did not provide any support for that claim. He did not submit any tax returns or any affidavit as to his assets. (See 6/15/12 Conf. Tr.) The Court asked if he could propose a payment schedule, and his response was that he could pay $100 in 30 days and then "we'll see." (6/15/12 Conf. Tr.)[1]

## REPORT AND RECOMMENDATION

The Court recommends that Penkovsky be held in civil contempt for his willful failure to pay the imposed Rule 11 sanctions. In addition, since Penkovsky has failed to pay the existing Rule 11 monetary sanction, rather than impose further monetary sanctions, the Court should require Penkovsky to attach a copy of this Report and Recommendation and Order to all papers filed in any court, and to provide a copy to all potential clients, clients and adversaries, until he purges the contempt by paying the sanction (or submits appropriate proof – including tax returns and financial statements – that he cannot afford to pay the sanction in a lump sum, and an appropriate payment schedule).

## ORDER

A lawyer cannot violate Rule 11, be unwilling or unable to pay sanctions of $5,000, and continue to practice law. These sanctions happen to be payable to the Clerk of Court, only because the defendants did not make a timely Rule 11 motion. A lawyer, however, should not be allowed to commit Rule 11 violations and be insulated from sanctions. Accordingly, this matter is referred to the S.D.N.Y. Grievance Committee with the request that Penkovsky be suspended from the practice of law until he pays the Rule 11 sanction.

---

[1] It appears to the Court that Penkovsky was "stalling" for a deadline after the Second Circuit hearing on his Writ of Prohibition, scheduled for sometime in July.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, 500 Pearl Street, Room 1040, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Marrero (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:    New York, New York
          June 18, 2012

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies by ECF to:    All Counsel
                     Judge Victor Marrero
                     Judge P. Kevin Castel, Chair of the S.D.N.Y. Grievance Committee