LAW OFFICES OF NICHOLAS A. PENKOVSKY, P.C.
ONE RIVERDALE AVENUE
SUITE 2 EAST, P.O. BOX 12
RIVERDALE, NY 10463
TELEPHONE: (347) 603-7676
FACSIMILE: (347) 603-7676

RECEIVED
JUL 02 2012
CHAMBERS OF
ANDREW J. PECK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 7/2/12

MEMO ENDORSED 7/2/12

My wife is retired from the DOE, where she was an Assistant Principal at a Manhattan Alternative High School. She had no involvement in the "rubber rooms" and her former job is not a basis for my recusal. In any event, the issue is largely moot because I do not foresee having any further role in this case.

July 2, 2012

**By Fax**

Magistrate Judge Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Adams, et al. v. New York State Department of Education, et al.*, Case No. 08 Cv. 5996 (VM)(AJP)

Dear Magistrate Judge Peck:

This firm represents the plaintiffs Dr. Michael Ebewo, Ms. Joann Hart, Dr. Julianne Polito, Ms. Thomasina Robinson, and Ms. Brandi Scheiner in this lawsuit.

These plaintiffs were all tenured teachers in the New York City Public School system operated by the defendant New York City Department of Education, (legally known as the New York City Board of Education, hereafter, "NYCDOE"). NYCDOE is managed by defendant Michael Bloomberg, Mayor of the City of New York, and the mayor's appointee, Joel Klein, who acts on the Mayor's behalf.

Defendant New York State Education Department, is statutorily obligated to oversee the management and operation of the school districts within the State of New York including NYCDOE. Defendants Richard Mills, Former Commissioner of Education, and David M. Steiner, Commissioner of Education, are statutorily obligated to perform all functions necessary to see that the state's school districts comply with the State Education laws.

Defendants Teacher Tenure Hiring [sic] (actually "Hearing") Unit, and Deborah A. Marriott, Manager, are charged with oversight of the discipline process for teachers and to see that the process is performed in conformity with state statutory law and the commands of the United States Constitution.

Defendant City of New York was the employer of the plaintiffs that I represent.

As, you are aware, the other two plaintiffs, Ms. Twana Adams, and Dr. Josefina Cruz are

SO ORDERED
Hon. Andrew Jay Peck
United States Magistrate Judge

cc: ECF, all counsel, Judge Marrero

BY ECF

Magistrate Judge Andrew J. Peck
July 2, 2012
Page 2

represented by Dr. Joy Hochstadt, attorney at law. Presently, I write only on behalf of my clients and have not discussed the substance of this letter with Dr. Hochstadt.

This lawsuit arose from defendants' unlawful use of Temporary Reassignment Centers and defendants' depriving plaintiffs of their constitutional right to a post-suspension hearing in a meaningful time and meaningful manner as required by *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976). The media attention on the Temporary Reassignment Centers and the teachers assigned to them raised a public outcry on both sides of the issue. As you are aware, my clients were in Temporary Reassignments for anywhere from two and one-half years to five years without a hearing, and many, without any charges.

### NEWLY DISCOVERED INFORMATION REQUIRES THAT YOU IMMEDIATELY RECUSE YOURSELF FROM PRESIDING ON THIS LAWSUIT

Shortly after you held my contempt hearing on Friday, June 15, 2012, it was widely reported in various media and on the Internet that you had denied a motion to recuse yourself in another case, *DaSilva Moore, et al. v. Publicis Groupe, et al.*, Case No. 11 Civ. 1279 (ALC) (AJP). In reading your Opinion and Order in that case (*See DaSilva Moore, et al. v. Publicis Groupe, et al.*, at Docket No. 229), it became apparent that you engaged in a similar plaintiff-blaming rationale as you had used in the *Adams* case, when I moved for your recusal based upon information that I received from a former defendant.

Therefore, I reviewed the submissions on the *DaSilva Moore* recusal motion. In so doing, on June 26, 2012, I reviewed the *DaSilva Moore* plaintiffs' Exhibits. At *DaSilva Moore's* Exhibit CC, which is attached hereto as Exhibit 1, the *DaSilva Moore* plaintiffs supported their motion to recuse you by filing a true and correct copy of your Financial Disclosure Report for Calendar Year 2010. *See DaSilva Moore, et al. v. Publicis Groupe, et al.*, at Docket No. 171, Declaration of Steven L. Wittels in Support of Plaintiffs' Motion for Recusal or Disqualification, at p. 5, ¶ 30, "Annexed to this Declaration as "Exhibit CC is a true and correct copy of Judge Peck's Financial Disclosure Report for Calendar Year 2010", and Docket No. 171-3, particularly at pp. 36, 39, and 50.

At page 36 of Docket No. 171-3, you have listed that your spouse receives a Pension from the New York City Board of Education, the legal entity known as NYCDOE. *See DaSilva Moore, et al. v. Publicis Groupe, et al.*, at Docket No. 171-3, p. 36, Non-Investment Income at line III. B. 1, Spouse's Non-Investment Income.

At page 39 of Docket No. 171-3, you have listed an N.Y.C. Teachers Retirement TDA valued at between $250,001.00 and $500,000.00 on a Cash Market Valuation Method. *See DaSilva Moore, et al. v. Publicis Groupe, et al.*, at Docket No. 171-3, p. 39, Investments and Trusts Income at line VII., 15. *See also* p. 50 reporting same.

Magistrate Judge Andrew J. Peck
July 2, 2012
Page 3

It is clear that since 2010, your spouse has had an NYCDOE pension. What is not clear is what position your spouse held with NYCDOE, for how long your spouse held that position, how much income, if any, your spouse is deriving from that pension, or whether your spouse continues to work for NYCDOE. However, in light of this disclosure, your recusal is required, even with out that information.

## YOUR JUDICIAL STATEMENTS MISLED PLAINTIFFS

On at least two occasions you stated, and wrote in a brief order, that your mother was a New York City Public School Teacher. Never, did you inform any of my clients nor me, that your spouse is/was employed by NYCDOE in any capacity. I submit that this is a major failure to disclose a source of extrajudicial bias. I also submit that the statements about your mother were made to mislead plaintiffs to rely upon the universal natural affinity of a child for its mother and that you would, at a minimum, have held an impartial view of plaintiffs' claims. The information in your Financial Disclosure Report for Calendar Year 2010 indicates that you hid a source of bias.

The clear implication of Exhibit 1, *DaSilva Moore* Docket No. 171-3 at pp. 34-55 is that you misled the plaintiffs and deliberately failed to disclose your spouse's employment by defendant NYCDOE.

## PUBLIC CONFIDENCE IN THE JUDICIAL SYSTEM REQUIRES THAT YOU RECUSE YOURSELF

"A fair trial in a fair tribunal is a basic requirement of due process." *In the Matters of Lee Roy Murchinson, et al.*, 349 U.S. 133, 136, 75 S.Ct. 623, 625 (1955). The prevention of "even the probability of unfairness" is the goal of our system of law. *Id.* Therefore even the probability of unfairness must be avoided. *Id.* "[T]o perform its high function in the best way justice must satisfy the appearance of justice." *Id.* (Internal quotations omitted)(Citations omitted).

Canon 2 of the Code of Conduct for United States Judges requires that you recuse yourself. "A judge ... should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 2.A.

Because you failed to disclose your spouse's employment and the position your spouse held with NYCDOE, and only disclosed that your mother had once been an NYCDOE teacher, your impartiality can be questioned by a reasonable person. Your temperament and apparent bias against the plaintiffs in this case are clear indicia of your bias against them that springs from an extrajudicial source, your spouse's employment by the City defendants.

Magistrate Judge Andrew J. Peck
July 2, 2012
Page 4

**YOUR BIAS ARISES FROM AN EXTRAJUDICIAL SOURCE FACTOR, YOUR SPOUSES'S EMPLOYMENT AND/OR PRIOR EMPLOYMENT BY DEFENDANTS, CREATES DOUBT IN THE PUBLIC MIND OF YOUR FAIRNESS, AND YOUR ARE REQUIRED TO RECUSE YOURSELF IN COMPLIANCE WITH 28 U.S.C. §455(a)**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."28 U.S.C. § 455(a). A judge or magistrate judge need not have actual personal bias or prejudice to require recusal, a party needs only show that a judge's "impartiality can reasonably be questioned" so as to require recusal. *Federal Practice & Procedure*, Wright, Miller § 3549 (2010); and cases cited therein at fn. 3.

This is not a situation where your bias arises from what occurred in a courtroom. Your undisclosed spouse's employment by NYCDOE can be the cause of your bias. The question on the mind of the public becomes why did you fail to disclose your spouse's employment while you so freely stated that your mother was a former employee. Questions arise of the potential influence your spouse's employment has had in your presiding on this case.

**WHEN A JUDGE PRESIDES ON A CASE, ANY AFFECT THAT THE CASE MAY HAVE ON A JUDGE'S SPOUSE CREATES A REQUIREMENT THAT THE JUDGE EXERCISE SELF-RECUSAL**

In RECUSAL, ANALYSIS OF CASE LAW UNDER 28 U.S.C. §§ 455 & 144 (Federal Judicial Center 2002) at p. 29, in the case of *U.S. v. Kelly*, 888 F.2d 732 (11th Cir 1989), the Federal Judiciary Center makes the point that where a wife's relationship could be jeopardized by the judge presiding on the case, the judge must recuse himself. In *Kelly*, the wife's relationship was as remote as a friendship with a witness' wife and recusal was required. *A fortiori*, you should have *sua sponte* recused yourself at the beginning of this case because of your spouse's relationship, present and/or past employee of defendants. The Federal Judicial Center rationally concludes that under the recusal statute, and the Judicial Canons, any connection to the case by someone close to the judge "should raise a red flag." RECUSAL, ANALYSIS OF CASE LAW UNDER 28 U.S.C. §§ 455 & 144 at p. 32.

In the conclusion to her article, *To Judge or Not to Judge: Transparency and Recusal in the Federal System*, REVIEW OF LITIGATION, Vol. 30, Issue 4, pp. 653-670 (2011) Judge M. Margaret McKeown [1] cited the passage by Justice Kennedy who concurred in *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147 (1994), that,

---

[1] Judge McKeown sits on the United States Court of Appeals for the Ninth Circuit and serves on the Judicial Conference of the United States Codes of Conduct Committee.

Magistrate Judge Andrew J. Peck
July 2, 2012
Page 5

"[d]isqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified. Indeed, in such circumstances, I should think that any judge who understands the judicial office and oath would be the first to insist that another judge hear the case. In matters of ethics, appearance and reality often converge as one." *Id.* 510 U.S. at 565, 114 S.Ct. at 1163.

*cited in* REVIEW OF LITIGATION, Vol. 30, Issue 4, at pp. 668-669.

**CONCLUSION**

On behalf of the aforementioned plaintiffs, I request your immediate recusal. Should you refuse to do so, plaintiffs will make the appropriate motion. Plaintiffs also intend to seek all appropriate relief, including relief under Federal Rule of Civil Procedure 60 to vacate all decisions you have made in this case, the judgment that has been entered, and to seek reassignment of this case to a different Circuit.

Respectfully submitted,

Nicholas A. Penkovsky

Enclosure

c:      Judge Victor Marrero (By Fax)

By e-mail, and electronically signed to the following:
Blanche J. Greenfield, Esq.
Antoinette Blanchette, Esq.
Joy Hochstadt, Esq.

Court of Appeals Counsel and Parties:
Sudarsana Srinivasan, Assistant Solicitor General
Office of Attorney General Eric T. Schneiderman

Ronald E. Sternberg, Esq.
Office of the Corporation Counsel of the City of New York

Josephina Cruz, *Pro Se* on the Appeal

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.: (212) 805-0036

Dated: July 2, 2012                                         Total Number of Pages: 6

## TRANSCRIPTION OF MEMO ENDORSED ORDER

My wife is retired from the DOE, where she was an Assistant Principal at a Manhattan Alternative High School. She had no involvement in the "rubber rooms" and her former job is not a basis for my recusal. In any event, the issue is largely moot because I do not foresee having any further role in this case.

Copies to:   All Counsel
             Judge Victor Marrero